**CAMPBELL & WILLIAMS**
J. COLBY WILLIAMS (Nev. Bar No. 5549)
jcw@cwlawlv.com
710 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
VICTOR JIH (*pro hac vice forthcoming*)
vjih@wsgr.com
SUSAN K. LEADER (*pro hac vice forthcoming*)
sleader@wsgr.com
ALI RABBANI (*pro hac vice forthcoming*)
arabbani@wsgr.com
633 West Fifth Avenue, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

Attorneys for Defendant
ZUFFA, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVERETT BLOOM, on behalf of himself, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA, LLC,<br><br>Defendant. | Case No. 2:22-CV-00412-RFB-BNW<br><br>**DEFENDANT ZUFFA, LLC'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Richard F. Boulware, II |

Defendant Zuffa, LLC ("Zuffa") hereby responds to the Class Action Complaint ("Complaint") filed by Plaintiff Everett Bloom ("Plaintiff") as follows:

## ANSWER

Zuffa's answers to each numbered paragraph of the Complaint are set forth in the corresponding numbered paragraphs below. Zuffa denies all material allegations of the Complaint, except for those specifically admitted below.

## INTRODUCTION

1. Zuffa admits that this is a putative class action suit but denies the remaining allegations in the first and second sentences of Paragraph 1. The allegations in the third sentence of Paragraph 1 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

2. Zuffa admits that it does business as the Ultimate Fighting Championship and UFC ("UFC"), and that UFC Fight Pass subscribers have access to UFC video content. Zuffa denies the remaining allegations in Paragraph 2.

3. Zuffa admits that it used certain Facebook code on the UFC Fight Pass website. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and on that basis denies those allegations.

4. To the extent the allegations in Paragraph 4 purport to quote Facebook's website, Zuffa refers to the Facebook website for its full and complete contents and denies any allegations in Paragraph 4 inconsistent with such content. Zuffa denies that Plaintiff's characterization of such content is accurate and denies Plaintiff's framing of these issues. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and on that basis denies those allegations.

5. Zuffa admits that it used certain Facebook code on the UFC Fight Pass website. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of Paragraph 5, and on that basis denies those allegations. Zuffa denies the remaining allegations in Paragraph 5.

6. Zuffa denies the allegations in Paragraph 6.

7. The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

**PARTIES**

8. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies those allegations.

9. Zuffa admits the allegations in Paragraph 9.

**JURISDICTION AND VENUE**

10. The allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

11. The allegations in Paragraph 11 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

12. The allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

13. Zuffa admits that its principal place of business is in Las Vegas, Nevada and that it conducts business in Nevada. The remaining allegations in Paragraph 13 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

14. Zuffa admits that it conducts business in Nevada. The remaining allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

15. The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

16. The allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

**SUBSTANTIVE ALLEGATIONS**

17. Zuffa admits that it owns and operates ufcfightpass.com ("Fight Pass Website"), and that UFC Fight Pass subscribers can access UFC video content through the Fight Pass

Website, including prelims for pay-per-view events, past UFC events, original series and shows, and other UFC video content. Zuffa denies any remaining allegations in Paragraph 17.

18. Zuffa admits that users can subscribe to UFC Fight Pass on the Fight Pass Website. To the extent the remaining allegations in Paragraph 18 purport to characterize or summarize the subscription process on the Fight Pass Website, Zuffa refers to the Fight Pass Website for its full and complete contents and denies any allegations in Paragraph 18 inconsistent with such content. Zuffa denies any remaining allegations in Paragraph 18.

19. Zuffa admits that it offers monthly and annual subscription options for UFC Fight Pass. To the extent the remaining allegations in Paragraph 18 purport to characterize or summarize the subscription process on the Fight Pass Website, Zuffa refers to the Fight Pass Website for its full and complete contents and denies any allegations in Paragraph 18 inconsistent with such content. Zuffa denies that Plaintiff's characterization of such content is accurate and denies Plaintiff's framing of these issues. Zuffa denies any remaining allegations in Paragraph 19.

20. Zuffa admits that UFC Fight Pass subscribers have access to certain UFC video content. Zuffa denies any remaining allegations in Paragraph 20.

21. Zuffa denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

23. The allegations in Paragraph 23 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

**Zuffa's Disclosure of Users' Video Watching History**

24. Zuffa admits that it uses certain Facebook code on the Fight Pass Website. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first and second sentences of Paragraph 24, and on that basis denies those allegations. Zuffa denies the remaining allegations in Paragraph 24.

25. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis denies those allegations.

26. To the extent the allegations in Paragraph 26 purport to quote Facebook's website, Zuffa refers to the Facebook website for its full and complete contents and denies any allegations in Paragraph 26 inconsistent with such content. Zuffa denies that Plaintiff's characterization of such content is accurate and denies Plaintiff's framing of these issues. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis denies those allegations.

27. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis denies those allegations.

28. Zuffa admits that it uses certain Facebook code on the Fight Pass Website. Zuffa denies the remaining allegations in Paragraph 28.

29. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis denies those allegations.

**Both Facebook and Zuffa benefit from the sharing of data**

30. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Zuffa in the first sentence of Paragraph 30 in light of the ambiguity of the terms "profit" and "data," and on that basis denies those allegations. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and on that basis denies those allegations. Zuffa denies that Plaintiff's characterization of such content is accurate and denies Plaintiff's framing of these issues.

31. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 31 in light of the ambiguity of the terms "data" and "valuable," and on that basis denies those allegations. To the extent the remaining allegations in Paragraph 31 purport to quote Facebook's website, Zuffa refers to the Facebook website for its full and complete contents and denies any allegations in Paragraph 31 inconsistent with such content. Zuffa denies any remaining allegations in Paragraph 31.

32. Zuffa admits that it uses certain Facebook code on the Fight Pass Website in connection with advertising, and that UFC Fight Pass does not provide subscribers with access to UFC pay-per-view events. Zuffa lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 32, and on that basis denies those allegations.

33. To the extent the allegations in Paragraph 33 purport to quote Facebook's website, Zuffa refers to the Facebook website for its full and complete contents and denies any allegations in Paragraph 33 inconsistent with such content. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 33, and on that basis denies those allegations.

34. To the extent the allegations in Paragraph 34 purport to quote Facebook's website, Zuffa refers to the Facebook website for its full and complete contents and denies any allegations in Paragraph 34 inconsistent with such content. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 33, and on that basis denies those allegations.

35. Zuffa denies the allegations in Paragraph 35.

## PLAINTIFF'S EXPERIENCE

36. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and on that basis denies those allegations.

37. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and on that basis denies those allegations.

38. Zuffa admits that it uses certain Facebook code on the Fight Pass Website. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 38, and on that basis denies those allegations. Zuffa denies the remaining allegations in Paragraph 38.

39. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on that basis denies those allegations.

40. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis denies those allegations.

41. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and on that basis denies those allegations.

42. The allegations in the first sentence of Paragraph 42 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations. Zuffa denies the remaining allegations in Paragraph 42.

43. To the extent the allegations in Paragraph 43 purport to characterize or summarize Zuffa's privacy policy, Zuffa refers to its privacy policy for its full and complete contents and denies any allegations in Paragraph 43 inconsistent with such content. Zuffa denies that Plaintiff's characterization of Zuffa's privacy policy is accurate and denies Plaintiff's framing of these issues. Zuffa denies any remaining allegations in Paragraph 43.

44. Zuffa denies the allegations in the first sentence of Paragraph 44. To the extent the remaining allegations in Paragraph 44 purport to characterize or summarize Zuffa's privacy policy, Zuffa refers to its privacy policy for its full and complete contents and denies any allegations in Paragraph 44 inconsistent with such content. Zuffa denies that Plaintiff's characterization of Zuffa's privacy policy is accurate and denies Plaintiff's framing of these issues. Zuffa denies any remaining allegations in Paragraph 44.

45. To the extent the allegations in Paragraph 45 purport to characterize or summarize Zuffa's privacy policy, Zuffa refers to its privacy policy for its full and complete contents and denies any allegations in Paragraph 45 inconsistent with such content. Zuffa denies that Plaintiff's characterization of Zuffa's privacy policy is accurate and denies Plaintiff's framing of these issues. Zuffa denies any remaining allegations in Paragraph 45.

46. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and on that basis denies those allegations.

47. Zuffa denies the allegations in Paragraph 47.

48. Zuffa denies the allegations in Paragraph 48.

## CLASS ALLEGATIONS

49. The allegations in Paragraph 49 are legal conclusions to which no response is required. To the extent any response is required, Zuffa admits that Plaintiff seeks to represent a purported class and subclass. Zuffa denies any remaining allegations in Paragraph 49 and specifically denies that certification of any class would be appropriate in this action.

50. The allegations in Paragraph 50 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

51. Zuffa denies the allegation in Paragraph 51 that a class consisting of "more than 100 persons," or otherwise, exists or is certifiable. The remaining allegations in Paragraph 51 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

52. The allegations in Paragraph 52 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

53. The allegations in Paragraph 53 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

54. The allegations in Paragraph 54 are legal conclusions to which no response is required. To the extent any response is required, Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis denies those allegations.

55. The allegations in Paragraph 55 are legal conclusions to which no response is required. To the extent any response is required, Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and on that basis denies those allegations.

56. The allegations in Paragraph 56 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

57. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis denies those allegations.

## CAUSES OF ACTION

## PLAINITFF'S FIRST CAUSE OF ACTION

### Violation of Video Privacy Protection Act (the "VPPA"), 18 U.S.C. § 2710

### (On Behalf of Plaintiff and the Nationwide Class)

58. Zuffa incorporates by reference its responses to the prior allegations of the Complaint as if fully set forth herein.

59. The allegations in Paragraph 59 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

60. The allegations in Paragraph 60 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

61. The allegations in the first sentence of Paragraph 61 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and on that basis denies those allegations.

62. The allegations in Paragraph 62 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

63. The allegations in Paragraph 63 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

64. The allegations in Paragraph 64 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

65. Zuffa denies the allegations in Paragraph 65.

66. The allegations in Paragraph 66 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

## PLAINITFF'S SECOND CAUSE OF ACTION

### Violation of Cal. Civ. Code § 1799.3

### (On Behalf of Plaintiff and the California Class)

67. Zuffa incorporates by reference its responses to the prior allegations of the Complaint as if fully set forth herein.

68. The allegations in Paragraph 68 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

69. The allegations in Paragraph 69 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

70. The allegations in Paragraph 70 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

71. Zuffa denies the allegations in the first sentence of Paragraph 71. The allegations in second sentence of Paragraph 71 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

72. The allegations in Paragraph 72 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

**PLAINITFF'S THIRD CAUSE OF ACTION**

**Invasion of Privacy Under California's Constitution**

**(On Behalf of Plaintiff and the California Class)**

73. Zuffa incorporates by reference its responses to the prior allegations of the Complaint as if fully set forth herein.

74. The allegations in Paragraph 74 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

75. The allegations in Paragraph 75 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

76. The allegations in Paragraph 76 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

77. The allegations in Paragraph 77 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

78. The allegations in Paragraph 78 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

79. The allegations in Paragraph 79 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

80. The allegations in Paragraph 80 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

81. The allegations in Paragraph 81 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

**<u>PLAINITFF'S FOURTH CAUSE OF ACTION</u>**

**Violation of the California Unfair Competition Law,**

**Cal. Bus. & Prof. Code § 17200, *et seq.***

**(On Behalf of Plaintiff and the California Class)**

82. Zuffa incorporates by reference its responses to the prior allegations of the Complaint as if fully set forth herein.

83. The allegations in Paragraph 83 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

84. Zuffa denies the allegations in Paragraph 84.

85. The allegations in Paragraph 85 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

86. The allegations in the first sentence of Paragraph 86 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations. Zuffa denies the allegations in the second sentence of Paragraph 86. Zuffa lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86, and on that basis denies those allegations.

87. The allegations in the Paragraph 87 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

88. The allegations in Paragraph 88 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

89. The allegations in Paragraph 89 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

90. The allegations in Paragraph 90 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

91. The allegations in Paragraph 91 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

92. The allegations in Paragraph 92 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations.

93. The allegations in Paragraph 93 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies these allegations. Zuffa also lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 regarding Plaintiff's beliefs or knowledge, and on that basis denies those allegations.

94. The allegations in Paragraph 94 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies that any such relief is warranted.

95. The allegations in Paragraph 95 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies that any such relief is warranted.

96. The allegations in Paragraph 96 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies that any such relief is warranted.

97. The allegations in Paragraph 97 are legal conclusions to which no response is required. To the extent any response is required, Zuffa denies that any such relief is warranted.

## PRAYER FOR RELIEF

Zuffa denies each and every allegation in the "Prayer for Relief" on pages 22 and 23 of the Complaint, denies that that any relief can properly be rendered on behalf of a class, and denies that Plaintiff is entitled to any of the relief requested or any other remedy whatsoever against Zuffa.

## AFFIRMATIVE DEFENSES

As additional defenses to the Complaint, and without suggesting or conceding that it has the burden of proof on any such defenses, Zuffa alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Ordinary Course of Business)

The Complaint, and each purported cause of action contained therein, is barred because any disclosure allegedly made by Zuffa was made incident to the ordinary course of Zuffa's business.

**THIRD AFFIRMATIVE DEFENSE**

(Disclosure to the User)

The Complaint, and each purported cause of action contained therein, is barred because Zuffa provided sufficient disclosures to the relevant individual.

**FOURTH AFFIRMATIVE DEFENSE**

(Express Consent)

The Complaint, and each purported cause of action contained therein, is barred because any disclosure allegedly made by Zuffa was made with the express consent of the relevant individual.

**FIFTH AFFIRMATIVE DEFENSE**

(Implied Consent)

The Complaint, and each purported cause of action contained therein, is barred because any disclosure allegedly made by Zuffa was made with the implied consent of the relevant individual.

**SIXTH AFFIRMATIVE DEFENSE**

(Consent as Required by Law)

The Complaint, and each purported cause of action contained therein, is barred because any disclosure allegedly made by Zuffa was made with the consent of the relevant individual as required by law.

**SEVENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiff seeks relief for conduct occurring outside the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

(Estoppel and Acquiescence)

The Complaint, and each purported cause of action contained therein, is barred by the doctrines of estoppel and acquiescence.

**NINTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

(Actions of Others)

Plaintiff is not entitled to any recovery from Zuffa because any injury allegedly suffered by Plaintiff was caused in whole or in part by the actions or omissions of persons or entities other than Zuffa.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Equitable Indemnity)

Any damages or other recovery to which Plaintiff may be entitled were caused in whole or in part by the wrongful acts or omissions of persons or entities other than Zuffa, whereas any acts or omissions of Zuffa were without negligence or unlawfulness of any kind and were secondary to such other persons or entities. To the extent Zuffa is found liable in any amount, Zuffa is entitled to complete or partial equitable indemnity from such other parties.

**TWELFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Injury)

To the extent Plaintiff has suffered any damages, Plaintiff failed to take reasonable steps to mitigate those purported damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Improper Class Action)

The action is not properly maintainable as a class action as alleged by Plaintiff, and Plaintiff is not a proper class representative.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Standing)

Plaintiff lacks standing to assert any of the claims alleged against Zuffa due to Plaintiff's failure to suffer any legally cognizable harm.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Waiver)

The Complaint, and each purported cause of action contained therein, is barred by the doctrine of waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Direct Injury)

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiff fails to allege a sufficient direct injury.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Laches)

The Complaint, and each purported cause of action contained therein, is barred by the doctrine of laches.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Conduct Permitted by Law)

Each of the alleged claims for unlawful business practices, in whole or in part, is barred because the conduct complained of is permitted by law.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Violation of Constitutional Rights)

The Complaint, and each purported cause of action contained therein, is barred because a finding of liability and the award of the requested statutory damages would violate Zuffa's rights under the California and United States constitutions.

**RESERVATION OF RIGHTS**

Zuffa presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. Zuffa reserves the right to assert additional affirmative defenses if discovery and/or its investigation demonstrates that such additional affirmative defenses are appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Zuffa prays for judgment as follows:

1. Plaintiff's Complaint shall be dismissed in its entirety and with prejudice;
2. Plaintiff shall take nothing based on his Complaint;
3. Judgment shall be entered in favor of Zuffa;
4. Zuffa shall be awarded its cost of suit and attorneys' fees to the maximum extent permitted by law; and
5. Zuffa shall be awarded such further relief as the Court deems just and proper.

Dated: May 9, 2022

CAMPBELL & WILLIAMS

/s/ ***J. Colby Williams***

J. COLBY WILLIAMS, ESQ. (5549)
710 S. Seventh Street, Suite A
Las Vegas, NV 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
jcw@cwlawlv.com

WILSON SONSINI GOODRICH & ROSATI
VICTOR JIH (*pro hac vice forthcoming*)
vjih@wsgr.com
SUSAN K. LEADER (*pro hac vice forthcoming*)
sleader@wsgr.com
ALI RABBANI (*pro hac vice forthcoming*)
arabbani@wsgr.com
633 West Fifth Avenue, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendant Zuffa, LLC*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant Zuffa, LLC hereby demands a jury trial on all issues so triable.

Dated: May 9, 2022

Respectfully submitted,

CAMPBELL & WILLIAMS

/s/ ***J. Colby Williams***

J. COLBY WILLIAMS, ESQ. (5549)
710 S. Seventh Street, Suite A
Las Vegas, NV 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
jcw@cwlawlv.com

WILSON SONSINI GOODRICH & ROSATI
VICTOR JIH (*pro hac vice forthcoming*)
vjih@wsgr.com
SUSAN K. LEADER (*pro hac vice forthcoming*)
sleader@wsgr.com
ALI RABBANI (*pro hac vice forthcoming*)
arabbani@wsgr.com
633 West Fifth Avenue, Suite 1550
Los Angeles, CA 90071-2027
Telephone: (323) 210-2900
Facsimile: (866) 974-7329

*Attorneys for Defendant Zuffa, LLC*

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 9, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ ***J. Colby Williams***
J. COLBY WILLIAMS