# EXHIBIT A

Plaintiff *Everett Bloom's* Responses and Objections to Defendant *Zuffa, LLC's* First Set of Requests for Production

**GUTRIDE SAFIER LLP**
Seth A. Safier (*pro hac vice*)
seth@gutridesafier.com
Marie A. McCrary (*pro hac vice*)
marie@gutridesafier.com
Anthony Patek (*pro hac vice*)
anthony@gutridesafier.com
Kali Backer (*pro hac vice*)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVERETT BLOOM, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA, LLC,<br><br>Defendant. | No.: 2:22-CV-00412-RFB-BNW<br><br>**PLAINTIFF EVERETT BLOOM'S RESPONSES AND OBJECTIONS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY:** **ZUFFA, LLC**

**RESPONDING PARTY:** **PLAINTIFF EVERETT BLOOM**

**SET NUMBER:** **ONE**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Everett Bloom ("Plaintiff"), by and through his undersigned counsel, hereby responds to Zuffa, LLC's ("Zuffa") First Set of Request for Production (hereinafter referred to as "Responses"), as follows:

## <u>GENERAL OBJECTIONS</u>

1. The following general objections and reservations of rights apply to each of Zuffa's document requests. Each general objection and reservation of rights is incorporated by

reference into Plaintiff's specific objections and Responses to each document request as if separately set forth therein.

2. Plaintiff objects to the document requests, definitions, and instructions to the extent that they seek to impose upon Plaintiff obligations that exceed or are different from those imposed by the Federal Rules of Civil Procedure, the procedural schedule in this case, any court order, local rule, or applicable law. As such, Plaintiff objects to these document requests to the extent that they require Plaintiff to do more than undertake a reasonable search for properly discoverable and responsive documents, in proportion to the needs of this case.

3. Plaintiff objects to the requests to the extent that they seek the disclosure of information that is disproportionate to the needs of the case considering the importance of the issues in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Plaintiff objects to the requests to the extent that they seek documents already in possession, custody, or control of Zuffa.

5. Plaintiff objects to the document requests to the extent that they seek information or documents protected by an applicable privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine. Plaintiff will not disclose such information or documents. To the extent required by Federal Rule of Civil Procedure 26(b)(5), Plaintiff will identify withheld, privileged documents, created or received by Plaintiff before the date the Complaint was filed in this litigation in a privilege log.

6. If information is disclosed or documents are produced that are confidential, privileged, prepared in anticipation of litigation or for trial, or otherwise protected from disclosure or irrelevant or immune from discovery, such disclosure or production is inadvertent and shall not constitute a waiver of such privilege or protection or of any other ground for objection to discovery with respect to such information or document(s), or of Plaintiff's right to object to the use of any such information during any subsequent proceeding in this action or elsewhere. Plaintiff expressly reserves the right to recall from discovery any inadvertently

produced information or documents.

7. These Responses are based on Plaintiff's good faith and reasonable efforts to discover information sought that is within his possession, custody, or control. The Responses provided represent information ascertained after a diligent and reasonable search, are limited to information known to Plaintiff at the time of these Responses, and are made without waiver and with preservation of: (1) all other objections on any ground in this or any other proceeding, including as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose concerning the subject matter of the documents produced; (2) the right to object on any ground and at any time to a demand for further responses to these or future document requests or discovery procedures related to the subject matter of this case; and (3) the right at any time to review, correct, supplement, or clarify any of Plaintiff's Responses.

8. The Responses are based upon information currently known and available to Plaintiff at the time these Responses are made. Plaintiff has not yet completed investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Plaintiff further reserves the right to make use of, or introduce in any proceeding in this litigation, documents not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure.

9. Neither Plaintiff's agreement to provide information or documents, if any, nor Plaintiff's agreement to search for information or documents responsive to a request shall imply that responsive documents exist within Plaintiff's possession, custody, or control, or constitute an admission or acknowledgment as to the relevance or admissibility of any documents or as to the truth of any allegation or assumption contained in the document requests.

10. To the extent that there is any dispute regarding Zuffa's requests for production and Plaintiff's objections and Responses thereto, Plaintiff requests to meet and confer regarding any such dispute(s).

**RESPONSES TO REQUESTS FOR DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1.**

All DOCUMENTS encompassed by PLAINTIFF's disclosure obligations under Federal Rule of Civil Procedure 26(a)(1)(A)(ii), including ANY DOCUMENTS upon which PLAINTIFF may rely in ANY way in this action.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to the extent the request is premature, improperly seeks to limit or preempt ongoing or future discovery or contentions by Plaintiff, or otherwise purports to impose obligations beyond those required by the Federal Rules of Civil Procedure, local rules, or this Court's orders. Plaintiff will make disclosures in accordance with Federal Rule of Civil Procedure 26. Plaintiff objects to the extent the request seeks expert testimony in advance of the deadline to disclose such evidence. Plaintiff reserves the right to supplement this answer or produce documents, information, or expert reports or opinions that may be identified or developed as discovery progresses.

Subject to and without waiving any of the foregoing objections and reservation of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his possession, custody, or control that have been identified pursuant to F.R.C.P. 26(a)(1)(A)(ii).

**REQUEST FOR PRODUCTION NO. 2.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegations against ZUFFA in this action.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this request as unreasonable in scope, unduly burdensome, and not proportional to the needs of this case. Plaintiff further objects to this request, including the phrase "All Documents that support, refute, or otherwise concern …" on the grounds that it is overbroad, vague, ambiguous, indefinite, and does not "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rule of Civil Procedure 34(b)(1)(A). Plaintiff is not required to speculate as to what types of documents are encompassed by the

request. Plaintiff further objects to the extent this request relies on undetermined or disputed legal and/or factual assumptions, findings, or conclusions to describe the requested documents. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; documents that can be obtained by Defendant from third parties; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant because this request seeks production of documents concerning Defendant's own web service. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to the extent the request prematurely seeks expert testimony or reports. Such reports will be produced in accordance with the case schedule.

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his possession, custody, or control that have been identified pursuant to F.R.C.P. 26(a)(1)(A)(ii).

**REQUEST FOR PRODUCTION NO. 3.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO PLAINTIFF's UFC Fight Pass subscription.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and communications. The UFC Fight Pass sends its subscribers numerous emails, many of which have to do with upcoming fights, various offers, and content available on the site. Requiring Plaintiff to search for and produce such emails is overly burdensome and disproportionate to the needs of the case given the marginal value of those emails and the fact that Defendant already knows what emails it has sent to Plaintiff. Plaintiff further objects to this request as vague, ambiguous, indefinite, and does

not "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rule of Civil Procedure 34(b)(1)(A). Plaintiff also objects to the extent the request prematurely seeks expert testimony or reports. Such reports will be produced in accordance with the case schedule. Finally, Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 4.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO PLAINTIFF's use of UFC Fight Pass.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and communications that relate in any way to Plaintiff's use of the Fight Pass platform. As written, the request necessarily encompasses irrelevant communications, which could include as private discussions about content watched, various fighters or arrangements to watch content. Plaintiff further objects that this request is vague and ambiguous as to its use of the term "use." Plaintiff further objects to the extent the request is duplicative of Defendant Zuffa's Request for Production No. 3. Plaintiff objects to the request to the extent that it seeks documents and/or information that is within the custody, control, and/or possession of Defendant and/or is already known to Defendant because this request seeks production of Defendant's own communications with Plaintiff, or documents Defendant may produce or maintain concerning Plaintiff's UFC Fight Pass subscription since Defendant ought to have those communications and documents in its possession. Plaintiff also objects to the extent the request prematurely seeks expert testimony or reports. Such reports will be produced in accordance with the case schedule. Finally, Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 5.**

DOCUMENTS sufficient to identify each DEVICE that PLAINTIFF used to access UFC Fight Pass from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to the extent the request is duplicative of Defendant Zuffa's Interrogatory No. 1. Requiring Plaintiff to produce documents evidencing the exact same information he has already provided in his response to Interrogatory No. 1 is overly burdensome and disproportionate to the needs of the case. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff further objects to this request as vague, ambiguous, indefinite, and does not "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rule of Civil Procedure 34(b)(1)(A).

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff refers Defendant to his response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 6.**

DOCUMENTS sufficient to identify ANY DATA PRIVACY SETTINGS, DATA PRIVACY SOFTWARE, OR AD SETTINGS on each DEVICE PLAINTIFF used to access UFC Fight Pass from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "ANY" documents identifying the data privacy settings, data privacy software, or ad settings on Plaintiff's devices. Plaintiff further objects to this request as vague, ambiguous, indefinite, and does not "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rule of Civil Procedure 34(b)(1)(A) since it is not clear what types of documents the request is seeking. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D.

Nev. Feb. 1, 2018). Plaintiff also objects to the request's time frame as vague and ambiguous since it is unclear whether it applies to the devices or the settings. Plaintiff objects to the request as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Finally, Plaintiff objects to the extent it seeks information regarding actions of third-parties of which Plaintiff may not even be aware.

**REQUEST FOR PRODUCTION NO. 7.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO PLAINTIFF's DATA PRIVACY SETTINGS, DATA PRIVACY SOFTWARE, OR AD SETTINGS on ANY DEVICE that PLAINTIFF used to access UFC Fight Pass from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents identifying the data privacy settings, data privacy software, or ad settings on Plaintiff's devices. Plaintiff further objects to this request as vague, ambiguous, indefinite, and does not "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rule of Civil Procedure 34(b)(1)(A) since it is not clear what types of documents the request is seeking. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff also objects to the request's time frame as vague and ambiguous since it is unclear whether it applies to the devices or the settings. Plaintiff further objects to producing documents that are publicly available or not in his possession, custody, or control. Furthermore, this request is objectionable as it seeks documents irrelevant to the claims and defenses of any party in this action. Plaintiff objects to the request as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Finally, Plaintiff objects to the extent it seeks information regarding actions of third-parties of which Plaintiff may not even be aware.

**REQUEST FOR PRODUCTION NO. 8.**

DOCUMENTS sufficient to identify each WEB BROWSER that PLAINTIFF used to access the UFC Fight Pass website from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to the extent the request is duplicative of Defendant Zuffa's Interrogatory No. 1. Requiring Plaintiff to produce documents evidencing the exact same information he has already provided in his response to Interrogatory No. 1 is overly burdensome and disproportionate to the needs of the case. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff refers Defendant to his response to Interrogatory No. 1.

**REQUEST FOR PRODUCTION NO. 9.**

DOCUMENTS sufficient to identify ANY DATA PRIVACY SETTINGS, DATA PRIVACY SOFTWARE, OR AD SETTINGS on each WEB BROWSER PLAINTIFF used to access the UFC Fight Pass website from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of documents related to "any" data privacy settings, data privacy software, or ad settings on the web browsers Plaintiff used. Plaintiff further objects to this request as vague, ambiguous, indefinite, and does not "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rule of Civil Procedure 34(b)(1)(A) since it is not clear what types of documents the request is seeking. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff also objects to the request's time frame as vague and ambiguous since it is unclear whether it applies to the browsers used or the settings. Plaintiff further objects to producing documents that are publicly available or not in his possession, custody, or control.

Plaintiff objects to the request as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Finally, Plaintiff objects to the extent it seeks information regarding actions of third-parties of which Plaintiff may not even be aware.

**REQUEST FOR PRODUCTION NO. 10.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO PLAINTIFF's DATA PRIVACY SETTINGS, DATA PRIVACY SOFTWARE, OR AD SETTINGS on ANY WEB BROWSER that PLAINTIFF used to access the UFC Fight Pass website from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and communications and is duplicative of Request No. 9. Plaintiff further objects to this request as vague, ambiguous, indefinite, and does not "describe with reasonable particularity each item or category of items to be inspected" as required by Federal Rule of Civil Procedure 34(b)(1)(A) since it is not clear what types of documents the request is seeking. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff also objects to the request's time frame as vague and ambiguous since it is unclear whether it applies to the browsers used or the settings. Plaintiff further objects to producing documents that are publicly available or not in his possession, custody, or control. Plaintiff objects to the request as infringing upon his right to privacy, especially since it seeks documents that go beyond the settings themselves. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Furthermore, this request is objectionable as it seeks documents irrelevant to the claims and defenses of any party in this action. Finally, Plaintiff objects to the extent it seeks information regarding actions of third-parties of which Plaintiff may not even be aware.

**REQUEST FOR PRODUCTION NO. 11.**

DOCUMENTS sufficient to identify PLAINTIFF's Facebook, Instagram, WhatsApp, AND other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of accounts unrelated to those at issue in the present case. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Plaintiff also objects to the request as duplicative of Interrogatory No. 6 and incorporates all objections asserted in response to Interrogatory No. 6 herein. Plaintiff further objects to producing documents that are publicly available or not in his possession, custody, or control. Finally, Plaintiff objects to the request as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014).

**REQUEST FOR PRODUCTION NO. 12.**

DOCUMENTS sufficient to identify ANY DATA PRIVACY SETTINGS, DATA PRIVACY SOFTWARE, OR AD SETTINGS on each of PLAINTIFF's Facebook, Instagram, WhatsApp, AND other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "any" documents sufficient to identify the requested information, especially since such settings can change over time without notice to users. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D.

Nev. Feb. 1, 2018). Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Plaintiff also objects to the request as duplicative of Interrogatory No. 8 and incorporates all objections asserted in response to Interrogatory No. 8 herein. Plaintiff further objects to producing documents that are publicly available or not in his possession, custody, or control. Plaintiff objects to the request as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Finally, Plaintiff objects to the extent it seeks information regarding actions of third-parties of which Plaintiff may not even be aware.

**REQUEST FOR PRODUCTION NO. 13.**

DOCUMENTS sufficient to identify ANY username settings on each of PLAINTIFF's Facebook, Instagram, WhatsApp, AND other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "any" documents sufficient to identify the requested information, especially since such settings can change over time without notice to users. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Plaintiff further objects to producing documents that are publicly available or not in his possession, custody, or control. Plaintiff objects to the request as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Finally, Plaintiff objects to the extent it seeks information regarding actions of third-parties of which Plaintiff may not even be aware.

**REQUEST FOR PRODUCTION NO. 14.**

DOCUMENTS sufficient to identify ANY login settings on each of PLAINTIFF's Facebook, Instagram, WhatsApp, AND other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "any" documents sufficient to identify the requested information, especially since such settings can change over time without notice to users. Plaintiff further objects to the phrase "login settings" as vague and ambiguous, as it is not clear what documents this request seeks. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Plaintiff further objects to producing documents that are publicly available or not in his possession, custody, or control. Plaintiff objects to the request as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Finally, Plaintiff objects to the extent it seeks information regarding actions of third-parties of which Plaintiff may not even be aware.

**REQUEST FOR PRODUCTION NO. 15.**

DOCUMENTS sufficient to identify each DEVICE that PLAINTIFF used to access PLAINTIFF's Facebook, Instagram, WhatsApp, AND other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case since it is duplicative of Interrogatory No. 3. Plaintiff incorporates all

objections asserted in response to Interrogatory No. 3 herein. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Plaintiff also objects to producing documents that are publicly available or not in his possession, custody, or control. Plaintiff specifically objects the term "Facebook-related" is vague, ambiguous, and/or indefinite. Plaintiff further objects to the extent the request seeks information regarding accounts that are irrelevant to the claims and defenses.

**REQUEST FOR PRODUCTION NO. 16.**

DOCUMENTS sufficient to identify each DEVICE that PLAINTIFF used to access PLAINTIFF's Facebook, Instagram, WhatsApp, AND other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case since it is duplicative of Interrogatory No. 3 and Request for Production No. 15. Plaintiff incorporates the objections asserted in response to Interrogatory No. 3 and Request for Production No. 15 herein.

**REQUEST FOR PRODUCTION NO. 17.**

DOCUMENTS sufficient to identify each WEB BROWSER that PLAINTIFF used to access PLAINTIFF's Facebook, Instagram, WhatsApp, AND other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case since it is duplicative of Interrogatory No. 1. Requiring Plaintiff to produce documents evidencing the exact same information he has already provided in his

response to Interrogatory No. 1 is overly burdensome and disproportionate to the needs of the case. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Plaintiff also objects to producing documents that are publicly available or not in his possession, custody, or control. Plaintiff specifically objects the term "Facebook-related" is vague, ambiguous, and/or indefinite. Plaintiff further objects to the extent the request seeks information regarding accounts that are irrelevant to the claims and defenses.

**REQUEST FOR PRODUCTION NO. 18.**

Produce for inspection each DEVICE that PLAINTIFF used to access the UFC Fight Pass website from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff specifically objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case by requesting inspection of the devices that Plaintiff uses for everyday personal and professional purposes. Depriving Plaintiff of these devices for even a short period to allow inspection would cause Plaintiff substantial harm which any possible interest Defendant may have in inspection of these devices does not outweigh. This is especially the case since it would give Defendant access to broad swaths of deeply personal information, including passwords, financial information, and private messages, that have no bearing on this case. To allow such an inspection would undoubtedly violate Plaintiff's right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Plaintiff has a "legally protected privacy interest in [his] devices" that requires "good cause to subject that device to inspection." *Wisk Aero LLC v. Archer Aviation Inc.*, 2022 U.S. Dist. LEXIS 187425, at *8, 10 (N.D. Cal. Aug. 19, 2022). Mere relevance is insufficient. *Id.* at *7. Defendant has not demonstrated good cause to subject Plaintiff's devices to inspection. It is hard to imagine how there could be such good cause

since Defendant possesses the code to the UFC Fight Pass website and, therefore, knows what information was collected and disclosed to third parties.

**REQUEST FOR PRODUCTION NO. 19.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation in Paragraph 37 of the COMPLAINT that his "personally identifiable information, including his Facebook ID and the URLs with the name of video content he watched and/or obtained were disclosed to Facebook."

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; documents that can be obtained by Defendant from third parties; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant because this request seeks production of documents concerning Defendant's own product and/or service. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule.

**REQUEST FOR PRODUCTION NO. 20.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation in Paragraph 38 of the COMPLAINT that "every time Plaintiff requested or obtained videos within the UFC Fight Pass, his private information was sent to Facebook's computer network, where it was stored, analyzed, and/or processed."

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; documents that can be obtained by Defendant from third parties; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant because this request seeks production of documents concerning Defendant's own product and/or service. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule.

.

**REQUEST FOR PRODUCTION NO. 21.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation

in Paragraph 39 of the COMPLAINT that PLAINTIFF's "Off-Facebook Activity . . . revealed that 'ufcfightpass.com' is sharing his information with Facebook."

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to producing his entire "Off-Facebook Activity" which reveals details about all the websites that he has visited that share data with Facebook as unduly burdensome and disproportionate to the needs of the case. Websites other than Fight Pass are irrelevant to this case and revealing such websites would infringe upon Plaintiff's privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22.**

DOCUMENTS sufficient to show PLAINTIFF's Off-Facebook Activity history from UFC Fight Pass from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to producing his entire "Off-Facebook Activity" which reveals details about all the websites that he has visited that share data with Facebook as unduly burdensome and disproportionate to the needs of the case. Websites other than Fight Pass are irrelevant to

this case and revealing such websites would infringe upon Plaintiff's privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO PLAINTIFF's Off-Facebook Activity history from UFC Fight Pass.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this request as duplicative of Request No. 22. Plaintiff further producing his entire "Off-Facebook Activity" which reveals details about all the websites that he has visited that share data with Facebook as unduly burdensome and disproportionate to the needs of the case. Websites other than Fight Pass are irrelevant to this case and revealing such websites would infringe upon Plaintiff's privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work

product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24.**

DOCUMENTS sufficient to show PLAINTIFF's Activity Log for PLAINTIFF's Facebook, Instagram, WhatsApp, AND ANY other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff specifically objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case by requesting discovery that is not important in resolving the issues of the present case. *See* Federal Rule of Civil Procedure 26(b)(1). Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Further, Plaintiff's activity on social media platforms is irrelevant to the claims and defenses in this case and infringes upon Plaintiff's right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Moreover, the request seeks nearly five years of highly personal activity across multiple platforms without apparent relation or any limitation to the issues of the present case, nor to any matter that concerns Defendant. Plaintiff also objects that the phrases "Facebook-related" and "Activity Log" as vague, ambiguous, and/or indefinite. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 25.**

DOCUMENTS sufficient to show PLAINTIFF's Profile Information for PLAINTIFF's Facebook, Instagram, WhatsApp, AND ANY other Meta OR Facebook-related account(s) from March 4, 2018 to the present.

**RESPONSE TO REQUEST NO. 25:**

Plaintiff specifically objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case by requesting discovery that is not relevant to resolving the issues of the present case. *See* Federal Rule of Civil Procedure 26(b)(1). Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Further, Plaintiff's profile information on social media platforms is irrelevant to the claims and defenses in this case and infringes upon Plaintiff's right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014). Moreover, the request seeks nearly five years of highly personal activity across multiple platforms without apparent relation or any limitation to the issues of the present case, nor to any matter that concerns Defendant. Plaintiff also objects that the phrases "Facebook-related" and "Profile Information" as vague, ambiguous, and/or indefinite. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 26.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation in Paragraph 40 of the COMPLAINT that "[a] person can identify Plaintiff with his Facebook ID."

**RESPONSE TO REQUEST NO. 26:**

Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that

are at least as equally accessible to Defendant; documents that can be obtained by Defendant from third parties; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff states that he does not have non-privileged, responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation in Paragraph 41 of the COMPLAINT that "Plaintiff did not provide consent to Defendant to share his personally identifiable information with Facebook."

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff;

public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff refers Defendant to the Complaint in this matter.

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation in Paragraph 46 of the COMPLAINT that "[h]ad Plaintiff known that Zuffa would share his personally identifiable information along with the UFC Fight Pass videos he received or obtained with Facebook, Plaintiff would not have subscribed to the UFC Fight Pass or, at a minimum, paid less for the UFC Fight Pass."

**RESPONSE TO REQUEST NO. 28:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or

possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 29.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation in Paragraph 47 of the COMPLAINT that "[a]s a result of Zuffa's misrepresentations and omissions, the UFC Fight Pass has no value, or, at a minimum, a much lower value to Plaintiff."

**RESPONSE TO REQUEST NO. 29:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work

product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff states that he does not currently have non-privileged, responsive documents in his possession, custody, or control. To the extent this request calls for production of expert testimony that may be relied on at trial, Plaintiff will produce such documents at the appropriate time set by the Court.

**REQUEST FOR PRODUCTION NO. 30.**

All DOCUMENTS AND COMMUNCIATIONS RELATING TO ANY representations made by ZUFFA about UFC Fight Pass which PLAINTIFF relied on in purchasing a UFC Fight Pass subscription.

**RESPONSE TO REQUEST NO. 30:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See, e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is

subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 31.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO the value of the UFC Fight Pass to PLAINTIFF.

**RESPONSE TO REQUEST NO. 31:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See, e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22

(D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 32.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation in Paragraph 48 of the COMPLAINT that "Plaintiff and members of the Class have been economically damaged by their purchase of Fight Pass."

**RESPONSE TO REQUEST NO. 32:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 33.**

All DOCUMENTS that support, refute, or otherwise concern PLAINTIFF's allegation

in Paragraph 48 of the COMPLAINT that "UFC Fight Pass is worth less than what Plaintiff and members of the Class paid for it."

**RESPONSE TO REQUEST NO. 33:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Further, the responding party is under no obligation to respond to a contention request, such as this, where the requested documents are not described with reasonable particularity. *See Dadisman v. Cty. of L.A.*, 2020 U.S. Dist. LEXIS 80985, at **5-6 (C. D. Cal. Feb. 19, 2020). Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and documents that "otherwise concern" Plaintiff's allegation. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 34.**

All agreements between PLAINTIFF AND Meta OR Facebook.

**RESPONSE TO REQUEST NO. 34:**

Plaintiff objects to the request as seeking documents that irrelevant to the claims and defenses in this case. Plaintiff further objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally

accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See, e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to the request as overbroad since it is not limited in time frame. Plaintiff further objects to producing all Terms & Conditions, Privacy Policies, and other terms that have applied to Meta's users during the relevant time period since those terms and policies are equally available to Defendant and providing copies of those terms and policies is unduly burdensome. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). .

**REQUEST FOR PRODUCTION NO. 35.**

All COMMUNICATIONS between PLAINTIFF AND Meta OR Facebook RELATING TO PLAINTIFF's allegations in this action.

**RESPONSE TO REQUEST NO. 35:**

Plaintiff responds as follows: Plaintiff will produce responsive documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 36.**

DOCUMENTS sufficient to show the terms and conditions that PLAINTIFF agreed to in connection with each of PLAINTIFF's Facebook, Instagram, WhatsApp, AND other Meta OR Facebook-related account(s).

**RESPONSE TO REQUEST NO. 36:**

Plaintiff objects to the request as seeking documents that irrelevant to the claims and defenses in this case, as any terms and conditions with Facebook or Meta have no bearing on this case. Plaintiff further objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources

and/or is within the custody, control, and/or possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to the request as overbroad since it is not limited in time frame. Plaintiff further objects to this request as overly broad and unduly burdensome since Terms & Conditions are subject to changes over the years, often without notice to users. Further, such terms and policies are equally available to Defendant and providing copies of those terms and policies is unduly burdensome to Plaintiff. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 37.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO ZUFFA's Terms of Use, Privacy Policy, OR Cookie Policy.

**RESPONSE TO REQUEST NO. 37:**

Plaintiff objects to the request as overbroad and disproportionate to the needs of this case since it seeks "all" documents relating to Zuffa's policies, and Zuffa already possesses copies of its own Terms of Use, Privacy Policy, and Cookie Policy. Plaintiff further objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection.

**REQUEST FOR PRODUCTION NO. 38.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO ANY efforts PLAINTIFF has made to opt out of advertising from ZUFFA.

**RESPONSE TO REQUEST NO. 38:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents. Plaintiff further objects to the extent this request relies on undetermined or disputed legal and/or factual issues, assumptions, findings, or conclusions to describe the requested documents (i.e. by suggesting the Plaintiff could "opt out" of Defendant Zuffa's advertising efforts) and thus does not identify documents with sufficient particularity. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 39.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO ANY efforts PLAINTIFF has made to opt out of targeted advertising from Facebook OR Meta.

**RESPONSE TO REQUEST NO. 39:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents. Plaintiff further objects to the extent this request relies on undetermined or disputed legal and/or factual issues, assumptions, findings, or conclusions to describe the requested documents (i.e. by suggesting the Plaintiff could "opt out" of targeted advertising on the Fight Pass website) and thus does not identify documents with sufficient particularity. Plaintiff objects to the extent the request seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Plaintiff objects to the

request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 40.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO ANY efforts PLAINTIFF has made to opt out of Meta OR Facebook Pixel tracking.

**RESPONSE TO REQUEST NO. 40:**

Plaintiff objects to this request as duplicative of Request No. 39. Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents. Plaintiff further objects to the extent this request relies on undetermined or disputed legal and/or factual issues, assumptions, findings, or conclusions to describe the requested documents (i.e. by suggesting the Plaintiff could "opt out" of Facebook's and Meta's tracking on the Fight Pass website) and thus does not identify documents with sufficient particularity. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 41.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO the Meta OR Facebook Pixel.

**RESPONSE TO REQUEST NO. 41:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents regarding the Meta or Facebook pixel. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule.

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff refers Defendant to the Complaint.

**REQUEST FOR PRODUCTION NO. 42.**

All DOCUMENTS AND COMMUNICATIONS CONCERNING ANY injury or damages that PLAINTIFF allegedly suffered as a result of the allegations in the COMPLAINT.

**RESPONSE TO REQUEST NO. 42:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents regarding Plaintiff's injuries and damages. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See, e.g., Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls

for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 43.**

All DOCUMENTS that PLAINTIFF has OR will use to compute alleged damages in this action.

**RESPONSE TO REQUEST NO. 43:**

Plaintiff objects to this request as a premature contention request that is better-suited for resolution at the end of discovery. Plaintiff further objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents regarding Plaintiff's injuries and damages. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. *See*, *e.g.*, *Assurance Co. of Am. v. Nat'l Fire & Marine Ins. Co.*, 2012 U.S. Dist. LEXIS 76170 (D. Nev. Jun. 1, 2012). Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018).

**REQUEST FOR PRODUCTION NO. 44.**

All non-privileged DOCUMENTS AND COMMUNICATIONS RELATING TO PLAINTIFF's retention of PLAINTIFF'S COUNSEL in this action.

**RESPONSE TO REQUEST NO. 44:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" non-privileged documents and communications relating to Plaintiff's retention of Counsel in the present action. Further, such documents are irrelevant to the claims and defenses in the case. Plaintiff further objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection.

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 45.**

All non-privileged DOCUMENTS, including but not limited to attorney retainer AND engagement agreements, that RELATE TO PLAINTIFF's status OR potential status as a named PLAINTIFF OR class representative in this action.

**RESPONSE TO REQUEST NO. 45:**

Plaintiff specifically objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" non-privileged documents that relate to Plaintiff's retention of Counsel in the present action. Further, such documents are irrelevant to the claims and defenses in the case. Plaintiff further objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection.

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his

possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 46.**

All DOCUMENTS produced to PLAINTIFF pursuant to ANY subpoena served by PLAINTIFF in connection with this action.

**RESPONSE TO REQUEST NO. 46:**

Plaintiff does not currently possess responsive documents.

**REQUEST FOR PRODUCTION NO. 47.**

All DOCUMENTS referenced in PLAINTIFF's responses to ZUFFA's Interrogatories.

**RESPONSE TO REQUEST NO. 47:**

Plaintiff will produce non-privileged responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 48.**

All DOCUMENTS AND COMMUNICATIONS RELATING TO ANY investigation that PLAINTIFF conducted in connection with this action.

**RESPONSE TO REQUEST NO. 48:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents and communications relating to "any investigation" in the action. As written, the request is unduly vague, as it is unclear what Defendant means by "investigation." Plaintiff further objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. Plaintiff further objects to this request to extent it seeks to require

Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule.

.

**REQUEST FOR PRODUCTION NO. 49.**

All DOCUMENTS obtained by PLAINTIFF from ANY PERSON OR source other than ZUFFA RELATING TO this action.

**RESPONSE TO REQUEST NO. 49:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents "obtained by Plaintiff" from anyone "relating to this action." As written, the request is unduly vague, as it is unclear what kinds of documents the request seeks. Plaintiff further objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff objects to the request to the extent that it seeks documents not in the possession, custody, or control of Plaintiff; public documents that are at least as equally accessible to Defendant; or information that is already known to Defendant through other sources and/or is within the custody, control, and/or possession of Defendant. Plaintiff further objects to this request to extent it seeks to require Plaintiff to create new documents. *See Acosta v. Wellfleet Communs., LLC*, 2018 U.S. Dist. LEXIS 16289, at *22 (D. Nev. Feb. 1, 2018). Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule.

**REQUEST FOR PRODUCTION NO. 50.**

DOCUMENTS sufficient to show ANY agreements between PLAINTIFF OR PLAINTIFF'S COUNSEL AND ANY other PERSON RELATING TO litigation funding for

this action.

**RESPONSE TO REQUEST NO. 50:**

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: no such responsive documents exist.

**REQUEST FOR PRODUCTION NO. 51.**

All DOCUMENTS that refer to, relate to, or constitute COMMUNICATIONS between PLAINTIFF AND ANY PERSON other than PLAINTIFF'S COUNSEL CONCERNING this action, including without limitation ANY of PLAINTIFF's allegations in the COMPLAINT.

**RESPONSE TO REQUEST NO. 51:**

Plaintiff objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in requesting production of "all" documents "that refer to, relate to, or constitute" communications "concerning this action." As written, the request is unduly vague, as it is unclear what kinds of documents the request seeks. Plaintiff further objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection. Plaintiff objects to the request to the extent that it seeks communications among counsel related to this case. Plaintiff also objects to this request to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule.

Subject to and without waiving any of the foregoing objections and reservations of rights, Plaintiff responds as follows: Plaintiff will produce non-privileged responsive documents in his possession, custody, or control with the exception of expert communications which will be produced in accordance with the case schedule.

**REQUEST FOR PRODUCTION NO. 52.**

All deposition transcripts, affidavits, declarations, certifications, interrogatory answers, OR transcripts of sworn testimony given by PLAINTIFF in ANY legal proceeding.

**RESPONSE TO REQUEST NO. 52:**

Plaintiff objects to this request on the grounds that it is overbroad, vague, ambiguous, and indefinite in its request for production of "declarations" and "certifications," which could potentially include any number of statements made in connection with any litigation. Plaintiff objects to this request to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection because it calls for production of "All" declarations and certifications, without limitation, including those that remain subject to privilege or protection prepared in anticipation of this or other litigation. Plaintiff asserts and does not waive any applicable attorney-client privilege. Plaintiff objects that the requested materials are not relevant to the claims or defenses of any party in this action.

Subject to and without waiving any of the foregoing general objections and reservations of rights, Plaintiff responds as follows: Plaintiff has no non-privileged responsive documents in his possession, custody, or control.

Dated: January 25, 2023

**GUTRIDE SAFIER LLP**

*<u>/s/ Kali Backer/</u>*

Seth A. Safier
Marie A. McCrary
Anthony Patek
Kali Backer
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on January 25, 2023, the foregoing document was served electronically pursuant to the parties' electronic service agreement.

**GUTRIDE SAFIER LLP**

*/s/ Anthony Patek /*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Anthony Patek (SBN 228964)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*