# EXHIBIT B

Plaintiff *Everett Bloom's* Responses and Objections to Defendant *Zuffa LLC's* First Set of Interrogatories

**GUTRIDE SAFIER LLP**
Seth A. Safier (*pro hac vice*)
seth@gutridesafier.com
Marie A. McCrary (*pro hac vice*)
marie@gutridesafier.com
Anthony Patek (*pro hac vice*)
anthony@gutridesafier.com
Kali Backer (*pro hac vice*)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVERETT BLOOM, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUFFA, LLC,<br><br>Defendant. | No.: 2:22-CV-00412-RFB-BNW<br><br>**PLAINTIFF EVERETT BLOOM'S RESPONSES AND OBJECTIONS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION** |

**PROPOUNDING PARTY:** **ZUFFA, LLC**

**RESPONDING PARTY:** **PLAINTIFF EVERETT BLOOM**

**SET NUMBER:** **ONE**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Everett Bloom ("Plaintiff"), by and through his undersigned counsel, hereby responds to Zuffa, LLC's ("Zuffa") First Set of Request for Production (hereinafter referred to as "Responses"), as follows:

## GENERAL OBJECTIONS

1. The following general objections and reservations of rights apply to each of Zuffa's document requests. Each general objection and reservation of rights is incorporated by

reference into Plaintiff's specific objections and Responses to each document request as if separately set forth therein.

2. Plaintiff objects to the document requests, definitions, and instructions to the extent that they seek to impose upon Plaintiff obligations that exceed or are different from those imposed by the Federal Rules of Civil Procedure, the procedural schedule in this case, any court order, local rule, or applicable law. As such, Plaintiff objects to these document requests to the extent that they require Plaintiff to do more than undertake a reasonable search for properly discoverable and responsive documents, in proportion to the needs of this case.

3. Plaintiff objects to the requests to the extent that they seek the disclosure of information that is disproportionate to the needs of the case considering the importance of the issues in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Plaintiff objects to the requests to the extent that they seek documents already in possession, custody, or control of Zuffa.

5. Plaintiff objects to the document requests to the extent that they seek information or documents protected by an applicable privilege or protection, including, but not limited to, the attorney-client privilege and attorney work product doctrine. Plaintiff will not disclose such information or documents. To the extent required by Federal Rule of Civil Procedure 26(b)(5), Plaintiff will identify withheld, privileged documents, created or received by Plaintiff before the date the Complaint was filed in this litigation in a privilege log.

6. If information is disclosed or documents are produced that are confidential, privileged, prepared in anticipation of litigation or for trial, or otherwise protected from disclosure or irrelevant or immune from discovery, such disclosure or production is inadvertent and shall not constitute a waiver of such privilege or protection or of any other ground for objection to discovery with respect to such information or document(s), or of Plaintiff's right to object to the use of any such information during any subsequent proceeding in this action or elsewhere. Plaintiff expressly reserves the right to recall from discovery any inadvertently

produced information or documents.

7. These Responses are based on Plaintiff's good faith and reasonable efforts to discover information sought that is within his possession, custody, or control. The Responses provided represent information ascertained after a diligent and reasonable search, are limited to information known to Plaintiff at the time of these Responses, and are made without waiver and with preservation of: (1) all other objections on any ground in this or any other proceeding, including as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose concerning the subject matter of the documents produced; (2) the right to object on any ground and at any time to a demand for further responses to these or future document requests or discovery procedures related to the subject matter of this case; and (3) the right at any time to review, correct, supplement, or clarify any of Plaintiff's Responses.

8. The Responses are based upon information currently known and available to Plaintiff at the time these Responses are made. Plaintiff has not yet completed investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Plaintiff further reserves the right to make use of, or introduce in any proceeding in this litigation, documents not known to exist at the time of production, including, but not limited to, documents obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure.

9. Neither Plaintiff's agreement to provide information or documents, if any, nor Plaintiff's agreement to search for information or documents responsive to a request shall imply that responsive documents exist within Plaintiff's possession, custody, or control, or constitute an admission or acknowledgment as to the relevance or admissibility of any documents or as to the truth of any allegation or assumption contained in the document requests.

10. To the extent that there is any dispute regarding Zuffa's requests for production and Plaintiff's objections and Responses thereto, Plaintiff requests to meet and confer regarding any such dispute(s).

10. Each of these General Objections is by this reference incorporated fully in each individual response set forth below, and each individual response is made subject to and without waiver of such General Objections.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1.**

IDENTIFY AND describe by manufacturer, model number, operating system, Internet browsing software, AND current LOCATION all DEVICES that YOU used to access UFC Fight Pass at ANY time from March 4, 2018 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff specifically objects that this interrogatory contains multiple subparts addressing discrete separate subjects, contrary to Federal Rule of Civil Procedure 33(a)(1). Plaintiff further objects that the interrogatory's request for the "current LOCATION" of each of the devices violates the Plaintiff's right to privacy and is irrelevant to the claims and defenses at issue in this case. *See Joseph v. Las Vegas Metro. Police Dep't*, 2010 U.S. Dist. LEXIS 135111, at *14 (D. Nev. Dec. 10, 2010) (citing *Soto v. City of Concord*, 162 F.R.D. 603 (N. D. Cal. Jul. 17, 1995) (recognizing a privacy objection and holding such an objection "requires a balancing of the need for the particular information against the privacy right asserted"). Plaintiff further objects since that it is unduly burdensome to require Plaintiff to provide the "current LOCATION" of each device since it necessarily changes over time. Furthermore, this interrogatory is independently objectionable for reasons of relevance, and Plaintiff further objects that the model number, and operating system are all irrelevant to the claims and defenses of any party in this action. Plaintiff also objects that the interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to the interrogatory to the extent that it seeks the disclosure of information already known to Zuffa.

Subject to and without waiving any of the foregoing specific objections and reservation of rights, Plaintiff responds as follows: Plaintiff accessed UFC Fight Pass with the following devices using the following browsers during the period in question: (1) an Apple Macbook Pro using Brave, Firefox, and Chrome as the browsers; (2) an Apple iPhone 12 Mini using the UFC

Fight Pass application; (3) an Amazon Firestick using the UFC Fight Pass application; (4) a custom-made personal computer (PC) running Windows 10 using Brave as the browser.

**INTERROGATORY NO. 2.**

For each DEVICE identified in response to Interrogatory No. 1, IDENTIFY whether the DEVICE was ever used to visit OR load ANY web page on the UFC Fight Pass website with video content at ANY time from March 4, 2018 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects that this interrogatory is ambiguous and/or vague with respect to its use of the terms “visit OR load” and “the UFC Fight Pass website,” none of which is defined. Plaintiff understands “the UFC Fight Pass website” to encompass video content available through both the website and its application.

Subject to and without waiving any of the foregoing specific objection and reservation of rights, Plaintiff responds as follows: To the best of his memory, Plaintiff accessed video content available through the UFC Fight Pass platform during the specified time period with each of the devices identified in response to Interrogatory No. 1.

**INTERRROGATORY NO. 3.**

For each DEVICE identified in response to Interrogatory No. 1, IDENTIFY whether the DEVICE was ever used to visit OR load ANY website owned OR controlled by Meta OR Facebook, including but not limited to facebook.com, instagram.com, messenger.com, whatsapp.com, at ANY time from March 4, 2018 to the present, AND if so, which of these sites were visited using the DEVICE.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects that this interrogatory is ambiguous and/or vague with respect to its use of the terms “visit OR load.” Plaintiff objects to the extent this interrogatory requests information outside his personal knowledge because Plaintiff does not know all of the websites owned or controlled by Meta or Facebook. Plaintiff further objects to this interrogatory as seeking irrelevant

information since whether or not Plaintiff "visited" or "loaded" a website "owned OR controlled by Meta OR Facebook" does not have any bearing on the claims and defenses in this case. Plaintiff also objects to this interrogatory as disproportionate to the needs of this case, given the lack of relevance as well as its infringement upon Plaintiff's privacy rights. Plaintiff also objects that this interrogatory contains multiple subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

Subject to and without waiving any of the foregoing specific objection and reservation of rights, Plaintiff responds as follows: Plaintiff is willing to meet and confer to determine what response, if any, is appropriate for this interrogatory.

**INTERRROGATORY NO. 4.**

For each DEVICE identified in response to Interrogatory No. 1, IDENTIFY AND describe ANY action by ANY PERSON to change the DEVICE settings, including without limitation the web browser settings OR web browser behavior, RELATING TO the placement or blocking of COOKIES on the DEVICE OR the deletion OR modification of ANY COOKIES that had been placed on the DEVICE, AND the DATE such action was taken.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff specifically objects that this interrogatory contains multiple subparts in violation of Federal Rule of Civil Procedure 33(a)(1). Plaintiff objects that this interrogatory is ambiguous and/or vague in the information it requests. Plaintiff further specifically objects to the terms "web browser settings" and "web browser behavior" as undefined, ambiguous, and/or vague. It is also unclear what information Defendant seeks with respect to the "modification" of cookies. Further, the interrogatory is objectionable because it is overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks the full history of *any* changes made to "web browser settings" or "web browser behavior", including changes made by third-parties of which Plaintiff may not even be aware and to cookies that are irrelevant to this case. Plaintiff also objects to this interrogatory to the extent that any information reasonably sought would more appropriately be addressed by deposition testimony; interrogatories are only designed to discover the basic facts of the case. The interrogatory is further objectionable as overbroad and disproportionate because it is not limited in time frame. Plaintiff further objects that information

concerning device settings, "cookies," and any other information requested in this interrogatory are not relevant to the claims or defenses of any party in this action. Finally, Plaintiff objects to this interrogatory as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014).

Subject to and without waiving any of the foregoing specific objection and reservation of rights, Plaintiff responds as follows: Plaintiff has no memory of changing any privacy setting relating to cookies relating to the UFC Fight Pass platform on the devices identified in response to Interrogatory No. 1. He also has no memory of asking or permitting anyone else to change any such privacy setting.

**INTERRROGATORY NO. 5.**

For each DEVICE identified in response to Interrogatory No. 1, IDENTIFY AND describe ANY action by ANY PERSON to change the DEVICE settings, including without limitation the web browser settings OR web browser behavior, RELATING TO advertisement personalization, advertisement retargeting, cross-site tracking, OR tracking pixels, AND the DATE such action was taken.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff specifically objects that this interrogatory contains multiple subparts contrary to Federal Rule of Civil Procedure 33(a)(1). Plaintiff objects that this interrogatory is vague and/or ambiguous with respect to the information it requests. Plaintiff further specifically objects to the terms "web browser settings," "web browser behavior," "advertisement personalization," "advertisement retargeting," "cross-site tracking," and "tracking pixels" as undefined, ambiguous, and/or vague. Plaintiff also objects that the interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks the full history of *any* changes made to "DEVICE settings", including changes made by third-parties of which Plaintiff may not even be aware and to features that are irrelevant to this case. Plaintiff also objects to this interrogatory to the extent that any information reasonably sought would more appropriately be addressed by deposition testimony; interrogatories are only designed to discover the basic facts of the case.

Plaintiff further objects that information concerning device settings as to the information requested in this interrogatory are not relevant to the claims or defenses of any party in this action. Finally, Plaintiff objects to this interrogatory as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014).

Subject to and without waiving any of the foregoing specific objection and reservation of rights, Plaintiff responds as follows: Plaintiff has no specific memory of changing any devices setting relating to tracking of his activity on the UFC Fight Pass platform on the devices identified in response to Interrogatory No. 1. He also has no specific memory of asking or permitting anyone else to change any such device setting.

**INTERRROGATORY NO. 6.**

IDENTIFY the username AND user ID for all accounts that YOU have ever used OR created on ANY website, app, or service owned OR controlled by Meta OR Facebook, including but not limited to Facebook, Instagram, AND WhatsApp.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects that any username and/or user ID he may have used or created on any website, app, or service owned or controlled by Meta or Facebook is not relevant to the claims or defenses of any party in this action. Plaintiff objects to the extent the interrogatory seeks information outside Plaintiff's personal knowledge because Plaintiff does not know all of the websites, apps, or services owned or controlled by Meta or Facebook. Plaintiff also objects that the interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case since it is not limited in time frame and seeks "all accounts" "ever used or created" since it encompasses all accounts ever used at any point in time, which necessarily includes accounts used for non-personal purposes or well-before the relevant time period. Such accounts are irrelevant to this case. Plaintiff further objects to the request for the "user ID" as it is vague and ambiguous as to what that means. Plaintiff also objects to the request for all accounts that Plaintiff has "ever used" as it is unclear what that means or how accounts merely "used" have any relevance to this

case. Finally, Plaintiff objects to this interrogatory as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014).

Subject to and without waiving any of the foregoing specific objection and reservation of rights, Plaintiff responds as follows: Plaintiff has Facebook and Instagram accounts under his name ("Everettbloom" and "Everett_Bloom", respectively). To the best of his knowledge, he does not have any other accounts with companies owned by Meta.

**INTERRROGATORY NO. 7.**

For each of the accounts identified in response to Interrogatory No. 6, IDENTIFY the DATE(S) YOU created, deactivated, OR deleted that account.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff specifically objects that this interrogatory contains multiple subparts addressing discrete separate subjects, contrary to Federal Rule of Civil Procedure 33(a)(1). Plaintiff incorporates his objections to Interrogatory No. 6 herein. Plaintiff objects to the extent this interrogatory requests information related to accounts that are not relevant to the claims or defenses of any party in this action. Plaintiff also objects that the interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding accounts that have no bearing on this case or accounts Plaintiff may have "used" at any point in time in past. Plaintiff also objects since the specific dates of account creation, deactivation, or deletion are irrelevant to the claims and defenses in this case. Finally, Plaintiff objects to this interrogatory as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014).

Subject to and without waiving any of the foregoing specific objection and reservation of rights, Plaintiff responds as follows: Plaintiff believe this information is irrelevant to his claims and refuses to answer on that basis. Plaintiff is willing to meet and confer to discuss this interrogatory.

**INTERRROGATORY NO. 8.**

For each account identified in response to Interrogatory No. 6, IDENTIFY AND describe ANY action by ANY PERSON to change, modify, OR disable ANY account settings OR account behavior RELATING TO COOKIES, advertising, advertisement personalization, advertisement retargeting, cross-site tracking, tracking pixels, OR Off-Facebook Activity, AND the DATE such action was taken.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff specifically objects that this interrogatory contains multiple subparts addressing discrete separate subjects, contrary to Federal Rule of Civil Procedure 33(a)(1). Plaintiff incorporates his objections to Interrogatory No. 6 herein. Plaintiff objects that this interrogatory is vague and/or unintelligible in the information it requests. Plaintiff further specifically objects to the terms “account settings,” “account behavior,” “advertisement personalization,” “advertisement retargeting,” “cross-site tracking,” and “tracking pixels” as undefined, ambiguous, and/or vague. Plaintiff also objects that the interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the case as it seeks the full history of *any* changes made to “account settings OR account behavior” at any point in time, including changes made by third-parties of which Plaintiff may not even be aware and to features or accounts that are irrelevant to this case. Plaintiff also objects to this interrogatory to the extent that any information reasonably sought would more appropriately be addressed by deposition testimony; interrogatories are only designed to discover the basic facts of the case. Plaintiff further objects that information concerning account settings relating to the information requested in this interrogatory are not relevant to the claims or defenses of any party in this action. Finally, Plaintiff objects to this interrogatory as infringing upon his right to privacy. *See e.g.*, *Riley v. California*, 573 U.S. 373, 395-396 (2014).

Subject to and without waiving any of the foregoing specific objection and reservation of rights, Plaintiff responds as follows: Plaintiff has no memory of changing any privacy setting on any Meta-owned account relating to cookies and the UFC Fight Pass platform on the devices identified in response to Interrogatory No. 1. He also has no memory of asking or permitting anyone else to change any such privacy setting.

**INTERRROGATORY NO. 9.**

IDENTIFY AND describe all facts AND evidence that show whether AND to what extent YOU have been injured by the conduct alleged in the COMPLAINT AND the dollar amount of ANY such damages.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory to the extent that the interrogatory is unduly burdensome and not proportional to the needs of the case by requiring Plaintiff to identify "all facts" as to his injuries and marshal evidence and facts likely in the possession, custody, or control of Defendant. Plaintiff also objects to this interrogatory to the extent it purports to prematurely seek expert reports or opinions. Such expert reports will be produced in accordance with the case schedule. Plaintiff further objects to this interrogatory as premature because even providing a reasonable subset of "all facts AND evidence" necessarily depends on information that Defendant possesses and has not disclosed yet in this case, or that otherwise has not been obtained in discovery. At a minimum, contention interrogatories, such as this, which ask the receiving party to state all facts supporting an allegation or claim, to the extent they are proper at all (even when narrowed and proportional), need not be answered until substantial completion of pretrial discovery. *See, e.g., Cardoza v. Bloomin' Brands, Inc.*, 2015 U.S. Dist. LEXIS 82015, at *4 (D. Nev. Jun. 22, 2015) (citing *Campbell v. Facebook Inc.*, 2015 U.S. Dist. LEXIS 71961 (N.D. Cal. Jun. 3, 2015)). Plaintiff further objects to this Interrogatory to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, work product doctrine, and any other applicable privilege or protection, as the interrogatory seeks to discover the mental impressions and/or trial strategy of Plaintiff's attorneys. Plaintiff and his counsel are not required to disclose legal research, opinions, analysis, or theories to Defendant.

Subject to and without waiving any of the foregoing specific objections and reservation of rights, Plaintiff responds as follows: Plaintiff refers Defendant to his initial disclosures, which explain, among other things, that Plaintiff sustained damages by paying a price premium for the UFC Fight Pass subscription. Plaintiff paid $9.99 on a monthly basis for the UFC Fight Pass

subscription, and the amount of the price premium that Plaintiff paid is a portion of the monthly fee. The specific amount of the price premium will be addressed in Plaintiff's expert reports to be produced in accordance with the case schedule. Plaintiff further notes that statutory damages under the Video Privacy Protection Act for the violations alleged in the Complaint are $2,500 per violation.

Dated: January 25, 2023

**GUTRIDE SAFIER LLP**

*/s/ Kali Backer /*

Seth A. Safier
Marie A. McCrary
Anthony Patek
Kali Backer
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

# VERIFICATION

I, Everett Bloom, have read the foregoing **PLAINTIFF EVERETT BLOOM'S RESPONSES AND OBJECTIONS TO DEFENDANT ZUFFA, LLC'S FIRST SET OF INTERROGATORIES** and know the contents thereof. The substantive responses thereto (excluding objections) are true and of my own knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. 1/24/2023

DocuSigned by:

By: Everett Bloom
62B0D064AA0E4F0...

Everett Bloom

## CERTIFICATE OF SERVICE

The undersigned certifies that, on January 25, 2023, the foregoing document was served electronically pursuant to the parties' electronic service agreement.

**GUTRIDE SAFIER LLP**

*/s/ Anthony Patek /*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Anthony Patek (SBN 228964)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*