# EXHIBIT F

April 7, 2023 Letter from Defendant *Zuffa, LLC* to Plaintiff *Everett Bloom*

WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation
1900 Avenue of the Stars
28th Floor
Los Angeles, California 90067

O: 424.446.6900
F: 866.974.7329

ALI R. RABBANI
Internet: ARABBANI@wsgr.com
Direct dial: 424.446.6908

April 7, 2023

Anthony J. Patek
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111

**Re: *Bloom v. Zuffa, LLC*, Case No. 2:22-cv-00412-RFB-BNW, Plaintiff's Deficient Responses to Zuffa's Interrogatories and Requests for Production**

Dear Counsel:

We write in response to your March 9, 2023 letter regarding Plaintiff's responses to Zuffa's First Set of Interrogatories and Requests for Production. As discussed below, Zuffa maintains that Plaintiff's responses are deficient and fail to comply with his discovery obligations under the Federal Rules of Civil Procedure. Although Zuffa afforded Plaintiff over six weeks to supplement his responses based on representations made in your letter and during our meet and confer, Plaintiff has failed to provide any additional information other than a single Facebook ID. Unless Plaintiff supplements his written responses and produces all non-privileged and responsive documents by **Friday, April 14**, Zuffa will have no choice but to seek relief from the Court.

**Interrogatories**

Interrogatory No. 1

Your unsupported assertion that pixels and cookies "work identically across essentially all models of each individual identified computer and smartphone" is wrong. For example, Apple has updated the operating systems for Macs and iPhones and released new versions of Safari over time to limit the functionality of third party pixels and cookies.[1] The model numbers and operating systems for Plaintiff's devices are, therefore, highly relevant to Zuffa's defenses. Since Plaintiff has not identified a valid basis for withholding this information, he must supplement his response.

[1] https://www.apple.com/newsroom/2021/06/apple-advances-its-privacy-leadership-with-ios-15-ipados-15-macos-monterey-and-watchos-8/; https://www.macobserver.com/tips/quick-tip/block-cross-site-tracking-safari/; https://www.computerworld.com/article/3692528/evolution-of-macos-and-mac-os-x.html.

<u>Interrogatory No. 2</u>

Plaintiff has not responded to this interrogatory as written. Zuffa's interrogatory requests information about the devices Plaintiff used to access "ANY web page on the UFC Fight Pass website." But Plaintiff's response refers more broadly to the "UFC Fight pass platform," which your letter acknowledges includes more than just the Fight Pass website. Plaintiff must therefore supplement his response to make clear which devices and web browsers he used to access the Fight Pass website.

<u>Interrogatory No. 3</u>

Your letter stated that Plaintiff would "supplement this response to clarify which devices he used to visit the Facebook web site." But nearly a month has passed and Plaintiff has not done so. Plaintiff must provide this information by April 14, or Zuffa will seek relief from the Court.

<u>Interrogatory No. 4</u>

Contrary to your assertion, Plaintiff has not responded to the interrogatory as written. This interrogatory requests information regarding any changes to device settings relating to the placement, blocking, deletion, or modification of cookies. However, Plaintiff's response is limited to "any *privacy* setting relating to cookies *relating to the UFC Fight Pass platform*." Not only is Plaintiff's response narrower than Zuffa's request, but it is simply not clear what Plaintiff means by "privacy" setting or cookies "relating to the UFC Fight Pass platform." Accordingly, Plaintiff must respond to interrogatory as written. 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 33 ("Courts expect parties to give real answers to the questions asked.").

Moreover, your response suggests that neither Plaintiff nor Plaintiff's counsel has actually reviewed the settings on Plaintiff's devices and are relying entirely on Plaintiff's memory. *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009) ("A party has an obligation to conduct a reasonable inquiry into the factual basis of its discovery responses."); *see also Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988) ("Once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by filing misleading or evasive responses, or by failing to examine records within its control.") This not only calls into question the accuracy of Plaintiff's response but also underscores the need for Plaintiff to produce copies of his device settings in response to Zuffa's Requests for Production.

<u>Interrogatory No. 5</u>

As with Interrogatory No. 4, Plaintiff has not responded to the interrogatory as written. This interrogatory requests information regarding any changes to device settings relating to advertisement personalization/retargeting, cross-site tracking, or tracking pixels. However, Plaintiff's response is limited to device settings "relating to tracking of his activity on the UFC Fight Pass platform." Once again, not only is Plaintiff's response narrower than Zuffa's request, it is simply not clear what Plaintiff means by "tracking of his activity on the UFC Fight Pass

platform." *See* 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 33 ("The answering party must construe the question fairly and not in a hypertechnical manner designed to justify not providing information that any reasonable reader would know was being sought"). Nor is it clear, as you suggest, that Plaintiff's response "implies all devices and browsers are using default settings." If that is the case, Plaintiff should say so in his response (and he must also provide the information requested in Interrogatory Nos. 1 and 2 so it is clear what "default settings" means in this context). Either way, Plaintiff must respond to this interrogatory as written. *See* Fed. R. Civ. P. 37(a)(4) ("an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond.").

Interrogatory No. 6

Your letter confirms that Plaintiff is withholding information regarding Facebook accounts "used for non-personal purposes." But regardless of whether Plaintiff is "claiming any privacy violations" associated with these accounts, *all* of Plaintiff's Facebook accounts are potentially relevant to Zuffa's defenses and therefore within the scope of discovery. For example, if Plaintiff logged into these other accounts from the same devices and web browsers that he used to access videos on the Fight Pass website, that could undermine Plaintiff's allegation that his personal Facebook ID was disclosed to Facebook. Plaintiff must supplement his response to identify the username and user ID for all Facebook accounts that Plaintiff used during the proposed class period.

Interrogatory No. 7

Your letter contends that Plaintiff has refused to respond to this interrogatory because "clearly" his accounts were created prior to the start of the proposed class period and have not been deleted. But Zuffa's interrogatory is not that narrow. This interrogatory asks Plaintiff to identify the dates he "created, *deactivated*, or deleted" those accounts. Your letter says nothing about whether Plaintiff's accounts were ever deactivated, which is not the same as deletion. This information is not publicly available (and even if it were, Plaintiff still has an obligation to provide relevant information in his responses). *See* 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 33 ("a party may not refuse to answer an interrogatory on the grounds that the asking party already knows the information in question or could get the information from its own records or from sources equally available to the parties"); *Myhre v. Seventh-Day Adventist Church Reform Movement Am. Union Int'l Missionary Soc.*, 298 F.R.D. 633, 647 (S.D. Cal. 2014) ("it is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record") (internal quotations omitted). Plaintiff must supplement his response to provide the information requested.

Interrogatory No. 8

Once again, Plaintiff has not responded to the interrogatory as written. This interrogatory requests information regarding any changes to Plaintiff's Facebook account settings relating to cookies, advertising, cross-site tracking, tracking pixels, or Off-Facebook Activity. However, Plaintiff's response is limited to "any privacy setting . . . relating to cookies and the UFC Fight Pass

platform." Not only is Plaintiff's response narrower than Zuffa's request, but it is not clear what Plaintiff means by "privacy" setting or "cookies and the UFC Fight Pass platform." In fact, your letter underscores the ambiguity of Plaintiff's response by acknowledging that Plaintiff "does not know which, if any, settings may affect the alleged data transfers beyond those relating to Fight Pass." (To the extent Plaintiff's counsel is unaware of what settings fall within the scope of this interrogatory, please let us know as soon as possible, so that we can provide that information.) If Plaintiff's response is that he has never changed any default Facebook settings, he should simply say so.

But if Plaintiff has ever made any changes to his ad preferences settings, his Off-Facebook Activity settings, his apps and websites settings, or other relevant settings, he must provide that information in his response. *See Myhre,* 298 F.R.D. at 647 ("A party answering interrogatories has an affirmative duty to furnish any and all information available to the party."). Such information is readily available to Plaintiff and his counsel from within Plaintiff's Facebook accounts.

**Requests for Production**

As an initial matter, your letter "concedes" that Plaintiff's responses were unclear. Accordingly, Plaintiff must supplement his responses to make clear where he intends to produce documents and where he intends to stand on his objections. 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 34 ("A response is not acceptable if it leaves the reader wondering whether responsive documents have been withheld.")

As it stands, Plaintiff agreed to provide responsive documents for only 11 of Zuffa's 52 Requests for Production. While your letter claims that Plaintiff has nonetheless "produced documents responsive to many of the RFPs" raised in Zuffa's prior letter, the reality is that Plaintiff has only produced 16 documents (a total 36 pages), including (a) his engagement agreement with his counsel, (b) a subpoena to Facebook and related correspondence with Facebook's counsel, (c) documents reflecting his Fight Pass subscription payments or cancellations, and (d) a *single* screenshot from an unspecified Facebook account. Clearly, Plaintiff has not fully responded to "many" of Zuffa's RFPs.

Moreover, Plaintiff cannot rely on a third party to satisfy his discovery obligations when he has responsive documents at his fingertips. As a class representative, Plaintiff has a duty to participate meaningfully in discovery and to produce documents and information related to his claims. *See, e.g.*, *Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568, 577 (C.D. Cal. 2007) ("failure to comply with reasonable disclosure obligations or discovery requests are factors that suggest that the class representative is inadequate"). For the avoidance of doubt, Zuffa maintains that Plaintiff should immediately provide Zuffa with any documents that Facebook has produced *in addition* to Plaintiff's own document production.

Finally, Plaintiff's latest letter states that he will produce documents "as they become available." However, there is no reason to believe the requested documents are not currently in Plaintiff's possession, custody or control. 1 Federal Rules of Civil Procedure, Rules and

WILSON SONSINI



Commentary Rule 34 ("Rule 34 requires parties to produce all responsive documents within their 'possession, custody, or control'" and a party generally "cannot refuse to produce documents in its possession, custody, or control on the grounds that the materials are available from another source."); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996). He must supplement his production immediately to provide all responsive, non-privileged documents in response to Zuffa's requests, including:

1. Plaintiff's Facebook activity log (for *all* his accounts) showing log-in information from March 4, 2018 to the present. *See* RFP 24. (Facebook users can readily download their activity logs, and information related to their profiles, including logins and "information related to the ads you see," at any time.)
2. Plaintiff's Facebook settings (for *all* his accounts), including any privacy settings, off-Facebook activity settings, or log-in settings Plaintiff used between March 4, 2018 and the present. *See* RFPs 12, 13, 14; ROG 8.
3. Plaintiff's Facebook account deletion or deactivation history (for *all* his accounts) between March 4, 2018 and the present. *See* ROG 7.
4. Records showing the browsers and devices used to access all of Plaintiff's Facebook accounts. *See* RFPs 15, 17; ROG 3.
5. Records showing Plaintiff's browser settings between March 4, 2018 and the present. *See* RFPs 9, 10; ROG 4.

Sincerely,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Ali Rabbani*

Ali Rabbani

cc: Victor Jih; Susan Leader; Stephanie Balitzer