**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar. No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd. Suite #130
Las Vegas NV 89121
Telephone: 702-843-5899
Facsimile: 702-843-6010

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (*pro hac vice*)
seth@gutridesafier.com
MARIE A. MCCRARY (*pro hac vice*)
marie@gutridesafier.com
HAYLEY REYNOLDS (*pro hac vice*)
hayley@gutridesafier.com
ANTHONY PATEK (*pro hac vice*)
anthony@gutridesafier.com
KALI BACKER (*pro hac vice*)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR NEVADA**

| | |
|---|---|
| EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC; ENDEAVOR STREAMING, LLC and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | CASE NO. 2:22-cv-00412-RFB-BNW<br><br>**PLAINTIFF-IN-INTERVENTION'S NOTICE OF MOTION AND MOTION TO INTERVENE AND FOR LEAVE TO FILE CONSOLIDATED SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on September 28, 2023, or as soon thereafter as the Motion to Intervene ("Motion") may be heard, Plaintiff-in-Intervention Juan Lozano ("New Plaintiff") will, and hereby do, move this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to intervene in the above-captioned matter.

Plaintiffs Everett Bloom, Jack Graham, and Dave Lindholm (collectively, "Current Plaintiffs") join in the request that New Plaintiff be granted leave to intervene.

Upon intervention, New Plaintiff and Current Plaintiffs request that they be permitted to file a consolidated second amended complaint ("Consolidated Second Amended Complaint"). Attached hereto, as Exhibit 1 to the Declaration of Anthony Patek, is a copy of the proposed Consolidated Second Amended Complaint, with a redline attached as Exhibit 2.[1]

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declarations of Anthony Patek and Juan Lozano, the pleadings and papers on file and all prior proceedings herein, and such other matters as may be presented to the Court at the time of hearing.

Plaintiffs' counsel Anthony Patek met and conferred with defense counsel on August 2, 2023, regarding this motion. Defendants indicated that they will likely oppose.

[1] The proposed Consolidated Second Amended Complaint adds allegations for the plaintiff-in-intervention and updates the class definitions to be consistent with the proposed definitions in Current Plaintiffs' motion for class certification. Exhibit 2 shows these proposed changes to the operative complaint in redline.

## TABLE OF CONTENTS

I. INTRODUCTION .......... 4
II. STATEMENT OF FACTS .......... 6
A. Background .......... 6
B. New Plaintiff Was Harmed by the Same Conduct as Current Plaintiffs .......... 79
III. ARGUMENT .......... 9
A. Legal Standard .......... 79
B. New Plaintiff May Intervene as a Matter of Right Under Rule 24(a) .......... 79
1. New Plaintiff's Intervention is Timely .......... 8
2. New Plaintiff Has Significant, Protectable Interests, and the Disposition of This Action May Impede Their Ability to Protect Their Interest .......... 1113
3. Current Plaintiffs May Not Adequately Represent New Plaintiff's Interests .......... 11
4. New Plaintiff Meets the Typicality and Adequacy Requirements of Rule 23 .......... 13
IV. IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT NEW PLAINTIFF TO INTERVENE UNDER RULE 24(b) .......... 13
V. CONCLUSION .......... 15

## TABLE OF AUTHORITIES

**CASES**

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018) ........ 6

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
647 F.3d 893 (9th Cir. 2011) ........ 12

*Diaz v. Trust Territory of Pacific Islands*,
876 F.2d 1401 (9th Cir. 1989) ........ 13

*Dixon v. Cost Plus*,
2012 WL 2499931 (N.D. Cal. June 27, 2012) ........ 13

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) ........ 7

*Forest Conservation Council v. U.S. Forest Serv.*,
66 F.3dd 1489 (9th Cir. 1995) ........ 9

*In re Cmty. Bank of N. Virginia*,
418 F.3d 277 (3d Cir. 2005) ........ 12

*In re JDS Uniphase Corp. Sec. Litig.,*
2005 WL 256261 (N.D. Cal. Oct. 12, 2005) ........ 13

*In re Melridge, Inc. Sec. Litig.*,
1988 U.S. Dist. LEXIS 14392 (D. Or. Aug. 11, 1988) ........ 12

*Just Film, Inc. v. Buono*,
847 F.3d 1108 (9th Cir. 2017) ........ 14

*MGM Grand Hotel, Inc. v. Smith-Hemion Prods., Inc.*,
158 F.R.D. 677 (D. Nev. 1994) ........ 16

*Mollett v. Netflix, Inc.*,
795 F.3d 1062 (9th Cir. 2015) ........ 8

*Munoz v. PHH Corp.*,
2013 U.S. Dist. LEXIS 106004 (E.D. Cal. July 26, 2013) ........ 10, 13

*Sherman v. Griepentrog,*
775 F. Supp. 1383 (D. Nev. 1991) ........ 10

*Sierra Club v. EPA,*
995 F.2d 1478 (9th Cir. 1993) ........ 9

*Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ........ 13

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ........ 14

*Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992) ........ 14

*United States v. State of Oregon*, 745 F.2d 550 (9th Cir. 1984) ........ 9

*Venegas v. Mitchell*, 495 U.S. 82 (1990) ........ 16

*Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989) ........ 16

*W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701 (9th Cir. 2011) ........ 10

*Watkins v. Rapid Fin. Sols., Inc.*, No. 3:20-cv-00509-MMD-CSD, 2022 U.S. Dist. LEXIS 207748 (D. Nev. Nov. 15, 2022) ........ 15

*Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ........ 9

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010) ........ 14

*Wood v. Motorola, Inc.*, 587 F.Supp. 531 (D. Haw. 1984) ........ 16

*Yniguez v. State of Arizona*, 939 F.2d 727 (9th Cir. 1991) ........ 9

**STATUTES**

18 U.S.C. §2710(b)(2)(B) ........ 7

Cal. Bus. & Prof. Code §§ 17200 ........ 14

Cal. Civ. Code § 1799.3 ........ 8

The Video Privacy Protection Act, 18 U.S.C. §2710 ........ 7, 14

**RULES**

Fed. R. Civ. P. 23(a)(4) .......... 14

Fed. R. Civ. P. 23(b)(1)(B) .......... 8

Fed. R. Civ. P. 24(a) .......... 8

Fed. R. Civ. P. 24(b) .......... 15

## I. INTRODUCTION

Plaintiff-in-Intervention Juan Lozano ("New Plaintiff") respectfully seeks leave to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure. New Plaintiff satisfies each of the requirements to intervene as a matter of right. Should this Court find otherwise, it should, nevertheless, exercise its discretion to permit intervention.

As demonstrated in the motion for class certification ("Class Certification Motion") filed June 9, 2023 (ECF No. 53), Plaintiffs Everett Bloom, Jack Graham, and Dave Lindholm ("Current Plaintiffs") satisfy Rule 23(a)'s typicality and adequacy requirements. Out of an abundance of caution, however, New Plaintiff seeks to intervene so that he may serve as alternative or additional class representatives to ensure *the class* suffers no prejudice should the Court determine that Current Plaintiffs would be inadequate class representatives or are atypical of the class they seek to represent, should Current Plaintiffs need to withdraw as Class Representatives, and/or that the New Plaintiff would resolve any representational or evidentiary distractions ahead of trial. Intervention will also ensure that none of the resources that the parties and the Court have invested in litigating this class action to this point will be wasted. New Plaintiff is prepared to provide discovery on an expedited basis in order to ensure minimize any delay that may be caused by their intervention.

New Plaintiff satisfies the standards for intervention. During the proposed class period, New Plaintiff subscribed to Defendant's UFC Fight Pass streaming service, had a California address, and maintained existing Facebook accounts before they subscribed to UFC Fight Pass. New Plaintiff both visited the UFC Fight Pass Website and viewed on-demand videos between October 1, 2020, and June 3, 2022. As a result, New Plaintiff, like all Class members, was subjected to the same practice giving rise to the claims in this action—Defendants' unauthorized disclosure of "personally identifiable information" to third parties, without informed written consent. Like Current Plaintiffs, as well as all class members, New Plaintiff is entitled to damages as a result of Defendants' conduct. He is, therefore, a member of the class that Current Plaintiffs are seeking to certify (the "Class") and has a direct interest

in the outcome of this case.[2] As a California resident, New Plaintiff is also members of the subclass of California purchasers that Current Plaintiffs are seeking to certify (the "California Class").[3]

New Plaintiff also easily meets the typicality and adequacy requirements of Federal Rule of Civil Procedure 23(a). He is typical of the Class proposed by Current Plaintiffs because, like all Class members, Defendants disclosed his "personally identifiable information" to third parties, without informed written consent following New Plaintiff's subscription to and use of Defendants' UFC Fight Pass streaming service. He is typical of the California Class proposed by Current Plaintiffs because he subscribed to Defendant's UFC Fight Pass streaming service in California. Further, New Plaintiff will adequately represent absent members of the Class. New Plaintiff has an interest to prosecute the claims in this action, has no conflicts of interest with other members of the Class, and is represented by sophisticated, experienced counsel.

At stake are the rights of New Plaintiff (and other class members) to recover damages to which they are entitled as a result of Defendants' conduct. New Plaintiff, the Class, and the California Class will be prejudiced if the Court determines that Current Plaintiffs are inadequate or atypical, and this Court simultaneously denies intervention. While the statute of limitations tolls from the date of the Complaint, that tolling provision may not carry over into a new class action. *See generally China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018). Although New Plaintiff subscribed to the UFC Fight Pass service on December 16, 2020, if New Plaintiff must file a separate, new class action, some

---

[2] The proposed Class is defined as follows:

> **Class**: All persons in the United States who subscribed to the UFC Fight Pass for personal use and, from October 1, 2020 to June 3, 2022, requested or obtained on-demand video content on the UFC Fight Pass Website and with respect to whom Meta received their Meta ID and the URL of the webpage hosting video content.

[3] The proposed California Class is defined as follows:

> **California Class**: All persons in California who subscribed to the UFC Fight Pass for personal use and, during the period from March 3, 2018 to December 5, 2019 or the period from October 1, 2020 to June 3, 2022, requested or obtained on-demand video content on the UFC Fight Pass Website and with respect to whom Meta received their Meta ID and the URL of the webpage hosting video content.

purchases may be excluded by the revised statute of limitations date, as will thousands of purchases made by other class members. To deny New Plaintiff the right to intervene, therefore, could result in a windfall to Defendants, and waste the judicial and party resources already expended in litigating the present action.

## II. STATEMENT OF FACTS

### A. Background

Plaintiff Bloom filed this lawsuit on March 4, 2022, alleging that, in violation of state and federal privacy statutes and tort duties, Defendant Zuffa, LLC ("Zuffa" or "Defendant") discloses subscribers' video-watching histories to Facebook (a.k.a. Meta Platforms, Inc. or "Meta") without subscribers' consent. Plaintiffs Bloom, Graham, and Lindholm amended the complaint on May 29, 2023, to add Plaintiffs Graham and Lindholm, as well as add Defendants Endeavor Group Holdings, Inc. (the parent company that runs the UFC league) and Endeavor Streaming LLC (another subsidiary that provides the infrastructure for UFC Fight Pass' video-on-demand service). (Dkt. # 47.) The three Defendants run the Fight Pass streaming platform, which provides mixed martial arts video content through Zuffa's website, ufcfightpass.com (the "Fight Pass Website"). Unbeknownst to subscribers, Defendants embedded the Fight Pass Website with software code that sent to Meta Platforms the subscribers' Facebook ID, a URL with the name of the video watched, and the fact that the URL hosts video content, Inc. ("Meta").

The Video Privacy Protection Act, 18 U.S.C. §2710, et seq ("VPPA") vests consumers with a "substantive privacy interest in his or her video-viewing history." *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017). As part of its goal to "ensur[e] that consumers retain control over their personal information," it mandates strict compliance with consent requirements before a video provider like Zuffa may share a subscribers' video-viewing history. *Id.* Zuffa must obtain "informed, written consent" from the consumer "in a form distinct and separate from any form setting forth other legal or financial obligations." 18 U.S.C. §2710(b)(2)(B). Zuffa must also allow the consumer to "elect[]" whether to provide the consent each time the disclosure is sought" or "in advance for a set period of time, not to exceed 2 years." *Id.* These consent requirements "reflect the central principle" of the statute: "information collected for one purpose may not be used for a different purpose without the

individual's consent." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). California, too, recognizes the right to privacy in this information through Cal. Civ. Code § 1799.3, which similarly mandates pre-disclosure written consent from the consumer before sharing video-viewing history.

Defendants never informed subscribers about their disclosures of the subscribers' personally identifiable information through the software code, let alone secured the subscribers' consent in compliance with the VPPA. Defendants thus violated their subscribers' right to privacy under the VPPA and Cal. Civ. Code § 1799.3.

### B. New Plaintiff Was Harmed by the Same Conduct as Current Plaintiffs

New Plaintiff Juan Lozano, like Current Plaintiffs, fell prey to Defendants' unlawful conduct. Lozano, while a resident of California, subscribed to Defendants' UFC Fight Pass streaming service, had a California address and existing Facebook accounts before he subscribed to UFC Fight Pass, and visited the UFC Fight Pass Website and viewed on-demand videos between October 1, 2020, and June 3, 2022. *See* Decl. of Juan Lozano ("Lozano Decl."), Ex. 3 to Patek Decl., ¶¶ 2-6, concurrently filed. Defendants, without informed written consent, made unauthorized disclosures of New Plaintiff's "personally identifiable information" to third parties.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 24(a), referred to as "mandatory intervention" or "intervention by right," requires a court to grant a party's request to intervene where that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). By contrast, Rule 24(b)(1), regarding "permissive intervention," authorizes a court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 23(b)(1)(B). As described below, New Plaintiff meets the requirements for both mandatory and permissive intervention.

### B. New Plaintiff May Intervene as a Matter of Right Under Rule 24(a)

An applicant seeking to intervene as of right under Rule 24 must satisfy four requirements: "(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (citing *Sierra Club v. EPA,* 995 F.2d 1478, 1484 (9th Cir. 1993). Although an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention. *See Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3dd 1489, 1493 (9th Cir. 1995). As the Ninth Circuit explained:

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.

*Id*. at 1496 (emphasis added). Because New Plaintiff easily satisfies all four requirements, their motion should be granted as of right.

**1. New Plaintiff's Intervention is Timely**

Timeliness is left to the sound discretion of the trial court. *See Yniguez v. State of Arizona*, 939 F.2d 727, 731 (9th Cir. 1991). In determining timeliness under Rule 24, a court should consider "(1) the stage of the proceeding; (2) the prejudice to the other parties; and (3) the reason for and the length of the delay." *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). A court should not base its decision merely on the length of time the case has been pending. *Id.* Rather, a court must consider all the circumstances in the case relating to the timeliness. *Id.* The most important consideration in deciding whether a motion for intervention is timely is whether any delay in bringing the motion has prejudiced the existing parties to the case. *Id.* at 553. A court also should construe the timeliness requirement broadly in favor of the party seeking intervention and "the timeliness requirement for intervention as of right should be treated more leniently than for permissive intervention because of the

likelihood of more serious harm." *Id.* at 552. Here, under all three of the factors identified by the Ninth Circuit, New Plaintiff's motion to intervene is timely.

First, the current stage of this litigation is wholly appropriate for intervention. Discovery in this case is still open. New Plaintiff files this motion three months before the October 28, 2023, deadline for Defendants' Opposition to Current Plaintiffs' Motion for Class Certification, while discovery on class certification issues is ongoing. While Defendants may argue that this motion to intervene is untimely because the case has been pending since March 2022, "[m]ere lapse of time alone is not determinative" of timeliness in a motion to intervene. *Id.*; *see also Sherman v. Griepentrog,* 775 F. Supp. 1383, 1386 (D. Nev. 1991) (finding intervener's motion timely "over six months after the death of the original class representative" because "granting the motion will likely not result in any prejudice to [the] case" and "the motion has been made relatively early in the proceedings, at a time prior to the court's ruling on class certification and prior to any rulings on the merits"); *Munoz v. PHH Corp.*, 2013 U.S. Dist. LEXIS 106004 at *21–22 (E.D. Cal. July 26, 2013) (rejecting arguments that motion to intervene in class action untimely even though case had been pending for over five years, because "[d]iscovery is ongoing" and "very little has actually been litigated."). Instead, New Plaintiffs' Motion comes at a natural juncture in this litigation. Specifically, New Plaintiffs' Motion comes well in time to be considered alongside the Class Certification Motion and/or the September 28, 2023, hearing on Defendants' Motion to Compel Discovery from Plaintiff Bloom.

Second, Defendants cannot show that they will suffer any prejudice by New Plaintiff's intervention. To show prejudice, Defendants must show they would be prejudiced in ways they would not have been otherwise had New Plaintiff intervened sooner. *W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council, Inc.*, 643 F.3d 701, 710 (9th Cir. 2011) ("To determine whether intervention prejudices other parties to a case, the court compares the harm from allowing intervention at a later stage of the proceedings with what would have occurred no matter when the applicant was allowed to intervene."). Here, Defendants cannot do so, particularly because discovery ais ongoing and they have yet to depose a single Current Plaintiff.

Further, no significant delay will be caused by New Plaintiff's intervention. Depositions of Current Plaintiffs have been delayed until after the expected third party production from Meta

Platforms in response to Current Plaintiffs' subpoena, so New Plaintiff can be deposed on the same timeline as Current Plaintiffs. Moreover, in order to minimize any potential delay caused by their intervention, New Plaintiff is prepared to provide discovery to Defendants to allow them to test adequacy and typicality before Defendants' class certification opposition is due, even if New Plaintiff has to do so more quickly than the usual 30 days to respond. Because he asserts the same legal theories and would rely on the same evidence currently submitted, New Plaintiff would not otherwise affect any aspect of the pending Class Certification Motion.

To the extent Defendants argue that allowing New Plaintiff to intervene would prejudice them by requiring them to take additional discovery and brief additional class certification issues, *Munoz* held otherwise. There, a new plaintiff sought to intervene at the time the court held a hearing on the plaintiff's motion for class certification. *Munoz*, 2013 U.S. Dist. LEXIS 106004 at *4, 9–10. The intervenor proposed adopting allegations of the complaint in entirety and sought to intervene "for the sole purpose of tethering the already-pled . . . allegations to a named class representative." *Id.* at *17–18. Ultimately, the court found the motion to intervene timely, despite the fact the case had been pending for five years, finding that the additional discovery and briefing of class certification issues to amount to "little-to-no-prejudice." *Id.* Here, as in *Munoz*, the allegations by New Plaintiffs are the same as those pleaded by the current named plaintiffs, and any additional discovery caused by New Plaintiffs' intervention will cause little-to-no prejudice to Defendants and no delay in this litigation.

Third, and finally, New Plaintiff did not unduly delay in seeking to intervene. New Plaintiff retained counsel on July 11, 2023. New Plaintiff determined that their most efficient option was to join the pending case. Indeed, the inclusion of New Plaintiff in this litigation, in connection with the class certification motion, could expedite the resolution of this matter. The Court's analysis of Current Plaintiffs' and New Plaintiff's adequacy and typicality can be done together here and now, rather than

in a later class certification briefing that will arise out of the lawsuits New Plaintiff will inevitably file if he is not permitted to intervene.

**2. New Plaintiff Has Significant, Protectable Interests, and the Disposition of This Action May Impede Their Ability to Protect Their Interest**

To demonstrate a sufficient interest in a motion to intervene, prospective intervenors must establish that they have a "significant protectable interest" such that "disposition of the action may . . . impair or impede the [intervenors'] ability to protect [their] interest." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011). These two prongs are automatically satisfied where, as here, a person seeks to intervene in a class action of which he is a member of a putative class. *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) ("In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation."); *see also Munoz*, 2013 U.S. Dist. LEXIS 106004 at *35 (noting that a complaint that "alleges claims that span a class period encompassing [intervenor's] claims . . . provide a *significant* protectable interest") (emphasis added); *In re Melridge, Inc. Sec. Litig.*, 1988 U.S. Dist. LEXIS 14392, at *4 (D. Or. Aug. 11, 1988) ("Denying [intervenor] leave to intervene and forcing him to start his own suit, as a practical matter, impair [intervenor's] and the class members' who he seeks to represent interests in the suit.").

Here, New Plaintiff is a member of the putative class(es) now represented by Current Plaintiffs. Denying New Plaintiff the opportunity to intervene in this suit could cause duplicative lawsuits to be filed in this Court by the New Plaintiff. Such an outcome would be detrimental to all parties in the matter, as well as the Court itself.

**3. Current Plaintiffs May Not Adequately Represent New Plaintiff's Interests**

In determining whether a would-be intervenor's interests will be adequately represented by an existing party, "courts consider: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Southwest Ctr. For Biological Diversity v. Berg*,

268 F.3d 810, 810 (9th Cir. 2001). Additionally, the burden of showing inadequacy is "'minimal,' and the applicant need only show that representation of its interests by existing parties '*may be*' inadequate." *Tribovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (emphasis added); *see also In re JDS Uniphase Corp. Sec. Litig.,* 2005 WL 256261 (N.D. Cal. Oct. 12, 2005) (defendants' "attack on the standing of the current named [p]laintiff to bring claims on behalf of the [] Subclass actually bolsters the motion to intervene, because it illustrates why [intervenor] seeks, in an abundance of caution, to intervene to protect its interests").

Although unlikely, there is a chance that the Court will find that Current Plaintiffs' claims suffer from defects that prevent them from adequately representing New Plaintiff. Although Defendants have yet to file their opposition to class certification, it is obvious that Defendants will challenge the typicality and adequacy of Current Plaintiffs. Out of an abundance of caution, therefore, and in the interest of the Class, New Plaintiffs make this motion to intervene in case this Court determines that Current Plaintiffs cannot represent the interests of California consumers. In addition, Plaintiff Bloom—the sole current California plaintiff—has recently raised concerns that personal and family obligations arising from the recent birth of his first child could interfere with his ability to continue as a Class Representative in this action.

Accordingly,  New Plaintiff seeks to intervene to prevent the manifest prejudice to themselves and the absent members of the Class, and particularly the California Class, that would result should Bloom be forced to withdraw. Intervention under circumstances such as these should be granted as a matter of right. *See, e.g., Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1405, fn. 1 (9th Cir. 1989) ("[A] member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court"); *Munoz v. PHH Corp.*, 2013 WL 3935054 (E.D. Cal. July 29, 2013) (intervention granted as a matter of right where intervenor could represent class members with different statute of limitations concerns); *Dixon v. Cost Plus*, 2012 WL 2499931 (N.D. Cal. June 27, 2012) (intervention granted as a matter of right where intervenor raised concerns about putative representative's adequacy); *Trief v. Dun & Bradstreet*

*Corp.*, 144 F.R.D. 193 (S.D.N.Y. 1992) ("Intervention of class representatives to ensure adequate class representation is highly desirable.").

**4. New Plaintiff Meets the Typicality and Adequacy Requirements of Rule 23**

New Plaintiff's claims are clearly typical of those of other members of the Class and Subclass and therefore meet Rule 23(a)'s typicality requirement. Typicality focuses on the class representative's claim—but not the specific facts from which the claim arose—and ensures that the interest of the class representative aligns with the interests of the class." *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017). "The requirement is permissive, such that representative claims are typical if he is reasonably coextensive with those of absent class members; they need not be substantially identical." *Id.* Typicality is satisfied if the named plaintiffs' claims stem from the same practice or course of conduct that forms the basis of the class's claims and are based upon the same legal theory. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). Like all Class members, New Plaintiffs' PII was disclosed to a third party without their consent, in violation of the law. New Plaintiffs thus are entitled to statutory damages for Defendants' violation of their privacy. These characteristics are true of every member of the Class. Accordingly, New Plaintiffs claims are typical of the Class and the California Class, and they have standing to seek relief under the Video Privacy Protection Act, 18 U.S.C. § 2710, et seq., and Cal. Civ. Code § 1799.3; invasion of privacy and the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL").

Likewise, New Plaintiff and their counsel will "fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). In the Ninth Circuit, plaintiffs and their counsel meet Rule 23's adequacy requirement upon showing that (1) neither the representative plaintiffs nor their counsel "have any conflicts of interest with other class members," and (2) the representative plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co*., 327 F.3d 938, 957 (9th Cir. 2003).

Here, New Plaintiff will fairly and adequately protect the interests of the members of the Class and the California Class because it is in his best interests to prosecute the claims alleged in the Complaint to obtain full compensation due to all members for the misconduct of which they complain. New Plaintiff has no conflict, let alone an irreconcilable conflict, with other class members, and has a

common interest in obtaining all of the relief sought. New Plaintiff's counsel, Gutride Safier LLP ("Counsel"), will also adequately protect the interests of the class. Counsel, who also represents Current Plaintiffs, has successfully represented numerous plaintiff classes, involving a variety of claims, in state and federal courts throughout the country, has been involved (and appointed class counsel) in at least twenty-four class actions, and has obtained many of the key Ninth Circuit precedents applicable in consumer cases. Patek Decl., ¶¶ 4-1, Ex. 3, p. 1–5, 9–14. Counsel has the necessary financial resources to vigorously litigate this action. *Id*. And Counsel does not have any conflicts of interest with members of the class. *See id*. This is more than sufficient to establish adequacy. *See, e.g.*, *Astiana*, 291 F.R.D. at 503 (finding adequacy where "the interim co-lead counsel has experience in prosecuting consumer fraud and warranty class actions"); *Watkins v. Rapid Fin. Sols., Inc.*, No. 3:20-cv-00509-MMD-CSD, 2022 U.S. Dist. LEXIS 207748, at *18 (D. Nev. Nov. 15, 2022) (finding that plaintiff "has shown that class counsel is adequate because they have extensive experience in class-action litigation and do not have apparent conflicts of interest with purported class members").

## A. IN THE ALTERNATIVE, THIS COURT SHOULD PERMIT NEW PLAINTIFF TO INTERVENE UNDER RULE 24(b)

Rule 24(b) allows permissive intervention when (1) application is timely; (2) the proposed intervenor and the existing parties present common questions of law or fact; and (3) intervention will neither unduly delay nor prejudice the rights of the original plaintiffs or defendants. *See* Fed. R. Civ. P. 24(b).

For the reasons set forth in detail above, New Plaintiff has satisfied the first and third prongs of timeliness and lack of delay or prejudice. He has further established that if the Court grants class certification, he is typical and adequate Class representatives.

With respect to the second requirement under Rule 24(b), New Plaintiff's claims raise identical issues of law and fact to those in the operative complaint. Moreover, Rule 24 does not require that all questions of fact and law be identical, but rather, it merely requires that the intervenor have "a claim or defense that [it] shares with the main action." Fed R. Civ. P. 24(b)(1)(B) (emphasis added). Here,

where all the key factual issues underlying New Plaintiff's claims are identical to the current Plaintiffs, the second prong is satisfied.

Finally, in evaluating whether to grant a Rule 24(b) request for intervention, this Court should consider the interests of judicial economy. *See Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989) *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990) ("judicial economy is a relevant consideration in deciding a motion for permissive intervention"). In *Venegas*, the Ninth Circuit considered the consequences of a district court's refusal to grant permissive intervention where that refusal would result in a subsequent lawsuit being filed. *Id.* The Ninth Circuit concluded that because the parties "would be required to make a record that would consist of facts and arguments that are already before this court . . . . [and] would be forced to litigate before a judge who lacks the long experience with this case," the interests of judicial economy would be better served by allowing intervention. *Id.* (citing *Wood v. Motorola, Inc.*, 587 F.Supp. 531, 532–33 (D. Haw. 1984)); *see also MGM Grand Hotel, Inc. v. Smith-Hemion Prods., Inc.*, 158 F.R.D. 677, 680 (D. Nev. 1994) (considering judicial economy in decision to allow for permissive intervention). Accordingly, New Plaintiff should be permitted to intervene.

## IV. CONCLUSION

For the foregoing reasons, New Plaintiff respectfully requests that they be permitted to intervene. Further, New Plaintiff and Current Plaintiffs request that, upon intervention, New Plaintiff and Current Plaintiffs be allowed to file the Consolidated Second Amended Complaint.

DATED: August 4, 2023

*s/Anthon J. Patek*

**GUTRIDE SAFIER LLP**
Seth A. Safier (*pro hac vice*)
seth@gutridesafier.com
Marie A. McCrary (*pro hac vice*)
marie@gutridesafier.com
Hayley Reynolds (*pro hac vice*)
hayley@gutridesafier.com
Anthony J. Patek (*pro hac vice*)
anthony@gutridesafier.com
Kali Backer (*pro hac vice*)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*