EXHIBIT 11
(Letter from Anthony Patek to Zuffa Counsel re:
deficient discovery responses, dated August 11,
2022)

# GUTRIDE SAFIER LLP Attorneys at Law

August 11, 2022

**VIA EMAIL**

J. Colby Williams
 jcw@cwlawlv.com
CAMPBELL & WILLIAMS
710 South 7th Street
Las Vegas, NV 89101

Victor Jih
 vjih@wsgr.com
Susan K. Leader
 sleader@wsgr.com
Ali Rabbani
 arabbani@wsgr.com
Stephanie V. Balitzer
 sbalitzer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071-2027

**Re:    *Bloom v. Zuffa, LLC*, Case No. 2:22-cv-00412-RFB-BNW, in the United States District
Court, District of Nevada**

Dear Counsel:

Plaintiff Everett Bloom ("Plaintiff") is in receipt of Defendant Zuffa, LLC's ("Defendant"
or "Zuffa") responses and objections to Plaintiff's First Set of Interrogatories ("Interrogatories")
and Plaintiff's First Set of Requests for Production of Documents ("Requests"). This letter is a
request to meet and confer pursuant to FRCP 37 and Local Rule 26-6 regarding Defendant's
inadequate responses to the Interrogatories and Requests. As outlined below, many of Defendant's
responses are deficient. We request that you remedy these deficiencies no later than August 25,
2022.

## I.    **Defendant's Improper Objections to All of Plaintiff's Interrogatories and Requests.**

As a preliminary matter, Defendant has not yet produced a single document in response to
the Requests. Rather, Defendant mounted a host of objections, usually followed by a statement
that Defendant would produce certain documents to the extent they exist. Without a firm
identification of what documents Defendant will produce and when, Defendant's promises to
produce documents are illusory.

### a.    *All Preliminary, General, and Boilerplate Objections Are Waived.*

Defendant's responses to the Interrogatories and Responses include entire sections titled
"Preliminary Statement" and "General Objections" that assert a litany of objections alleged to be
applicable to all requests. Similarly, Defendant makes general objections in response to each
Interrogatory and Request. These objections, stated only in generic form, are invalid and result in
waiver. *See, e.g., Baykeeper v. Kramer Metals, Inc.*, 2009 U.S. Dist. LEXIS 136154, at *5-7 (C.D.
Cal. Feb. 27, 2009) (finding objections "too general to merit consideration"); *Horton v. Cavalry
Portfolio Servs., LLC*, 2014 U.S. Dist. LEXIS 102572, at *5 (S.D. Cal. July 24, 2014) (objections
waived); *Bob Barker Co., Inc. v. Ferguson Safety Prods., Inc*., 2006 WL 648674 (N.D. Cal. 2006)

*Bloom v. Zuffa*
August 11, 2022
Page 2

(noting the failure to respond to a document request in accord with the discovery rules, granting the motion for further responses, and explaining that the "responses are too ambiguous to ... determine the extent to which [responding party] may be withholding responsive documents based on its other objections rather than asserting that no responsive documents exist. While ... responses were not 'boilerplate' in the sense of containing only generalized objections of a sort that might be found in any case, [defendant] did repeat the same long paragraph of objections and explanations in all of its responses, regardless of the applicability of that recitation to the particular request."); *Makaeff v. Trump Univ., LLC*, No. 10-CV-0940-GPC WVG, 2013 WL 990918, at *6 (S.D. Cal. Mar. 12, 2013) ("Where, as here, the responding party provides a boilerplate or generalized objection, the 'objections are inadequate and tantamount to not making any objection at all.'") (citing *Walker v. Lakewood Condominium Owners Ass'ns.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)).

Plaintiff requests that Defendant withdraw these general, boilerplate objections and confirm that they will not withhold any documents or information on the basis of those objections.

**b.      Categories of Subscriber Data, Time Periods in Which They Were Transmitted, and Persons Involved with the Monetization of Subscriber Data  – *ROG Nos.* 2-4**

Defendant's Answer to the Complaint plainly admits that the Facebook Code was present on the Fight Pass Website. *See* Answer ¶¶ 3, 5 ("Zuffa admits it used certain Facebook Code on the UFC Fight Pass website"). The Answer further admits that it uses the Facebook Code "in connection with advertising." *Id.* ¶ 23. Nonetheless, Zuffa refuses to identify the categories of subscriber data transmitted to Facebook or the persons involved with monetizing subscriber data (i.e., the ways in which Zuffa has used the data to advertise). This position appears to stem from an improper reading of the request which Zuffa limits to data Zuffa itself transmits to Facebook. The requests, however, necessarily include *all* data transmitted to Facebook. Zuffa accordingly must respond to the requests as written.

**b.      Defendant's Improper Contention Interrogatory Objections.**

Defendant objects that Interrogatories Nos. 5-6 are premature contention interrogatories. Interrogatory 5 merely seeks to identify the bases for Defendant's denial of allegations in the Complaint, and its basis for defending this action. Interrogatory 6 similarly asks the basis for Zuffa's affirmative defenses. This information is essential discovery, as it pertains directly to Defendant's basis for asserting its actions are not illegal. Furthermore, Defendant's reliance on Fed. R. Civ. Procedure 33(a)(2) is wholly inappropriate, as that Rule states explicitly that "[a]n interrogatory is ***not objectionable merely because it asks for an opinion or contention*** that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Here, there is no Court order granting Defendant the right to obscure the basis for its denial of liability until after discovery.  Nor would there be, since discovery will be both inefficient and ineffective without the Parties identifying where they disagree, so that they may focus discovery on the facts most relevant to their dispute. Defendant must respond to Interrogatory Nos. 5 & 6 immediately. If Defendant refuses to do so, Plaintiffs will move to compel responses.

**c.      Defendant's Privilege Objections are Improper.**

*Bloom v. Zuffa*
August 11, 2022
Page 3

Defendant makes general objections based on attorney-client privilege, work product, and various others throughout their responses. It is unclear, however, whether any documents are actually being withheld on that basis since anytime Defendant responded that documents were being withheld it was stated to be on the basis of numerous general "foregoing objections." To the extent Defendant withholds any on the basis of a privilege, Plaintiff remind Defendant they have an obligation to produce a privilege log automatically. *See* FED. R. CIV. P. 26(b)(5)(A).

### d.   *Defendant's Unduly Burdensome Objection is Improper Because it is Unsubstantiated.*

Defendant objects to most of the requests or portions of numerous requests by asserting that they are overbroad, unduly burdensome, or somehow disproportionate to the needs of the case. It is well-settled that the party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Further, the party resisting discovery must state specific facts to establish that responding to the request would be unduly burdensome. *See, e.g., Johnson & Johnston v. R.E. Serv.*, No. C 03-2549 SBA(JL), 2004 WL 3174428, at *2 (N.D. Cal. 2004) ("Given the broad scope of discovery in federal cases, a party objecting to discovery on the basis of vagueness, overbreadth, oppression or burden must state specific facts in support of its objection."); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal 2010) (holding that a party opposing discovery on the basis that the request is overbroad bears the burden of showing why discovery should be denied). Moreover, the 2015 addition of the proportionality requirement to Rule 26 does not alter Defendant's burden, nor was the language "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Polaris Innovations Ltd. v. Kingston Tech. Co., Inc.*, 2017 WL 3275615, at *6 (C.D. Cal. Feb. 14, 2017). Defendant has not explained the burden of responding to any of the requests, let alone that it would be unduly burdensome to do so.

### e.   *Defendant's Limitation of the Time Period are Improper.*

Defendant generally objects to the Interrogatories and Requests as overbroad unduly burdensome, irrelevant, and not proportional to the needs of the case to the extent they seek information for "each month "during the CLASS PERIOD," without accounting for the different Class Periods at issue for Plaintiff's proposed Nationwide and California classes. Defendant then agrees to produce documents from the period of "March 4, 2018 to March 4, 2022," the date of the Complaint."

First, it is improper to apply any temporal limitation to the Interrogatories and Requests because information and documents created before or after the time frame may be relevant to Plaintiff's claims. For example, Defendant may have discussed matters pertinent to the claims in ESI prior to the time period identified by Defendant.

Likewise, there is no basis to limit responses to an end date of March 4, 2022. Defendant continues to engage in the privacy violations described in the Complaint. Moreover, documents relevant to Plaintiff's claims could have been created after Plaintiff's complaint was filed, including but not limited to, documents discussing what information Zuffa shares with Facebook and other third parties and whether or not Zuffa obtained informed consent to do so.

Plaintiff is not aware of any authority that permits Defendant to unilaterally impose a temporal limitation that is shorter than the proposed class period on discovery.

*Bloom v. Zuffa*
August 11, 2022
Page 4

> **f.      Defendant's Vague and Ambiguous Objections and Their Objections to Plaintiff's Definitions.**

Defendant objects to many of Plaintiff's definitions and Requests by claiming that certain words are vague and ambiguous, such as "involved in" and "transmitted." Defendant also object to several of Plaintiff's phrases, such as:

> "IDENTIFY the integration of the FIGHT PASS WEBSITE with FACEBOOK CODE;"
> "the development of DATA TRANSFERS by YOU;"
> "the relationship between ZUFFA and FACEBOOK;"
> "what to disclose to SUBSCRIBERS;" and
> "what ZUFFA does with SUBSCRIBER DATA,"

Plaintiff's definitions comport with plain English usage and Defendant is not permitted to withhold documents on the basis of any alleged ambiguity. Indeed, the party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity by demonstrating that "more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases." *Thomas v. Cate*, 2010 U.S. Dist. LEXIS 21750 *39 (E.D. Cal. Feb. 19, 2010) *citing Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D. Kan. 2007); *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006); *accord Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007) ("party properly objecting to an objection on the grounds of vagueness must explain the particular ways in which a request is vague").

If Defendant really cannot reasonably discern the above terms or phrases, please let us know and we will suggest a definition or clarify further. Further, Plaintiff proposes that Defendant identify any documents they are withholding on the basis of these objections and that going forward, the parties meet and confer on any areas of confusion. Should it become apparent that any parties have meaningfully different understandings of the definitions, the parties can take it to the Court for resolution.

> **g.      Defendant's Improper Relevance Objections.**

Defendant asserts relevance objections in response to many Requests. This objection is without merit, particularly given the low bar for relevance in California. Moreover, it is well established in California that "the relevance of the subject matter standard must be reasonably applied; in accordance with the liberal policies underlying the discovery procedures, [and that] doubts as to relevance should generally be resolved in favor of permitting discovery [citation]." *See Pacific Tel. & Tel. Co. v. Superior Court*, 2 Cal.3d 161, 172-73. Plaintiff requests that Defendant withdraw this objection.

> **h.      Defendant's Promise to Produce Documents Without any Concrete Date is Inadequate; Defendant Must Now State Specific Dates on Which Production Will Be Completed.**

For every request in which Defendant responded documents would be produced, Defendant failed to identify any date certain by which documents would be produced. *See e.g.*, ROG Nos. 7-8, RFP Nos. 1-11, 13-16, 21-26, 28-30, 32, 36, 39, 40, 42. As of the date of this letter, however, Defendant has not produced any documents. Defendant also has not produced any documents identified in its initial disclosures.

Federal Rule of Civil Procedure 34(b)(2)(B) requires production be "completed no later than the time for inspection stated in the request or another reasonable time *specified* in the

*Bloom v. Zuffa*
August 11, 2022
Page 5

response." (emphasis added). Stating Defendant will produce a documents at an unidentified date does not specify anything. While parties routinely cooperate to allow for flexibility in producing documents on complex cases, it must be something exercised in good faith. Repeated delays and broken promises warrant a party being required to comply with a hard deadline. *See, e.g., Baxter Int'l, Inc. v. Becton, Dickinson & Co.*, 2020 U.S. Dist. LEXIS 13252, at *3-4 (N.D. Ill. Jan. 27, 2020) ("Regardless of the number of variables that might make producing documents "on a rolling basis" easier, the requesting party is entitled at some point to know when the producing party will complete (or has completed) its production. Otherwise, the producing party could indefinitely stave off motions to compel with repeated promises that responsive documents are forthcoming."); *see also Perkins v. City of Modesto*, 2020 U.S. Dist. LEXIS 50028, at *64-66 (E.D. Cal. Mar. 20, 2020) (awarding sanctions for failure to timely produce when stated to be on "a rolling basis"); *Andreas-Moses v. Hartford Fire Ins. Co.*, 2018 U.S. Dist. LEXIS 195268, at *8 (M.D. Fla. June 26, 2018) (delays in production warrant a party being held to a specific date rather than "rolling" production).

Here, the Defendant's responses to produce documents at an unidentified date in the future is inadequate. A response to Plaintiff's Requests was due July 14, 2022, yet Defendant has not produced a single document. This is not sufficient and we accordingly now require Defendant to comply with Rule 34(b)(2)(B) by stating what specific documents will be produced by specific dates.

## II.   Requests to Which Defendant Refuses to Respond or Produce Any Responsive Documents

Defendant states that it has searched for and does not believe any responsive documents exist for RFP Nos. 12, 18-19, 27, 31, and 33-35. While the absence of documents responsive to certain Requests is certainly possible (e.g., RFP No. 34, seeking government communications regarding privacy violations), it is not credible for others (e.g., RFPs Nos.12 (docs relating to Facebook use of subscriber data), 18 (docs relating to disclosure of Plaintiff's data), and 27 (docs relating to transmission of subscriber data), given the allegations of the Complaint and Plaintiff's investigation. Plaintiff requests that Defendant specify exactly how they searched for documents responsive to these requests and what definition it applied in conducting its search.  Plaintiff reserves the right to enquire further into Defendant's search for documents responsive and propose additional search strategies for RFPs for which Defendant has indicated no such documents exist.

### a.   *Documents and Communications Related to Facebook Code – RFP Nos. 4-8, 10-11, 13, 22, 24-26, 28-29, 32*

Defendant again asserts relevance objections in response to RFP Nos. 3, 7, and 26, which seek subscriber data transmitted to Facebook through the Facebook Code by the Fight Pass Website. These documents are relevant to Plaintiff's claims because they relate to whether Zuffa violated the VPPA by sharing information in a manner prohibited by the VPPA. Further, while Defendant agrees to respond to RFP Nos. 4, 6-7, 10-11, 22, 24-26, and 32 by providing nonprivileged documents sufficient to show the ***purposes and functions*** of the Facebook Code on the Fight Pass website, this response fails to address or provide the actual requested information and communications. For example, RFP No. 24 requests all documents and communications relating to Facebook's use, disclosure, and/or monetization of Subscriber Data. Defendant's response that they will produce nonprivileged documents sufficient to show the purposes and function of the Facebook Code ignores the ***communications*** aspect of the Request. Defendant is required to produce what is requested, not make new discovery requests that it deems appropriate.

### b.   *Documents Purportedly Not Related to Allegations in the Complaint – RFP Nos. 1-13, 16-25, 27-37, 39*

*Bloom v. Zuffa*
August 11, 2022
Page 6

In response to RFP Nos. 1-13, 16-25, 27-37, 39 and Rog 4, Defendant objects that such information is neither relevant to any party's claims or defenses in this action nor proportional to the needs of the case. ROG No. 4 seeks identification of people involved in Defendant's use and/or monetization of subscriber data, including subscriber data transmitted to Facebook. RFP Nos. 1-13, 16-25, 27-37, 39 also seeks documents and communications that identify individuals involved in various aspects of developing the Fight Pass website, Facebook events, and other subscriber data transmissions.

Defendant's objections are meritless because "consistent[ ] with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Accordingly, parties are entitled to discovery related to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer*, 437 U.S. at 351. Here, Defendant's relevance objections are spurious as Plaintiff's claims are premised on Zuffa's knowing transmission of subscriber data to Facebook, and the objected to discovery requests are aimed at identifying evidence that supports that claim.

    ***c.***    ***Communications Relating to Data Transfers – RFP No. 17***

Defendant responded to RFP No. 17 by stating a willingness to meet and confer regarding the understanding and appropriate limits to conduct a reasonable search and produce responsive documents. Given Defendant's responses to other RFPs served by Plaintiff (e.g., its representations that it has no documents relating to transmission of subscriber data), and the contradiction between those responses and Plaintiff's investigation (which shows subscriber data is being transmitted by Zuffa) it seems likely that Defendant is not applying Plaintiff's definitions of "data" and "subscriber data." Plaintiff therefore agrees that it is necessary to meet and confer on the appropriate scope of Defendant's searches, both for this and other RFPs, as discussed above.

## III.  Conclusion

Plaintiff requests that Defendant (a) immediately supplement and/or amend its Responses to the Requests and Interrogatories as described herein; (b) identify a date by which additional substantive documents will be produced in response to Plaintiff's Requests; (c) identify any particular issues it believes need to be resolved to facilitate complete responses to each Request; (d) provide a privilege log for any documents or information withheld on the basis of privilege claims, and (e) provide additional details regarding searches conducted for categories for which Defendant indicated no responsive documents exist. We look forward to discussing any questions you may have and, otherwise, expect a prompt response to these issues so we can know if Defendant will be correcting the deficiencies or Court intervention is necessary.

Very truly yours,

Anthony J. Patek

Gutride Safier LLP
Attorneys for Plaintiff