# EXHIBIT 22
(Preservation Notice from Seth Safier to Colby Williams)

March 24, 2021

**VIA EMAIL**

**Campbell & Williams**
J. Colby Williams
710 South 7th Street
Las Vegas, Nevada 89101
Tel. 702.382.5222
jcw@cwlawlv.com

Re: *Everett Bloom v. Zuffa, LLC*, Case No. 2:22-cv-00412-RFB-BNW, in the United States District Court for Nevada.

Counsel:

As you know, we represent Plaintiff Everett Bloom in the above-captioned matter ("Litigation"). I write to request that, for the pendency of the Litigation, Zuffa, LLC ("Defendant" or "Zuffa"), take the necessary and appropriate steps to safeguard against the destruction of discoverable documents or data in its possession, custody or control, including electronically stored information ("ESI").

Plaintiff's complaint alleges that Defendant knowingly discloses its UFC Fight Pass users' personally identifiable information to Facebook without obtaining user consent. Unbeknownst to UFC Fight Pass users, each time they use the UFC Fight Pass to watch a video, Zuffa knowingly discloses their personally identifiable information —including the user's Facebook ID and a record of every video viewed by the user—to an unrelated third party. In addition to demonstrating a disregard for its users' privacy rights protected by the California Constitution, Zuffa's actions violate the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), which prohibits companies from disclosing their customers' video viewing records to third parties without express written consent and the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq.. Defendant's actions, without the consent of consumers, violates California law, including without limitation:

- Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631;
- Violation of the California Invasion of Privacy Act, Cal. Penal Code § 635;
- Violation of the Florida Security of Communications Act, Florida Statutes § 934;
- Violation of the Revised Code of Washington § 9.73.030;
- Violation of the Utah Notice of Intent to Sell Nonpublic Personal Information Act, Utah Code § 13-37;

- Invasion of Privacy Under California's Constitution;
- Intrusion Upon Seclusion;
- Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq.; and
- Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA")
- Unjust Enrichment.

For further information about these and all of Plaintiff's other allegations ("Allegations"), please see the Complaint filed in this action. I request that a copy of the Complaint and this letter be attached to Defendant's legal hold notice and the periodic updates and reminders that Defendant circulates during the pendency of the Litigation.

**Preservation of ESI**. I believe that Defendant's computer systems, including, without limitation, personal digital assistants, cell phones, and online repositories, contain information that will not be available in paper format, and therefore preservation of paper documents only will not constitute full or adequate preservation of discoverable evidence. Because I do not know about Defendant's information technology systems or retention policies regarding documents and ESI, I cannot specify in any detail the steps that are required to meet Defendant's preservation obligations for this Litigation. However, based on my experience in litigating cases with other corporate entities, I can state generally what some of my concerns are in this regard.

For the purposes of this letter, ESI is defined broadly under Fed. R. Civ. P. 34 ("Rule 34(a)(1) is expansive and includes any type of information that is stored electronically." *Advisory Committee Notes to 2006 Amendments to Rule 34.*)

Thus, I hereby request that Defendant take all appropriate steps to preserve ESI that might contain information reasonably calculated to lead to the discovery of admissible evidence on the Allegations or Defendant's defenses thereto. This ESI includes, without limitation, the following:

- Mobile devices, including cellular phones and tablets, used or accessed in connection with or related to your clients' business, employees, or business operations;
- Laptop computers, desktop computers, and other electronic devices used or accessed in connection with or related to your clients' business, employees, or business operations;
- Digital communications, including email, voice mail, instant messaging, between and among your client and any vendor, consultant, contractor, employee, or other individual or entity;
- Word processing documents, spreadsheets, presentations;

- Databases and the data within the databases;
- Image and facsimile files;
- Sound recordings including podcasts, interviews and others;
- Video or animation files;
- Calendar information;
- Contacts and relationship management data;
- Blog tools;
- Online email systems such as Gmail, Hotmail and others;
- Social media applications and communications including Facebook, MySpace, LinkedIn and others;
- Website information, including historical information;
- Wikis;
- Shared work applications such as SharePoint, Google Apps and others;
- Project management application data;
- Legacy data;
- Online advertisements, including key words purchases and campaigns;
- Local or remotely stored activity or data logs for any remote access programs on your clients' computers or for which your clients have a license;
- Backup media; and
- Archival files.

Further, I hereby request that Defendant take all appropriate steps to preserve the following specifically identified documents (including but not limited to ESI):

- Documents (including contracts, communications, studies, reports, memos, analyses, surveys, etc.) regarding the design and user experience of UFC Fight Pass (including but not limited to all text and all images, and any design, feature, sizing, or placement thereof) considered for inclusion or actually included in the UFC Fight Pass form or similar products;

- Documents (including contracts, communications, studies, reports, memos, analyses, survey's etc.) regarding the inclusion or exclusion of the UFC logo from the UFC Fight Pass interface visible to consumers;

- Documents and communications regarding the decision to make UFC Fight Pass' seamlessly integrate with merchants' websites in a manner that makes it unclear to consumers that they are submitting their payment information to Zuffa and connecting with Zuffa's servers;

- All versions of the "ufcfightpass.js" software module code used during the past five years;

- Documents and communications regarding the UFC Fight Pass Services Agreement, including all drafts and versions of the same;

- Documents and communications regarding any disclosures or marketing materials aimed at consumers or merchants related to Zuffa's data collection polices, including all drafts and versions of the same;

- Documents and communications concerning the decision to collect and indefinitely store consumer data and/or to make it available to third parties;

- Documents and communications concerning the development of the viewing histories and/or customer profiles including documents showing what information is used to generate the histories or profiles;

- Documents regarding compliance of UFC Fight Pass with any federal or state law, regulation, or rule;

- Documents and communications provided or made available to third parties (including but not limited to Facebook) on how to integrate UFC Fight Pass into their websites and applications and what to disclose to consumers about their relationship with Zuffa and the data that Zuffa collects;

- Consumer data stored by Zuffa regarding consumers including: (1) the unique Facebook ID of the user; (2) the URL the user visited to view a video; (3) the Unix timestamp corresponding to the exact time the user viewed the video; and (4) metadata corresponding to the type of content the user has viewed;

- Documents and communications concerning the development and use of tracking cookies that Zuffa uses to track consumers' purchase and viewing history, including all versions of the tracking cookies that Zuffa has used during the last five years;

- Documents and communications concerning Zuffas' decision to use tracking cookies that collect data regarding consumers' purchasing and/or viewing behavior without their consent;

- Documents and communications concerning Zuffa's decision to disclose or omit information regarding its data collection policies (including its use of tracking cookies) to consumers;
- Communications with third parties regarding UFC Fight Pass, including communications with Facebook;
- Documents (including communications, drafts, studies, reports, memos, analyses, surveys, etc.) regarding consumers' beliefs and understanding of how UFC Fight Pass works and to whom they are giving access to their personal data;
- Insurance policies potentially applicable to the claims in this case, and communications with any insurer regarding coverage for the claims in this case;
- Documents setting forth the names and positions of employees involved in the foregoing issues;
- Any and all communications or other documents regarding your client's formal or informal technology, security data, or privacy procedures, policies, or practices, including document retention policies; and
- All other documents potentially relevant to the claims described in the attached Complaint.

**Preservation in Native Format**. It is important that Defendant preserves ESI in native format, i.e., in the format in which it is normally maintained, and avoid taking steps that degrade the usability of the data. For example, Defendant must not remove or alter metadata or full text searchability, or take any other action which might make it more difficult or burdensome to access or use the ESI efficiently in this Litigation. Please ensure your clients take steps to preserve ESI in the native forms, and avoid preservation methods that could remove or limit the ability to search the ESI by electronic means or that make it difficult or burdensome to access or use the information.

**Preserve Metadata.** Because of the nature of electronically stored information your clients should also expect they will need to disclose and produce system and application metadata. That means they will need to preserve the metadata. System metadata is information describing the history and characteristics of other ESI. This information is typically associated with tracking or managing an electronic file and often includes data reflecting the file's name, size, custodian, location, and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files, but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data, and dates of creation and printing. For electronic mail, metadata includes all header routing data and attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields.

Please be mindful that Metadata may be oven-written or corrupted by careless handling or improper preservation, including by moving, copying, or examining the contents of files. For example, every time an individual saves an updated version of a Word document, the person alters the metadata of the file, even if the only thing that changed was the timestamp.

**Preservation of Accessible and Inaccessible Data**. ESI resides not only in active computer systems or storage devices that are reasonably accessible to Defendant, as that term is used in Fed. R. Civ. P. 26(b)(2), but also on devices or media Defendant may believe are not reasonably accessible. Defendant is obligated to preserve potentially relevant ESI from both of these sources of ESI, even if Defendant does not currently intend to produce ESI that it believes to be inaccessible. In fact, the relevant law requires Defendant to identify all sources of ESI and demonstrate why some of those sources may contain information that is not reasonably accessible. For good cause shown, the Court may order production of ESI, even if it is not reasonably accessible. Accordingly, such ESI must be preserved in the interim so as to avoid prejudicing Plaintiff's rights to secure this ESI or have the Court resolve this issue.

Moreover, regarding accessibility, Defendant must not do anything which results in ESI being more difficult to collect, process, search or produce. For example, Defendant must not take online data and move it near line or offline, or take near line data and move it offline. Should Defendant do so, the cost of restoring that ESI to online status will be borne solely by Defendant and will not be subject to any cost sharing or cost shifting arrangement.

**Suspension of Certain Routine Practices.** In addition, you should be aware that implementation of a litigation hold requires Defendant to act immediately to identify, modify and/or suspend any features of its information management systems and devices that, in routine operation, may cause the loss or alteration of potentially relevant ESI. Examples of such features include, without limitation:

- Purging emails based on age, capacity, or other criteria through use of auto-delete functions;
- Limiting email mailbox sizes such that mailbox custodians may be caused to delete material to meet such restrictions;
- Using data wiping, erasure, or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding backup media, legacy systems or data;
- Reassigning, reimaging or disposing of devices, systems, servers, or media;
- Releasing or purging online storage repositories;
- Running antivirus or other programs effecting wholesale meta data alteration;
- Using metadata stripper utilities;

- Disabling or failing to enable server or IM logging; and
- Executing drive or file defragmentation or compression programs.

Adequate preservation of paper documents and ESI requires taking steps to make sure the evidence is not disposed of or destroyed. For paper documents and other tangible things, this may simply mean storing the documents and things in a safe place where they cannot be lost, thrown away, or damaged. With ESI, however, it may be more complicated to ensure that evidence is not lost due to daily or routine operations or malfeasance (whether intentional or not). For example, with respect to ESI stored on a computer or mobile device, booting a drive, examining its contents, or running any application on it may irretrievably alter the evidence it contains and constitute unlawful spoliation of evidence. Preservation requires appropriate action.

**Maintain Activity Log of System Modifications**. Until this matter reaches resolution, your clients should maintain an activity log that documents all modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria of this letter.

**Employee Efforts to Protect Private Information**. In this regard, be advised that employees may seek to hide, destroy or alter ESI since it is common for employees to use business devices and workplace Internet access for personal communications. In an effort to prevent such purely personal communications from being collected in Litigation, they may attempt to destroy them, and in doing so, they may also delete or destroy potentially relevant ESI. Defendant must take steps to guard against such actions.

**ESI Held by Assistants or Proxies.** To the extent that Defendant identifies individuals within the organization who have potentially relevant ESI, they should preserve the data of their assistants or proxies in addition to preserving the data in the immediate possession of the custodians themselves.

**ESI on Home or Portable Devices or Online Accounts.** Defendant should also determine the extent to which any home or portable systems contain potentially relevant ESI. If employees, former employees, officers, or board members have sent or received work-related emails, or reviewed potentially relevant documents while away from the office, Defendant must preserve the contents of systems, devices and media used for these purposes, including, home computers, laptops, external drives, thumb drives, CDs, DVDs, and the like. Similarly, if employees, former employees, officers, or board members have used online or browser-based email accounts or services to send or receive potentially relevant messages or attachments, the contents of these accounts must be preserved.

**ESI or Documents in the Possession of Third Parties.** Defendant must also identify and preserve documents and ESI in the possession of third parties that are subject to its direction or control. Accordingly, Defendant must notify any current or former agent, vendor, employee, attorney, consultant, contractor, accountant, marketing firm, or other entity, of their obligation to insure that such third parties preserve potentially relevant documents and ESI.

**<u>Continuing Obligation to Retain Documents Created After Filing</u>**. Relevant evidence includes ESI and documents created after the filing of the Complaint in this Litigation.

I want to work with Defendant and its counsel to agree upon protocols for discovery of ESI, pursuant to the relevant statutes or rules. To the extent that any of the requests in this letter create unique challenges for Defendant, I am happy to discuss them with a view toward reaching agreements that protect Plaintiff's rights to relevant documents and ESI, but which minimize unnecessary adverse impacts on Defendant.

Do not hesitate to call me (415.336.6545) if you wish to discuss this further.

Very truly yours,

Seth Safier, Esq.

Attorneys for Plaintiff, Everett Bloom