UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EVERETT BLOOM, et al., | Case No. 2:22-cv-00412-CDS-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| ZUFFA, LLC, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Amended Motion to Seal (ECF No. 86) seeking to redact certain portions of its Opposition to Defendant Zuffa's Motion to Compel as well as Anthony Patek's declaration filed in conjunction with that opposition.[1] ECF No. 86.[2] No opposition has been filed. This Court applies the case law below to each of the motions addressed in this order.

**I. Standard for Sealing Docket Entries**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

---

[1] The sealed version of the opposition is filed at ECF No. 82.

[2] Plaintiffs' original Motion to Seal is filed at ECF No. 85.

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

## II. Analysis

### A. No good cause has been shown to redact Plaintiffs' opposition

Plaintiffs explain the information sought to be redacted is based on information provided by third party Meta. Meta has designated the information in question as highly confidential. Based on this, Meta requested that Plaintiffs file their Opposition to Defendant Zuffa's Motion to Compel under seal. Plaintiffs do not agree with the need to file the opposition under seal and explain they assume Meta will be filing its own motion to provide good cause for the need to seal the opposition in question.

Because the opposition and the document in question relate to a matter that is not dispositive or more than tangentially related to the merits of the case, the Court applies the good cause standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

The court notes that stipulated protective orders alone do not justify sealing court records. See, e.g., *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective orders," and noting they often "purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)").

As a result, Plaintiffs' motion at ECF No. 86 is denied. Plaintiffs' original motion at ECF No. 85 is denied as moot.

Lastly, the Court notes that the motion to seal at ECF No. 85 and the amended motion to seal at ECF No. 86 are themselves sealed. There has been no motion accompanying the request for the motion to seal to be sealed. In addition, these two motions do not provide any type of detail or information that would suggest the need to have them sealed under any standard.

I. **CONCLUSION**

**IT IS THERERFORE ORDERED** that Plaintiffs' Amended Motion to Seal at ECF No. 86 is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal at ECF No. 85 is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Meta shall have 30 days from today to file a motion providing good cause for the need to seal or redact Plaintiffs' Opposition to Defendant Zuffa's Motion to Compel. The Clerk of Court is directed to maintain ECF No. 82 under seal for the next

30 days. Failure by Meta to file the appropriate motion within 30 days of this Order may result in the unsealing of Plaintiff's Opposition to Defendant Zuffa's Motion to Compel.

**IT IS FURTHER ORDERED** that Plaintiffs shall have 30 days from today to file a motion providing good cause for the need to seal the motions to seal at ECF Nos. 85 and 86. The Clerk of Court is directed to maintain ECF Nos. 85 and 86 under seal for the next 30 days. Failure by Plaintiffs to file the appropriate motion within 30 days of this Order may result in the unsealing of these motions.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve this Order on Meta within 5 days of this Order.

DATED: September 20, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE