UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Everett Bloom, et al.,<br><br>            Plaintiff,<br><br>v.<br><br>Zuffa, LLC. Et al.,<br><br>            Defendant. | Case No. 2:22-cv-412-RFB-BNW<br><br>**ORDER** |

Before the Court is Defendants Endeavor Streaming and Endeavor Group Holdings' Motion to Stay Discovery. ECF No. 79. Plaintiffs filed a response in opposition (ECF No. 84) to which Defendant replied (ECF No. 90).

**I.**  **Background**

This case arises from allegations that Defendant Zuffa violated the Video Privacy Protection Act ("VPPA"), the California Constitution, and related California statutes by disclosing Plaintiffs' Facebook IDs and the URLs of video pages they accessed on the UFC Fight Pass website to Meta Platforms, Inc. Plaintiffs added Defendants Endeavor Streaming and Group Holding (Endeavor Defendants) in their First Amended Complaint.

The Endeavor Defendants move to stay discovery pending the resolution of their Motion to Dismiss. Defendants argue (1) their Motion to Dismiss is dispositive, (2) the Motion to Dismiss can be decided without additional discovery, and (3) good cause exists for a stay. As to good cause they point to the following: (1) they will suffer undue burden and expense absent a stay, (2) courts in this district favor the stay of discovery where jurisdictional issues have been raised, (3) they are likely to prevail on their Motion to Dismiss, and (4) Plaintiffs will not be prejudiced by a stay. [1]

---

[1] The court does not list every single sub-argument made by the parties as the parties are familiar with them. Instead, the Court repeats them as relevant to its Order.

As to the first point, Plaintiffs do not contest that the Endeavor Defendants' Motion to Dismiss is dispositive. With regard to whether the Motion to Dismiss can be decided without additional discovery, they take the position that the allegations in the First Amended Complaint suffice to establish personal jurisdiction, but that jurisdictional discovery may be needed in the event the Court disagrees. (ECF No. 84 at 5, 10). Lastly, they argue there is no good cause because: (1) the Endeavor Defendants will not be subject to undue burden or expense, (2) a jurisdictional challenge does not automatically entitle parties to a stay of discovery, (3) the Endeavor Defendants will not prevail in their Motion to Dismiss, and (4) Plaintiffs will be prejudiced by a stay of discovery.

Defendant's reply relies on many of the same arguments contained in its moving papers.

**II.  Legal Standard**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995).

A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur).

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. *Salazar v. Honest Tea, Inc.*, No. 2:13-CV-02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. Oct. 28, 2015) ("The Ninth Circuit has not provided guidance on evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, other than affirming that district courts may grant such a motion for good cause."); *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-CV-02630, 2011 WL 489743, at *6 (E.D. Cal. Feb. 7, 2011) ("The Ninth Circuit Court of Appeals has not announced a clear standard against which to

evaluate a request or motion to stay discovery in the face of a pending, potentially dispositive motion.").

The Ninth Circuit has, however, identified one scenario in which a district court may stay discovery and one scenario in which a district court may *not* stay discovery. The Ninth Circuit has held that a district court *may* stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) ("A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief."); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) ("A district court may properly exercise its discretion to deny discovery where, as here, it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted.").[2] The Ninth Circuit has also held that a district court may *not* stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm v. Cal. City Dev. Co.,* 509 F.2d 205, 210 (9th Cir. 1975) (same).

Based on this Ninth Circuit law, district courts in the District of Nevada typically apply a three-part test to determine when discovery may be stayed.[3] *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). This Court will refer to this test as the "preliminary peek test." The preliminary peek test asks whether (1) the pending motion is potentially dispositive, (2) the potentially dispositive motion can be decided without additional discovery, and (3) after the court takes a "preliminary peek" at the merits of the potentially dispositive motion, it is "convinced" that the plaintiff cannot state a claim for relief. *Id.* at 581. If all three questions are answered affirmatively, the Court may stay discovery. *Id.* The point of the preliminary peek test

---

[2] The Court interprets both these Ninth Circuit cases as providing one scenario in which it is appropriate to stay discovery but not the only scenario. *See also Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery without discussing whether court was convinced plaintiff could not state a claim before entering stay); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (same); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (same).

[3] The Court notes that these District of Nevada cases are persuasive authority, and the Court is not bound by them.

is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). Rule 1 provides that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every" case. Fed. R. Civ. P. 1.

This Court, however, has found the preliminary peek test to be problematic because it is often inaccurate and inefficient.

First, applying the preliminary peek test does not always lead to "accurate results" in which the cases that will ultimately be dismissed are stayed and vice versa. This is so for two primary reasons. In the District of Nevada, a magistrate judge applies the preliminary peek test and decides whether discovery should be stayed; however, a district judge decides the dispositive motion. These judges sometimes have different views on the merits of the dispositive motion, leading to discovery being stayed in some cases it should not have been stayed in and vice versa. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 97 (2012) (identifying same issue). Additionally, the test requires the magistrate judge to take a "preliminary peek" (i.e., a superficial look) at the dispositive motion and be *convinced* that the plaintiff cannot state a claim for relief before staying discovery. *Kor Media*, 294 F.R.D. at 583-84 (discovery stay inappropriate when there is only "a possibility" defendant will succeed on its dispositive motion; "[g]enerally, there must be *no question* in the court's mind that the dispositive motion will prevail . . . ."). When the preliminary peek test is applied as written, it leads to discovery being stayed in only the simplest, legally baseless cases. For most cases, and certainly complex cases, it is impossible for the Court to do a "preliminary peek" and be *convinced* that the plaintiff cannot state a claim. This is problematic because complex cases, in which discovery will be extremely costly, are the types of cases where discovery stays may be particularly appropriate while a dispositive motion is pending (to accomplish the goals of Rule 1). Nevertheless, the preliminary peek test, applied as written, leads to most motions to stay discovery being denied. Accordingly, the preliminary peek test is not well-suited for sorting which cases will be dismissed

(and thus should have discovery stayed) from those cases that will proceed (and thus should *not* have discovery stayed).

*Second*, the preliminary peek test is inefficient. As just explained, if the preliminary peek test is applied as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), it often fails to accurately sort those cases that will be dismissed (and should have discovery stayed) from those cases that will proceed (and should not have discovery stayed). To improve the accuracy of the preliminary peek test (and allow discovery stays in cases in which this Court believes the dispositive motion will be granted), this Court has in the past engaged in a full analysis of the dispositive motion. This takes considerable time and delays providing the parties with a decision on the motion to stay discovery.[4] It is also an inefficient use of judicial resources because both the magistrate judge and the district judge fully analyze the same dispositive motion. And, even after all this effort, the magistrate judge and district judge may still have different views on the merits of the dispositive motion. *See also* Kevin J. Lynch, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When A Motion to Dismiss Is Pending*, 47 Wake Forest L. Rev. 71, 101 (2012) (noting that having two different judges decide the dispositive motion and the motion to stay discovery introduces burden and error into the preliminary peek test). In short, doing a full analysis of the dispositive motion may improve the accuracy of the preliminary peek test but it takes significant time, duplicates effort, delays providing the parties a decision on whether discovery is stayed, and may still lead to discovery being inappropriate stayed or allowed to proceed.

This Court believes a better analytical framework exists for determining when motions to stay should be granted. As the Court previously discussed, the Court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *See Alaska Cargo Transp.*, 5 F.3d at 383 (district court would have abused its discretion in staying discovery if the discovery was necessary to decide the dispositive motion); *Kamm,* 509 F.2d at 210 (same); Fed. R. Civ. P. 26(c)(1) (the Court "may, for good cause, issue an order to protect a party or

---

[4] This delay often also creates a *de facto* stay of discovery, which is problematic in and of itself.

person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur). "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Good cause may be established using the preliminary peek test, but it may also be established by other factors, not related to the merits of the dispositive motion.

### III. Analysis

#### A. The dispositive motion to dismiss can be decided without additional discovery

Plaintiffs do not take the position that discovery is *currently* needed for the Court to determine their Motion to Dismiss. Instead, they argue that the allegations in their First Amended Complaint suffice to establish personal jurisdiction. ECF No. 84 at 5. While they do state that additional discovery *may be required* if the Court does not agree with them, they are not asserting a need to supplement the record before the court decides that motion. Thus, at this stage, it does not appear that either party is arguing that additional discovery is needed to determine *the pending Motion to Dismiss*.

#### B. Good cause

##### 1. Burdens and cost to the Endeavor Defendants

While Plaintiffs question the assertions made by the Endeavor Defendants as to the burdens and costs associated with continued discovery, the Court is persuaded by the Endeavor Defendants' arguments to the contrary. Defendants have been very specific in their motion (and reply) to explain the reasons for their position. The Court adopts those representations as its rationale for finding that Defendants' will be subject to significant burdens absent a stay. This is especially so given that the Court's jurisdiction is being challenged.

##### 2. Jurisdictional challenges can favor a stay of discovery

The Court agrees with Plaintiffs that a jurisdictional challenge does not automatically translate into a stay of discovery. Nevertheless, it is true that courts in this District have found that a motion challenging personal jurisdiction strongly favors a stay of discovery until the question of

jurisdiction is resolved. *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct.31, 2013); *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015); *Int'l Markets Live, Inc. v. Profit Connect*, 2019 WL 8161569, at *1 (D. Nev. May 20, 2019); *AMC Fabrication Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152, *4 (D. Nev. Oct. 10, 2012).

### 3. Likelihood that the Endeavor Defendants will prevail in their Motion to Dismiss

For the reasons discussed above, the Court will not engage in the likelihood of success on the Motion to Dismiss.

### 4. Plaintiffs will not be prejudiced by a stay.

First, the Court notes that Plaintiffs have no burden to show that they will be prejudiced. Nevertheless, the Court is not convinced by Plaintiffs' arguments that they will suffer prejudice should discovery be stayed. Even assuming Zuffa has destroyed documents, it is still not clear to the Court how staying discovery *as to the Endeavor Defendants* would prejudice Plaintiffs. Moreover, to the extent Plaintiffs are concerned that a stay of discovery will facilitate the destruction of documents by the Endeavor Defendants due to the passage of time, the Endeavor Defendants have represented that a litigation hold is in place.

### IV. Conclusion

The Court finds the pending dispositive motion can be decided without further discovery. In addition, the Court finds that Defendants have met their burden of showing that good cause exists to stay discovery based on the undue burden they will face absent a stay of discovery and the fact that jurisdictional issues must first be resolved. Should the Court dismiss the First Amended Complaint on jurisdictional grounds with leave to amend, the Court will certainly allow for Plaintiffs to pursue discovery on that issue.

**IT IS ORDERED** that the Endeavor Defendants' Motion to Stay Discovery (ECF No. 79) is **GRANTED**.

///

///

///

**IT IS FURTHER ORDERED** that the hearing set for September 26, 2023, is **VACATED**.

DATED: September 22, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE