Douglass Mitchell (Bar No. 3775)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6090
DMitchell@jenner.com

Laurie Edelstein (*pro hac vice* application pending)
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*



**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC, ENDEAVOR STREAMING, LLC, and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**SUPPLEMENTAL NOTICE RE: NON-PARTY META PLATFORMS, INC.'S MOTION TO SEAL PORTIONS OF ECF NOS. 82, 82-1, AND 89 AND SHOWING OF GOOD CAUSE TO SEAL IN RESPONSE TO ECF NOS. 91 AND 92**

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

Non-party Meta Platforms, Inc. ("Meta") respectfully submits this Supplemental Notice regarding Meta's Motion to Seal Portions of ECF Nos. 82, 82-1, and 89 and Showing of Good Cause to Seal in Response to ECF Nos. 91 and 92 ("Motion"). (ECF No. 100.)

Meta filed its Motion on October 23, 2023 based on its understanding that the Court's orders were entered on September 22, 2023 and Meta had 30 days from September 22, 2023 to show good cause to maintain the relevant portions of ECF Nos. 82, 82-1, and 89 under seal. (Declaration of Laurie Edelstein ¶ 2 ("Edelstein Decl.")). On September 22, 2023, the parties served copies of the Court's orders on Meta indicating that the Court had issued these orders that same day. (Edelstein Decl. ¶¶ 3-4 & Exs. A & B.) Meta therefore computed its filing deadline as October 23, 2023 pursuant to Rule 6 of the Federal Rules of Civil Procedure.

Plaintiffs note in their Statement Re: Administrative Motions to Seal (ECF No. 102), the CM/ECF notices of the Court's orders, ECF Nos. 91 and 92, were dated September 22, 2023 and delivered on September 22, 2023. (ECF No. 102 at 2.) The Court's docket also indicates the orders were entered on September 22, 2023. (*See* Court's ECF Docket.)

In addition, the copy of ECF No. 91 that Plaintiffs served on Meta was dated September 21, 2023. (Edelstein Decl. ¶ 5 & Ex. C.) The 30-day deadline for Meta to file its motion based on the September 21, 2023 date also would have been October 23, 2023 under Rule 6 of the Federal Rules of Civil Procedure.

Meta did not realize until Plaintiffs filed their Statement Re: Administrative Motions to Seal (ECF No. 102) on October 23, 2023 that ECF No. 91 was replaced on September 22, 2023. The current version of ECF No. 91 is dated September 20, 2023. (Edelstein Decl. ¶ 6.) Meta also did not realize the discrepancy between the dates that ECF Nos. 91 and 92 were entered and dates the orders were signed until Plaintiffs filed their Statement. (Edelstein Decl. ¶ 7.) Meta apologizes for the oversight.

For these reasons, and given Meta's status as a non-party in this matter, Meta respectfully requests that the Court treat Meta's Motion dated October 23, 2023 as timely filed based on the date when the Court's orders were entered on the ECF docket or, alternatively, based on the date when the parties served copies of the Court's orders on Meta.

Dated: October 26, 2023

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Douglass Mitchell

Douglass Mitchell (Bar No. 3775)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6090
DMitchell@jenner.com

Laurie Edelstein (*pro hac vice* application pending)
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: (628) 267-6800
Facsimile: (628) 267-6859
ledelstein@jenner.com

*Attorneys for Meta Platforms, Inc.*

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 23rd day of October, I authorized a copy of the foregoing **SUPPLEMENTAL NOTICE RE: NON-PARTY META PLATFORMS, INC.'S MOTION TO SEAL PORTIONS OF ECF NOS. 82, 82-1, AND 89 AND SHOWING OF GOOD CAUSE TO SEAL IN RESPONSE TO ECF NOS. 91 AND 92** and supporting documents to be filed electronically via the Court's CM/ECF system and served on all parties of record who have made an appearance in this case and are registered for participation in CM/ECF as of this date.

Dated: October 26, 2023

By: *_/s/ Douglass Mitchell_*

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

**INDEX OF EXHIBITS**

Non-Party Meta Platforms, Inc., through its counsel Jenner & Block LLP, and pursuant to Local Rule IA 10-3, hereby submits this Index of Exhibits in support of its Supplemental Notice Re: Non-Party Meta Platforms, Inc.'s Motion to Seal Portions of ECF Nos. 82, 82-1, and 89 and Showing of Good Cause to Seal in Response to ECF Nos. 91 and 92:

| Exhibit Number | Description | Number of Pages |
|---|---|---|
| N/A | Declaration of Laurie Edelstein in Support of Supplemental Notice Re: Non-Party Meta Platforms, Inc.'s Motion to Seal Portions of ECF Nos. 82, 82-1, and 89 and Showing of Good Cause to Seal in Response to ECF Nos. 91 and 92 | 2 |
| A | September 22, 2023 Email from A. Patek to L. Edelstein and J. Langlinais | 1 |
| B | September 22, 2023 Email from A. Rabbani to L. Edelstein and J. Langlinais | 1 |
| C | ECF No. 91 as served on Meta Platforms, Inc. on September 22, 2023 | 4 |

# DECLARATION OF LAURIE EDELSTEIN IN SUPPORT OF SUPPLEMENTAL NOTICE RE: NON-PARTY META PLATFORMS, INC.'S MOTION TO SEAL PORTIONS OF ECF NOS. 82, 82-1, AND 89 AND SHOWING OF GOOD CAUSE TO SEAL IN RESPONSE TO ECF NOS. 91 AND 92

Douglass Mitchell (Bar No. 3775)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6090
DMitchell@jenner.com

Laurie Edelstein (*pro hac vice* application pending)
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*



**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC, ENDEAVOR STREAMING, LLC, and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**DECLARATION OF LAURIE EDELSTEIN IN SUPPORT OF SUPPLEMENTAL NOTICE RE: NON-PARTY META PLATFORMS, INC.'S MOTION TO SEAL PORTIONS OF ECF NOS. 82, 82-1, AND 89 AND SHOWING OF GOOD CAUSE TO SEAL IN RESPONSE TO ECF NOS. 91 AND 92**

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

**DECLARATION OF LAURIE EDELSTEIN**

I, Laurie Edelstein, declare as follows:

1. I am an attorney at law licensed to practice in the states of California and New York, and I am a partner with Jenner & Block LLP. I am counsel for Meta Platforms, Inc. ("Meta") in connection with the subpoena, dated December 15, 2022, that Plaintiffs served on non-party Meta, Meta's production of documents in response, and with Meta's Motion to Seal Portions of ECF Nos. 82, 82-1, and 89 and Showing of Good Cause to Seal in Response to ECF Nos. 91 and 92 (ECF No. 100). I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify to them under oath.

2. Meta filed its Motion on October 23, 2023 based on its understanding that the Court's orders (ECF Nos. 91, 92) were entered on September 22, 2023 and Meta had 30 days from September 22, 2023 to show good cause to maintain the relevant portions of ECF Nos. 82, 82-1, and 89 under seal.

3. On September 22, 2023, Plaintiffs served copies of the Court's orders on Meta and informed Meta that the Court had issued these orders that same day. Exhibit A is a true and accurate copy of the September 22, 2023 email from Plaintiffs' counsel serving copies of the Court's orders on Meta. Counsel for defendant Zuffa, LLC were copied on the email.

4. On September 22, 2023, counsel for Zuffa served a copy of ECF No. 92 on Meta indicating that the order had been issued and entered that day. Exhibit B is a true and accurate copy of the September 22, 2023 email from counsel for Zuffa serving a copy of ECF No. 92 on Meta.

5. The copy of ECF No. 91 that Plaintiffs served on Meta on September 22, 2023 was dated September 21, 2023. A true and correct copy of ECF No. 91 as served on Meta is attached as Exhibit C.

6. Meta did not realize until Plaintiffs filed their Statement Re: Administrative Motions to Seal (ECF No. 102) on October 23, 2023 that ECF No. 91 was replaced on September 22, 2023 and that the current version of ECF No. 91 is dated September 20, 2023.

7. Meta also did not realize the discrepancy between the dates ECF Nos. 91 and 92 was entered and the date the orders were signed until Plaintiffs filed their Statement.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on October 26, 2023 at San Francisco, California.

*/s/ Laurie Edelstein*
Laurie Edelstein

**JENNER & BLOCK LLP**
**455 Market Street, Suite 2100**
**San Francisco, CA 94105**

# EXHIBIT A

| | |
|---|---|
| **From:** | Anthony Patek |
| **To:** | Edelstein, Laurie J.; Langlinais, Jonathan Alexander |
| **Cc:** | ufc; Rabbani, Ali; Leader, Susan; Balitzer, Stephanie |
| **Subject:** | Bloom v Zuffa - Orders on motions to Seal |
| **Date:** | Friday, September 22, 2023 3:11:42 PM |
| **Attachments:** | nvd-2_2022-cv-00412-00091.pdf<br>nvd-2_2022-cv-00412-00092.pdf |

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Laurie and Alex -

Attached are orders issued today on the Plaintiffs' and Defendants' motions to seal briefs in the pending motions to compel. Please note that they require Meta to file briefs providing good cause for the requests to seal within 30 days. I've attached copies of the orders pertaining to both Plaintiffs' and Defendants' motions to seal as a courtesy.

Please confirm that you are OK with service of these orders by email.

Regards,

**Anthony J. Patek**

Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
anthony@gutridesafier.com
Ph: (415) 639-9090
M: (415) 505-6226

# EXHIBIT B

**From:** Rabbani, Ali
**To:** Oates, Joy; Langlinais, Jonathan Alexander; Edelstein, Laurie J.
**Cc:** Leader, Susan; Balitzer, Stephanie; Clark, Kiaura
**Subject:** RE: Bloom, et al. v. Zuffa LLC, et al., U.S. District Court of Nevada Case No. 2:22:CV-00412-RFB-BNW
**Date:** Friday, September 22, 2023 1:03:45 PM
**Attachments:** image001.png
2023.09.22 [92] - Order Denying Zuffa"s Motion to Seal.pdf

---

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Counsel,

Please see attached a copy of the Court's order denying Zuffa's Motion for Leave to File Under Seal. Please note the following:

**IT IS FURTHER ORDERED** that Meta shall have 30 days from today to file a motion providing good cause for the need to seal or redact Defendant Zuffa's Reply to its Motion to Compel Dave Lindholm and Jack Graham to Produce Additional Documents and Interrogatory Responses. The Clerk of Court is directed to maintain ECF No. 89 under seal for the next 30 days. Failure by Meta to file the appropriate motion within 30 days of this Order may result in the unsealing of Defendant Zuffa's Reply to its Motion to Compel Dave Lindholm and Jack Graham to Produce Additional Documents and Interrogatory Responses.

**Ali Rabbani | Of Counsel**
Paul Hastings LLP | 1999 Avenue of the Stars, 27th Floor, Century City, CA 90067
Direct: 310.620.5755 | alirabbani@paulhastings.com

---

**From:** Oates, Joy <joyoates@paulhastings.com>
**Sent:** Tuesday, September 12, 2023 10:16 PM
**To:** JALanglinais@jenner.com; ledelstein@jenner.com
**Cc:** Leader, Susan <susanleader@paulhastings.com>; Rabbani, Ali <alirabbani@paulhastings.com>; Balitzer, Stephanie <stephaniebalitzer@paulhastings.com>; Clark, Kiaura <kiauraclark@paulhastings.com>
**Subject:** Bloom, et al. v. Zuffa LLC, et al., U.S. District Court of Nevada Case No. 2:22:CV-00412-RFB-BNW

Dear Counsel,

Please see attached service copy of the following which was filed under seal today in the above-captioned matter:

REPLY IN SUPPORT OF DEFENDANT ZUFFA, LLC'S MOTION TO COMPEL PLAINTIFFS DAVE LINDHOLM AND JACK GRAHAM TO PRODUCE ADDITIONAL DOCUMENTS AND INTERROGATORY RESPONSES [ECF No. 89].

As a courtesy, we have also attached the publicly filed Motion for Leave to File Under Seal, Declaration of Ali Rabbani, and Proposed Order.

Sincerely,
Joy Oates

---

**Joy Oates | Client Services Specialist**
Paul Hastings LLP | 1999 Avenue of the Stars, Twenty-Seventh Floor, Century City, CA 90067 |
Direct: +1.310.620.5793 | Main: +1.310.620.5700 | Fax: +1.310.620.5899 | email |
www.paulhastings.com

******************************************************************************************
This message is sent by a law firm and may contain information that is privileged or conf dential. If you received this transmiss on in error, please notify the sender by reply e-mail and delete the message and any attachments.
If you reply to this message, Paul Hastings may collect personal information including your name, business name and other contact details, and IP address. For more informat on about Paul Hastings' informat on collection, privacy and security principles please click HERE. If you have any questions, please contact Privacy@paulhastings.com.

# EXHIBIT C

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

EVERETT BLOOM, et al.,

Plaintiffs,

v.

ZUFFA, LLC, *et al.*,

Defendants.

Case No. 2:22-cv-00412-CDS-BNW

**ORDER**

Before the Court is Plaintiffs' Amended Motion to Seal (ECF No. 86) seeking to redact certain portions of its Opposition to Defendant Zuffa's Motion to Compel as well as Anthony Patek's declaration filed in conjunction with that opposition.[1] ECF No. 86.[2] No opposition has been filed. This Court applies the case law below to each of the motions addressed in this order.

**I. Standard for Sealing Docket Entries**

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well if the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

---

[1] The sealed version of the opposition is filed at ECF No. 82.

[2] Plaintiffs' original Motion to Seal is filed at ECF No. 85.

Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

## II. Analysis

### A. No good cause has been shown to redact Plaintiffs' opposition

Plaintiffs explain the information sought to be redacted is based on information provided by third party Meta. Meta has designated the information in question as highly confidential. Based on this, Meta requested that Plaintiffs file their Opposition to Defendant Zuffa's Motion to Compel under seal. Plaintiffs do not agree with the need to file the opposition under seal and explain they assume Meta will be filing its own motion to provide good cause for the need to seal the opposition in question.

Because the opposition and the document in question relate to a matter that is not dispositive or more than tangentially related to the merits of the case, the Court applies the good cause standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

The court notes that stipulated protective orders alone do not justify sealing court records. See, e.g., *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1133 (9th Cir. 2003) (noting that reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 475–76 (9th Cir. 1992) (explaining that blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause"). Blanket protective orders are designed to facilitate discovery exchanges; they do not provide a finding that any specific documents are secret or confidential to overcome the presumption of public access. *Kamakana*, 447 F.3d at 1183 (addressing the "the hazard of stipulated protective orders," and noting they often "purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)").

As a result, Plaintiffs' motion at ECF No. 86 is denied. Plaintiffs' original motion at ECF No. 85 is denied as moot.

Lastly, the Court notes that the motion to seal at ECF No. 85 and the amended motion to seal at ECF No. 86 are themselves sealed. There has been no motion accompanying the request for the motion to seal to be sealed. In addition, these two motions do not provide any type of detail or information that would suggest the need to have them sealed under any standard.

## I. CONCLUSION

**IT IS THERERFORE ORDERED** that Plaintiffs' Amended Motion to Seal at ECF No. 86 is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal at ECF No. 85 is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Meta shall have 30 days from today to file a motion providing good cause for the need to seal or redact Plaintiffs' Opposition to Defendant Zuffa's Motion to Compel. The Clerk of Court is directed to maintain ECF No. 82 under seal for the next

30 days. Failure by Meta to file the appropriate motion within 30 days of this Order may result in the unsealing of Plaintiff's Opposition to Defendant Zuffa's Motion to Compel.

**IT IS FURTHER ORDERED** that Plaintiffs shall have 30 days from today to file a motion providing good cause for the need to seal the motions to seal at ECF Nos. 85 and 86. The Clerk of Court is directed to maintain ECF Nos. 85 and 86 under seal for the next 30 days. Failure by Plaintiffs to file the appropriate motion within 30 days of this Order may result in the unsealing of these motions.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve this Order on Meta within 5 days of this Order.

DATED: September 21, 2023.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE