**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar. No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd. Suite #130
Las Vegas NV 89121
Telephone: 702-843-5899
Facsimile: 702-843-6010

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (*pro hac vice*)
seth@gutridesafier.com
MARIE A. MCCRARY (*pro hac vice*)
marie@gutridesafier.com
HAYLEY REYNOLDS (*pro hac vice*)
hayley@gutridesafier.com
ANTHONY PATEK (*pro hac vice*)
anthony@gutridesafier.com
KALI BACKER (*pro hac vice*)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC; ENDEAVOR STREAMING, LLC; and ENDEAVOR GROUP HOLDINGS, INC..,<br><br>Defendants | CASE NO. 2:22-cv-00412-RFB-BNW<br><br>**RESPONSE TO MOTION FOR LEAVE TO FILE SUR-REPLY AND OPPOSITION TO MOTION TO STRIKE**<br><br>**Redacted Version of Document Filed Under Seal** |

**Table of Contents**

I. INTRODUCTION ........ 1

II. BECAUSE ZUFFA SUBMITTED THE META PIXEL DATA IN ITS OPPOSITION, THAT DOCUMENT AND RELATED TESTIMONY ARE NOT "NEW EVIDENCE ........ 2

III. META, NOT PLAINTIFFS, DELAYED THE DEPOSITION OF META ........ 3

IV. ZUFFA MISCHARACTERIZES MS. HEROLD'S REPORT ........ 8

V. MS. HEROLD'S TESTIMONY IS NOT LEGAL CONCLUSIONS ........ 10

**Table of Authorities**

***Cases***

*Bloom et al. v. Meta Platforms, Inc.*, No. 4:23-mc-80319-LJC, Dkt. Nos. 1-16 (N.D. Cal., Dec. 6) 5

*Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508 (D. Idaho 2013)................................ 3, 4, 10

*Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197 (C.D. Cal. 2007)..................................................... 2

*In re Beer Antitrust Litig.*, No. C-97-20644-JF, 2002 U.S. Dist. LEXIS 11526, 2002 WL 1285320 (N.D. Cal. Apr. 3, 2002)........................................................................................................ 3

*In re Conagra Foods, Inc.*, 302 F.R.D. 537 (C.D. Cal. 2014) .......................................................... 2

*Meinnert v. Holley*, No. 3:20-cv-00255-RCJ-CSD, 2022 U.S. Dist. LEXIS 196497 (D. Nev. Oct. 28, 2022) ........................................................................................................................ 2, 11

*New Flyer Indus. Can. ULC v. Rugby Aviation, LLC*, 405 F. Supp. 3d 886 (W.D. Wash. 2019) 3, 4, 10

*Ohio Six Ltd. v. Motel 6 Operating L.P., No. CV 11-08102-MMM (Ex)*, 2013 U.S. Dist. LEXIS 198188, 2013 WL 12125747 (C.D. Cal. Aug. 7, 2013)................................................................ 3

*Shapiro v. Hasbro, Inc.*, No. CV 15-02964-BRO (AJWx), 2015 U.S. Dist. LEXIS 190477 (C.D. Cal. Sep. 24, 2015).................................................................................................................. 2

*Terrell v. Contra Costa County*, 232 Fed. App'x 626 (9th Cir. Apr. 16, 2007)................................ 2

*Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010 (C.D. Cal. 2018)...................................... 4

*TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938 (D. Ariz. Mar. 5, 2014)............... 2

*Zkey Investments, LLC v. Facebook Inc.*, 225 F. Supp. 3d 1147 (C.D. Cal. 2016) .......................... 2

## I. INTRODUCTION

Plaintiffs do not oppose Zuffa's motion for leave to file a sur-reply, nor entry of the three-page sur-reply Zuffa submitted as Exhibit 5 to its motion for leave to file a sur-reply.

But Plaintiffs *do* oppose Zuffa's motion to strike portions of Plaintiffs' Reply brief and supporting declarations and exhibits. To be clear, Zuffa presents its motion to strike as an alternative to a sur-reply. Accordingly, if the Court simply accepts Zuffa's 3-page sur-reply, there is no need for it to address Zuffa's 15-page motion accusing Plaintiffs of a "textbook example of gamesmanship." (Mot. at 1.) Plaintiffs respectfully submit that the best use of the Court's time would be to grant the motion for leave to file sur-reply and deny the motion to strike as moot.

To the extent the Court deems it necessary to delve into the merits of Zuffa's motion to strike, Plaintiffs respond as follows: If Zuffa's motion to strike presents any "textbook example," it is one of the mundane difficulties of obtaining third-party discovery. Plaintiffs fought tooth and nail, and filed *two* motions to compel, to obtain discovery from third party Meta Platforms, Inc. about the data transmitted by Zuffa to Meta. Plaintiffs submitted that evidence to the Court at the earliest opportunity available based on the deadlines set by this Court, so it can rule on Plaintiffs' motion for class certification with a complete record that accurately reflects the classwide evidence available to the Court. That is not gamesmanship. Rather, it is the unfortunate reality of litigation. Even so, in view of Plaintiffs' agreement to allow a sur-reply, there is no prejudice to Zuffa. The Court should thus deny Zuffa's motion to strike.

Ironically, Zuffa engages in the exact "gamesmanship" of which it complains in an attempt to prevent class certification. Zuffa could have opposed Plaintiff's motion for class certification without relying on Meta's production. (ECF 54.) Instead, Zuffa introduced that evidence as Ex. LL to its Opposition to class certification, along with specious expert testimony and arguments, knowing Plaintiffs had not had an opportunity to address Ex. LL. See ECF 106-39 (META_BLOOM_0001). Now, Zuffa attempts to bar Plaintiffs from replying to their false testimony and erroneous arguments. That Zuffa feels the need to strike Plaintiffs' reply evidence underscores the strength of Plaintiffs' arguments for class certification and the inability of Zuffa's opposition to withstand scrutiny.  Accordingly, the Court should deny Zuffa's motion to strike and certify a class based on all evidence.

## II. BECAUSE ZUFFA SUBMITTED THE META PIXEL DATA IN ITS OPPOSITION, THAT DOCUMENT AND RELATED TESTIMONY ARE NOT "NEW EVIDENCE

It is well established that "[e]vidence submitted in direct response to evidence raised in the opposition . . . is not new." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) (citing *Terrell v. Contra Costa County*, 232 Fed. App'x 626, 629 n.2 (9th Cir. Apr. 16, 2007); *In re Conagra Foods, Inc.*, 302 F.R.D. 537, 559 n.87 (C.D. Cal. 2014) (same); *see also Shapiro v. Hasbro, Inc.*, No. CV 15-02964-BRO (AJWx), 2015 U.S. Dist. LEXIS 190477, at *14 (C.D. Cal. Sep. 24, 2015) (denying motion to strike because "the declarations and exhibits to which Defendant objects directly respond to Defendant's arguments in its opposition"). Thus, parties can file "rebuttal evidence to contravene arguments first raised by the non-moving party in its opposition." *Meinnert v. Holley*, No. 3:20-cv-00255-RCJ-CSD, 2022 U.S. Dist. LEXIS 196497, at *10 (D. Nev. Oct. 28, 2022) (citing *TSI Inc. v. Azbil BioVigilant Inc.*, 2014 U.S. Dist. LEXIS 28938, at *3-4 (D. Ariz. Mar. 5, 2014)).

Under this rule, Courts routinely deny motions to strike expert reports that merely reply to expert reports submitted in opposition to motions, particularly where the reply report simply addresses the same data set addressed by the opposition expert. *See, e.g., Zkey Investments, LLC v. Facebook Inc.*, 225 F. Supp. 3d 1147, 1158-59 (C.D. Cal. 2016) (finding expert's rebuttal did not constitute new evidence); *Ohio Six Ltd. v. Motel 6 Operating L.P., No. CV 11-08102-MMM (Ex)*, 2013 U.S. Dist. LEXIS 198188, 2013 WL 12125747, at *16-17 (C.D. Cal. Aug. 7, 2013) (permitting an expert to offer a rebuttal opinion based on the same data the opposition submitted); *In re Beer Antitrust Litig.*, No. C-97-20644-JF, 2002 U.S. Dist. LEXIS 11526, 2002 WL 1285320 (N.D. Cal. Apr. 3, 2002) (permitting a supplementary expert declaration that presented rebuttal arguments).

Here, Zuffa opened to door for Plaintiffs to discuss Exhibit LL in their Reply when it placed that document into evidence in opposition to class certification. *See New Flyer Indus. Can. ULC v. Rugby Aviation, LLC*, 405 F. Supp. 3d 886, 895-96 (W.D. Wash. 2019) ("[T]here is no unfairness in allowing [movant] to respond in their reply brief to new arguments presented by [non-movant] in their opposition."); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 515 (D. Idaho 2013) (holding movant had not "sandbagged" non-movant, where non-movant introduced argument to which movant was simply replying). Zuffa is responsible for its choice.

Although Plaintiffs had discussed the Meta Pixel and related data based on other evidence, Zuffa, not Plaintiffs, introduced Ex. LL into the record.

As Zuffa itself admits, fairness requires allowing a party to respond to evidence submitted by its opposing party. Thus, Plaintiffs should be able to reply Zuffa's characterization of Exhibit LL, which evidence it introduced. *See New Flyer, 405 F. Supp. 3d at 895-896* (denying motion to strike expert report submitted in reply to arguments introduced in opposition's expert report); *cf. Calderon*, 290 F.R.D. at 515 ("If the evidence and argument included with a motion were required to anticipate the arguments a respondent might raise in opposition to the motion, the court would not permit the movant to file a reply to any opposition."). Moreover, while Zuffa cites cases purporting to support striking expert replies that present argument that could have been presented in an opening brief (see Mot. at 8-9), that argument ignores that fact that neither Plaintiffs nor their expert, Ms. Herold had access to Zuffa's Exhibit LL or the Meta testimony when they filed their motion for class certification. *See, e.g., Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (allowing expert report submitted on reply to address evidence withheld from movant until reply).[1]

## III. META, NOT PLAINTIFFS, DELAYED THE DEPOSITION OF META

Plaintiffs, of course, had no sinister plan to delay the Meta deposition, much less a plan to deny Zuffa an opportunity to discuss that evidence. Patek Decl., ¶ 3. The sole reason the Meta deposition occurred after Zuffa's opposition to the motion for class certification was Meta's unwillingness to cooperate earlier. *Id.* Plaintiffs gave notice to Zuffa and served the subpoenas for documents ***and deposition testimony*** on Meta in December 2022. *Id.*, Ex. 1. As Zuffa admits, it took Plaintiffs eight months and a motion to compel to obtain Meta's pixel event records associated with the Plaintiffs. Mot. at 1 (noting Meta's August 2023 production in response to Plaintiffs' December 2022 subpoena). Prior to Meta's production, any deposition of Meta that Plaintiffs might have scheduled would have been futile and unproductive. Accordingly, three weeks after Meta produced pixel data (and almost two months before Zuffa's response to the

[1] It should also be noted that, unlike the cases Zuffa cites, the motion before the Court is not dispositive. As such, the Court need not even decide the merits of whether Zuffa's Exhibit LL supports or rebuts Plaintiffs' claims; it need only decide whether that evidence supports class certification.

motion was due), Plaintiffs requested Meta produce a witness based on Plaintiffs' pending subpoena for deposition testimony. Patek Decl., Ex. 2. It took another five months—***and a second motion to compel*** (which Zuffa conveniently omits from its motion to strike)—to obtain Meta's deposition. *Id.*, Exs. 3-13; *see also Bloom et al. v. Meta Platforms, Inc.*, No. 4:23-mc-80319-LJC, Dkt. Nos. 1-16 (N.D. Cal., Dec. 6) (Plaintiffs motion to compel Meta deposition).

During that five-month period, Meta raised multiple legal and logistical hurdles. Patek Decl., ¶ 4, Exs. 3-13 (Plaintiffs' deposition-related correspondence with Meta). It took several months just to agree to a set of deposition topics. *Id.* Meta also took the position that, to reduce any unnecessary burdens on it, Plaintiffs had to coordinate their deposition with similar deposition subpoenas in other cases involving the Meta pixel. *Id.* In a good faith attempt to address Meta's objection, Plaintiffs spent almost two months trying unsuccessfully to coordinate their deposition with those of other plaintiffs. *Id.* It was only in the few weeks immediately prior to the January 25, 2024 deposition in this case that Meta acknowledged coordination with other cases would be impossible. *Id.* It was these difficulties—and *only these difficulties*—that caused the delays about which Zuffa complains. *Id.*

Zuffa nonetheless baselessly accuses Plaintiffs of gamesmanship. First, it accuses Plaintiffs of "surreptitiously" arranging the deposition without providing Zuffa notice. But Plaintiffs had already served Zuffa with a notice of their subpoena to Meta for deposition testimony in December 2022, which Plaintiffs never withdrew—a fact Zuffa obfuscates. *Compare* Mot. at 1 (describing Plaintiffs' December 2022 subpoena to Meta solely as one for documents), *with* Patek Decl., Ex. 1 (Plaintiffs' actual notice, which included two subpoenas; one for documents and one for deposition testimony).[2] Given that depositions almost always occur *after* document production (so that questions may be asked about the produced documents), Zuffa's purported surprise that Plaintiffs would depose Meta regarding its records *after* Meta produced them (as opposed to *before*), is inexplicable. While Plaintiffs did not serve a "renewed" deposition notice in September 2023, that is because there was no reason to do so. Further, if

[2] Zuffa notes that Plaintiffs served an amended subpoena "solely requesting the production of documents" in July 2023. (Mot. at 3.) Plaintiffs did this to expand the document requests to include the two plaintiffs added in the amended complaint, David Lindholm and Jack Graham. Amendment of the subpoena for documents in no way waived or withdrew the prior subpoena for deposition testimony, which was a separate document.

Zuffa believed that Plaintiffs' procedure for obtaining a deposition of Meta was improper due to lack of notice, it could have moved to quash the deposition. It did not, because it had no legal basis to do so. (Nor did Meta.)

Next, Zuffa falsely accuses Plaintiffs of *intentionally* delaying the Meta deposition, citing a single out-of-context statement in Plaintiffs' November 2, 2023 email to Meta's counsel as evidence Plaintiffs were "working with Meta counsel" to delay the deposition until after Zuffa's response deadline for the class certification motion. Mot. at 6, citing Balitzer Decl., Ex. 6. Zuffa's interpretation of Plaintiffs' correspondence with Meta is either disingenuous or delusional. In the email in question, Plaintiffs' counsel notes the need for further negotiation of deposition topics, and then pushes Meta to identify a concrete deposition date, stating "late November or early December would still be ideal for us." *Id*. While Zuffa presents this as evidence Plaintiffs were intentionally delaying the deposition, Plaintiffs' counsel was in fact trying to obtain the earliest date then possible and avoid holding the deposition over the Christmas and New Year's holidays. As of that date, Plaintiffs' Reply deadline was set for January 11, 2024. *See* ECF 66 (Order setting Reply deadline). Accordingly, if Meta did not produce a deposition witness prior to Christmas, Plaintiffs would have had only the week immediately following New Years to depose Meta and incorporate that testimony into their Reply brief, which was undesirable for obvious reasons.[3] That innocent motive is the sole explanation for Plaintiffs' statement. It is also the reason Plaintiffs sought an extension of their Reply deadline to January 29, 2024.[4] (See ECF 117 & 119.) In any event, given the lack of agreement with Meta regarding deposition topics and coordination with other cases as of November 2nd, there was no chance that the deposition would occur prior to Zuffa's November 7th deadline, despite Plaintiffs prior month and a half of efforts to obtain a deposition at the earliest date possible. Thus, Plaintiffs' identification of "ideal" dates had nothing to do with withholding discovery from Zuffa and is no evidence of gamesmanship.

---

[3] Ultimately, since Meta produced its witness a mere two business days before the deadline for Plaintiffs' Reply in support of class certification, Plaintiffs still had minimal time to incorporate Meta's testimony into their Reply brief. But Plaintiffs had no way of knowing in early November 2023 that Meta would delay the deposition almost three more months.

[4] Zuffa's conspiracy theory also founders on the fact of Plaintiffs' motion to compel Meta to produce a deposition witness. The only way that event makes sense in Zuffa's version of events is if Plaintiffs filed the motion to compel under false pretenses in the absence of an actual dispute with Meta. Zuffa has absolutely no basis for making that patently false accusation.

Like the proverbial pot-calling-the-kettle-black, Zuffa further asserts that Plaintiffs could and should have obtained Meta's deposition earlier, while failing to identify any reason why it did not do so. It is not Plaintiffs' duty to perform discovery on Zuffa's behalf. Zuffa was aware of Plaintiffs' December 2022 deposition subpoena to Meta, and it should have known Meta's testimony was necessary to establish a foundation for any expert testimony regarding Meta's pixel data (i.e., Zuffa's Ex. LL). Since Zuffa included Meta's deposition testimony in its Opposition, Zuffa should and could have subpoenaed Meta for deposition testimony during the four months between Zuffa's receipt of Meta's pixel records and Zuffa's opposition deadline. Instead, it sat on its hands, then submitted an expert report that opined on Opposition Ex. LL without an adequate foundation, thereby misinterpreting key aspects of Meta's pixel data and privacy settings.

The other specious evidence of "gamesmanship" that Zuffa raises is Plaintiffs' rejection of Zuffa's eleventh-hour proposal to delay the deposition of Plaintiffs' expert, Rebecca Herold. First, it is important to note that Zuffa suggested rescheduling Ms. Herold's deposition *the night before the deposition was to occur*. Zuffa was also proposing extending Zuffa's deadline *a fourth time*, after almost nine months of prior delays (see ECF 38, 40, and 63 (extending deadline Plaintiffs' motion for class certification by over 5 months) and ECF 66 (continuing Zuffa's response deadline by an additional 104 days). In view of those facts, Plaintiffs' unwillingness to delay further was reasonable.

Zuffa also glosses over the fact that Ms. Herold had not even reviewed the Meta pixel event data as of the date of that email discussion, much less offered any opinion on it. As such, Plaintiffs correctly pointed out that there was no need to depose Ms. Herold regarding a non-existent opinion. (Nor could she have testified in reply to Mr. Schnell's opinion, since he had no yet issued any opinion.) Zuffa apparently believes that Plaintiffs should have paid Ms. Herold to form an opinion regarding the pixel data (to which the Court would not have access) solely so Zuffa could submit its cross-examination of that unpublished opinion in opposition to class certification. Since Plaintiffs' response would have been in their Reply, Zuffa would presumably *still* have opposed Plaintiffs' submission of that evidence, meaning that Zuffa's proposed cross-examination would not have prevented the current dispute.

As for Plaintiffs' statement that Zuffa would have an opportunity to depose Ms. Herold at a later date, that is no evidence of gamesmanship or waiver either, particularly when viewed in context. The statement that Ms. Herold would "presumably" address the pixel data during expert discovery on the merits of Plaintiffs' claims was made before Zuffa submitted Defendants' Exhibit LL into the record with its one-sided take on the meaning and relevance of that Exhibit. That Zuffa's decision to introduce Exhibit LL forced a change in Plaintiffs' position is no evidence of Plaintiffs' malicious intent. Again, ***Zuffa introduced the pixel data into the record as Exhibit LL in support of its opposition***. It would be manifestly unfair to allow Zuffa to opine on a document it introduced into the record without allowing Plaintiffs to reply. Indeed, that is the entire justification for Zuffa's motion, which underscores both Zuffa's hypocrisy and why a sur-reply is a superior solution.

Zuffa's hindsight analysis that Plaintiffs should have obtained a further extension of their motion deadline or filed a supplemental brief and report from Ms. Herold after Meta's production is self-serving and unrealistic. Zuffa certainly never suggested to Plaintiffs that they should supplement their motion, and that possibility never occurred to Plaintiffs. If Plaintiffs had requested leave to supplement their motion, it is doubtful that Zuffa would have agreed. It is also entirely unclear that the Court would have granted the request given nine months of prior extensions. *See, e.g,* ECF 38, 40, 63, and 66 (stipulations collectively delaying the briefing deadlines and hearing date by over nine months in order to accommodate discovery disputes between the parties). Indeed, Plaintiffs later requested an extension of time for their Reply to March 2024 to complete the Meta deposition, which Zuffa opposed and the Court did not grant (*see* ECF 117-120, granting Plaintiffs an 18-day extension to parallel the prior 18-day extension given only to Zuffa, without ruling on Plaintiffs' request for longer extension). This proves that requesting an extension is no guarantee of receiving one.

Zuffa also argues incorrectly that Ms. Herold's deposition testimony regarding the import of the pixel data in META_BLOOM_0001 bars her reply. But all Ms. Herold did in the deposition was state that her opening report in support of class certification was based on other evidence and, not having reviewed the data produced by Meta, nor knowing how it was generated or what it meant, she was not in a position to opine on it. *See, e.g.,* ECF 129-10 (Herold Tr., Ex. 5 to Def.'s Motion to Strike) at 118: 2-7 ("So I'm not sure why that would even impact my decision

here [i.e., her opinion that the Zuffa website is common, classwide evidence] because this is about what the site [i.e., ufcfightpass.com] is actually configured to create whenever you're watching the videos and that technology applies to anyone who's watching those videos who's at that site."); 119:11-14 ("I mean, that's outside of the scope of what I was doing because I don't have access to the portal that was used to create that spreadsheet, correct?") and 120:20-22 ("I don't know whether that would be helpful or not . . ."). That is not a basis to strike her *reply* testimony, which she provided after having reviewed *Zuffa's* Exhibit LL to their Opposition to Plaintiff's Motion for Class Certification and Mr. Schnell's specific testimony about that exhibit (both introduced by Zuffa *after* Ms. Herold's deposition), as well as REDACTED [redacted].

Finally, Zuffa glosses over the fact that its argument and Mr. Schnell's testimony regarding the Meta Pixel were, in fact, incorrect on several key issues (e.g., its argument that disabling "Off-Facebook Activity" blocks transmission of third party cookies to Meta, which even the public documents Zuffa introduced as exhibits contradicted). Ultimately, Zuffa is arguing that Plaintiffs should be barred from identifying such errors in Zuffa's opposition and Mr. Schnell's testimony simply because Meta withheld probative evidence until after Ms. Herold's opening report. Meta's delay is no justification for requiring the Court to decide whether to certify a class based on erroneous facts. For that reason alone, the Court should deny Zuffa's motion to strike.

## IV. ZUFFA MISCHARACTERIZES MS. HEROLD'S REPORT

Zuffa conflates Ms. Herold's entire report with her discussion of the pixel data produced by Meta (i.e., Defendants' Ex. LL, META_BLOOM_0001) and Meta's deposition testimony to create the false impression that she introduced 37 pages of "new" evidence. (Mot. at 2.) That is false. The overwhelming majority of Ms. Herold's report was spent correcting Mr. Schnell's false characterizations of her opening report and deposition testimony. And in any event, all of Ms. Herold's reply declaration *replies* to Mr. Schnell's testimony, which is permissible. See *New Flyer*, 405 F. Supp. 3d at 895-96 (denying motion to strike evidence that merely replied to opposition arguments); *Calderon*, 290 F.R.D. at 515 (same).

As for Defendants' Exhibit LL (i.e., the Meta production), that is not "new" evidence because, as discussed above, Zuffa, not plaintiffs, introduced it into the record. Ms. Herold cites that data only to reply to Mr. Schnell's false assertions.[5] REDACTED [redacted] This limited discussion of the Meta pixel data (i.e., Meta_Bloom_0001) does not warrant striking the entire paragraph as Zuffa requests. In each case above, Ms. Herold merely highlighted specific portions of exhibit Zuffa introduced that Mr. Schnell glossed over or misrepresented.

Ms. Herold also cites discrete portions of Meta's deposition testimony that contradict Mr. Schnell's testimony REDACTED [redacted]. *See* Herold Reply, ¶¶ 52-57, 63. However, there is no justification for striking that testimony, as it too *replies* to Mr. Schnell's testimony. *See Meinnert*, 2022 U.S. Dist. LEXIS 196497, at *10 (denying motion to strike where "Plaintiff did not provide the exhibits for any other purpose than to respond to Defendant's argument"). REDACTED [redacted]

[5] Zuffa also moves to strike Ms. Herold's testimony in ¶ 29 of her rebuttal, which does not even cite Meta's production. Ms. Herold discussed the data fields identified in that paragraph in her opening report. See Ex. 1 to Plaintiff's Motion for Class Certification (Herold Decl.), ¶¶ 36 (IP addresses and "device characteristics" and 44 (_fbp cookie).

REDACTED [redacted]

That is all *reply* evidence, not "new" evidence.

Most importantly, the evidence that Zuffa seeks to strike guts Zuffa's arguments against class certification. For example, Zuffa spent almost two years pushing the false narrative that Plaintiffs' "Off-Facebook Activity" settings were essential "individualized" evidence of cookie blocking. Zuffa even moved to compel production of that evidence, which the Court granted. See ECF 57 (Zuffa arguing falsely that records of "Off-Facebook Activity" were relevant evidence of cookie blocking); ECF 98 (Order on motion to compel). Plaintiffs' Reply highlights evidence contradicting Zuffa's unfounded assertions, proving not only that Zuffa was wrong about this putative "individualized issue" (which turns out to have nothing to do with blocking cookies), but also that Zuffa wasted the Court's time and effort on a spurious argument. Indeed, even the public documents that Zuffa cited in its opposition on this topic contradicted its incorrect version of the facts. While Zuffa's desire to strike all criticism of its blatant errors is understandable, it is not in the Court's best interest, nor the public's, to let false testimony stand uncontested.

## V. <u>MS. HEROLD'S TESTIMONY IS NOT LEGAL CONCLUSIONS</u>

Plaintiffs submitted Ms. Herold's Reply declaration to assist the Court in understanding the technical errors in Zuffa's arguments, not to make legal conclusions for the Court. As such, Zuffa's argument that Ms. Herold's testimony should be stricken because is asserts legal conclusions is also without merit. The portions of Ms. Herold's reply that Zuffa seeks to strike are just expert opinion about what factual conclusions can be drawn from the available technical evidence (e.g., that Zuffa's website is configured to transmit personally-identifiable information including c_user ID and video URLs), and whether those conclusions can be applied on a classwide basis (e.g., that Zuffa's website code and the Meta pixel transmitted third party cookies by default, whereas the "individualized" issues raised by Mr. Schnell that purportedly block that

default are infrequent and not 100% effective). In any event, class certification is a matter of law decided by the Court, so any concerns over displacing the role of the *jury* are irrelevant. Unlike Zuffa, Plaintiffs presume that the Court is capable of determining for itself which portions of Ms. Herold's testimony are appropriate to rely upon. Moreover, Plaintiffs submit that the evidence Zuffa seeks to strike is not only relevant and appropriate reply evidence, but strong evidence that certification of the proposed class should be granted. For all these reasons, the Court should deny Zuffa's motion to strike.

Dated: February 20, 2024

By:/s/Anthony J. Patek/
Anthony J. Patek

**GUTRIDE SAFIER LLP**
Seth A. Safier
Marie A. McCrary
Hayley Reynolds
Anthony J. Patek
Kali Backer
100 Pine Street, Suite 1250
San Francisco, California 94111

**MARKMAN LAW**
DAVID MARKMAN (Nev. Bar. No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd., Suite #130
Las Vegas, Nevada 89121
Telephone: (702) 843-5899
Facsimile: (702) 843-6010

*Attorneys for Plaintiff*