**CAMPBELL & WILLIAMS**
J. COLBY WILLIAMS (Nev. Bar No. 5549)
jcw@cwlawlv.com
710 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

**PAUL HASTINGS LLP**
SUSAN K. LEADER (*admitted pro hac vice*)
susanleader@paulhastings.com
ALI R. RABBANI (*admitted pro hac vice*)
alirabbani@paulhastings.com
STEPHANIE V. BALITZER (*admitted pro hac vice*)
stephaniebalitzer@paulhastings.com
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM; JACK GRAHAM; and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC; ENDEAVOR STREAMING, LLC; and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

CASE NO. 2:22-cv-00412-RFB-BNW

**DEFENDANT ZUFFA, LLC'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY, OR IN THE ALTERNATIVE, TO STRIKE PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND THE REPLY EXPERT REPORT OF REBECCA HEROLD**

Recognizing that Zuffa should have—at the very least—some opportunity to respond to the new arguments and evidence that Plaintiffs introduced for the first time in their reply brief, Plaintiffs do not oppose Zuffa's request for leave to file a sur-reply. ECF No. 133 ("Opp."). Accordingly, Zuffa respectfully requests that the Court grant Zuffa's unopposed motion for leave. ECF No. 129 ("Mot.").

Plaintiffs' sole opposition is to Zuffa's motion to strike. And Plaintiffs' brief makes clear that they have no legitimate excuse, much less good cause, for failing to raise these matters in their moving papers (as is their burden). *See, e.g.*, *Forrest v. Costco Wholesale Corp.*, 2016 WL 5402200, at *1-2 (D. Nev. Sept. 26, 2016) (granting motion to strike new arguments raised for the first time on reply); *Pacquiao v. Mayweather*, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) (granting motion to strike because "the court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond"); *see also Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022) (Plaintiffs "must actually prove—not simply plead—that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3)," and must carry their burden of proof "before class certification.") (citation omitted).

***First***, Plaintiffs' suggestion that Zuffa somehow "opened [the] door" in its opposition to Plaintiffs introducing entirely new arguments and evidence about Meta's Pixel Data (Opp. at 2-3) ignores that Plaintiffs—*not* Zuffa—first raised this issue in their motion for class certification. Specifically, in their moving papers, Plaintiffs argued that the core issue underlying their claims—whether Zuffa allegedly disclosed PII to Meta—could be determined on a class-wide basis because "Meta has records of the data transfers, which Plaintiffs have subpoenaed; this will allow confirmation of whose data was transferred." Mot. for Class Cert. at 14; *see also id.* at 15 ("Identifying Class members is a matter of simply cross-referencing Zuffa's documents with Meta's records showing the individuals from whom it received personally identifiable information."). Yet, [redacted] Plaintiffs made the strategic decision to file their motion without any actual evidence of those

records. As the moving party with the burden of proof, Plaintiffs are bound by that decision.[1] They do not get a mulligan on reply simply because [redacted]. *See* ECF No. 107 at 2, 5-6, 8-10, 19, 21, 23-24.

Plaintiffs' suggestion that their reply is limited to the arguments raised in Zuffa's opposition is similarly disingenuous. Opp. at 2-3, 9-10. Zuffa does not seek to "bar Plaintiffs from replying" to the arguments in its opposition. *Id.* at 1. In fact, Plaintiffs' reply does not even dispute Zuffa's interpretation of Meta's Pixel Data. *See* ECF No. 122 at 7 ([redacted]); *see also id.* at 2 ([redacted]). But Plaintiffs' reply brief ventures far outside the scope of Zuffa's opposition by introducing new arguments and evidence that could have (and should have) been raised in Plaintiffs' moving papers, including new testimony from Meta's corporate representative, a 37-page expert report opining on Meta's Pixel Data and deposition testimony, and a new theory as to how this evidence purportedly supports class certification. Courts routinely reject such efforts to "sandbag" non-moving parties with entirely new arguments and evidence for the first time on reply. *See* Mot. at 8-9 (citing cases); *see also* ECF No. 107 at 23-24 (citing cases).[2]

---

[1] *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 318 (3d Cir. 2008), as amended (Jan. 16, 2009) ("The evidence and arguments a district court considers in the class certification decision call for rigorous analysis. A party's assurance to the court that it intends or plans to meet the requirements is insufficient."); 5 *Moore's Federal Practice* § 23.80[2] ("The 2003 amendment [to Rule 23] clarifies that courts should not grant certification except after searching inquiry, and that courts should not rely on later developments to determine whether certification is appropriate.").

[2] Plaintiffs' cited authorities (Opp. at 2) are inapposite because, unlike here, those cases concern rebuttal evidence submitted to address arguments first raised by the non-moving party. For instance, in *In re Conagra Foods, Inc.*, the court allowed new evidence to directly respond to the opposition's new evidence, but also noted that "additional evidence supporting arguments plaintiffs raised in their motion" or evidence that is "completely new . . . offered for the first time in reply" must not be considered. 302 F.R.D. 537, 560 (C.D. Cal. 2014).

***Second***, Plaintiffs have not (and cannot) justify their refusal to allow Zuffa to depose their expert, Rebecca Herold, on Meta's Pixel Data. Opp. at 6-8. In fact, underscoring the prejudice that Plaintiffs' conduct has caused, ***Zuffa still has not had an opportunity to depose Ms. Herold regarding her opinions on Meta's Pixel Data and deposition testimony***. Contrary to Plaintiffs' suggestion, Zuffa did not wait until the "eleventh-hour" to seek Ms. Herold's deposition testimony on Meta's Pixel Data. Rather, Zuffa made clear to Plaintiffs *months in advance* that it would need to depose Ms. Herold on Meta's Pixel Data before filing its opposition to class certification. *See, e.g.*, ECF No. 63 at 4 (joint stipulation seeking extension of Zuffa's opposition deadline to allow time for "Meta to complete its production" and for Zuffa to depose Plaintiffs' experts "after receiving. . . Meta's productions."). Zuffa only suggested rescheduling Ms. Herold's deposition by a week when it became clear—the day before her deposition—that Plaintiffs had never even provided her with a copy of Meta's Pixel Data, which Meta produced months beforehand. ECF No. 129-6 at 2 ("To the extent we are unable to question Ms. Herold on Meta's production, we will have to reserve the right to keep her deposition open for that limited purpose. As you know, one of the reasons we did not take Ms. Herold's deposition earlier was that we were waiting for Meta's production. . . , so it is important that we have the opportunity to do so."). Rather than agreeing to continue her deposition, which would not have impacted the class certification briefing schedule, Plaintiffs' counsel instead refused and claimed that Zuffa's "need to examine her on it at this juncture is essentially nonexistent" and that "she would presumably deal with it in a report on the merits *after class certification*." *Id.* (emphasis added).

Plaintiffs' attempt to justify this conduct by claiming that Zuffa's references to the Meta Pixel Data in its opposition somehow "forced a change in Plaintiffs' position" (Opp. at 7) lacks credibility. As noted above, Plaintiffs—*not* Zuffa—first raised the issue of Meta's Pixel Data in their moving papers. In fact, even before filing their motion for class certification, Plaintiffs repeatedly represented that they believed Meta's records would be "highly relevant to class certification" because they could purportedly "be used on a classwide basis to identify whose privacy rights were violated." *See, e.g.*, *Bloom v. Meta Platforms, Inc.*, No. 23-mc-80127, ECF

No. 1-1 at 11 (N.D. Cal. Apr. 25, 2023); *see also* ECF No. 40 at 2 (seeking extension of class certification deadlines because "Plaintiff believes additional discovery, including a subpoena served on Meta, Inc. . . . must be completed prior to Plaintiffs' [class certification] deadline"); ECF No. 63 at 4 (joint stipulation seeking extension of class certification deadlines "given the outstanding discovery from . . . Meta, which the Parties anticipate will be relevant to class certification issues").

Plaintiffs' claim that Ms. Herold's reply report "simply addresses the same data set addressed by the opposition expert" (Opp. at 2) is also wrong. The report submitted by Zuffa's expert, Ron Schnell, includes a limited discussion of Meta's Pixel Data in paragraphs 74 through 83. ECF No. 107-2 (Schnell Report) ¶¶ 74-83. But Ms. Herold's 37-page reply report includes only *a single paragraph* addressing those portions of Mr. Schnell's report. *See* ECF No. 122-8 (Sealed Herold Reply Report) ¶ 9. Instead, Ms. Herold's reply report introduces entirely new opinions based on Meta's Pixel Data, as well as extensive citations to Meta's deposition testimony, which was not even available at the time Mr. Schnell submitted his report in support of Zuffa's opposition. This is not, as Plaintiffs suggest, mere rebuttal testimony. Opp. at 8-10.[3]

Finally, Plaintiffs' suggestion that any concerns regarding Ms. Herold's legal conclusions are "irrelevant" is without support. As noted in Zuffa's moving papers, the Court should strike those portions of Ms. Herold's report because they "usurp the role of the court. . . in making ultimate conclusions of law." Mot. at 9 (quoting *Basu v. Massachusetts Mut. Life Ins. Co.*, 2022 WL 5237268, at *5 (D. Nev. Sept. 21, 2022)).

***Third***, Plaintiffs cannot blame Meta for their own failure to submit the arguments and evidence at issue in their moving papers. Opp. at 3-8. While there is no dispute that Plaintiffs moved to compel Meta to produce its records, Plaintiffs nonetheless made a strategic decision to

[3] Plaintiffs' assertion that "the evidence that Zuffa seeks to strike guts Zuffa's arguments against class certification" (Opp. at 10) is nonsense. Tellingly, the only example Plaintiffs can provide is a reference to "Off-Facebook Activity," which has nothing to do with Zuffa's motion to strike. Nor did Zuffa argue that "Off-Facebook Activity" relates to cookie blocking. *Id.* As Zuffa's opposition to class certification makes clear, this setting allows Facebook users to "disconnect the information Meta receives and uses about their activity on other websites." ECF No. 107 at 15-16.

file their motion for class certification *before* Meta had actually produced these records. Plaintiffs could have either sought a short extension of time to move for class certification until after Meta produced its records, or supplemented their motion before Zuffa filed its opposition to class certification. Inexplicably, Plaintiffs did neither.[4]

Likewise, Plaintiffs' suggestion that Zuffa should have somehow anticipated that Plaintiffs would depose Meta *after* Zuffa filed its opposition to class certification is riddled with inaccuracies. While it is true that Plaintiffs initially subpoenaed Meta's deposition in December 2022, Plaintiffs later withdrew their motion to compel the deposition subpoena to Meta in July 2023, leading Zuffa to believe that Plaintiffs were no longer seeking Meta's deposition. *See* ECF No. 129-9 (amending subpoena to seek documents only); *see also In re: Subpoena to Meta Platforms, Inc.*, No. 23-mc-80127, ECF No. 14 at 4 (N.D. Cal. Aug. 22, 2023) ("Plaintiff[s] and Meta have implemented their agreement and resolved Plaintiff's motion to compel and subpoena, and Plaintiff agrees to withdraw his motion to compel without prejudice."). Despite Zuffa's repeated requests to Plaintiffs to be copied on or provided with all correspondence with Meta's counsel, Plaintiffs' counsel kept Zuffa in the dark. As the exhibits to Plaintiffs' opposition demonstrate, at the same time Plaintiffs' counsel refused to permit Zuffa to depose Ms. Herold on Meta's Pixel Data, they were actively coordinating with Meta's counsel to schedule a deposition *after* Zuffa's opposition deadline without copying Zuffa's counsel or informing them that these discussions were taking place. ECF Nos. 133-8 ("Late November or early December would still be ideal for us."), 133-9 ("[W]e strongly prefer to get the deposition done no later than mid-December, given the January deadline for our reply brief for the class certification motion."). Zuffa did not learn until December 2023 (after filing its opposition to class certification) that Plaintiffs intended to take Meta's deposition. Even assuming that Meta did delay (*and* assuming that Plaintiffs could not have pursued a motion to

[4] Although Plaintiffs contend they might not have obtained an extension (Opp. at 7), they fail to acknowledge that both parties previously obtained extensions from the Court to facilitate Meta's data production, so it is unclear why Plaintiffs failed to do so before filing their class certification motion. ECF No. 41 at 2; ECF No. 66 at 4; ECF Nos. 117 at 2, 120 ("the Court granted Plaintiffs and Defendants Fourth Joint Stipulation to Continue Deadlines for Class Certification . . . to allow Meta to complete its production of Pixel event data").

compel the deposition earlier than December 2023), Plaintiffs fail to explain why they kept Zuffa in the dark about their plans to depose Meta and/or take simple measures to adjust the briefing schedule to avoid ambushing Zuffa on reply.

At bottom, Plaintiffs had over a year to obtain this discovery from Meta. Not only this, but the Court was clear in its initial scheduling order that the parties should prioritize class discovery. *See* ECF No. 32 ("the parties should, as best as possible, prioritize discovery that is relevant to class certification"); *cf. In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008) ("The discovery and class certification schedule has been well-known for many months and was given to the parties with the express admonition that it would be faithfully followed. Slipping these new arguments into a rebuttal report was a clear-cut form of sandbagging and was simply unfair."). Yet Plaintiffs *chose* to file a motion for class certification without certain evidence, arguments, and expert opinions. Plaintiffs' expectation that they would get a second bite at the apple on reply is not, as Plaintiffs suggest, the "reality of litigation." Opp. at 1. Rather, it turns Plaintiffs' burden on its head and has left Zuffa without a full and fair opportunity to respond. This is a problem of Plaintiffs' own making, and they should not be permitted to prejudice Zuffa because of it. As such, the Court should grant Zuffa's motion to strike.

DATED: February 27, 2024

**PAUL HASTINGS LLP**

By: */s/ Susan Leader*
Susan Leader
Ali R. Rabbani
Stephanie Balitzer

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on February 27, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Susan K. Leader*
Susan K. Leader