Douglass Mitchell (Bar No. 3775)
JENNER & BLOCK LLP
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6090
DMitchell@jenner.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, ENDEAVOR STREAMING, LLC, and ENDEAVOR GROUP HOLDINGS, INC.,<br><br>Defendants. | Case No. 2:22-cv-00412-RFB-BNW<br><br>**DECLARATION OF AMLESH JAYAKUMAR IN SUPPORT OF NON-PARTY META PLATFORMS, INC.'S MOTION TO SEAL PORTIONS OF ECF NOS. 130, 130-2, 130-3, 130-4, 135, AND 137 AND SHOWING OF GOOD CAUSE TO SEAL IN RESPONSE TO ECF NOS. 153 AND 154** |

# DECLARATION OF AMLESH JAYAKUMAR

I, Amlesh Jayakumar, declare as follows:

1. I am a Software Engineer at Meta Platforms, Inc. ("Meta"). I am familiar with Meta's treatment of proprietary and confidential information based on my job responsibilities and duties, which have included developing source code for the Meta Pixel, maintaining the Pixel product, and reducing risk associated with sensitive data transmitted via the Pixel. I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify to them under oath.

2. I submit this declaration in support of Meta's Motion to Seal Portions of ECF Nos. 130, 130-2, 130-3, 130-4, 135, and 137 and Showing of Good Cause to Seal in Response to ECF Nos. 153 and 154. Meta seeks to seal portions of (1) Defendant Zuffa, LLC's ("Zuffa") Motion For Leave To File Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification (ECF No. 130) ("Sur-Reply Motion"); (2) Exhibit 1 to the Declaration of Ali R. Rabbani in Support Of Zuffa's Sur-Reply (ECF No. 130-1) ("Rabbani Declaration"), consisting of a copy of Zuffa's Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification (ECF No. 130-2) ("Sur-Reply"); (3) Exhibit 2 to the Rabbani Declaration, consisting of excerpts of the deposition of Meta's Rule 30(b)(6) witness Tobias Wooldridge (ECF No. 130-3) (the "Wooldridge Deposition Excerpts"); (4) Exhibit 3 to the Rabbani Declaration, consisting of the Supplemental Expert Report of Zuffa's expert Ron Schnell (ECF No. 130-4) ("Zuffa's Expert Report"); (5) Plaintiffs' Response to Motion for Leave to File Sur-Reply and Opposition to Motion to Strike (ECF No. 135) ("Plaintiffs' Response to Zuffa's Sur-Reply Motion"); and (6) Zuffa's Reply in Support of Motion for Leave to File Sur-Reply (ECF No. 137) ("Zuffa's Reply in Support of Sur-Reply Motion"). Meta seeks to seal these portions of the parties' filings to preserve the confidentiality of sensitive and proprietary business information that Meta produced or otherwise disclosed to Plaintiffs through confidential deposition testimony during the course of discovery.

3. Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary

information to gain a competitive advantage. Meta is among multiple companies, including Google and X, that offer tracking pixel tools to their customers.

4. Meta also has an interest in maintaining confidentiality over information related to its data storage and integrity systems so that bad actors cannot violate Meta's policies or gain access or insight into information stored by Meta. Meta thus takes care to protect the confidentiality of its proprietary information and data it collects and stores.

5. The information Meta produced in response to Plaintiffs' subpoenas and the testimony provided by Mr. Wooldridge, Meta's Rule 30(b)(6) witness, includes confidential proprietary and sensitive information that plays an integral role in how Meta provides advertising services to its business customers and reflects information about Meta's proprietary data storage systems. Plaintiffs and Zuffa discuss this information in their respective filings through conversations about the contents of Meta's production and the testimony of Mr. Wooldridge.

6. Specifically, the below-identified portions of Zuffa's Sur-Reply Motion and its Sur-Reply include substantive discussions of the contents and storage of proprietary Meta Pixel event data, including cookies—small pieces of data that, for instance, can be exchanged between Meta's server and users' web browsers—as revealed to the parties through Meta's data productions and the testimony of its Rule 30(b)(6) witness. These filings also contain discussion of Meta's processes and systems for handling and storing data associated with the Meta Pixel. Likewise, the Wooldridge Deposition Excepts, Zuffa's Expert Report, and Zuffa's Reply in Support of Sur-Reply Motion contain detailed discussion of the capabilities and functioning of proprietary Meta cookies; details regarding data produced by Meta specific to the named plaintiffs; descriptions of Meta's storage systems and Meta's ability to query those systems; and Meta's process for attempting to match data associated with the Pixel to users.

7. As to the select portions of Plaintiffs' Response to Zuffa's Sur-Reply Motion identified below, these portions provide details of the contents of Meta's productions of plaintiff-specific data.

8. Meta seeks narrowly tailored redactions of these filings that would keep only particularly sensitive, non-public material sealed. The portions of the parties' filings that Meta seeks to seal and the basis for sealing is set forth in the following table:

| Document | Portions to Be Sealed | Designating Party | Basis for Sealing |
| --- | --- | --- | --- |
| Zuffa's Sur-Reply Motion (ECF No. 130) | Page 5, Lines 21-27 | Non-Party Meta Platforms, Inc. | The text should be sealed because it discusses non-public information about the types of Pixel event data and/or associated information that Meta may store or otherwise retain. If revealed, this information would competitively disadvantage Meta. |
| Zuffa's Sur-Reply Motion (ECF No. 130) | Page 9, Lines 19-21 | Non-Party Meta Platforms, Inc. | The text should be sealed because it discusses non-public information about the types of Pixel event data and/or associated information that Meta may store or otherwise retain. If revealed, this information would competitively disadvantage Meta. |
| Zuffa's Sur-Reply (ECF No. 130-2) | Page 1, Lines 3-4 | Non-Party Meta Platforms, Inc. | The text should be sealed because it discusses non-public information about the types of Pixel event data and/or associated information that Meta may store or otherwise retain. If revealed, this information would competitively disadvantage Meta. |

| Document | Portions to Be Sealed | Designating Party | Basis for Sealing |
|---|---|---|---|
| Zuffa's Sur-Reply (ECF No. 130-2) | Page 2, Lines 4-7, 12-21, 23-24, n.3 | Non-Party Meta Platforms, Inc. | The text should be sealed because it discusses non-public information about the types of Pixel event data and/or associated information that Meta may store or otherwise retain. It also discusses non-public information about Meta's processes for transmitting and storing data, as well as Meta's processes for attempting to match data to users. If revealed, this information would competitively disadvantage Meta. |
| Zuffa's Sur-Reply (ECF No. 130-2) | Page 3, Lines 7-10, 19, n.4 | Non-Party Meta Platforms, Inc. | The text should be sealed because it discusses non-public information about Meta's processes for transmitting and storing data, and the types Pixel event data and/or associated information that Meta may store or otherwise retain. If revealed, this information would competitively disadvantage Meta. |
| Wooldridge Deposition Excerpts (ECF No. 130-3) | Entire Document | Non-Party Meta Platforms, Inc. | The text should be sealed because it discusses non-public information about Meta's data processing and storage tools, as well as Meta's ability to query and attempt to match Pixel event data with users. And it discussed Meta's process for querying and attempting to match Pixel event data to users. If revealed, this information would competitively disadvantage Meta and place the integrity of the system at risk of harm from bad actors. |

| Document | Portions to Be Sealed | Designating Party | Basis for Sealing |
|---|---|---|---|
| Zuffa's Expert Report (ECF No. 130-4) | ¶¶ 6, 8, 10, 11, 12, 13, 14, 16, 18 | Non-Party Meta Platforms, Inc. | The text should be sealed because it discusses non-public information about Meta's data processing and storage tools, as well as Meta's ability to query and attempt to match Pixel event data with users. And it discusses Meta's process for querying and attempting to match Pixel event data to users. If revealed, this information would competitively disadvantage Meta and place the integrity of the system at risk of harm from bad actors. |
| Plaintiffs' Response (ECF No. 135) | Page 10, Lines 1-6 | Non-Party Meta Platforms, Inc. | The text should be sealed because it discusses non-public information about Meta's data processing and storage process and tools , and the types Pixel event data and/or associated information that Meta may store or otherwise retain. If revealed, this information would competitively disadvantage Meta. |
| Zuffa's Reply (ECF No. 137) | Page 2, Lines 8-12 | Meta | The text should be sealed because it discusses non-public information about Meta's processes for transmitting and storing data, and the types Pixel event data and/or associated information that Meta may store or otherwise retain. If revealed, this information would competitively disadvantage Meta. |

9. Disclosure of this information would provide (1) competitors with the opportunity to use Meta's information for their own gains; and/or (2) bad actors with information that could be used to obtain access to or gain insight into data that Meta legally collects and stores. Specifically, competitors could attempt to duplicate features of Meta's business processes, data

storage systems, or filtration systems. These processes and systems provide Meta with an advantage over competitors by allowing it to develop and deliver a higher-quality service to users and advertisers. This advantage will be lost if competitors become privy to Meta's proprietary information.

10. In addition, disclosure of details concerning Meta's data storage systems will make it easier for third parties to gain access or insight into data stored by Meta (including related to users) and circumvent Meta's integrity systems. Those systems are designed to keep information safe and secure so that people and businesses can confidently interact over different channels, products, and services. Disclosure would harm both Meta and the individuals whose data may be improperly accessed.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on July  21 , 2024 at San Francisco, California.

/s/  *Amlesh*
Amlesh Jayakumar

JAYAKUMAR DECL. IN SUPP. OF NON-PARTY META'S
MOTION TO SEAL AND SHOWING OF GOOD CAUSE

Case No. 2:22-cv-00412-RFB-BNW

6