**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar. No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd. Suite #130
Las Vegas NV 89121
Telephone: 702-843-5899
Facsimile: 702-843-6010

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (*admitted pro hac vice*)
seth@gutridesafier.com
MARIE A. MCCRARY (*admitted pro hac vice*)
marie@gutridesafier.com
HAYLEY REYNOLDS (*admitted pro hac vice*)
hayley@gutridesafier.com
ANTHONY J. PATEK (*admitted pro hac vice*)
anthony@gutridesafier.com
KALI BACKER (*admitted pro hac vice*)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**

| | |
|---|---|
| EVERETT BLOOM, JACK GRAHAM, AND DAVE LINDHOLM on behalf of themselves, the general public and those similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>ZUFFA, LLC; ENDEAVOR STREAMING, LLC and ENDEAVOR GROUP HOLDINGS, INC.<br>      Defendant. | Case No. 2:22-cv-00412-RFB-BNW<br><br>PLAINTIFFS' REQUEST FOR CONTINUANCE OF EVIDENTIARY HEARING RE: CLASS CERTIFICATION AND EXTENSION OF TIME FOR SUBMISSION OF EXHIBIT LIST |

Plaintiffs respectfully move to continue briefly the evidentiary hearing relating to class certification currently set for February 20, 2025, and extend the deadline for the parties to submit their exhibit lists for that hearing. Plaintiffs request that the evidentiary hearing be reset to a mutually convenient date in March 2025 to allow Plaintiffs time to resolve its motion to compel Meta's attendance at the hearing, which Plaintiffs are filing concurrently.[1] Good cause for the requested continuance and extension also exist in view of the following: (1) Meta's refusal to appear at the February 20th hearing; (2) Meta's refusal to produce requested additional pixel data until February 7, 2025—which leaves insufficient time to digest and analyze that data before the February 20th hearing; and (3) to allow participation by Plaintiffs' expert, Rebecca Herold, who is currently unavailable on February 20.

Alternatively, if Meta agrees to, or has its appearance compelled, Plaintiffs request the hearing be continued to a date and time in March that Ms. Herold is available (as identified below). Finally, Plaintiffs respectfully request that the Court expedite this motion given the upcoming February 20, 2025 hearing date.

**BACKGROUND**

At the November 19, 2024 hearing on Plaintiffs' Motion for Class Certification, the Court ordered an evidentiary hearing to determine whether there was sufficient evidence to certify a class. ECF 166; Patek Decl., Ex. 1 at 8:14-9:3; 26:1-28:25. The Court set a February 20, 2025 hearing date, with instructions to inform the Court if there were any issues. *Id.* Plaintiffs noted that they needed to confirm their expert's availability on that date. *Id.* at 27:19-12. The Court also indicated that it wished Meta to be present at the hearing, and that Plaintiffs could and should subpoena Meta for additional pixel data. *Id*. at 14:6-10 (THE COURT: "I think the only issue that could complicate this slightly is we would have to identify someone from Meta . . . to come in and say, 'This is the data that's available,' right."_); *see also* 26:21; 27:23-

---

[1] Plaintiffs have concurrently filed a motion to compel Meta. See *Bloom v. Meta Platforms, Inc.*, No. 2:25-MS-00002 (D. Nev.). Plaintiffs attempted to file the motion to compel the evening of January 8, 2025, but were unable to file via CM/ECF because Local Rule IC 1.6 forbids filing miscellaneous actions (which include motions to compel non-parties) via CM/ECF. The Court was then closed January 9, 2025 out of respect for President Carter.

28:13 (reiterating desire to have Meta witness present). Plaintiffs indicated their willingness to do so, but noted that—given Meta's prior resistance to providing data or testimony—it would likely be difficult to get the data in time for the February hearing. *Id.*

Plaintiffs immediately sent Meta amended subpoenas for documents and deposition testimony, requesting three days of additional pixel data per the Court's order. Patek Decl., ¶ 3 and Ex. 2. Plaintiffs served the subpoena by mail on November 22, 2024, as well as by email the prior day. *Id.*

On November 25, 2024, Meta's counsel indicated via email that the Subpoena for Deposition Testimony was inappropriate for testimony at a hearing. Patek Decl., Ex. 3. (N.B., Meta separately served written objections to both amended subpoenas, but not until December 16, 2024. See Patek Decl., Ex. 6.)

Plaintiff then emailed notice to Meta that they intended to serve a new "Subpoena to Appear at Trial or Hearing." Patek Decl., Ex. 4. That notice included an electronic copy of the subpoena; Plaintiffs served a paper copy by U.S. Mail on December 13, due to international travel. Patek Decl., ¶ 7, Ex. 5. Meta received the mailed copy on December 23. Patek Decl., ¶ 7.

On December 18, 2024, Plaintiffs, Defendant, and Meta Platforms met and conferred via Zoom. Patek Decl., ¶ 9. At the meet and confer, Meta indicated that it would produce data associated with Zuffa's Meta pixel for the three dates requested by Plaintiffs, but could not do so in time for the January 15, 2025 deadline for the parties' exhibit lists. *Id*. Meta also objected orally to the subpoena to appear at the hearing, on the grounds that it was an undue burden and expense to Meta as a third party, and that Meta was outside the geographic limits of the Court's power to compel attendance at the hearing, given its location in Menlo Park, California. *Id*. Plaintiffs' counsel suggested the possibility of remote appearance to avoid any burden of travel, but Meta indicated it would still object. *Id*. Meta's counsel confirmed a target production date of February 7, 2025 by email two days later. *Id*., Ex. 7.

On December 19, 2024, Plaintiffs' expert Ms. Herold sent an email to Plaintiffs' counsel stating that she was unavailable on February 20, 2025. Patek Decl., ¶ 10. Specifically, prior to November, Ms. Herold had committed to lead an all-day, on-site, company-wide training on February 20, 2025, for a client company located in Des Moines, Iowa. *Id.* Unfortunately, Plaintiffs' counsel did not see Ms. Herold's email until January 3, 2025. *Id.* Plaintiffs' counsel immediately notified Defendant of the conflict.

On January 6, 2025, Meta served written objections to the Subpoena to Appear by email, indicating its refusal to appear at the February 20, 2025 evidentiary hearing. Patek Decl., Ex. 8.

Plaintiffs have communicated their intent to request the hearing be rescheduled, and to request an extension of the deadline for the exhibit list to allow the parties to receive Meta's pixel data before creating an exhibit list. *Id.*, ¶ 11. Zuffa's counsel indicated that they would not oppose an extension of the January 15, 2025 deadline for the parties' exhibit lists to after the expected production of Meta pixel data on February 7. *Id.* Zuffa's counsel further stated that they oppose the continuance of the February 20th hearing date, citing costs of travel and unavailability for any hearing in March. *Id.*

### ARGUMENT

**A. Meta's Refusal to Appear Constitutes Good Cause for a Continuance.**

To begin with, a continuance of the upcoming hearing is necessary to accommodate resolution of a motion to compel Meta to attend the hearing as requested by this Court. When the Court set the February 20, 2025, evidentiary hearing date, it explicitly stated that it wanted **a witness from Meta**. *See, e.g.,* Tr. of Hearing on Class Certification, Patek Decl., Ex. 1 at 8:14-9:3 ("THE COURT: So I will tell you all, . . . one of the things I've done in the past as relates to [class certification] is have an evidentiary hearing, have the two experts come up ***and have the Meta person come up and tell me, and then I can resolve it***.") (emphasis added); *id.* at 9:28-10:1 ("THE COURT: I'd like to hear from the experts, and then ***I'd like to hear from someone at Meta*** who could tell me what data is available, right, so that we don't have an issue. Let them come up here and tell me, 'Yes, if you order us to provide it, we can provide it.'"); *id.* at 23:9-10

("[R]ight now I'm thinking of three witnesses: the two experts, each expert, and Mr. Woodridge [i.e., Meta's witness] [sic[2]]").

Plaintiffs noted at the November hearing on class certification that compelling Meta was likely to become necessary, given Meta's recalcitrance in the past. In response, this Court noted that it would order Meta to appear if necessary, and that it would deal with any dispute as needed.

> **THE COURT**: But I just tell you that my review of the law and in handling these cases I think it's important [to resolve whether evidence supports class certification prior to certifying a class].
>
> . . . I think the only issue that would complicate this slightly is we would have to identify someone from Meta who would need to come in, whoever you all would identify, to come in and say, "This is the data that's available," right. And the only thing that we might – I might consider doing in the context of discovery is requiring them to produce some version of that even before we have this evidentiary hearing.
>
> . . .
>
> **MR. PATEK**: Sure. Okay. And I just want to make clear, . . . Meta eventually turns stuff over and eventually produced a witness, but it took a while, right, 18 months between the time we first served the subpoena. So I just want to make sure that we would get --
>
> **THE COURT**: Well, you and I asking is slightly different, right.
>
> **MR. PATEK**: Yes. No, that's what I'm -- that's what I'm saying -- getting at, Your Honor, is that I assume that this would have your backing.
>
> **THE COURT**: No, I would order them to produce a witness, right.

Hearing Tr. at 13:22-15:8.

---

[2] Meta's witness at the parties' prior deposition of Meta was Mr. Tobias Wooldridge.

The Court further noted that it would deal with motions to compel as necessary. *Id.* at 26:17-23 (Court instructing the parties to "subpoena the Meta person. Hopefully that won't create any issues, but we'll address that as it comes.")

It is now clear that a motion to compel Meta's attendance is necessary. Even if the Court expedites such motion (Patek Decl., ¶ 12), it will be difficult to resolve the matter without impacting the February 20, 2025 hearing date. Plaintiffs have filed a motion to compel Meta's attendance, but filing that motion has taken several days—with unexpected delays due to unforeseen events such as President Carter's remembrance—and serving it on Meta will take an additional time.

The delay caused by Meta's resistance to the subpoena to appear at the hearing thus constitutes good cause to continue the hearing.

### B. Meta's Late Production is Good Cause for a Continuance of the Hearing. and Extension of the Related Exhibit Deadline.

Additionally, Meta has not yet produced the additional pixel data in response to the amended subpoena to produce documents in the N.D. California, and has indicated that its "target" for doing so is February 7, 2025. The Court acknowledged that it would be helpful to see whether the additional pixel data for absent class members will corroborate claims and predominate over individualized questions. *See* Patek Decl., Ex. 1 at 6:19-7:1 ("THE COURT: So Facebook has or Meta, whatever, has all of this data? MR. PATEK: Yes. THE COURT: For all of the potential class members? MR. PATEK: We believe – yeah . . . ."); *id.* at 14:18-20 ("THE COURT: It might make sense for us to be provided a sample, for example, of the potential class members and that would help me in terms of understanding this issue").

Even if Meta meets its "target" of producing on February 7th, the Parties will have a mere 13 days before the current hearing date to digest and analyze the data. Meta has warned that it could be hundreds of thousands of lines of data, which will not be trivial to analyze and summarize for the Court. Thirteen days will likely be insufficient. Allowing additional time to

fully analyze the data will improve the quality of testimony at the hearing significantly. This is additional good cause for the requested continuance.

The February 7th date of Meta's expected production is also good cause for extension of the deadline for the parties' exhibit lists. Simply put, the parties cannot create exhibits for data they have not seen. As such, any lists produced on January 15, 2025 will necessarily be incomplete. And if the Court is willing to allow the parties to amend their lists after the production (whether February 7th or later), it may as well simply set the initial deadline to that later date, since the lists won't be finalized prior to that date anyway.

When setting the evidentiary hearing and approving additional third party discovery from Meta, this Court said that "if you need further Court action, you have to be able to come to me in time to be able to do something and also to give them time, right?" *Id*. at 35:1-3. Plaintiffs accordingly subpoenaed Meta immediately and have diligently pursued obtaining the requested data and witness. While the Court indicated that it "really want[ed] to have the hearing in February," and "did not want to push the hearing back" (*id.* at 35:8-16), it unfortunately appears necessary to do so.

**C. Ms. Herold's Scheduling Conflict Is Good Cause for a Continuance.**

Finally, Ms. Herold's lack of availability on February 20th constitutes good cause to change the hearing date. Plaintiffs explicitly noted at the November motion hearing that they needed to confirm Ms. Herold's availability on February 20th. *Id*. at 27:10-12 (MR. PATEK: "[W]e'd obviously need to double-check the experts' schedules"). Unbeknownst to Plaintiffs at that time, Ms. Herold had committed to conduct an all-day, on-site training for a client company back as of August, and the company had already proceeded to arrange that company-wide training in reliance on her commitment to do so. Patek Decl., ¶ 13. That scheduling conflict—which existed as of the November 19th hearing—is sufficient good cause to continue the hearing to a later date.

Plaintiffs have pressed Ms. Herold for alternative hearing dates. Ms. Herold is available to appear in person at the Court on any date from March 6-20 and March 22-30. Patek Decl.,

¶ 14. She is unavailable to appear in person on any date from February 20 to March 6. *Id.* Defendant Zuffa rejected all available dates in March, indicating that defense counsel and their expert are completely unavailable for that entire date range. Zuffa provided no details of what their specific conflicts were. *Id.*

Zuffa has indicated that it will oppose this request for continuance, on the ground that any delay is Plaintiffs' fault, and any further delay prejudices it. Granting that Plaintiffs could have learned of this conflict prior to January 3rd, the February 20th hearing date would have had to be reset anyway to avoid the preexisting schedule conflict, which has existed for Ms. Herold since August of 2024. Moreover, there still exists the issue of Meta's ongoing refusal to attend the hearing and its refusal to produce the requested data until 13 days before the scheduled, all of which is beyond Plaintiffs' control and unknown until recently.

Continuing the hearing date by approximately one month will not prejudice Defendants in any substantive manner. To the extent Defendant objects that they are financially prejudiced because they already paid for travel on the current hearing date, Plaintiffs are willing to moot that objection by agreeing to reimburse Zuffa for any additional costs associated with non-refundable travel for which Zuffa has already paid (subject to submission of receipts and confirmation of details such as date(s) reservations were made and non-refundability or transference to a new hearing date).

Accordingly, good cause exists to continue the evidentiary hearing and extend the deadline for the parties' exhibit lists by 30 days or until such time as Meta's attendance has been resolved.

Dated: January 10, 2025

**GUTRIDE SAFIER LLP**

*s/ Anthony J. Patek*
**GUTRIDE SAFIER LLP**
Seth Safier (admitted *pro hac vice*)
Marie A. McCrary (admitted *pro hac vice*)
Hayley Reynolds (admitted *pro hac vice*)
Anthony J. Patek (admitted *pro hac vice*)
Kali Backer (admitted *pro hac vice*)
100 Pine Street, Suite 1250

San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

**MARKMAN LAW**
David Markman (Nevada Bar. No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd. Suite #130
Las Vegas NV 89121
Telephone: 702-843-5899
Facsimile: 702-843-6010

*Attorney for Plaintiffs*

- 9 -
PLAINTIFFS' REQUEST FOR CONTINUANCE AND EXTENSION
Case No. 2:22-cv-00412-RFB-BNW

# CERTIFICATE OF SERVICE

I, Anthony J. Patek, hereby certify that on the 10th day of January 2025, I caused to be served a true and correct copy of the following document(s) via ECF, the court's electronic filing system to the parties below:

**CAMPBELL & WILLIAMS**
J. Colby Williams, Esq.
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
E-Mail: jcw@cwlawlv.com

**PAUL HASTINGS, LLP**
Susan K. Leader
Ali Rabbani
Stephanie V. Balitzer
1999 Avenue of the Stars, 27th Fl.
Century City, CA 90067
E-Mail: susanleader@paulhastings.com
E-Mail: alirabbani@paulhastings.com
E-Mail: stephaniebalitzer@paulhastings.com

I declare that the foregoing is true and correct and that this document was executed on January 10, 2025.

**GUTRIDE SAFIER LLP**

*/s/ Anthony Patek*
Anthony J. Patek, Esq.