# EXHIBIT 7

**Anthony Patek <anthony@gutridesafier.com>**

## RE: Bloom v. Zuffa - Subpoenas to Meta
1 message

**Edelstein, Laurie J.** <LEdelstein@jenner.com>	Fri, Dec 20, 2024 at 3:53 PM
To: Anthony Patek <anthony@gutridesafier.com>
Cc: "Rabbani, Ali" <alirabbani@paulhastings.com>, ufc <ufc@gutridesafier.com>, "Leader, Susan" <susanleader@paulhastings.com>, "Zielinski, Paige E." <PZielinski@jenner.com>, "Carrero, Jacquellena T." <JCarrero@jenner.com>

Anthony,

Thank you for your message.   Would you be able to provide additional information regarding service of the trial subpoena – for example, to whom was the mail addressed and when was it delivered?

With respect to the production of data:

- Meta will search for Pixel event data transmitted to Meta through Pixel IDs 1187589367948603; 1160489023965390; 1676148929325324; 764176390811447; 509857726552711; and 626274810874103 on September 17, 2021, April 9, 2022, and May 2, 2022.
    - To the extent data exists, Meta will produce up to 100,000 rows of Pixel event data per Pixel ID per day for a total of up to 300,000 rows of Pixel event data per Pixel ID over the three days and up to 1,800,000 rows of Pixel event data overall across Pixel IDs and days.
- Meta is targeting production of the data by February 7, 2025.

Thanks,

Laurie

**Laurie J. Edelstein**

**Jenner & Block LLP**
525 Market Street
29th Floor
San Francisco, CA 94105-2708   |   jenner.com
+1 415 293 5943    |   Tel
+1 415 730 4029    |   Mobile
LEdelstein@jenner.com
Download V-Card   |   View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system

**From:** Anthony Patek <anthony@gutridesafier.com>
**Sent:** Friday, December 20, 2024 2:40 PM
**To:** Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Rabbani, Ali <alirabbani@paulhastings.com>; ufc <ufc@gutridesafier.com>; Leader, Susan <susanleader@paulhastings.com>
**Subject:** Bloom v. Zuffa - Subpoenas to Meta

**External Email - Do Not Click** Links or Attachments Unless You Know They Are Safe

Laurie

USPS tracking indicates that at least two copies of the subpoena to appear at the hearing have been delivered. See tracking numbers 9589071052701772090685 and 9589071052701772090678.  Let me know when you expect to send Meta's written response and objection.

Also, do you have an estimated extension for production of the pixel data that I can provide to Judge Boulware?

Regards,

**Anthony J. Patek**

Gutride Safier LLP

100 Pine Street, Suite 1250

San Francisco, CA 94111

anthony@gutridesafier.com

Ph: (415) 639-9090

M:  (415) 505-6226

525 MARKET STREET 29TH FLOOR SAN FRANCISCO, CA 94105

**JENNER&BLOCK** LLP

Laurie Edelstein
Tel +1 415 293 5943
LEdelstein@jenner.com

January 6, 2025

**BY ELECTRONIC MAIL**

Anthony J. Patek
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
anthony@gutridesafier.com

> Re: *Bloom* v. *Zuffa, LLC*, No. 22 Civ. 412 (D. Nev.): Subpoena to Meta to Appear and Testify at a Hearing and to Produce Documents

Dear Anthony,

      We write in response to the subpoena for testimony and production of documents (the "Subpoena") served on Meta Platforms, Inc. ("Meta") on December 23, 2024 by the plaintiffs in *Bloom* v. *Zuffa, LLC*, No. 22 Civ. 412 (D. Nev.), a litigation to which Meta is not a party. Meta objects to the Subpoena's demand that non-party Meta appear in the United States District Court for the District of Nevada in Las Vegas, Nevada to testify at a hearing on February 20, 2025 and produce documents on the grounds that the Subpoena does not comply with the geographic limits in Federal Rule of Civil Procedure 45(c).

      Meta met and conferred with the parties in this matter on December 18, 2024 and informed them it intended to contest a subpoena to testify at the February 20, 2025 hearing once served. Meta agreed to set forth its objections in writing. Meta's position is below with supporting authority.

      Rule 45(c)(1)(A) provides that a person can be commanded to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). A person also can be commanded to attend a trial, hearing, or deposition "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). If a trial subpoena exceeds these geographic limits, "the district court '*must* quash or modify' the subpoena." *In re Kirkland*, 75 F.4th 1030, 1042 (9th Cir. 2023) (quoting Fed. R. Civ. P. 45(d)(3)(A)(ii)) (emphasis in *Kirkland*).

January 6, 2025
Page 2

The Ninth Circuit has made clear that Rule 45(c) imposes strict geographic limits on a federal court's power to compel a witness to testify: a person cannot be compelled to testify if they are "located further from the courthouse than Rule 45 proscribes." *In re Kirkland*, 75 F.4th at 1046. Courts in this Circuit thus consistently have quashed subpoenas where, as here, "the only knowledgeable representatives would have to travel more than 100 miles to provide testimony." *Netlist, Inc.* v. *Montage Tech., Inc.*, No. 22 MC 80337, 2023 WL 2940043, at *6 (N.D. Cal. Feb. 24, 2023); *see also Owlink Tech., Inc.* v. *Cypress Tech. Co.*, No. 21 Civ. 717, 2023 WL 4291822, at *1-3 (C.D. Cal. May 11, 2023) (denying plaintiffs' motion to compel witnesses to travel more than 100 miles to appear live at trial because witnesses were outside the court's subpoena power); *Issagholi* v. *McLaren Auto., Inc.*, 19 Civ. 7616, 2021 WL 4352297, at *1 (C.D. Cal. July 9, 2021) (granting motion to quash subpoena seeking trial testimony in California where non-party witness lived in Texas and did not regularly transact business in California).

Here, the subpoena is a demand for Meta to appear at an evidentiary hearing in this litigation; it is not a trial subpoena. Meta also is not a party to the litigation. The geographic limits in Rule 45(c)(1)(A) thus apply. Meta's headquarters, however, are in Menlo Park, California, more than 100 miles from Las Vegas, Nevada. Meta does not have an office in Nevada and does not have a representative knowledgeable about the subject matter of this action within 100 miles of Las Vegas, Nevada. Meta thus is outside the subpoena power of the Court and cannot be compelled to testify at a hearing in this matter in the United States District Court for the District of Nevada in Las Vegas, Nevada.

Moreover, Meta already has produced a witness for a deposition in this matter in response to a deposition subpoena that complied with Rule 45's geographic limits. On January 25, 2024, Meta's witness provided a full day of thorough and complete testimony on a broad range of topics. These topics included: "[t]he types of Event Data that Meta receives through the Meta Pixel and the data fields reflected in the data Meta has produced," "[w]hether and how a Facebook user's operating system and/or web browser setting affects the transmission of Event Data to Meta," and "Event Data that Meta received from Zuffa via the Meta Pixel, including Event Data related to the Plaintiffs, on or after June 19, 2021." *See* Dep. Tr. of T. Wooldridge at 14:7-17:20 (Jan. 25, 2024).

Meta also objects to the Subpoena's demand that Meta produce documents at the United States District Court for the District of Nevada in Las Vegas, Nevada. Federal Rule of Civil Procedure 45(c)(2)(B) provides that a subpoena may command the production of documents and electronically stored information "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Again, Meta's Menlo Park, California headquarters is more than 100 miles from Las Vegas, Nevada. As such, the subpoena "is invalid." *Williams* v. *Camden USA Inc.*, No. 19 Civ. 691, 2021 WL 5417516, at *1 (S.D. Cal. Nov. 19, 2021); *see also GreenLake Real Est. Fund LLC* v. *Waid*, No. 24 MC 00040, 2024 WL 3009015, at *2 (C.D. Cal. Apr. 11, 2024) (granting motion to quash where subpoena commanded

January 6, 2025
Page 3

production of documents more than 100 miles from corporate residency, where its officers and employees worked, and where it regularly transacted business in person).

      Meta notes that plaintiffs also served a "third amended" subpoena for the production of documents that seeks the same data as this Subpoena but with a place of compliance that complies with the geographic limits of Rule 45(c)(2)(B). Meta has reached an agreement with plaintiffs regarding the scope of data for which Meta intends to search and produce, to the extent it exists, in response to the "third amended" subpoena. In addition, Meta already has made two prior productions in this matter.

      Meta is a not a party to this litigation. It nonetheless has made every effort to cooperate with plaintiffs' multiple discovery demands spanning two years. Despite its non-party status, Meta already has made two productions of data, agreed to search for and produce additional data to the extent it exists, and produced a witness for a day-long deposition during which he was questioned by both parties. The parties have had ample opportunity to seek discovery from Meta. There is no basis or authority that would require Meta to testify at a hearing outside the geographic limits of Rule 45(c).

      Meta reserves the right to supplement this response and objections to the Subpoena at a later date. This response also is made without waiver of Meta's rights, remedies, and defenses, which are expressly reserved, including the right to move to quash the Subpoena and seek costs.

      Sincerely,

      Laurie Edelstein