**CAMPBELL & WILLIAMS**
J. COLBY WILLIAMS (Nev. Bar No. 5549)
jcw@cwlawlv.com
710 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

**PAUL HASTINGS LLP**
SUSAN LEADER (*admitted pro hac vice*)
susanleader@paulhastings.com
ALI R. RABBANI (*admitted pro hac vice*)
alirabbani@paulhastings.com
STEPHANIE BALITZER (*admitted pro hac vice*)
stephaniebalitzer@paulhastings.com
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendant Zuffa, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVERETT BLOOM; JACK GRAHAM; and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ZUFFA, LLC,<br><br>　　　　　Defendant. | CASE NO. 2:22-cv-00412-RFB-BNW<br><br>**DEFENDANT ZUFFA, LLC'S OBJECTIONS TO PLAINTIFFS' DISCLOSURE OF WITNESSES AND EXHIBITS FOR EVIDENTIARY HEARING ON MOTION FOR CLASS CERTIFICATION**<br><br>**PUBLIC REDACTED VERSION** |

Defendant Zuffa, LLC ("Zuffa") submits the following evidentiary objections to Plaintiffs' Disclosure of Witnesses and Exhibits for Evidentiary Hearing on Motion for Class Certification.

## I. ZUFFA'S OBJECTIONS

### A. Testimony Offered By Plaintiffs' Consulting Expert, Serge Egelman Ph.D.

Zuffa objects to any testimony offered by Plaintiffs' consulting expert, Serge Egelman, Ph.D. ("Egelman"), at the evidentiary hearing on class certification. In Plaintiffs' Disclosure of Witnesses and Exhibits for the evidentiary hearing, Plaintiffs state that Egelman "will also attend and be available to answer questions from the Court." But Plaintiffs did not submit any opinions, declarations, or reports from Egelman in support of their Motion for Class Certification (nor have Plaintiffs made any expert disclosures for Egelman as required by Rule 26(a) of the Federal Rules of Civil Procedure and the Scheduling Order in this action). Rather, Plaintiffs submitted two expert reports from their *testifying* expert, Rebecca Herold. Accordingly, Zuffa has not had the opportunity to depose or cross-examine Egelman during discovery, assess the scope or basis of his opinions, determine whether rebuttal expert testimony was necessary, or file a *Daubert* motion to challenge the admissibility of any purported expert opinions. Plaintiffs' offer at the eleventh hour to have Egelman testify at the evidentiary hearing (or "answer questions from the Court") should therefore be rejected as procedurally improper and fundamentally unfair to Zuffa. *See, e.g.*, Fed. R. Civ. P. 37(c)(1) (Where a "a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 679 (N.D. Cal. 2021) (striking testimony of expert on class certification who was not properly disclosed because it "would mean that [he] could testify to expert opinions without having gone through any of the hurdles that other experts do.").

### B. New Expert Opinion in Plaintiffs' Demonstratives

Zuffa further objects to the following portions of Plaintiffs' Demonstratives because they appear to contain a new expert opinion that was not previously disclosed in Ms. Herold's expert reports submitted with Plaintiffs' Motion for Class Certification and Reply Brief:

- **Slide 7**: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- **Slide 8**: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Ms. Herold submitted *two* expert reports with Plaintiffs' Motion for Class Certification and Reply Brief. However, neither of these reports disclose any expert opinion that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ms. Herold should be prohibited from providing this new opinion for the first time at the evidentiary hearing. *See, e.g.*, *In re Wal-Mart Wage & Hour Emp. Pracs. Litig.*, 2008 WL 3179315, at *11 (D. Nev. June 20, 2008) (granting motion to strike where expert's declaration "reflect[ed] a new analysis which was not part of his initial report"); *see also United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000) (striking supplemental declarations on reply that "address issues which should have been addressed in the opening brief").[1]

## II.     CONCLUSION

Accordingly, Zuffa respectfully requests that the Court sustain these objections and either strike or disregard the evidence addressed herein.

Dated: May 12, 2025               Respectfully Submitted,

                                  PAUL HASTINGS LLP

                                  By:     *Susan Leader*
                                          Susan Leader
                                          Ali Rabbani
                                          Stephanie Balitzer

                                  *Attorneys for Defendant Zuffa, LLC*

---

[1] As discussed in Zuffa's Motion to Strike the Reply Expert Report of Rebecca Herold (ECF No. 129), this is not the first time Ms. Herold has improperly raised new opinions after submitting her initial Expert Report in support of Plaintiffs' Motion for Class Certification.

# CERTIFICATE OF SERVICE

I am employed by Paul Hastings LLP in Century City, California. I am over the age of 18, and not a party to the within action. My business address is 1999 Avenue of the Stars, Twenty-Seventh Floor, Century City, CA 90067.

On May 12, 2025, I served the foregoing document(s) described as:

**DEFENDANT ZUFFA, LLC'S OBJECTIONS TO PLAINTIFFS' DISCLOSURE OF WITNESSES AND EXHIBITS FOR EVIDENTIARY HEARING ON MOTION FOR CLASS CERTIFICATION [SEALED VERSION]**

on the interested parties by personally emailing the aforementioned document(s) in PDF format to all persons appearing on the below Service List at the corresponding email addresses set forth therein.

## SERVICE LIST

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (*pro hac vice*)
seth@gutridesafier.com
MARIE A. MCCRARY (*pro hac vice*)
marie@gutridesafier.com
HAYLEY REYNOLDS (*pro hac vice*)
hayley@gutridesafier.com
ANTHONY PATEK (*pro hac vice*)
anthony@gutridesafier.com
KALI BACKER (*pro hac vice*)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar. No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd. Suite #130
Las Vegas NV 89121
Telephone: 702-843-5899
Facsimile: 702-843-6010

**JENNER & BLOCK LLP**
Douglass Mitchell (Bar No. 3775)
1099 New York Ave., NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-6090
DMitchell@jenner.com

Laurie Edelstein
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 12, 2025.

By: */s/ Melica S. Kajeh*
Melica S. Kajeh