**CAMPBELL & WILLIAMS**
J. COLBY WILLIAMS (Nev. Bar No. 5549)
jcw@cwlawlv.com
710 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

**PAUL HASTINGS LLP**
SUSAN K. LEADER (*admitted pro hac vice*)
susanleader@paulhastings.com
ALI R. RABBANI (*admitted pro hac vice*)
alirabbani@paulhastings.com
STEPHANIE V. BALITZER (*admitted pro hac vice*)
stephaniebalitzer@paulhastings.com
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,

Plaintiffs,

vs.

ZUFFA, LLC,

Defendant.

CASE NO. 2:22-cv-00412-RFB-BNW

**DEFENDANT ZUFFA, LLC'S MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7-2(g), Defendant Zuffa, LLC ("Zuffa") respectfully requests leave to file a notice of supplemental authority, attached hereto as **Exhibit A**, in support of its Opposition to Plaintiffs' Motion for Class Certification and Sur-Reply in Opposition to Plaintiffs' Motion for Class Certification (ECF Nos. 106, 129) (together, "Zuffa's Opposition").

A court may grant a motion for leave to file a supplemental notice for "good cause." L.R. 7-2(g). "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Alps Prop. & Cas. Ins. Co. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021) (internal citation omitted).

Here, good cause exists because the decision at issue, *Hughes v. Nat'l Football League*, No. 24-2656, 2025 WL 1720295 (2d Cir. June 20, 2025), affirming a district court's dismissal of a complaint in a putative Video Privacy Protection Act ("VPPA") class action, (1) was issued on June 20, 2025 and therefore could not have been cited earlier, (2) directly pertains to arguments made in Zuffa's Opposition (ECF No. 106 at 17-18), and (3) will not prejudice Plaintiffs. *Alps Prop. & Cas. Ins. Co.*, 526 F. Supp. 3d at 812 (good cause existed for filing notice of supplemental, out-of-circuit authorities that were "particularly persuasive and helpful" because they "address the same policy provisions at issue …, under similar factual circumstances, and in the same procedural posture").

Accordingly, Zuffa respectfully requests that the Court permit it to submit the attached Notice of Supplemental Authority.

DATED: June 27, 2025

**PAUL HASTINGS LLP**

By: */s/ Susan Leader*
Susan Leader
Ali Rabbani
Stephanie Balitzer

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on June 27, 2025, I authorized the electronic filing of the foregoing **Defendant Zuffa, LLC's Motion for Leave to File Notice of Supplemental Authority** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/S/ SUSAN K. LEADER*
SUSAN K. LEADER

**INDEX**

| EXHIBIT NO. | DESCRIPTION | PAGES |
|---|---|---|
| A | Defendant Zuffa, LLC's Notice of Supplemental Authority | 1-4 |
| B | *Hughes v. Nat'l Football League*, No. 24-2656, 2025 WL 1720295 (2d Cir. June 20, 2025) | 1-3 |