Jan K. Tomasik
Nevada Bar No. 15104
COZEN O'CONNOR
1180 North Town Center Drive
Suite 260
Las Vegas, NJ 89144
Telephone: (702)470-2330
JTomasik@cozen.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC, ENDEAVOR STREAMING, LLC, and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**NON-PARTY META PLATFORMS, INC.'S RESPONSE TO DEFENDANT ZUFFA, LLC'S MOTIONS FOR LEAVE TO FILE UNDER SEAL, ECF NOS. 177 AND 188**

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Competitive harm likely will result if identified portions of the parties' papers are not sealed. Defendant Zuffa, LLC's ("Zuffa") filings discuss and summarize commercially sensitive and proprietary information that Meta produced to Plaintiffs and designated as "Highly Confidential" pursuant to the Court's protective order (ECF No. 36) and that Meta provided through the confidential deposition testimony of its Rule 30(b)(6) witness. Meta acknowledges that "stipulated protective orders alone do not justify sealing court records" (ECF No. 91 at 3), and it is mindful of the Court's guidance in its prior orders on Meta's motions to seal (ECF No. 152; ECF No. 161). Meta thus seeks to maintain under seal only select portions of the information the parties filed under seal. Meta seeks to seal this information on the ground that it would reveal non-public information regarding the operation of Meta's proprietary storage processes and data systems for handling and storing data associated with the Meta Pixel. Meta believes there is good cause and compelling reason to seal the information identified below because it contains descriptions of Meta's proprietary technology and processes. Disclosure of this information would put Meta at a competitive disadvantage in the marketplace and could impede Meta's integrity efforts. Courts routinely protect the type of information that Meta seeks to seal. Good cause and compelling reasons thus exist to seal the portions of Zuffa's filings that discuss Meta's production.

## PROCEDURAL BACKGROUND

Meta is not a party to this dispute in which Plaintiffs allege that Zuffa has violated the Video Privacy Protection Act, 18 U.S.C. § 2170 ("VPPA"), and California law by knowingly disclosing without users' consent personally identifiable information about videos that users of the ufcfightpass.com website have requested or obtained. Plaintiffs allege Zuffa made these disclosures through its use of the Meta Pixel, a piece of JavaScript code that allows Zuffa and other websites with which Meta does business to collect information about the actions users take on their websites. (Am. Compl. ¶ 1.) Plaintiffs allege that businesses can configure the Meta Pixel to collect information about the specific website URLs that a user visits. (*Id.* ¶¶ 39, 49–50.)

On December 15, 2022, Plaintiffs served a subpoena on non-party Meta seeking the production of multiple categories of data and documents. (Edelstein Decl. ¶¶ 1, 7.) On August 21, 2023, Meta produced data responsive to Plaintiffs' subpoena. (*Id.*) Meta designated this data

as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's stipulated protective order (ECF No. 36). (*Id.*) On January 3, 2024, Plaintiffs served a second amended subpoena for documents and deposition testimony on non-party Meta. (*Id.* ¶ 1). On January 25, 2024, Plaintiffs deposed Meta's Rule 30(b)(6) witness Tobias Wooldridge, whose testimony also was designated as "Highly Confidential." (*Id.* ¶ 8.)

On May 12, 2025, in connection with a hearing on class certification, Zuffa filed its Objections to Plaintiffs' Disclosure of Witnesses and Exhibits for Evidentiary Hearing on Motion for Class Certification ("Evidentiary Objections"). (ECF No. 176.) Portions of the Evidentiary Objections contain Meta's confidential and proprietary information. Zuffa accordingly filed the Evidentiary Objections under seal, and, at the same time, filed a motion seeking leave to file this document under seal. (ECF No. 177.)

On October 10, 2025, Zuffa moved for summary judgment. (ECF No. 186.) Portions of the motion and supporting exhibits contain Meta's confidential and proprietary information, including (1) Zuffa's Motion for Summary Judgment ("Summary Judgment Motion"); (2) Exhibit 1 to the Declaration of Ali R. Rabbani in Support of Zuffa's Summary Judgment Motion ("Rabbani Declaration"), consisting of a copy of the Supplemental Expert Report of Ron Schnell ("Schnell Report"); (3) Exhibit 4 to the Rabbani Declaration, consisting of excerpts of the deposition of Meta's Rule 30(b)(6) witness Tobias Wooldridge (the "Wooldridge Deposition Excerpts"); (4) Exhibit 5 to the Rabbani Declaration, consisting of the Production Letter from Meta's counsel re Meta's Production of Documents in Response to Plaintiffs' Amended Subpoena, dated August 21, 2023 ("Meta's Production Letter"); and (5) Exhibit 6 to the Rabbani Declaration, consisting of the Excel sheet produced by Meta on August 21, 2023 with Bates-stamp META_BLOOM_0001, which was designated Highly Confidential ("Meta's Production"). Zuffa filed the Motion and supporting exhibits under seal, and the next day, filed a motion seeking leave to file these documents and portions of these documents under seal. (ECF No. 188).

On October 24, 2025, the Court entered an order instructing Meta to file a response to explain why the Court should seal the documents discussed in Zuffa's Motion to Seal the Summary Judgment Motion and attached exhibits under *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

1172 (9th Cir. 2006). (ECF No. 193.) On October 27, 2025, the Court issued a similar order, this time instructing Meta to file a response to explain why the Court should seal the documents discussed in Zuffa's Motion to Seal the Evidentiary Objections. (ECF No. 194.) This response follows.

**MATERIALS TO BE SEALED**

Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. (Edelstein Decl. ¶ 10.) Meta thus takes care to protect the confidentiality of the proprietary information and data it collects and stores. (*Id.*) The information Meta produced in response to Plaintiffs' subpoena and provided through Mr. Wooldridge's deposition testimony includes confidential and sensitive information that reveals the technical details of Meta's proprietary data storage systems and plays an integral role in how Meta provides advertising services to its business customers. (*Id.* ¶¶ 6–11.)

Meta is mindful of the requirement that parties should take a judicious approach to filing information under seal and of the Court's prior guidance. Meta therefore asks the Court to seal only limited portions of Zuffa's filings containing detailed discussions of Meta's non-public, proprietary processes and data storage systems, and of the plaintiff-specific data produced in this case. (*See id.* ¶ 5.)

Meta respectfully requests that the following portions of the documents discussed in Zuffa's motions to seal (ECF Nos. 177 and 188) remain under seal (*see id.* ¶ 13):

1. Zuffa's Evidentiary Objections (discussed in ECF No. 177):
    - Page 2, Lines 1, 3, 6-7
2. Zuffa's Summary Judgment Motion (discussed in ECF No. 188):
    - Page 15, Footnote 13
    - Page 17, Footnote 16
    - Page 18, Lines 13-16
    - Page 18, Footnote 18
    - Page 22, Lines 19-20

- Page 23, Lines 18-20
- Page 27, Line 9

3. Exhibit 1 to the Rabbani Declaration, consisting of the Schnell Report (discussed in ECF No. 188):

- Page 5, Paragraph 21
- Page 18, Paragraph 60
- Page 18, Paragraph 61
- Page 18, Paragraph 62
- Page 18, Paragraph 63
- Page 18, Paragraph 64
- Page 20, Paragraph 71

4. Exhibit 4 to the Rabbani Declaration, consisting of the Wooldridge Deposition Excerpts (discussed in ECF No. 188):

- Page 51, Lines 15-18
- Page 93, Lines 7-10, 14, 16
- Page 102, Lines 19-23
- Page 110, Lines 3-10, 15-17, 24
- Page 113, Lines 7-10, 14-20
- Page 114, Lines 2-3, 8, 22
- Page 119, Lines 5, 12-13, 16-24
- Page 151, Lines 17-25
- Page 153, Lines 13, 21
- Page 186, Lines 18-19
- Page 188, Line 2
- Page 189, Lines 22-24

5. Exhibit 5 to the Rabbani Declaration, consisting of Meta's Production Letter (discussed in ECF No. 188):

- Page 1, Paragraph 2

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

6. Exhibit 6 to the Rabbani Declaration, consisting of Meta's Production (discussed in ECF No. 188):

- Sealed in its entirety

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A party seeking to seal judicial records in connection with a dispositive motion must demonstrate sufficiently "compelling reasons" that override the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1179; *In re Midland Nat'l Life Ins. Co Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see also Rodman* v. *Safeway Inc.*, No. 11 Civ. 3003 (JST), 2015 WL 13673842, at *1 (N.D. Cal. Aug. 4, 2015). Courts in the Ninth Circuit apply this standard to motions for summary judgment. *Kamakana*, 447 F.3d at 1179. What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," but sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

The Ninth Circuit has recognized in ruling on motions to seal that a different standard applies to "private materials unearthed during discovery," including materials produced by non-parties. (ECF No. 91 (quoting *Pintos* v. *Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010))); *see also Sessa* v. *Ancestry.com Operations Inc.*, No. 22 Civ. 2292, 2023 WL 1795856, at *2 (D. Nev. Feb. 6, 2023); *YouToo Technologies, Inc.* v. *Twitter, Inc.*, No. 17 Civ. 414, 2017 WL 3396496 (D. Nev. Aug. 7, 2017). For these materials, "[t]he relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678. Courts apply the good cause standard to non-dispositive motions given the "weaker public

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

interest in nondispositive materials." *Id.* The Court has the discretion to seal such materials, as the Court has previously recognized. (ECF No. 91 at 2; ECF No. 92 at 2.)

Courts have held good cause exists where a party shows that "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd* v. *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Courts have similarly held good cause exists to seal where documents contain "confidential, business-sensitive marketing strategy and technical product information" that poses "competitive harm." *Sessa*, 2023 WL 1795856, at *2 (quoting *Orthopaedic Hosp.* v. *DJO Glob., Inc.*, 19 Civ. 970, 2021 WL 3015413, at *2 (S.D. Cal. Feb. 22, 2021)); *see also Gunter* v. *United Fed. Credit Union*, No. 15 Civ. 483, 2017 U.S. Dist. LEXIS 134955, at *5 (D. Nev. Aug. 23, 2017). Indeed, the Federal Rules of Civil Procedure specifically contemplate that documents that contain "trade secret[s] or other confidential research, development or commercial information" may be sealed. Fed. R. Civ. P. 26(c)(1)(G). The Supreme Court has recognized that "[c]onfidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit." *Carpenter* v. *U.S.*, 484 U.S. 19, 26 (1987).

**ARGUMENT**

There are compelling reasons and there is good cause to grant Meta's motion to seal discrete portions of the parties' briefing and excerpts from Meta's deposition testimony. The competitive harm from disclosure greatly outweighs any general public interest in information produced by a non-party. Disclosure of Meta's proprietary information in the Evidentiary Objections and the Summary Judgment Motion and related exhibits would result in disclosure of Meta's confidential business practices with respect to current data storage systems and processes. (Edelstein Decl. ¶¶ 6–11.) It would also reveal confidential commercial and proprietary data that Meta does not disclose in the ordinary course of business, such as table names and field descriptors. (*Id.*) For this reason, Meta designated this information in discovery as "Highly Confidential" pursuant to the protective order. (*Id.*) Further, Meta has proposed targeted redactions that protect the confidentiality of Meta's proprietary data without compromising the public's ability to remain informed about the litigation.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Courts routinely seal the type of information Meta seeks to seal here, whether under the "good cause" or "compelling reasons" standard. *See Selling Source, LLC* v. *Red River Ventures, LLC*, No. 09 Civ. 1491, 2011 WL 1630338, at *3 (D. Nev. Apr. 29, 2011) (sealing information about proprietary commercial practices); *Bridge* v. *Credit One Bank, N.A.*, No. 14 Civ. 1512, 2016 WL 11670192, at *1 (D. Nev. Apr. 18, 2016) (finding good cause to seal because the records at issue "contain non-parties' financial information and reveal Defendant's proprietary collection methods"); *Gunter*, 2017 U.S. Dist. LEXIS 134955, at *5 (granting motion to seal documents that "reference Defendant's proprietary interest in its mechanisms for handling its customers' accounts, its internal finances and aggregate customer information"); *Baird* v. *BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (finding compelling reasons to seal information that was "not in the public record," and constituted "confidential" and "sensitive" business information); *Snap Lock Indus., Inc.* v. *Swisstrax Corp.*, No. 17 Civ. 2742, 2021 WL 3082561, at *2 (D. Nev. July 21, 2021) (Weksler, J.) (finding compelling reason to seal "commercially sensitive information that could hurt [a party]'s competitive standing" and citing *Selling Source*, 2011 WL 1630338, at *6). This includes information like the information at issue here that, if disclosed, would reveal insights into how a party encrypts, stores, or transmits sensitive information. *See 3D Sys., Inc. v. Wynne*, No. 21 Civ. 1141, 2024 WL 1122377, at *2 (S.D. Cal. Mar. 14, 2024). Similarly, in *In re Meta Pixel Healthcare Litigation*, the Court held that good cause existed to seal table names and technical descriptions of how Meta's data storage is accomplished, which is the same sort of information Meta seeks to keep confidential here. *See In re Meta Pixel Healthcare Litig.*, No. 22 Civ. 3580 (N.D. Cal. filed Feb. 20, 2025), ECF 880. The good cause and compelling reasons standards are thus both met where, as here, a party seeks to seal "business information that might harm a litigant's competitive standing." *Chrysler Grp., LLC*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

The information Meta seeks to seal here is consistent with this Court's past rulings on Meta's motions to seal. The Court previously sealed discussions of Meta's data processing and storage tools and methods, noting that "descriptions of a non-public, technical process" usually satisfy the good cause standard. (*See* ECF No. 161.) The Court did not seal "generalized

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

statements about the ability of Meta's Pixel code as opposed to the code's technical processes." (*Id.*) Here, Meta does not ask the Court to seal similarly generalized information. Instead, Meta's request focuses on sealing only the information that would disclose Meta's proprietary processes for and methods of transmitting and storing data, consistent with the Court's prior order, and leaves the rest of the material open to the public. *ImageKeeper LLC v. Wright Nat'l Flood Ins. Servs.*, No. 22 Civ. 01470, 2024 WL 1330046, at *5 (D. Nev. Mar. 27, 2024) (finding compelling reasons to seal "proprietary business information" where the proposed redactions are narrowly tailored and "leave the rest of the non-confidential material open to the public").

The Court therefore has good cause and compelling reasons to seal discussions of Meta's productions and Rule 30(b)(6) deposition testimony, particularly given Meta's status as a non-party. The identified redactions are targeted and the remaining portions of the parties' filings will be disclosed allowing the public to remain fully informed about the briefing and disposition of Evidentiary Objections and Summary Judgment Motion.

**CONCLUSION**

For the foregoing reasons, Meta respectfully requests that the Court enter an order sealing the portions of Zuffa's Summary Judgment Motion papers and the Evidentiary Objections identified above and in the accompanying Declaration of Laurie Edelstein. (*See* Edelstein Decl. ¶ 11.)

//

Dated: November 3, 2025

Respectfully submitted,

JENNER & BLOCK LLP

By: <u>*/s/ Laurie Edelstein*</u>

Jan K. Tomasik
Nevada Bar No. 15104
COZEN O'CONNOR
1180 North Town Center Drive
Suite 260
Las Vegas, NJ 89144
Telephone: 702-470-2330
JTomasik@cozen.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP

525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Meta Platforms, Inc.*

**JENNER & BLOCK LLP**
**525 Market Street, 29th Floor**
**San Francisco, CA 94105**

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 3rd day of November, I authorized a copy of the foregoing **NON-PARTY META PLATFORMS, INC.'S RESPONSE TO DEFENDANT ZUFFA, LLC'S MOTIONS FOR LEAVE TO FILE UNDER SEAL, ECF NOS. 177 AND 188** and supporting documents to be filed electronically via the Court's CM/ECF system and served on all parties of record who have made an appearance in this case and are registered for participation in CM/ECF as of this date.

Dated: November 3, 2025

By: *_/s/ Laurie Edelstein_*

**JENNER & BLOCK LLP**
**525 Market Street, 29th Floor**
**San Francisco, CA 94105**