UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Everett Bloom,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Zuffa, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-00412-RFB-BNW<br><br>**ORDER** |

　　　　Defendant Zuffa filed two motions to seal information relating to nonparty Meta's confidential and proprietary information. ECF Nos. 177 and 188. Defendant Zuffa moved to seal this material pursuant to a protective order but did not provide substantive argument as to why the information should be sealed under *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Thus, this Court directed Meta to file a response providing as much. ECF Nos. 193 and 194. Because Meta did so and has shown why good cause and compelling reasons exist to seal the material (ECF No. 195), this Court grants the motions to seal.

**I.　　DISCUSSION**

　　**A. Legal Standard**

　　　　Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached

documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted).

Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a non-dispositive motion that are not more than tangentially related to the merits of the case. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010); *Ctr. for Auto Safety*, 809 F.3d at 1101. "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1179).

### B. Analysis

Meta seeks to seal portions of Zuffa's evidentiary objections to Plaintiffs' disclosure of witnesses and exhibits for the evidentiary hearing on the motion for class certification because those portions contain Meta's confidential and propriety information. ECF No. 195; ECF No. 177. Meta also seeks to seal portions of Zuffa's motion for summary judgment and supporting exhibits. ECF No. 195; ECF No. 188. The material contained to Zuffa's evidentiary objections relates to a non-dispositive motion, so the good-cause standard applies. However, the material contained and attached to Zuffa's motion for summary judgment relates to a dispositive motion, so the compelling-reasons standard applies. Meta demonstrates both good cause and compelling reasons to seal its confidential and proprietary information. ECF No. 195 at 7–9.

As Meta explains, it operates in a competitive marketplace in which there are serious concerns should competitors gain access to Meta's sensitive information. ECF No. 195 at 4. Here, the confidential and proprietary information consists of technical details of Meta's storage system, which plays an integral role in how it provides advertising services to its customers. *Id.*

(citing Edelstein Decl., ECF No. 195-1 ¶¶ 6–11). Having reviewed the material, this Court finds that, if unsealed, competitors could use this information for improper purposes. This constitutes compelling reasons to seal the material. *See Selling Source, LLC v. Red River Ventures*, 2011 WL 1630338 * 6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process."); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" is a compelling reason to seal); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (harm to party's competitive standing is a "compelling reason" sufficient to seal business information). Good cause also exists to seal this information. *See Nixon,* 435 U.S. at 598; *Ctr. For Auto Safety*, 809 F.3d at 1097.

## II.   CONCLUSION

**IT IS ORDERED** that Defendant Zuffa's motions to seal (ECF Nos. 177 and 188) are **GRANTED**. The Clerk of Court is directed to maintain ECF Nos. 178 and 187 under seal.

DATED: November 12, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE