**CAMPBELL & WILLIAMS**
J. COLBY WILLIAMS (Nev. Bar No. 5549)
jcw@cwlawlv.com
710 South 7th Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (602) 382-0540

**PAUL HASTINGS LLP**
SUSAN K. LEADER (*admitted pro hac vice*)
susanleader@paulhastings.com
ALI R. RABBANI (*admitted pro hac vice*)
alirabbani@paulhastings.com
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendant Zuffa, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVERETT BLOOM, JACK GRAHAM, AND DAVE LINDHOLM, on behalf of themselves, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC,<br><br>Defendant. | CASE NO. 2:22-CV-00412-RFB-BNW<br><br>**DEFENDANT ZUFFA, LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL AND MOTION TO CONSIDER SEALING MATERIAL DESIGNATED BY ANOTHER PARTY, ECF NO. 207** |

## I. INTRODUCTION

Defendant Zuffa, LLC ("Zuffa") respectfully requests that the Court grant Plaintiffs' Motion to Seal (ECF No. 207) portions of Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment ("Opposition") and certain exhibits thereto, which either summarize or contain commercially sensitive and proprietary information that Zuffa produced to Plaintiffs and designated as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order in this action (ECF No. 36). In particular, Zuffa requests that the Court seal Plaintiffs' Opposition at Page 3, line 19; Page 6, lines 2-5, 6-8, and 18-22; Page 13, lines 13-14; Page 16, lines 24 through Page 17, line 1; Page 22, lines 5-8; Page 23, lines 9-10, 12-14; and Exhibits 4, 16, 18-20, 22, and 24 to the Declaration of Anthony J. Patek ("Patek Declaration") in support of Plaintiffs' Opposition (collectively, the "Confidential Materials").

Compelling reasons exist to seal the Confidential Materials. The Confidential Materials contain Zuffa's competitively sensitive information regarding the number of UFC Fight Pass subscribers during the relevant time period, and Zuffa's non-public communications reflecting Zuffa's strategic business discussions surrounding its marketing of UFC Fight Pass, including its use of the Meta Pixel. Zuffa does not share this information publicly and only disseminates it internally when there is a specific business need. For these reasons, public disclosure of the Confidential Materials would negatively impact Zuffa's business. *See* Declaration of Travis Santypal ("Santypal Decl.") ¶¶ 4-5. Accordingly, the Court should grant Plaintiffs leave to file the Confidential Materials under seal.

## II. MATERIALS SOUGHT TO BE SEALED

Zuffa requests that the Court grant leave to seal the following Confidential Materials:

### A. Portions of Plaintiffs' Opposition that Refer to the Number of UFC Fight Pass Subscribers or Summarize Confidential Communications Reflecting Zuffa's Non-Public Business Information:

- Page 3, line 19

- Page 6, lines 2-5, 6-8, and 18-22
- Page 13, lines 13-14
- Page 16, line 24 through Page 17, line 1
- Page 22, lines 5-8
- Page 23, lines 9-10, 12-14

**B.** Exhibits to the Patek Declaration that Include Confidential Communications Reflecting Zuffa's Non-Public Business Information and Confidential Deposition Testimony:

- Exhibit 4
- Exhibit 16
- Exhibit 18
- Exhibit 19
- Exhibit 20
- Exhibit 22
- Exhibit 24[1]

## III. LEGAL STANDARD

A party seeking to seal judicial records in connection with a dispositive motion, including one for summary judgment, must demonstrate sufficiently "compelling reasons" that override the public policies favoring disclosure. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," but sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

[1] Exhibit 24 is the full deposition transcript of the May 31, 2023 deposition of Kristen Banks and includes testimony designated confidential by Zuffa, including testimony cited by Plaintiffs in their Opposition. *See* Ex. 24 at 101:11-102:25; 103:16-104:9; 105:9-18; 107:18-108:1; and 118:23-119:17.

1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

**IV. ARGUMENT**

UFC Fight Pass Subscriber Numbers. Sealing is warranted for the portion of Plaintiffs' Opposition that reveals Zuffa's competitively sensitive information regarding the number of UFC Fight Pass subscribers that accessed video webpages on the UFC Fight Pass website during the relevant time periods ("Subscriber Numbers"). *See* Opposition at 3:19. Zuffa has designated this information as "Highly Confidential," and Zuffa vigorously protects the confidentiality of Subscriber Numbers in the regular course of its business and only disseminates this data internally when there is a specific business need. Santypal Decl. ¶ 4. Zuffa considers Subscriber Numbers to be highly confidential and proprietary, particularly given their relation to confidential financial and revenue data, growth trajectory, and overall market position. *Id.* Further, Zuffa's Subscriber Numbers should not be revealed to the public at large because Zuffa's competitors could use this information to Zuffa's competitive disadvantage. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) ("[U]nder Ninth Circuit law, pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."); *Brown v. Brown*, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (finding compelling reasons to seal information about "profits, losses, income, investments, and expenses" when disclosure would harm a party's competitive standing).

Confidential Communications Reflecting Zuffa's Non-Public Business Information and Confidential Deposition Testimony. Sealing is also warranted for (i) certain exhibits attached to the Patek Declaration and (ii) portions of Plaintiffs' Opposition which reference those exhibits that disclose Zuffa's non-public communications and confidential deposition testimony regarding Zuffa's marketing of UFC Fight Pass, including its use of the Meta Pixel. The information at issue reflects confidential communications and testimony relating to Zuffa's business strategies for

marketing UFC Fight Pass, including its use of the Meta Pixel, that are not publicly available and not typically revealed except to those with a business need. Santypal Decl. ¶ 5. If made public, this information would potentially provide a roadmap for competitors to infer Zuffa's strategic approach to marketing and analytics, allowing them to unfairly compete against Zuffa and capitalize on the insight into Zuffa's business metrics and strategy. *Id.* Courts in the Ninth Circuit routinely find compelling reasons to seal confidential business information that reveal internal operational decision-making and strategic communications where disclosure would place a company at a competitive disadvantage. *See, e.g.*, *Baird v. Blackrock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (finding compelling reasons to seal "confidential business and financial information relating to the operations of [defendant]," including "sensitive analyses and other information" relating to "proprietary third-party analyses"); *Kamdem-Ouaffo v. Idahoan Foods, LLC*, 243 F. Supp. 3d 1130, 1146 (D. Idaho 2017) (finding compelling reasons to seal business information containing references to "internal discussions regarding company strategy and financials" where disclosure would "run[] the risk of harming [defendant's] competitive standing" and "there [was] no apparent public interest in access to these documents"); *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons to seal "information regarding the parties' marketing and competitive strategy, financial information, product development, and confidential trademark enforcement actions."); *Algarin v. Maybelline, LLC*, 12-cv-3000-AJB (DHB), 2014 WL 690410, *3-4 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons where access to marketing and sales data "may result in improper use by competitors who may circumvent expending their own resources in obtaining the information"); *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-CV-01491-JCM, 2011 WL 1630338, at *6 (D. Nev. Apr. 29, 2011) (finding compelling reason to seal material relating to "Selling Source's business operations" and "the details of Selling Source's customer base and how the company works with and licenses products to its customers and measures it takes to protect its intellectual property."); *Snap Lock Indus., Inc. v. Swisstrax*

*Corp.*, No. 217CV02742RFBBNW, 2021 WL 3082561, at *3 (D. Nev. July 21, 2021) (finding compelling reason to seal "sensitive business and financial information, including Swisstrax's advertising expenditures and marketing strategies that may cause competitive harm if unsealed").

Zuffa's request is narrowly tailored to protect only discrete portions of Plaintiffs' Opposition that disclose Zuffa's Subscriber Numbers and non-public documents reflecting its strategic business discussions. The remaining material would remain open to the public. This tailored approach appropriately balances the public's right to access with the need to prevent concrete competitive harm.

## V. CONCLUSION

For the foregoing reasons, Zuffa respectfully requests that the Court grant Plaintiffs' Motion to Seal as it relates to Zuffa's Confidential Materials.

DATED: January 16, 2026

PAUL HASTINGS LLP

By: */s/ Ali R. Rabbani*
Ali R. Rabbani

*Attorneys for Defendant Zuffa, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on January 16, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/S/ ALI R. RABBANI*
ALI R. RABBANI