Jan K. Tomasik
Nevada Bar No. 15104
COZEN O'CONNOR
1180 North Town Center Drive, Suite 260
Las Vegas, NJ 89144
Telephone: (702)470-2330
JTomasik@cozen.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC, ENDEAVOR STREAMING, LLC, and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**NON-PARTY META PLATFORMS, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL MATERIAL DESIGNATED BY ANOTHER PARTY (ECF NO. 207)**

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Meta Platforms, Inc. ("Meta") respectfully requests the Court enter an order sealing discrete and limited portions of Plaintiffs' papers in opposition to the motion for summary judgment that Defendant Zuffa, LLC ("Zuffa") filed.[1] Compelling reasons exist to seal these materials as they contain commercially sensitive and proprietary information, the disclosure of which could cause competitive harm to Meta.

The materials Meta seeks to seal present substantially the same confidentiality concerns as the documents this Court previously ordered sealed on November 12, 2025 (ECF No. 197). Plaintiffs' papers discuss and summarize commercially sensitive and proprietary information Meta produced and information provided through the confidential deposition testimony of its Rule 30(b)(6) witness. Plaintiffs' papers also include data Meta produced in this action, the format of which reflects Meta's proprietary data systems and storage processes and contain commercial and proprietary data that Meta does not disclose in the ordinary course of business. Meta designated these materials as "Highly Confidential" pursuant to the Court's protective order (ECF No. 36) because they contain non-public information about the operation of Meta's proprietary processes and data systems for handling and storing data associated with the Meta Pixel, and their disclosure could result in competitive harm to Meta.

In addition to Meta's commercially sensitive and proprietary information, Meta seeks to seal its employees' names, email addresses, and phone numbers present in the opposition papers. These contact details constitute sensitive personal information that if publicly disclosed would expose employees to unwanted solicitation, potential harassment, and identity theft risks.

Meta acknowledges that "stipulated protective orders alone do not justify sealing court records" (ECF No. 91 at 3), and it is mindful of the Court's guidance in its prior orders on Meta's motions to seal (ECF No. 152; ECF No. 161). Meta therefore seeks to maintain under seal only

---

[1] Meta seeks to maintain under seal limited portions of Plaintiffs' brief in opposition to summary judgment (ECF No. 205), Exhibit 16 to the Declaration of Anthony J. Patek in Support of Plaintiffs' Opposition ("Patek Declaration"), Exhibit 20 to the Patek Declaration, Exhibit 25 to Patek Declaration, consisting of the expert report of Serge Egelman ("Egelman Report") (ECF No. 205-25); and Exhibit 26 to the Patek Declaration, consisting of the expert report of Rebecca Herold ("Herold Report") (ECF No. 205-26). Meta also seeks to maintain under seal in full Exhibits 10-15 to the Patek Declaration, which consist of data Meta produced in response to Plaintiffs' subpoenas and were filed manually with the Court. (*See* ECF No. 208.)

very limited portions of the information filed under seal that would reveal Meta's proprietary technology and processes. Meta seeks to seal this information because disclosure would put Meta at a competitive disadvantage in the marketplace for the reasons Meta discussed in its prior filing seeking sealing of certain commercially sensitive and proprietary materials. (*See* ECF No. 197.) Compelling reasons exist to seal the discrete, identified portions of Plaintiffs' filings that likely would result in competitive harm if disclosed.

**PROCEDURAL BACKGROUND**

Meta is not a party to this dispute in which Plaintiffs allege that Zuffa has violated the Video Privacy Protection Act, 18 U.S.C. § 2170 ("VPPA"), and California law by knowingly disclosing without users' consent personally identifiable information about videos that users of the ufcfightpass.com website have requested or obtained. Plaintiffs allege Zuffa made these disclosures through its use of the Meta Pixel, a piece of JavaScript code that allows Zuffa and other websites with which Meta does business to collect information about the actions users take on their websites. (Am. Compl. ¶ 1.) Plaintiffs allege that businesses can configure the Meta Pixel to collect information about the specific websites a user visits, including the URLs of the websites. (*Id.* ¶¶ 39, 49–50.)

On December 15, 2022, Plaintiffs served a subpoena on non-party Meta seeking the production of multiple categories of data and documents. (Edelstein Decl. ¶ 1.) On August 21, 2023, Meta produced data responsive to Plaintiffs' subpoena. (*Id.*) Meta designated this data as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's stipulated protective order (ECF No. 36). (*Id.*) On January 3, 2024, Plaintiffs served a second amended subpoena for documents and deposition testimony on non-party Meta. (*Id.* ¶ 1.) On January 25, 2024, Plaintiffs deposed Meta's Rule 30(b)(6) witness, whose testimony also was designated as "Highly Confidential." (*Id.* ¶ 8.) On December 2, 2024, Plaintiffs served a third amended subpoena for documents on non-party Meta. (*Id.* ¶ 1.) On February 19, 2025, Meta produced data responsive to Plaintiffs' third amended subpoena. (*Id.* ¶¶ 1, 6.) Meta designated this data as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's stipulated protective order (ECF No. 36). (*Id.*)

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

On October 10, 2025, Zuffa moved for summary judgment (ECF No. 186). Portions of Zuffa's motion and supporting exhibits contained Meta's confidential and proprietary information. On November 3, 2025, Meta sought to seal limited portions of that information (ECF No. 195). The Court granted the motion to seal on November 23, 2025 (ECF No. 197).

On December 19, 2025, Plaintiffs filed their opposition to Zuffa's motion for summary judgment ("Plaintiffs' Opposition") (ECF No. 205). Portions of Plaintiffs' opposition papers contain Meta's confidential and proprietary information or Meta employees' names, email addresses, and phone numbers:

(1) Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion for Summary Judgment ("Plaintiffs' Opposition Brief");

(2) Exhibit 10 to the Declaration of Anthony J. Patek in Support of Plaintiffs' Opposition ("Patek Declaration"), consisting of an Excel sheet produced by Meta on February 19, 2025, with Bates-stamp META_BLOOM_0004, which was designated Highly Confidential;

(3) Exhibit 11 to the Patek Declaration, consisting of an Excel sheet produced by Meta on February 19, 2025, with Bates-stamp META_BLOOM_0005, which was designated Highly Confidential;

(4) Exhibit 12 to the Patek Declaration, consisting of an Excel sheet produced by Meta on February 19, 2025, with Bates-stamp META_BLOOM_0006, which was designated Highly Confidential;

(5) Exhibit 13 to the Patek Declaration, consisting of an annotated and filtered version of the Excel sheet produced by Meta on February 19, 2025, with Bates-stamp META_BLOOM_0004, which was designated Highly Confidential, and which Plaintiffs have designated META_BLOOM_0004a;

(6) Exhibit 14 to the Patek Declaration, consisting of an annotated and filtered version of the Excel sheet produced by Meta on February 19, 2025, with Bates-stamp META_BLOOM_0005, which was designated Highly Confidential, and which Plaintiffs have designated META_BLOOM_0005a;

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

(7) Exhibit 15 to the Patek Declaration, consisting of an annotated and filtered version of the Excel sheet produced by Meta on February 19, 2025, with Bates-stamp META_BLOOM_0006, which was designated Highly Confidential, and which Plaintiffs have designated META_BLOOM_0006a;

(8) Exhibit 16 to the Patek Declaration, consisting of email correspondence between Meta employees and Zuffa dated April 9, 2021, produced by Zuffa with Bates-stamp ZUFFA0002392;

(9) Exhibit 20 to the Patek Declaration, consisting of email correspondence between Meta employees and Zuffa dated June 3, 2021, produced by Zuffa with Bates-stamp ZUFFA0001371;

(10) Exhibit 25 to the Patek Declaration, consisting of the expert report of Serge Egelman ("Egelman Report"); and

(11) Exhibit 26 to the Patek Declaration, consisting of the expert report of Rebecca Herold ("Herold Report").

Plaintiffs also filed a motion seeking leave to file Plaintiffs' Opposition and portions of the documents identified above under seal (ECF No. 207).

On December 30, 2025, the parties filed a joint stipulation to extend the time to respond to Plaintiffs' motion to seal until January 16, 2026 (ECF No. 209). The Court granted the parties' request on January 7, 2026 (ECF No. 210).

**MATERIALS TO BE SEALED**

Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. (Edelstein Decl. ¶¶ 9–10.) Meta thus takes care to protect the confidentiality of the proprietary information and data it collects and stores. (*Id.*) The information Meta produced in response to Plaintiffs' subpoena and provided through its 30(b)(6) witness deposition testimony includes confidential and sensitive information that reveals the technical details of Meta's proprietary data storage systems and plays an integral role in how Meta provides advertising services to its business customers. (*Id.* ¶¶ 6–11.)

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

As in its prior sealing request, Meta is mindful of the requirement that parties should take a judicious approach to filing information under seal and of the Court's prior guidance. Meta therefore asks the Court to seal only very limited portions of Plaintiffs' filings containing detailed discussions of Meta's non-public proprietary processes and data storage systems. (*See id.* ¶ 5.) For example, Plaintiffs' Opposition Brief, the Egelman Report (Ex. 25 to Patek Decl.), and the Herold Report (Ex. 26 to Patek Decl.) contain discussion of Meta's proprietary data systems and storage processes as they relates to data Meta produced in this action and also contain, discuss, summarize, and reflect the contents of Meta's "Highly Confidential" Rule 30(b)(6) deposition testimony. (Edelstein Decl. ¶ 8.) Meta proposes very narrow and tailored redactions to these document to protect the confidentiality of this material. The filings Meta seeks to seal in their entirety—Exhibits 10-15 to the Patek Declaration—consist of specific data Meta produced in this action in response to the December 2, 2024 subpoena. These exhibits contain commercial and proprietary data that Meta does not disclose in the ordinary course of business, including table names and field descriptors, and reveal Meta's current proprietary data systems and storage processes. (Edelstein Decl. ¶ 6.)

Meta also seeks to seal limited portions of Exhibits 16 and 20 to the Patek Declaration (collectively, the "Email Exhibits") as they contain certain Meta employees' names, email addresses, and phone numbers. (Edelstein Decl. ¶ 5.) These contact details constitute sensitive personal information that if publicly disclosed would expose Meta's employees to unwanted solicitation, potential harassment, and identity theft risks. (Edelstein Decl. ¶ 5.)

Meta respectfully requests that the following discrete and limited portions of the documents identified in Plaintiffs' motion to seal (ECF No. 207) remain under seal:

(1) Plaintiffs' Opposition Brief (ECF No. 205)

- Page 12, Line 7
- Page 17, Lines 17–24, 26–27
- Page 18, Lines 1, 8–9
- Page 23, Line 17

(2) Exhibit 10 to the Patek Declaration (ECF No. 205-10)

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

- Sealed in its entirety

(3) Exhibit 11 to the Patek Declaration (ECF No. 205-11)

- Sealed in its entirety

(4) Exhibit 12 to the Patek Declaration (ECF No. 205-12)

- Sealed in its entirety

(5) Exhibit 13 to the Patek Declaration (ECF No. 205-13)

- Sealed in its entirety

(6) Exhibit 14 to the Patek Declaration (ECF No. 205-14)

- Sealed in its entirety

(7) Exhibit 15 to the Patek Declaration (ECF No. 205-15)

- Sealed in its entirety

(8) Exhibit 16 to the Patek Declaration[2]

- Seal references to Meta employee names, email addresses, and phone numbers.

(9) Exhibit 20 to the Patek Declaration

- Seal references to Meta employee names, email addresses and phone numbers.

(10) Exhibit 25 to the Patek Declaration, the Egelman Report (ECF No. 205-25)

- Pages 5–6, Paragraph 13
- Page 69, Paragraph 141 & Footnote 179
- Page 70, Paragraph 142
- Page 71, Paragraph 144 & Footnote 193
- Page 72, Paragraph 146
- Page 89, Paragraph 171

(11) Exhibit 26 to the Patek Declaration, the Herold Report (ECF No. 205-26)

- Pages 12–13, Paragraph 20
- Page 13, Paragraph 21
- Page 14, Paragraph 26

[2] Exhibits 16 and 20 to the Patek Declaration do not appear to have ECF numbers associated with them.

- Page 21, Paragraph 51
- Page 21, Paragraph 52
- Page 22, Paragraph 55
- Page 22, Paragraph 56
- Page 23, Paragraph 60

For the convenience of the Court, Meta has provided Meta's proposed redactions in exhibits to the Edelstein Declaration.[3] Meta has highlighted its proposed redactions in green, Zuffa's proposed redactions in red, and Plaintiffs' proposed redactions in yellow, so that the Court may differentiate between the different sealing requests.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A party seeking to seal judicial records in connection with a dispositive motion must demonstrate sufficiently "compelling reasons" that override the public policies favoring disclosure. *See Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *In re Midland Nat'l Life Ins. Co Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Foltz* v. *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see also Rodman* v. *Safeway Inc.*, No. 11 Civ. 3003 (JST), 2015 WL 13673842, at *1 (N.D. Cal. Aug. 4, 2015). Courts in the Ninth Circuit apply this standard to motions for summary judgment. *Kamakana*, 447 F.3d at 1179. What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," but sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety* v. *Chrysler*

[3] Meta understands Zuffa intends to seek to seal the Email Exhibits in their entirety. Therefore, Meta has not provided proposed redactions for the Email Exhibits. If the Court denies Zuffa's sealing request and grants Meta's request as to the Email Exhibits, Meta will promptly file updated redacted versions.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

*Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

**ARGUMENT**

Compelling reasons exist to grant Meta's motion to seal discrete portions of the parties' briefing and excerpts from Meta's deposition testimony quoted in Plaintiffs' Opposition papers, as well as the exhibits with specific data Meta produced. The competitive harm from disclosure greatly outweighs any general public interest in information produced by a non-party. Disclosure of Meta's proprietary information in Plaintiffs' Opposition and related exhibits would result in disclosure of Meta's confidential business practices with respect to current data storage systems and processes. (Edelstein Decl. ¶¶ 6–11.) It also would reveal confidential commercial and proprietary data that Meta does not disclose in the ordinary course of business, such as field descriptors and descriptions of how storage is accomplished. (*Id.*) For this reason, Meta designated this information in discovery as "Highly Confidential" pursuant to the protective order. (*Id.*) Meta has proposed targeted redactions that protect the confidentiality of Meta's proprietary data without compromising the public's ability to remain informed about the litigation.

The Ninth Circuit has recognized that disclosure of business information that could create competitive harm is a compelling reason to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Courts in the Ninth Circuit routinely seal the type of information Meta seeks to seal here under the "compelling reasons" standard. *See Selling Source, LLC* v. *Red River Ventures, LLC*, No. 09 Civ. 1491, 2011 WL 1630338, at *6–7 (D. Nev. Apr. 29, 2011) (sealing information about proprietary commercial practices); *Baird* v. *BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (finding compelling reasons to seal information that was "not in the public record" and constituted "confidential" and "sensitive" business information); *Snap Lock Indus., Inc.* v. *Swisstrax Corp.*, No. 17 Civ. 2742, 2021 WL 3082561, at *2 (D. Nev. July 21, 2021) (Weksler, J.) (finding compelling reason to seal "commercially sensitive information that could hurt [a party]'s competitive standing," citing *Selling Source*, 2011 WL 1630338, at *6). Courts seal information similar to the information here that if disclosed would reveal insights into how a

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

business encrypts, stores, or transmits sensitive information. *See 3D Sys., Inc. v. Wynne*, No. 21 Civ. 1141, 2024 WL 1122377, at *2 (S.D. Cal. Mar. 14, 2024).

In *In re Meta Pixel Healthcare Litigation*, the Court held that table names and technical descriptions of how Meta's data storage is accomplished were subject to sealing under the compelling or good cause standards. *See In re Meta Pixel Healthcare Litig.*, No. 22 Civ. 3580 (N.D. Cal. Feb. 20, 2025), ECF 880; *see also In re Meta Pixel Healthcare Litig.*, No. 22 Civ. 3580 (N.D. Cal. Dec. 1, 2025), ECF 1241 (granting request to seal source code, table names or system paths that had not been publicly disclosed and query names and similar instructions key to operating Meta's systems). Meta seeks to seal similar information here.

The information Meta seeks to seal also is identical in kind to the type of information the Court previously sealed in connection with Zuffa's motion for summary judgment. (*See* ECF No. 197.) It consists of "technical details of Meta's storage system" that the Court recognized "plays an integral role in how it provides advertising services to its customers." (*Id.*) The Court found this information satisfies both the good cause and compelling reasons standards. (*Id.*) The Court also previously sealed discussions of Meta's data processing and storage tools and methods, noting "descriptions of a non-public, technical process" usually satisfy the good cause standard. (*See* ECF No. 161.) In contrast, the Court did not seal "generalized statements about the ability of Meta's Pixel code as opposed to the code's technical processes." (*Id.*)

Meta's present request focuses on sealing only the information that would disclose Meta's proprietary processes for and methods of transmitting and storing data. This approach is consistent with the Court's prior orders in this case. (ECF Nos. 161, 197.) It also leaves the rest of the material open to the public. *See ImageKeeper LLC* v. *Wright Nat'l Flood Ins. Servs.*, No. 22 Civ. 01470, 2024 WL 1330046, at *5 (D. Nev. Mar. 27, 2024) (finding compelling reasons to seal "proprietary business information" where the proposed redactions are narrowly tailored and "leave the rest of the non-confidential material open to the public").

There are compelling reasons to seal Meta's data productions and discussions of those productions and Meta's Rule 30(b)(6) deposition testimony in Plaintiffs' Opposition Brief and expert reports, particularly given Meta's status as a non-party. The identified redactions are

targeted, and the remaining portions of the parties' filings will be disclosed allowing the public to remain fully informed about Plaintiffs' Opposition.

In addition to Meta's confidential information, Meta also seeks to seal limited portions of the Email Exhibits. Meta's sealing request is limited to the portions of the Exhibits that would disclose Meta employees' names, email addresses, and/or phone numbers. Disclosure of Meta employees' contact details could expose Meta's employees to unwanted solicitation, potential harassment, and identity theft risks. (Edelstein Decl. ¶ 5.) Courts in the Ninth Circuit routinely find compelling reasons to seal such information, particularly when it involves non-parties. *See 3D Sys., Inc.*, 2024 WL 1122377, at *3 (finding compelling reason to seal non-party's contact information when contact information was "not central to the matters"); *HD Supply Facilities Maint., Ltd.* v. *Showers*, No. 24 Civ. 179, 2024 WL 6049061, at *2 (E.D. Wash. Nov. 12, 2024) (finding compelling reason to seal non-party identifying information "in light of their privacy interests as nonparties"). The privacy interests of Meta's employees, who are non-parties, and the potential harm from public disclosure substantially outweigh any general public interest this information.

**CONCLUSION**

For the foregoing reasons, Meta respectfully requests that the Court enter an order sealing the portions of Plaintiffs' Opposition identified above and in the accompanying Declaration of Laurie Edelstein. (*See* Edelstein Decl. ¶ 11.)

Dated: January 16, 2026

Respectfully submitted,

JENNER & BLOCK LLP

By: <u>*/s/ Laurie Edelstein*</u>

Jan K. Tomasik
Nevada Bar No. 15104
COZEN O'CONNOR
1180 North Town Center Drive
Suite 260
Las Vegas, NJ 89144
Telephone: 702-470-2330
JTomasik@cozen.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP

525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Meta Platforms, Inc.*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 16th day of November, I authorized a copy of the foregoing **NON-PARTY META PLATFORMS, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL, ECF NO. 207** and supporting documents to be filed electronically via the Court's CM/ECF system and served on all parties of record who have made an appearance in this case and are registered for participation in CM/ECF as of this date.

Dated: January 16, 2026

By: *__/s/ Laurie Edelstein__*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105