**MARKMAN LAW**
DAVID MARKMAN (Nev. Bar. No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd., Suite #130
Las Vegas, Nevada 89121
Telephone: (702) 843-5899
Facsimile: (702) 843-6010

**GUTRIDE SAFIER LLP**
Seth A. Safier (*pro hac vice*)
seth@gutridesafier.com
Anthony J. Patek (*pro hac vice*)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVERETT BLOOM, JACK GRAHAM, AND DAVE LINDHOLM, on behalf of themselves, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendants. | Case No. 2:22-cv-00412-RFB-BNW (D. Nev.)<br><br>**PLAINTIFFS' REPLY IN PARTIAL OPPOSITION TO META PLATFORM'S MOTION TO SEAL**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD |

## I. INTRODUCTION

Plaintiffs respectfully oppose the bulk of Meta's motion to seal (ECF 212).[1] Plaintiffs do not oppose Meta's request to seal emails and phone numbers of its employees to avoid harassment. But Plaintiffs do oppose the remainder of Meta's motion, particularly to the extent it seeks to seal all information regarding the types of data collected by Meta, the transcript of the deposition of Tobias Wooldridge, and the opinions of Plaintiffs' experts that discuss the Meta pixel's function at a high level. Most, if not all, of the functionality disclosed by the materials in question is already in the public domain due to public disclosures by Meta; Meta thus exaggerates the extent to which the material it seeks to seal discloses confidential business information. Furthermore, Meta fails to acknowledge the strong public interest in understanding how individuals' private data is tracked and shared between Meta and companies like Defendant Zuffa.

How the Meta Pixel operates and what data it collects is the subject of numerous lawsuits, in the context of both the VPPA and other privacy laws such as HIPAA. *See, e.g., In re Meta Healthcare Pixel Litig.*, 713 F. Supp. 3d 650, 659 (N.D. Cal. 2024) (HIPAA claim); Archer v. NBCUniversal Media, LLC, 794 F. Supp. 3d 716, 719 (C.D. Cal. 2025) (VPPA claim); *Smigda v. Meta Platforms, Inc., and The Univ. Pennsylvania Medical Center*, No. 2:2022-cv-01231 (W.D. PA Aug. 25, 2022) (HIPAA claim); *Jefferson v. Healthline Media, Inc.*, 674 F. Supp. 3d 760, 762 (N.D. Cal. 2023) (VPPA claim directed to health media site); *see also* "Avoiding Meta Pixel Lawsuits," available at https://www.compliancepoint.com/privacy/avoiding-meta-pixel-lawsuits/ (listing numerous lawsuits involving the Meta pixel); "Evolving Privacy Exposures - Web Tracking Pixels" available at https://www.bbrown.com/us/insight/evolving-privacy-exposures-web-tracking-pixels/ ("In 2022, more than 50 class-action suits were filed against media companies that deployed Meta Pixel on their platforms."). Against this backdrop, the public has a clear interest in developing a public record of how Meta's data tracking operates, so that both consumers and this nation's courts can accurately determine the effect of Meta's

[1] Plaintiffs take no position on Defendant Zuffa's contemporaneous Administrative Motion to Seal (ECF 211), which addresses Zuffa's confidentiality interests in, e.g., the number of Fight Pass subscribers.

activities on citizens' privacy.

Judge Boulware has already stated that "***this is all eventually going to be unsealed***." ECF 184 at 6:4-5. That hearing involved essentially the same evidence at issue in this motion (particularly insofar as META 00001 and META 00004-6 and the deposition testimony of Tobias Wooldridge are concerned). This Court has thus already acknowledged the public's strong interest in unsealing this information, which elucidates how Meta's pixel and cookies operate and they extent to which they involve personally-identifiable information under both the VPPA and other privacy laws.

**<u>Plaintiff's Opposition Brief</u>**

Plaintiff opposes Meta's request to seal the information in Plaintiffs' Opposition to the Motion for Summary Judgment at page 12, line 7. This information regarding which data Meta tracks and what cookies it uses to do so is highly relevant to the public's interest in whether and how Meta track's individuals' online activities. Furthermore, Meta's use of the specific cookie(s) referenced is already in the public domain. The only additional details disclosed by this excerpt of Plaintiffs' Opposition is how Meta stores the data received in relation to other data collected. Disclosure of this detail will not prejudice Meta significantly.

Plaintiffs take no position on whether the data at Page 17, lines 17-24 and 26-27 should be sealed. This information, which discloses specific videos viewed by Plaintiffs, is clearly confidential under the VPPA, and thus warrants sealing under ordinary circumstances. However, without waiving their argument that this material is private and subject to the VPPA, Plaintiffs acknowledge that the public has an interest in a full disclosure of the types of data Meta tracks using its pixel, including the video titles viewed by Plaintiffs. Plaintiffs oppose sealing the additional details about the data collected and stored by Meta, such as field names and values; that information goes to the core of the public's interest in this case.

Plaintiffs oppose sealing the information at Page 18, Lines 1 and 8–9 for the same reasons. This information goes to the central issue of what data Meta collects and whether Zuffa and other companies that utilize Meta's pixel are disclosing information to Meta in a personally-identifiable manner. Moreover, as Meta is involved in more and more VPPA cases and other privacy lawsuits,

creating a public record of what exactly Meta does will help identify any inconsistencies in Meta's disclosures (e.g., if Meta claims it does not track or utilize the c_user cookie in this case, but produces data in other cases evidencing that it does). It will also create a record that other courts can use to streamline the process of determining how Meta's pixels function.

The same analysis applies to the information disclosed at Page 23, Line 17 of Plaintiffs' Opposition brief.

**<u>Exhibits 10-15</u>**

These exhibits, which comprise an anonymized cross-section of specific pixel data putatively collected by Meta for the proposed class, are highly material evidence of Meta's tracking capabilities. As noted above, Judge Boulware has already indicated this material will be unsealed eventually. ECF 184 at 6:4-5. Because this data has been de-identified, it does not implicate any privacy concerns. And while it does disclose some details about how Meta's pixel operates, much of that detail has already been disclosed by Meta in its marketing materials and online instructional materials (e.g., web pages talking about how its "advanced matching" uses hashed emails to track individuals; web pages discussing use of the fbp cookie to track individuals; etc.).

**<u>Exhibit 16</u>**

This email contains high level discussions of how to use and implement Meta's pixel. This information is redundant with public information regarding Meta's pixel, and does not carry any significant confidentiality concerns. Plaintiffs do not oppose Meta's request to seal the emails and phone numbers of its employees. Its request to seal their names is overreach, as the identities of its employees are not confidential. Indeed, most people publicize their employment through websites such as LinkedIn.

**Exhibit 20**

Exhibit 20 raises the same concerns as Exhibit 16, and should be sealed only to the same extent.

**Egelman Report (Ex. 25)**

Pages 5–6, Paragraph 13, discuss widely known Meta capabilities and business practices of Meta. This discussion raises no real confidentiality concerns.

Page 69, Paragraph 141 & Footnote 179 similarly discuss facts that are already in the public domain. Meta advertises its practice of using hashed emails to ID users on its website. The fact that evidence corroborates its public admissions does not raise confidentiality concerns or prejudice Meta in any way. *See, e.g.*, Egelman Report at n.184 (referring back to Meta's public web pages as evidence of "advanced matching" practices).

Page 70, Paragraph 142 again discusses information that is in the public domain. The fact that users log in to the ufcfigthpass.com website is not confidential, and does not even pertain to Meta.

Page 71, Paragraph 144 & Footnote 193 again raise facts that are already in the public domain as a result of Meta's advertising of its pixel's capabilities.

Page 72, Paragraph 146 is a high level description of Meta's tracking practices. This discussion merely confirms the Plaintiffs' allegations are corroborated by evidence. Even if Meta has a competitive interest in maintaining that information's confidentiality, it is outweighed by the public's interest in understanding the extent to which Meta enables sharing of personally-identifiable information.

Similarly, Page 89, Paragraph 171 of Dr. Egelman's report does not disclose any details that significantly impair Meta's ability to compete. The numbers discussed are specific to this data production, and do not disclose any sensitive details.

**Herrold Report (Ex. 26)**

Plaintiffs generally oppose the proposed sealing of portions of Ms. Herrold's report (Ex.

26). Meta has already placed the functionality discussed by Ms. Herold in the public domain. For example, Meta's use of the fr_cookie, and its practice of dissociating information from a user when they opt out of "Off-Facebook Tracking" are both in the public domain. *See, e.g.*, https://www.salesloft.com/legal/cookie-policy (disclosing use of fr_cookie to track advertising efficacy); Rabbani Decl. in Opp. to Class Certification, Ex. XX at 569; Ex. YY at 575 (disclosing that disabling "Off-Facebook Activity" dissociates data from user without preventing data collection generally). While Meta's arguments for sealing are slightly stronger for paragraphs discussing specific data structures used by Meta (see, e.g., Herold Report at ¶¶ 51-52, 55-56), those practices are fairly routine, and do not significantly impact Meta's competitiveness, nor the security of its data. Thus, even for those paragraphs, the public's interest in the extent to which Meta collects PII via its pixel outweighs Meta's confidentiality interests.

**Conclusion**

For the reasons above, Plaintiffs ask the Court to grant their motion to compel Meta's attendance and deny Meta's motion to quash.

/ / /

/ / /

Dated: January 23, 2026

**GUTRIDE SAFIER LLP**

*/s/ Anthony J. Patek /s/*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Anthony J. Patek (State Bar No. 228964)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*