Jan K. Tomasik
Nevada Bar No. 15104
COZEN O'CONNOR
1180 North Town Center Drive, Suite 260
Las Vegas, NJ 89144
Telephone: (702)470-2330
JTomasik@cozen.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*

**JENNER & BLOCK LLP**
**525 Market Street, 29th Floor**
**San Francisco, CA 94105**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC, ENDEAVOR STREAMING, LLC, and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**NON-PARTY META PLATFORMS, INC.'S RESPONSE TO MOTION TO SEAL OF DEFENDANT ZUFFA, LLC (ECF NO. 229)**

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Meta Platforms, Inc. ("Meta") respectfully requests the Court enter an order sealing discrete and limited portions of the reply papers Defendant Zuffa, LLC ("Zuffa") filed in support of its motion for summary judgment.[1] Compelling reasons exist to seal these materials as they contain commercially sensitive and proprietary information, the disclosure of which could cause competitive harm to Meta.

The materials Meta seeks to seal present substantially the same confidentiality concerns as the documents this Court previously ordered sealed on November 12, 2025 (ECF No. 197) and those Meta has raised in its response to Plaintiffs' pending motion to seal its summary judgment opposition papers ("Meta's January 16 Response") (ECF No. 212). Zuffa's papers discuss and summarize commercially sensitive and proprietary information Meta produced and information Meta's Rule 30(b)(6) witness provided in his confidential deposition testimony. Zuffa's papers also include references to data Meta produced in this action, the format of which reflects Meta's proprietary data systems and storage processes and contain commercial and proprietary data that Meta does not disclose in the ordinary course of business. Meta designated these materials as "Highly Confidential" pursuant to the Court's protective order (ECF No. 36) because they contain non-public information about the operation of Meta's proprietary processes and data systems for handling and storing data associated with the Meta Pixel, and their disclosure could result in competitive harm to Meta.

Meta once again acknowledges that "stipulated protective orders alone do not justify sealing court records" (ECF No. 91 at 3), and it is mindful of the Court's guidance in its prior orders on Meta's motions to seal (ECF No. 152; ECF No. 161). Meta therefore seeks to maintain under seal only very limited portions of the information filed under seal that would reveal Meta's proprietary technology and processes. Meta seeks to seal this information because disclosure would put Meta at a competitive disadvantage in the marketplace for the reasons Meta discussed

[1] Meta seeks to maintain under seal limited portions of Zuffa's reply brief in further support of Zuffa's motion for summary judgment (ECF Nos. 224 and 230 (corrected version)) and limited portions of Exhibit A to the Declaration of Ali R. Rabbani in Further Support of Zuffa's Motion for Summary Judgment ("Rabbani Declaration") (ECF No. 224-1)—the Reply Expert Report of Ron Schnell ("Schnell Reply Expert Report").

in its prior filings seeking sealing of certain commercially sensitive and proprietary materials. (*See* ECF No. 197; ECF No. 212.) Compelling reasons exist to seal the discrete, identified portions of Zuffa's filings that likely would result in competitive harm if disclosed.

**PROCEDURAL BACKGROUND**

Meta is not a party to this dispute in which Plaintiffs allege that Zuffa has violated the Video Privacy Protection Act, 18 U.S.C. § 2170 ("VPPA"), and California law by knowingly disclosing without users' consent personally identifiable information about videos that users of the ufcfightpass.com website have requested or obtained. Plaintiffs allege Zuffa made these disclosures through its use of the Meta Pixel, a piece of JavaScript code that allows Zuffa and other websites with which Meta does business to collect information about the actions users take on their websites. (Am. Compl. ¶ 1.) Plaintiffs allege that businesses can configure the Meta Pixel to collect information about the specific websites a user visits, including the URLs of the websites. (*Id.* ¶¶ 39, 49–50.)

On December 15, 2022, Plaintiffs served a subpoena on non-party Meta seeking the production of multiple categories of data and documents. (Edelstein Decl. ¶ 1.) On August 21, 2023, Meta produced data responsive to Plaintiffs' subpoena. (*Id.* ¶¶ 1, 5) Meta designated this data as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's stipulated protective order (ECF No. 36). (*Id.*) On January 3, 2024, Plaintiffs served a second amended subpoena for documents and deposition testimony on non-party Meta. (*Id.* ¶ 1.) On January 25, 2024, Plaintiffs deposed Meta's Rule 30(b)(6) witness. (*Id.* ¶ 10.) Meta designated this testimony as "Highly Confidential – Attorneys' Eyes Only" under the protective order. (*Id.* ¶ 10.) On December 2, 2024, Plaintiffs served a third amended subpoena for documents on non-party Meta. (*Id.* ¶ 1.) On February 5, 2025 and again on February 19, 2025, Meta produced data responsive to Plaintiffs' third amended subpoena. (*Id.* ¶¶ 1, 7–8.) Meta designated this data as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's stipulated protective order (ECF No. 36). (*Id.*)

The data Meta produced and the information provided by its Rule 30(b)(6) witness at deposition have been the subject of numerous motions to seal in this proceeding. For example, in connection with Plaintiffs' class certification briefing, both Plaintiffs and Zuffa filed motions to

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

seal that included Meta's confidential data. (*See* ECF 108 (Zuffa's motion to seal its opposition to Plaintiffs' class certification motion, including Meta's production cover letter and accompanying production of plaintiff-specific data); ECF 123 (Plaintiffs' motion to seal exhibit to reply in support of Plaintiffs' class certification motion that included plaintiff-specific data "contain[ing] video viewing history for each of the Plaintiffs").)

The Court granted those requests to seal. (*See* ECF No. 158.) Similarly, the Court granted Meta's request to seal discussions of Meta's data processing and storage tools and methods (ECF No. 155), noting that "descriptions of a non-public, technical process" usually satisfy the good cause standard. (*See* ECF No. 161.)

On October 10, 2025, Zuffa moved for summary judgment. (ECF No. 186). Zuffa moved to seal portions of its motion for summary judgment, including Meta's production of plaintiff-specific data, META_BLOOM_001, which Zuffa also quotes in its reply papers, and excerpts from the deposition of Meta's Rule 30(b)(6) witness. (*See* ECF No. 188.) On November 3, 2025, Meta filed a response to the motion to seal and requested the Court seal limited portions of Zuffa's summary judgment papers containing detailed discussions of Meta's non-public, proprietary processes, and data storage systems. Meta also sought to seal in its entirety the plaintiff-specific data produced in the case. (*See* ECF No. 195.) The Court granted the motion to seal on November 23, 2025. (ECF No. 197.)

On December 19, 2025, Plaintiffs filed their opposition to Zuffa's motion for summary judgment. (ECF No. 205). Parts of Plaintiffs' opposition papers contained Meta's confidential and proprietary information and Meta employees' names, email addresses, and phone numbers. (*See* ECF No. 212 at 4–5.) Plaintiffs filed an accompanying motion to seal portions of its opposition papers. (ECF No. 207.) On January 16, 2026, Meta filed its response to Plaintiffs' motion to seal. (ECF No. 212.) Meta sought to seal (1) limited portions of Plaintiffs' filings containing detailed discussions of Meta's non-public proprietary processes and data storage systems, including table names and field descriptors; (2) limited portions of certain exhibits which contain certain Meta employees' names, email addresses, and phone numbers; and (3) full copies of the proprietary commercial data Meta produced in response to the December 2, 2024

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

subpoena—data Meta does not disclose in the ordinary course of business. (*See* ECF No. 212 at 5–8.) On January 23, 2026, Plaintiffs filed a reply, opposing in part Meta's sealing requests. (ECF No. 219.) The Court has not yet ruled on Plaintiffs' motion.

On February 9, 2026, Zuffa filed its reply in further support of Zuffa's motion for summary judgment (ECF No. 224).[2] Portions of the following documents contain Meta's confidential and proprietary information:

(1) Zuffa's Reply in Support of its Motion for Summary Judgment ("Zuffa Reply Brief"); and

(2) Schnell Reply Expert Report, Exhibit A to the Rabbani Declaration (ECF No. 224-1).

On February 10, 2026, Zuffa filed a motion seeking leave to file under seal discrete portions of Zuffa's Reply Brief and the Schnell Reply Expert Report in its entirety. (ECF No. 229.)

**MATERIALS TO BE SEALED**

As Meta set forth in its January 16 Response, Meta operates in an intensely competitive marketplace and has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. (Edelstein Decl. ¶ 12.) Meta thus takes care to protect the confidentiality of the proprietary information and data it collects and stores. (*Id.*) The information Meta produced in response to Plaintiffs' subpoena and provided through its 30(b)(6) witness deposition testimony includes confidential and sensitive information that reveals the technical details of Meta's proprietary data storage systems and plays an integral role in how Meta provides advertising services to its business customers. (*Id.* ¶¶ 11–14.)

As in its prior sealing requests, Meta is mindful of the requirement that parties should take a judicious approach to filing information under seal and of the Court's prior guidance. Meta therefore asks the Court to seal only very limited portions of Zuffa's Reply Brief and the Schnell Reply Expert Report that contain detailed discussions of or references to Meta's non-public proprietary processes and data storage systems. (*See id.* ¶ 15.) For example, the Schnell Reply

[2] On February 10, 2026, Zuffa filed a corrected version of its reply papers. (ECF No. 230.)

Expert Report contains discussion of Meta's proprietary data systems and storage processes as they relate to data Meta produced in this action and also contain, discuss, summarize, and reflect the contents of Meta's "Highly Confidential" Rule 30(b)(6) deposition testimony. Meta proposes very narrow and tailored redactions to these documents to protect the confidentiality of this material. (Edelstein Decl. ¶ 16.) For example, many of Meta's redactions are often limited to one or two words in a sentence that refer to a field descriptor in the data Meta produced and reveal confidential information Meta does not disclose in the ordinary course of business. (*Id.*)

Meta respectfully requests that the following discrete and limited portions of the documents identified in Zuffa's motion to seal (ECF No. 229) remain under seal:

(1) Zuffa's Reply Brief (ECF No. 224; ECF No. 230)

- Page 6, Footnote 2
- Page 9, Lines 13-14
- Page 10, Footnote 7
- Page 13, Footnote 13

(2) Schnell Reply Expert Report, Exhibit A to the Rabbani Declaration (ECF 224-1)

- Page 3, Paragraph 5
- Page 4, Paragraph 8
- Page 6, Paragraph 12
- Page 7, Paragraph 15
- Page 7, Paragraph 16
- Page 8, Paragraph 18
- Page 9, Paragraph 19
- Page 20, Paragraph 40
- Page 35, Paragraph 73
- Page 36, Paragraph 75
- Page 37, Paragraph 79
- Page 42, Paragraph 89
- Page 47, Paragraph 99

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

- Page 47, Paragraph 100
- Page 49, Paragraph 104
- Page 52, Paragraph 108
- Page 52, Paragraph 109

For the convenience of the Court, Meta has provided Meta's proposed redactions as exhibits to the Edelstein Declaration. Meta has highlighted its proposed redactions in green.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A party seeking to seal judicial records in connection with a dispositive motion must demonstrate sufficiently "compelling reasons" that override the public policies favoring disclosure. *See Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *In re Midland Nat'l Life Ins. Co Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Foltz* v. *State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see also Rodman* v. *Safeway Inc.*, No. 11 Civ. 3003 (JST), 2015 WL 13673842, at *1 (N.D. Cal. Aug. 4, 2015). Courts in the Ninth Circuit apply this standard to motions for summary judgment. *Kamakana*, 447 F.3d at 1179. What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," but sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

**ARGUMENT**

Compelling reasons exist to grant Meta's request to seal discrete portions of Zuffa's Reply Brief and the Schnell Reply Expert Report, which contain excerpts from Meta's deposition testimony and specific descriptions of and quotes from exhibits with specific data Meta produced. The competitive harm from disclosure greatly outweighs any general public interest in information produced by a non-party. Disclosure of Meta's proprietary information in these documents would

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

result in disclosure of Meta's confidential business practices with respect to current data storage systems and processes. (Edelstein Decl. ¶¶ 12–15.) It also would reveal confidential commercial and proprietary data that Meta does not disclose in the ordinary course of business, such as field descriptors and descriptions of how storage is accomplished. (*Id.*) For this reason, Meta designated this information in discovery as "Highly Confidential" pursuant to the protective order. (*Id.*) Meta has proposed targeted redactions that protect the confidentiality of Meta's proprietary data without compromising the public's ability to remain informed about the litigation.

The Ninth Circuit has recognized that disclosure of business information that could create competitive harm is a compelling reason to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1097. Courts in the Ninth Circuit routinely seal the type of information Meta seeks to seal here, whether under the "compelling reasons" or "good cause" standard. *See Selling Source, LLC* v. *Red River Ventures, LLC*, No. 09 Civ. 1491, 2011 WL 1630338, at *3 (D. Nev. Apr. 29, 2011) (sealing information about proprietary commercial practices); *Bridge* v. *Credit One Bank, N.A.*, No. 14 Civ. 1512, 2016 WL 11670192, at *1 (D. Nev. Apr. 18, 2016) (finding good cause to seal because the records at issue "contain non-parties' financial information and reveal Defendant's proprietary collection methods"); *Gunter*, 2017 U.S. Dist. LEXIS 134955, at *5 (granting motion to seal documents that "reference Defendant's proprietary interest in its mechanisms for handling its customers' accounts, its internal finances and aggregate customer information"); *Baird* v. *BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (finding compelling reasons to seal information that was "not in the public record," and constituted "confidential" and "sensitive" business information); *Snap Lock Indus., Inc.* v. *Swisstrax Corp.*, No. 17 Civ. 2742, 2021 WL 3082561, at *2 (D. Nev. July 21, 2021) (Weksler, J.) (finding compelling reason to seal "commercially sensitive information that could hurt [a party]'s competitive standing" and citing *Selling Source*, 2011 WL 1630338, at *6). Courts seal information similar to the information here that if disclosed would reveal insights into how a business encrypts, stores, or transmits sensitive information. *See 3D Sys., Inc. v. Wynne*, No. 21 Civ. 1141, 2024 WL 1122377, at *2 (S.D. Cal. Mar. 14, 2024).

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

In *In re Meta Pixel Healthcare Litigation*, the Court held that table names and technical descriptions of how Meta's data storage is accomplished were subject to sealing under the compelling or good cause standards. *See In re Meta Pixel Healthcare Litig.*, No. 22 Civ. 3580 (N.D. Cal. Feb. 20, 2025), ECF 880; *see also In re Meta Pixel Healthcare Litig.*, No. 22 Civ. 3580 (N.D. Cal. Dec. 1, 2025), ECF 1241 (granting request to seal source code, table names or system paths that had not been publicly disclosed and query names and similar instructions key to operating Meta's systems). Meta seeks to seal similar information here.

The information Meta seeks to seal also is identical in kind to the type of information the Court previously sealed in connection with Zuffa's motion for summary judgment. (*See* ECF No. 197.) It consists of "technical details of Meta's storage system" that the Court recognized "plays an integral role in how it provides advertising services to its customers." (*Id.*) The Court found this information satisfies both the good cause and compelling reasons standards. (*Id.*) The Court also previously sealed discussions of Meta's data processing and storage tools and methods, noting "descriptions of a non-public, technical process" usually satisfy the good cause standard. (*See* ECF No. 161.) In contrast, the Court did not seal "generalized statements about the ability of Meta's Pixel code as opposed to the code's technical processes." (*Id.*)

Meta's present request focuses on sealing only the information that would disclose Meta's proprietary processes for and methods of transmitting and storing data. This approach is consistent with the Court's prior orders in this case. (ECF Nos. 161, 197.) It also leaves the rest of the material open to the public. *See ImageKeeper LLC* v. *Wright Nat'l Flood Ins. Servs.*, No. 22 Civ. 01470, 2024 WL 1330046, at *5 (D. Nev. Mar. 27, 2024) (finding compelling reasons to seal "proprietary business information" where the proposed redactions are narrowly tailored and "leave the rest of the non-confidential material open to the public").

There are compelling reasons to seal Meta's data productions and discussions of those productions and Meta's Rule 30(b)(6) deposition testimony in Zuffa's Reply Brief and the Schnell Reply Expert Report, particularly given Meta's status as a non-party. The identified redactions are targeted, and the vast majority of the portions of Zuffa's papers will be disclosed allowing the public to remain fully informed about Zuffa's filings.

**CONCLUSION**

For the foregoing reasons, Meta respectfully requests that the Court enter an order sealing the portions of Zuffa's Reply Brief and the Schnell Expert Reply Report identified above and in the accompanying Declaration of Laurie Edelstein. (*See* Edelstein Decl. ¶ 15.)

Dated: February 24, 2026

Respectfully submitted,

JENNER & BLOCK LLP

By: */s/ Laurie Edelstein*

Jan K. Tomasik
Nevada Bar No. 15104
COZEN O'CONNOR
1180 North Town Center Drive
Suite 260
Las Vegas, NJ 89144
Telephone: 702-470-2330
JTomasik@cozen.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Meta Platforms, Inc.*

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 16th day of November, I authorized a copy of the foregoing **NON-PARTY META PLATFORMS, INC.'S RESPONSE TO DEFENDANT ZUFFA, LLC'S MOTION TO SEAL (ECF NO. 229)** and supporting documents to be filed electronically via the Court's CM/ECF system and served on all parties of record who have made an appearance in this case and are registered for participation in CM/ECF as of this date.

Dated: February 24, 2026

By: *_/s/ Laurie Edelstein_*