Jan K. Tomasik
Nevada Bar No. 15104
COZEN O'CONNOR
1180 North Town Center Drive, Suite 260
Las Vegas, NJ 89144
Telephone: (702)470-2330
JTomasik@cozen.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*



**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC, ENDEAVOR STREAMING, LLC, and ENDEAVOR GROUP HOLDINGS, INC.,

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**NON-PARTY META PLATFORMS, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL (ECF NO. 207)**

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

Non-party Meta Platforms, Inc. ("Meta") respectfully moves the Court for leave to file a sur-reply in further support of Meta's Response to Plaintiffs' Motion to Seal portions of their papers in opposition to Defendant Zuffa, LLC's ("Zuffa") motion for summary judgment.[1] A sur-reply is appropriate because Plaintiffs' Reply in support of their Motion to Seal raises new arguments they failed to advance in their opening motion.[2]

Plaintiffs submitted Meta's confidential information in support of their opposition to Zuffa's motion for summary judgment, and they identified this information, line by line, in their Motion to Seal. Plaintiffs provided no indication in their Motion to Seal that they opposed sealing any of Meta's confidential information. Instead, they waited until their Reply to assert that nearly all the information that Meta had designated as confidential and that Plaintiffs had submitted in connection with their opposition should be unsealed. By waiting until their Reply to raise these objections, Plaintiffs deprived Meta of an opportunity to respond their arguments. The Reply also is rife with inaccurate characterizations of Meta's position. If left uncorrected, the record on the Motion to Seal would be incomplete and misleading.

Because Plaintiffs deprived Meta of a full and fair opportunity to respond to these arguments and mischaracterizations, Meta respectfully requests leave to file a short sur-reply.[3]

## PROCEDURAL BACKGROUND

Meta is not a party to this dispute. Plaintiffs allege that Zuffa has violated the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), and California law by knowingly disclosing without users' consent personally identifiable information about videos that users of the ufcfightpass.com website have requested or obtained. Plaintiffs allege Zuffa made these disclosures through its use of the Meta Pixel, a piece of JavaScript code that allows Zuffa and other websites with which Meta does business to collect information about the actions users take on their

---

[1] Plaintiffs' motion to seal is ECF No. 207 ("Plaintiffs' Motion to Seal"). Meta's response in support of Plaintiffs' Motion to Seal is ECF No. 212 ("Meta's Response").

[2] Plaintiffs styled their reply as a "Partial Opposition to Meta's Motion to Seal" (ECF No. 219) ("Plaintiffs' Reply"). Meta did not file a motion to seal. Plaintiffs filed the motion.

[3] Meta has attached its proposed sur-reply for the Court's consideration as Exhibit 1 to the Declaration of Laurie Edelstein in Support of Meta's Motion for Leave to File Sur-Reply in Support of Plaintiffs' Motion to Seal.

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

websites. (Am. Compl. ¶ 1.) Plaintiffs allege that businesses can configure the Meta Pixel to collect information about the specific websites a user visits, including the URLs of the websites. (*Id.* ¶¶ 39, 49–50.)

On December 15, 2022, Plaintiffs served a subpoena on non-party Meta seeking the production of multiple categories of data and documents. (ECF 212 at ¶ 1.) On August 21, 2023, Meta produced data responsive to Plaintiffs' subpoena. (*Id.*) Meta designated this data as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's stipulated protective order (ECF No. 36). (*Id.*) On January 3, 2024, Plaintiffs served a second amended subpoena for documents and deposition testimony on non-party Meta. (*Id.* ¶ 1.) On January 25, 2024, Plaintiffs deposed Meta's Rule 30(b)(6) witness. Meta designated this testimony as "Highly Confidential– Attorneys' Eyes Only" under the protective order. (*Id.* ¶ 8.) On December 2, 2024, Plaintiffs served a third amended subpoena for documents on non-party Meta. (*Id.* ¶ 1.) On February 5, 2025 and again on February 19, 2025, Meta produced data responsive to Plaintiffs' third amended subpoena. (*Id.* ¶¶ 1, 6.) Meta also designated this data as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Court's stipulated protective order (ECF No. 36). (*Id.*)

The data Meta produced and the information provided by its Rule 30(b)(6) witness have been the subject of numerous motions to seal in this proceeding. For example, in connection with Plaintiffs' class certification briefing, both Plaintiffs and Zuffa filed motions to seal that included Meta's confidential data. (*See* ECF 108 (Zuffa's motion to seal its opposition to Plaintiffs' class certification motion, including Meta's production cover letter and accompanying production of plaintiff-specific data); ECF 123 (Plaintiffs' motion to seal exhibit to reply in support of Plaintiffs' class certification motion that included plaintiff-specific data "contain[ing] video viewing history for each of the Plaintiffs").)

The Court granted those requests to seal. (*See* ECF No. 158.) Similarly, the Court granted Meta's request to seal discussions of Meta's data processing and storage tools and methods (ECF No. 155), noting that "descriptions of a non-public, technical process" usually satisfy the good cause standard. (*See* ECF No. 161.)

On October 10, 2025, Zuffa moved for summary judgment. (ECF No. 186). Zuffa moved to seal portions of its motion for summary judgment, including Meta's production cover letter and accompanying production of plaintiff-specific data and excerpts from the deposition of Meta's Rule 30(b)(6) witness. (*See* ECF No. 188.) On November 3, 2025, Meta filed a response to the motion to seal and requested the Court seal limited portions of Zuffa's summary judgment papers containing detailed discussions of Meta's non-public, proprietary processes, and data storage systems. Meta also sought to seal in its entirety the plaintiff-specific data produced in the case. (*See* ECF No. 195.) The Court granted the motion to seal on November 23, 2025. (ECF No. 197.)

On December 19, 2025, Plaintiffs filed their opposition to Zuffa's motion for summary judgment (ECF No. 205). Portions of Plaintiffs' opposition papers contain Meta's confidential and proprietary information or Meta employees' names, email addresses, and phone numbers, the vast majority of which is similar to information the Court has previously ordered sealed:

(1) Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion for Summary Judgment ("Plaintiffs' Opposition Brief");

(2) Exhibit 10 to the Declaration of Anthony J. Patek in Support of Plaintiffs' Opposition ("Patek Declaration"), consisting of an Excel sheet that Meta produced on February 19, 2025 with Bates-stamp META_BLOOM_0004 and a Highly Confidential designation;

(3) Exhibit 11 to the Patek Declaration, consisting of an Excel sheet that Meta produced on February 19, 2025 with Bates-stamp META_BLOOM_0005 and a Highly Confidential designation;

(4) Exhibit 12 to the Patek Declaration, consisting of an Excel sheet that Meta produced on February 19, 2025 with Bates-stamp META_BLOOM_0006 and a Highly Confidential designation;

(5) Exhibit 13 to the Patek Declaration, consisting of an annotated and filtered version of the Excel sheet that Meta produced on February 19, 2025 with Bates-stamp META_BLOOM_0004 and a Highly Confidential designation, and that Plaintiffs have designated as META_BLOOM_0004a;

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

(6) Exhibit 14 to the Patek Declaration, consisting of an annotated and filtered version of the Excel sheet that Meta produced on February 19, 2025 with Bates-stamp META_BLOOM_0005 and a Highly Confidential designation, and that Plaintiffs have designated as META_BLOOM_0005a;

(7) Exhibit 15 to the Patek Declaration, consisting of an annotated and filtered version of the Excel sheet that Meta produced on February 19, 2025 with Bates-stamp META_BLOOM_0006 and a Highly Confidential designation, and that Plaintiffs have designated as META_BLOOM_0006a;

(8) Exhibit 16 to the Patek Declaration, consisting of email correspondence between Meta employees and Zuffa dated April 9, 2021, produced by Zuffa with Bates-stamp ZUFFA0002392;

(9) Exhibit 20 to the Patek Declaration, consisting of email correspondence between Meta employees and Zuffa dated June 3, 2021, produced by Zuffa with Bates-stamp ZUFFA0001371;

(10) Exhibit 25 to the Patek Declaration, consisting of the expert report of Serge Egelman ("Egelman Report"); and

(11) Exhibit 26 to the Patek Declaration, consisting of the expert report of Rebecca Herold ("Herold Report").

On December 19, 2025, Plaintiffs also filed a Motion to Seal seeking leave to file Plaintiffs' Opposition Brief and portions of the documents identified above under seal (ECF No. 207). Plaintiffs' Motion to Seal identified Meta's confidential and proprietary information on a specific, line-by-line basis. (*Id.* at 2–3.) Plaintiffs did not indicate they opposed the sealing of any of that information. (*Id.*) Plaintiffs simply noted in a footnote that Plaintiffs "reserve the right to oppose . . . Meta's designations under applicable law." (*Id.* at 3 n.1.) At the time, however, Plaintiffs were fully aware of the substance of Meta's confidential and proprietary information at stake in Plaintiffs' Motion to Seal. They also knew Meta had asked for the same or similar information to be sealed in conjunction with prior motions in this proceeding, and they knew the reasons why Meta sought to seal the information. Plaintiffs also knew the Court had ordered the same or similar

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

information be sealed in connection with prior motions. Plaintiffs did not raise any objections in their Motion to Seal.

On December 30, 2025, the parties filed a joint stipulation to extend the time to respond to Plaintiffs' Motion to Seal until January 16, 2026 (ECF No. 209). The Court granted the parties' request on January 7, 2026 (ECF No. 210). On January 16, 2026, Meta filed its Response to Plaintiffs' Motion to Seal and asked the Court to seal discrete and limited portions of Plaintiffs' opposition papers. (ECF No. 212.)

On January 23, 2026, Plaintiffs filed a reply styled as a reply "in Partial Opposition to Meta Platform's Motion to Seal." (ECF No. 219.) Plaintiffs' Reply, which was filed in support of *Plaintiffs'* own motion to seal, (*see* ECF No. 207), opposed sealing the bulk of the information Meta requested that be maintained under seal.

**LEGAL STANDARD**

A moving party may not raise new arguments or evidence for the first time in reply brief. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010); *Oracle USA, Inc. v. Rimini Street, Inc.*, 2016 WL 6208254, at *2 (D. Nev. Oct. 24, 2016) ("[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond."). When a moving party does present new matters for the first time on reply, a court may "either discard these arguments or provide [the nonmoving party] with [an opportunity to respond to them." *FNBN-RESCON I LLC v. Ritter*, 2014 WL 979930, at *6 (D. Nev. Mar. 12, 2014). Courts in this district routinely interpret Local Rule 7-2 to allow filing of sur-replies by leave of court, "and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Id.*

**ARGUMENT**

Meta should be permitted to file a sur-reply to respond to the new matters Plaintiffs improperly raised for the first time in Plaintiffs' reply brief.

*First*, Plaintiffs' Reply argues for the first time that Meta's confidential and proprietary material should not remain sealed because "most" of the information Meta seeks to seal is in the public domain, there is a strong public interest in the materials, and other courts need access to

Meta's information to somehow "streamline the process of determining how Meta's pixels function." (ECF 219 at 1–7.) The purpose of a reply brief, however, is to respond to arguments raised in opposition—not to introduce new grounds for relief. Where, as here, a movant uses a reply to raise new arguments, fairness requires that the non-movant be afforded an opportunity to respond. *See Mwithiga v. Uber Techs., Inc.*, 376 F. Supp. 3d 1052, 1058 (D. Nev. 2019) (granting motion for leave to file sur-reply because "considerations of fairness counsel in favor of allowing [non-movant] to address the arguments set forth" for first time in the moving party's reply).

A sur-reply is particularly appropriate here because the new matters raised in Plaintiffs' Reply were not "unforeseeable" when the moving papers were filed. *See Beckett v. Brinx Res., Ltd.*, 2013 WL 6058487, at *1 (D. Nev. Nov. 14, 2013) (granting leave to file sur-reply where new matters raised in reply were not "unforeseeable" when moving papers were filed). Plaintiffs' Motion identified, line-by-line basis, the specific portions of their summary judgment opposition papers that referenced information Meta had designated as confidential. (ECF No. 207 at 2–3.) As discussed above, Plaintiffs knew that Meta had sought to seal certain of this information, including testimony of its Rule 30(b)(6) witness and productions of data, in connection with numerous prior motions to seal in this proceeding. Plaintiffs had ample notice concerning the specific information from that Meta has sought to seal (*see, e.g.*, ECF No. 155; ECF No. 195), the reasons underlying Meta's requests, and the Court's directives as to what type of information is sealable (*see* ECF No. 158; ECF No. 161; ECF No. 197). Despite this knowledge, Plaintiffs did not raise any objections or issues in their Motion to Seal. Instead, they waited until their Reply to advance their arguments opposing the sealing of Meta's confidential and proprietary information.

*Second*, Meta should be permitted to file a sur-reply to correct the numerous material inaccurate characterizations of the scope and basis of Meta's sealing requests. These mischaracterizations, if unaddressed, would leave an inaccurate and incomplete record for the Court. For example, Plaintiffs oppose sealing portions of the Herrold expert report on the ground, among others, that Meta's use of the "fr cookie" is publicly known and therefore cannot be shielded from disclosure. (ECF 219 at 5.) However, Meta has not sought to seal information concerning

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

the fr cookie in the Herrold expert report. Plaintiffs' argument therefore is directed at a position Meta has not taken.

This is not an isolated instance. Plaintiffs' Reply broadly overstates the breadth of Meta's designations by making broad, incorrect statements that Meta seeks to seal "all information regarding the types of data collected by Meta" and information about "[h]ow the Meta Pixel operates and what data it collects." (ECF 219 at 2.) However, Meta has sought to seal only limited portions of information that would reveal Meta's non-public proprietary processes and storage systems. (ECF 212 at 6.) The sur-reply Meta proposes to file would clarify the actual and limited scope of Meta's sealing requests so the Court can evaluate them on an accurate factual foundation. *See Brown v. Pegasus Rsch. Grp. LLC*, No. 16 Civ. 03875, 2017 WL 2444105, at *2 n.2 (D. Ariz. June 6, 2017) (permitting sur-reply "to clarify the record" where movant misstated the record).

*Finally*, Meta's proposed sur-reply is narrow and will not cause prejudice or delay. Meta does not seek to relitigate issues already before the Court. The proposed sur-reply will be limited in scope and address only (1) the new arguments Plaintiffs raised for the first time in their Reply and (2) the specific mischaracterizations of Meta's sealing requests that require correction.

## CONCLUSION

For the foregoing reasons, Meta respectfully requests leave to file the attached proposed sur-reply to address Plaintiffs' new arguments.

Dated: March 6. 2026

Respectfully submitted,

JENNER & BLOCK LLP

By: */s/ Laurie Edelstein*

Jan K. Tomasik
Nevada Bar No. 15104
COZEN O'CONNOR
1180 North Town Center Drive
Suite 260
Las Vegas, NJ 89144
Telephone: 702-470-2330
JTomasik@cozen.com

Laurie Edelstein (admitted *pro hac vice*)
JENNER & BLOCK LLP
525 Market Street, 29th Floor

JENNER & BLOCK LLP
525 Market Street, 29th Floor
San Francisco, CA 94105

San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com

*Attorneys for Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on the 6th day of March, I authorized a copy of the foregoing **NON-PARTY META PLATFORMS, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL** and supporting documents to be filed electronically via the Court's CM/ECF system and served on all parties of record who have made an appearance in this case and are registered for participation in CM/ECF as of this date.

Dated: March 6, 2026

By: *_/s/ Laurie Edelstein_*

**JENNER & BLOCK LLP**
**525 Market Street, 29th Floor**
**San Francisco, CA 94105**