**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

EVERETT BLOOM, et al.,

Plaintiffs,

v.

ZUFFA, LLC, et al.,

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**ORDER**

Before this Court are two motions. First, is Plaintiffs Everett Bloom, Jack Graham, and Dave Lindholm's Motion to Seal (ECF No. 207) and accompanying responses and replies.[1] Next, are Defendant Zuffa, LLC's (Zuffa) Motions for Leave to File Under Seal. ECF Nos. 226 and 229[2] and accompanying response.[3]

As explained in more detail below, with respect to Plaintiffs' motion to seal (ECF No. 207), this Court grants the request with respect to the hashed and unhashed email addresses, finding that Plaintiffs have demonstrated compelling reasons for sealing that information. This Court denies the remainder of Plaintiffs' motion (ECF No. 207), which was filed solely in compliance with the protective order's notification requirements.

Next, this Court denies Zuffa's motions to seal (ECF Nos. 226 and 229) without prejudice. As explained in more detail below, although some of Zuffa's requested redactions may satisfy the compelling reasons standard, the majority do not. This Court identifies the common

---

[1] Zuffa's Response to Plaintiffs' Motion to Seal (ECF No. 211); Non-Party Meta's Response to Plaintiffs' Motion to Seal (ECF No. 212); Plaintiffs' Reply in Partial Opposition to Meta's Motion to Seal (ECF No. 219); and Non-Party Meta's Sur-Reply in Support of Plaintiffs' Motion to Seal (ECF No. 240).

[2] ECF Nos. 226 and 229 reflect duplicative motions to seal arising from the same underlying request. Defendants represent that Local Rule IC 2-2(d), which requires electronically filed documents to be linked to the docket entry to which they pertain, necessitated a separate filing for each document sought to be sealed.

[3] Non-Party Meta's Response to Zuffa's Motion to Seal (ECF No. 234).

deficiencies in the requests and directs the parties to file their own renewed motions to seal that remedy those deficiencies with respect to each individual redaction sought.

## I.    Legal Standard

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* Regarding dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted). The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents as well, as long as the motion is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Because the documents at issue were filed in connection with a motion for summary judgment, a paradigmatic dispositive motion, the compelling reasons standard applies. *Kamakana*, 447 F.3d at 1178–79; *see also Ctr. for Auto Safety*, 809 F.3d at 1098. Under this standard, the party seeking to seal must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (alteration and internal quotation marks and citations omitted).

The compelling reasons standard is demanding by design. It is not satisfied by conclusory assertions that information is "confidential," "sensitive," or "proprietary," nor by generalized claims of potential competitive harm. *Id.* at 1184 ("[S]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden."); *see also DZ Rsrv. v. Facebook, Inc.*, No. 3:18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021) (holding that "[s]uch conclusory and unsupported formulations, which for example do not explain how a competitor would use the information to

obtain an unfair advantage, are insufficient for sealing"). Rather, the moving party must articulate specific facts establishing both the nature of the information and the concrete harm that disclosure would cause. *Kamakana*, 447 F.3d at 1181–1182 (requiring argument based in "articulable facts" that excludes unsupported "hypothesis or conjecture").

In *Kamakana*, rather than accept the parties' generalized assertions of sensitivity, the court conducted an *in camera* review and required specific, compelling reasons supported by factual findings to justify continued sealing. *Id.* at 1182. When sealing documents attached to a dispositive motion, the court "must base its decision on compelling reasons and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. (internal citation omitted).

*Kamakana* does not recognize a lower threshold for third parties, and courts in this circuit have consistently applied the same rigorous standard regardless of whether the moving party is a litigant or a non-party. *See Kamakana*, 447 F.3d at 1179 (holding simply that "'compelling reasons' must be shown to seal judicial records attached to a dispositive motion"). Indeed, *Kamakana* itself arose from a media company's intervention challenging sealed documents, and the Ninth Circuit's holding that a non-party's reliance on a protective order did not constitute a compelling reason applies with equal force to any moving party seeking to overcome the presumption of public access. *Id.* at 1183. Non-parties bear the same burden as parties and are not accorded special treatment merely by virtue of their status as third parties.

## II.    Discussion

### A.  This Court grants in part and denies in part Plaintiffs' Motion to Seal.

#### 1.  Plaintiffs' request to seal Plaintiffs' hashed and unhashed emails in ECF No. 205, Exhibit #25, page 86 is granted.

Plaintiffs seek to seal hashed and unhashed email addresses contained within their expert report, filed in connection with Plaintiffs' Motion for Summary Judgment. Because the expert report is filed in connection with a dispositive motion, the compelling reasons standard applies. *Kamakana*, 447 F.3d at 1179. Plaintiffs have met that standard. The Ninth Circuit recognizes a substantive privacy interest in personally identifying information, including video-viewing

history and associated identifiers. 18 U.S.C. § 2710; *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017). This privacy interest constitutes a compelling reason to seal personally identifying information in VPPA actions.

In addition, the proposed sealing is narrowly tailored. Plaintiffs seek to seal only the hashed and unhashed email addresses themselves. Although hashed emails may appear anonymized, they are readily matchable to unhashed emails through publicly available services, meaning that disclosure of hashed emails would not adequately protect Plaintiffs' privacy interests. This Court, therefore, finds that no less restrictive alternative would suffice with respect to this information and grants Plaintiffs' request to seal Plaintiffs' hashed and unhashed emails.

### 2. Plaintiffs' Motion to Seal with respect to Defendant Zuffa's and Non-Party Meta Platforms Inc.'s (Meta) information is denied.

This Court denies Plaintiffs' request to seal portions of "Zuffa's and Meta's Information." ECF No. 207 at 2–5.[4] In response to Plaintiffs' motion to seal (ECF No. 207), Zuffa filed a response (ECF No. 211) expressing support for sealing while also advancing their own independent requests to seal. Meta similarly filed a response (ECF No. 212)[5] expressing support for sealing while also advancing their own independent requests to seal.[6]

While some of Zuffa's and Meta's requested redactions may meet the compelling reasons standard, because the majority do not, this Court denies the motions to seal without prejudice in their entirety in the interest of docket efficiency and directs the parties to file their own respective

[4]As explained above, Plaintiffs filed the motion to seal pursuant to the protective order in place. As to these materials, Defendant (and Meta) bear the burden of demonstrating compelling reasons for the continued sealing of: Declaration of Rebecca Herold (ECF No.205, Exhibit 26); Declaration of Anthony J. Patek in Support of Plaintiffs' Opposition to Zuffa's (Zuffa) Motion for Summary Judgment (ECF No. 205, Exhibit # 27); and Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment (ECF No. 205).

[5] Plaintiffs did not contest in their reply (ECF No. 219) Meta's requested redactions of employee names, email addresses, and phone numbers. Those requested redactions would satisfy the compelling reasons standard. However, Meta has not supplied a publicly filed redacted version of the document and is directed to do so in any renewed motion to seal.

[6] Meta embedded its own requests for different redactions in its response to Plaintiffs' Motion to Seal. This Court notes a response is not the appropriate mechanism for seeking independent affirmative relief. This Court nevertheless addresses Meta's requests on the merits in the interest of judicial efficiency and to avoid the need for further briefing.

motions to seal that include all the requested redactions. The parties are directed to file any motions to seal in accordance with the legal standard set forth above.

### B. This Court denies Zuffa's Motions for Leave to File Under Seal (ECF No. 226[7] and ECF No. 229[8]).

Zuffa seeks to seal/redact portions of various documents comprising the summary judgment record.[9] In addition, Meta's Response (ECF No. 234)[10] to Zuffa's Motions for Leave to File Under Seal (ECF Nos. 226, 229)[11] seeks to seal portions of additional documents.[12] While some of the requested redactions may meet the compelling reasons standard, the majority do not. In turn, this Court denies the motions to seal without prejudice in their entirety in the interest of docket efficiency and directs the parties to file their own respective motions to seal that include all the requested redactions. The parties are directed to file any motions to seal in accordance with the legal standard set forth above.

Both Zuffa and Meta seek to seal portions of documents filed in connection with Zuffa's Motion for Summary Judgment, asserting that the requested redactions contain, among other things, non-public proprietary processes, trade secrets, and summaries of highly confidential Rule 30(b)(6) deposition testimony. Given that the information sought to be sealed was filed in connection with

---

[7] With respect to ECF No. 225.

[8] With respect to ECF No. 227.

[9] Zuffa's Reply to Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment ("Reply") (ECF No. 224; ECF No. 230); Exhibits to the Declaration of Ali R. Rabbani (ECF No. 224; ECF No. 230, Exhibit A); Defendant Zuffa's Objections to Evidence Filed in Support of Plaintiffs' Opposition to Zuffa's Motion for Summary Judgment (ECF No. 227); Portions of Zuffa's Evidentiary Objections (ECF No. 227); and Serge Egelman Deposition Transcript Excerpts (ECF No. 224; ECF No. 230, Exhibit B).

[10] Meta's embedded its own requests for different redactions in its response to Zuffa's motion. This Court notes a response is not the appropriate mechanism for seeking independent affirmative relief. This Court nevertheless addresses Meta's requests on the merits in the interest of judicial efficiency and to avoid the need for further briefing.

[11] ECF Nos. 226 and 229 reflect duplicative motions to seal arising from the same underlying request. Defendants represent that Local Rule IC 2-2(d), which requires electronically filed documents to be linked to the docket entry to which they pertain, necessitated a separate filing for each document sought to be sealed.

[12] Zuffa's Reply Brief (ECF No. 224; ECF No. 230); Schnell Reply Expert Report, Exhibit A to the Rabbani Declaration (ECF No. 224-1)

dispositive motions, the moving party must meet the compelling reasons standard. *Kamakana*, 447 F.3d at 1179. For the reasons set forth below, none of the sealing requests satisfy that standard. *Id.*

As explained in more detail below, the majority of the requests are deficient because they do not identify a category of protectable information, nor do they demonstrate a link to the category of protectable information with a concrete, identifiable harm for each requested redaction. In the interest of judicial efficiency, and given the volume of deficient requests, this Court declines to address each request individually and instead identifies below the common deficiencies that must be remedied in any renewed motions to seal.

### 1. Failure to Connect Justifications to Specific Redacted Content

A party fails to meet its burden when it identifies a category of protectable information in the abstract and does not demonstrate a link to the category of protectable information with a concrete, identifiable harm for each requested redaction. *See Kamakana*, 447 F.3d at 1184. The main deficiency in the sealing requests (ECF Nos. 207, 229, and 234) is the absence of any specific linkage between the stated justifications and the content of the redactions sought. As explained in *Kamakana*, "simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *See id.* at 1184; *see also MD Helicopters Inc. v. United States*, No. CV-19-02236-PHX-JAT, 2019 WL 2415285, at *2 (D. Ariz. June 7, 2019) (requiring a party to "articulate specific facts to justify sealing and must do so with respect to each item sought to be sealed") (emphasis added).

Each motion follows the same pattern: the party identifies general categories of information[13] asserting it would qualify for protection under the compelling reasons standard, and then separately lists the redactions requested. No explanation is offered, for any individual redaction, as to how the redacted content falls within any stated category, what the redacted text contains, or why disclosure of that specific content would cause competitive harm. (*See* ECF Nos. 211 at 4–5 and 234 at 7–8). As a result, this Court cannot independently verify that a given

---

[13] Such as confidential communications, business strategies, non-public communications, strategic communications, internal operational decision-making, field descriptors, data storage systems and processes, descriptions of how storage is accomplished.

redaction contains a protected category without the parties describing a linkage between the redacted text and the protected category.

### 2.   Reliance on Categorical Labels Rather Than Particularized Showings

Courts in this Circuit have repeatedly rejected conclusory designations of this kind as insufficient. *See DZ Reserve*, 2021 WL 75734, at *1; *see also Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 (D. Nev. 2021); *Aevoe Corp. v. AE Tech. Co.*, No. 2:12-CV-00053-GMN, 2014 WL 551563, at *2 (D. Nev. Feb. 7, 2014). The sealing requests rely heavily on phrases such as "proprietary data" or "competitively sensitive information" as catch-all justifications. As explained above, the moving party must explain what the information is, why it is competitively sensitive in this specific context, and what type of harm would result from disclosure.

### 3.   Proposed Redactions Include General Knowledge and Publicly Available Information

Information that is already public cannot be shielded from public access through a motion to seal. *See Kamakana*, 447 F.3d at 1178 (compelling reasons must actually "outweigh the general history of access"); *see also PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2023 WL 4637156, at *5 (D. Nev. July 19, 2023) ("it is axiomatic that secrecy in judicial filings is not warranted for public information"; denying sealing of declarations filed under seal that mirrored content filed on the public docket); *Victory Sports & Ent., LLC v. Pedraza*, No. 2:19-cv-00826-APG-NJK, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019) (denying motion to seal complaint already filed publicly because "information that has already entered the public domain cannot in any meaningful way be later removed from the public domain.")

Several of the proposed redactions appear to cover terminology, descriptions, or characterizations that are not distinguishable from the information already in the public record, including language that appears in substantially similar form in the publicly filed complaint. For example, the motion includes vague references to both general and publicly available technological terms without any accompanying explanation as to how those terms constitute trade secrets. *See* ECF 229 at 1. To the extent that the substance of the redacted content is already

publicly known, or appears in publicly accessible portions of this docket, the parties have not demonstrated that sealing or redacting that information serves a cognizable purpose.

### 4. Generalized Competitive Harm Without Concrete Demonstration

Courts have found generic competitive harm arguments insufficient to meet the compelling reasons standard. *See A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) (citing *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (holding that an "unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient to compel a court to seal its records" and rejecting "boilerplate references to competitive disadvantage" as insufficient); *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107, 1109 (N.D. Cal. 2021) (denying sealing where movant presented "nothing but generic and boilerplate statements" and "did not demonstrate a plausible risk to its business from publication"); *Mission Wellness Pharmacy LLC v. Caremark LLC*, 641 F. Supp. 3d 673, 678 (D. Ariz. 2022) ("[P]arties' mere allegations that disclosure of business information in their court filings would harm their competitive standing are insufficient to justify sealing court records."); *Kamakana*, 447 F.3d at 1179 ("[T]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

The sealing requests assert that disclosure would cause competitive harm, without further explanation. Assertions that unidentified competitors might gain "a competitive disadvantage" (ECF No. 234 at 2) or "create competitive harm" (ECF No. 234 at 8) or "harm competitive standing" (ECF No. 211 at 5) are precisely the type of generic competitive harm arguments that courts have found insufficient. For competitive harm to constitute a compelling reason, the moving party must identify a specific causal chain: what the information is, who could exploit it, how that exploitation would occur, and what concrete harm would result. None of the sealing requests supply this chain with respect to any specific redaction.

///

///

### 5.    Redaction of Legal Arguments and Attorney Work Product

Attorney characterizations of the record and legal argument advanced in dispositive briefing do not fall within the categories of information that courts have recognized as sufficient to meet the compelling reasons standard. *See Kamakana*, 447 F.3d at 1179 (identifying categories of information sufficient to meet the compelling reasons standard, including trade secrets, libelous statements, and records used to gratify private spite or promote public scandal, but not encompassing legal argument or attorney characterizations of the record). Several of the proposed redactions cover legal arguments, legal analysis, and attorney characterizations of the record rather than underlying factual information that could qualify as trade secrets or proprietary data. *See* ECF No. 224; ECF No. 230 at 10, 14. To meet the compelling reasons standard, the moving party must narrowly tailor the proposed redactions by demonstrating how the redaction applies to an applicable protected category.

### 6.    Protective Order Designation Does Not Establish Compelling Reasons

Protective orders and sealing standards are distinct frameworks serving different purposes. The former governs the exchange of information during discovery; the latter governs public access to the judicial record. *See Kamakana*, 447 F.3d at 1178–79; *see also Welenco, Inc. v. Corbell*, 126 F. Supp. 3d 1154, 1166 (E.D. Cal. 2015) (denying motion to seal where the plaintiffs' sole basis was the parties' existing stipulated protective order, holding that "[t]he presumption of access to court records is not rebutted simply because the court has approved the stipulated discovery phase protective order" and that the plaintiffs had "failed to meet the requirement that a party make a particularized showing that demonstrates compelling reasons to seal"). The fact that information was designated confidential during discovery does not mean that placing a discussion or summary of that information in the public judicial record would cause the kind of concrete competitive harm that *Kamakana* requires. To the extent either motion relies on the fact that underlying deposition testimony was designated "Highly Confidential" (ECF No. 234 at 2) under the protective order governing discovery, that designation does not satisfy the compelling reasons standard.

///

### 7. Redaction of Statements About What Information Does Not Contain

The absence of substantive information in a statement is not itself a basis to seal. *See Kamakana*, 447 F.3d at 1185 (holding that a party must articulate specific factual support for sealing and that general or conclusory characterizations of information as confidential do not satisfy the burden). Both requests include statements describing what the relevant systems or processes "do *not* do" or "do *not* contain." *See* ECF No. 224; ECF No. 230 at 6n.2. Statements that describe limits or non-existence of characteristics do not, by definition, reveal competitively sensitive content. The parties have not explained how the disclosure of such statements could cause any concrete harm.

### 8. Failure to Narrowly Tailor Redactions

Even where a party articulates compelling reasons sufficient to justify some degree of sealing, any sealing order must be narrowly tailored to protect only the specific confidential content at issue. *Harper*, 552 F. Supp. 3d at 1040–41 (requiring sealing requests to be "narrowly tailored to remove from the public sphere only material that warrants secrecy" and mandating redacted versions over wholesale sealing when confidential information can be easily redacted). The narrow tailoring requirement is a substantive constraint that reflects the strong presumption that judicial records remain accessible to the public and that sealing is the exception rather than the rule. *See id.* Courts in this Circuit have consistently denied sealing requests that are not narrowly tailored, even where some portion of the material sought to be sealed might otherwise qualify for protection. *See Fitzhenry-Russell*, 326 F.R.D. at 617–18; *Crockford v. Clark Cnty. Dep't of Fam. Servs.*, No. 2:25-CV-00917-JAD-MDC, 2025 WL 2301653, at *2 (D. Nev. Aug. 8, 2025) (denying motion to seal entirety of party's response as overbroad and directing party to refile with redactions limited to materials genuinely warranting protection).

///

///

///

///

///

Neither Zuffa nor Meta have satisfied this requirement. Rather than identifying discrete portions of text that contain confidential information and limiting their redaction requests accordingly, the parties have proposed redacting entire paragraphs, and in some cases, nearly entire pages of filings connected to Defendant's Motion for Summary Judgment.[14] These wholesale redactions sweep in legal argument, attorney characterizations of the record, and general descriptions that, as discussed above, do not qualify for protection under the compelling reasons standard regardless of how they are framed. Because the parties have not narrowly tailored their requests, this Court cannot assess which specific portions of the redacted material, if any, might warrant protection. This failure is an independent and sufficient basis for denial.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Seal (ECF No. 207) is GRANTED in part and DENIED in part without prejudice. The Clerk of Court is directed to maintain ECF No. 206 under seal in order to protect the information in Exhibit 25. The remaining exhibits at ECF No. 206 will remain sealed on an interim basis. If Zuffa and Meta would like the remainder of those documents to remain under seal, they must file a motion to seal by August 13, 2026. If no such motion is filed, the documents at ECF No. 206 (except for Exhibit 25) will be unsealed.

IT IS FURTHER ORDERED that Defendant Zuffa's Motion to Seal (ECF No. 226) is DENIED without prejudice. If Defendant would like these documents sealed, they must file a motion to seal by August 13, 2026. If no such motion is filed, the documents currently under seal at ECF No. 225 will be unsealed. The Clerk of Court is directed to maintain ECF No. 225 under seal until further order from this Court.

IT IS FURTHERORDERED that Defendant Zuffa's Motion to Seal (ECF No. 229) is DENIED without prejudice. If Defendant would like these documents sealed, they must file a motion to seal by August 13, 2026. If no such motion is filed, the documents currently under seal

---

[14] Ron Schnell Expert Report (ECF No. 224; ECF No. 230, Exhibit A at 0008–0009, 0048); Serge Egelman Deposition Transcript Excerpts (ECF No. 224; ECF No. 230, Exhibit B at 0095–0096).

at ECF No. 228 will be unsealed. The Clerk of Court is directed to maintain ECF No. 228 under seal until further order from this Court.

DATED: July 13, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE