**CAMPBELL & WILLIAMS**
SAMUEL R. MIRKOVICH (Nev. Bar No. 11662)
srm@cwlawlv.com
710 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

**PAUL HASTINGS LLP**
SUSAN K. LEADER (*admitted pro hac vice*)
susanleader@paulhastings.com
ALI R. RABBANI (*admitted pro hac vice*)
alirabbani@paulhastings.com
1999 Avenue of the Stars
Century City, CA 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendant*
*Zuffa, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC,<br><br>Defendant. | ) | Case No.: 2:22-CV-00412-RFB-BNW<br><br>**DEFENDANT ZUFFA, LLC'S MOTION TO STAY DISCOVERY PENDING DISPOSITION OF ITS RULE 23(f) PETITION AND ANY SUBSEQUENT APPEAL OF CLASS CERTIFICATION ORDER** |

**TABLE OF CONTENTS**


Page

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. DISCOVERY SHOULD BE STAYED PENDING THE NINTH CIRCUIT'S RULING ON ZUFFA'S RULE 23(F) PETITION AND ANY SUBSEQUENT APPEAL ........ 4

A. Plaintiffs Will Suffer No Undue Harm. ........ 4

B. The Absence of a Stay Would Cause Undue Burden and Expense That Could Serve No Purpose Depending on the Ninth Circuit's Ruling. ........ 5

C. A Stay Would Promote Judicial Economy. ........ 7

D. Even Under *Nken*, Zuffa Has Presented a Serious Legal Question. ........ 8

V. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altamura v. L'Oreal, USA, Inc.*,
2013 WL 4537175 (C.D. Cal. Aug. 26, 2013) .......... 3, 6

*Alvarez v. NBTY, Inc.*,
2020 WL 804403 (S.D. Cal. Feb. 18, 2020) .......... 3, 7

*Andrade Rico v. Beard*,
2019 WL 4127206 (E.D. Cal. Aug. 30, 2019) .......... 4

*In re Bank of Am. Cal. Unemployment Benefits Litig.*,
2025 WL 2374902 (S.D. Cal. Aug. 15, 2025) .......... 4, 5, 7

*Evans v. Wal-Mart Stores, Inc.*,
2019 WL 7169794 (C.D. Cal. Oct. 23, 2019) .......... 5

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
2015 WL 4397175 (C.D. Cal. June 8, 2015).......... *passim*

*Flores v. Bennett*,
675 F. Supp. 3d 1052 (E.D. Cal. 2023).......... 4

*Hooper v. City of Seattle*,
2017 WL 11437103 (W.D. Wa. Dec. 20, 2017) .......... 3, 8

*Hunt v. Check Recovery Sys., Inc.*,
2008 WL 2468473 (N.D. Cal. June 17, 2008) .......... 6

*Kuang v. U.S. Dep't of Defense*,
2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) .......... 4, 7, 8

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... *passim*

*Lessin v. Ford Motor Co.*,
2025 WL 2898964 (S.D. Cal. Oct. 10, 2025).......... 8

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005).......... 7

*Mansor v. U.S. Citizenship & Immigr. Servs.*,
345 F.R.D. 193 (W.D. Wash. 2023).......... 9

*Nken v. Holder*,
556 U.S. 418 (2009) .......... *passim*

*Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) .......... 9

*Pena v. Taylor Farms Pac., Inc.*,
2015 WL 5103157 (E.D. Cal. Aug. 31, 2015) .......... 3, 6

*Romero v. Securus Techs., Inc.*,
383 F. Supp. 3d 1069 (S.D. Cal. 2019) .......... 3, 5, 7

*Salhotra v. Simpson Strong-Tie Co.*,
2022 WL 1091799 (N.D. Cal. April 12, 2022) .......... 3

*Solano v. Kroger Co.*,
2024 WL 5245561 (D. Or. Nov. 18, 2024) .......... 3

## I. INTRODUCTION

Courts regularly stay discovery pending the outcome of a Rule 23(f) petition when (i) the stay would cause no undue harm, (ii) the absence of a stay would result in hardship or inequity, and (iii) the stay would promote judicial economy by ensuring the litigation proceeds consistently with appellate court guidance. Those factors warrant staying discovery here pending resolution of Zuffa's Rule 23(f) Petition for Permission to Appeal from this Court's class certification order and, if granted, Zuffa's subsequent appeal. Recognizing that Ninth Circuit review of the class certification order could have a material impact on the course of this litigation, Plaintiffs have already agreed to defer distribution of class notice while Zuffa's Petition (and any subsequent appeal) is pending. For the reasons below, discovery should be paused on the same terms.

*First*, far from unduly prejudicing Plaintiffs, a stay would merely preserve a status quo that Plaintiffs themselves established by pausing discovery from Zuffa for nearly three years pending the outcome of their class certification motion. Nor is there any urgent need to ramp up discovery now because Plaintiffs have already taken extensive discovery from Zuffa by way of nearly 50 requests for production of documents, interrogatories, Zuffa's 30(b)(6) deposition, and individual depositions of two Zuffa employees. Likewise, Plaintiffs have taken substantial discovery from multiple third parties and Zuffa's expert witness.

*Second*, absent a stay of discovery, Zuffa (and Plaintiffs) will incur substantial and potentially unrecoverable burden and expense, including responding to document requests, preparing and producing additional witnesses for deposition, and engaging in further expert discovery, all of which could be wasted if the Ninth Circuit alters the class certification order. The more prudent course is to conserve those litigation resources until the parties know whether they will be well spent.

*Third*, a stay will promote judicial economy because the Ninth Circuit's disposition of Zuffa's Petition and any subsequent appeal will potentially avoid costly and unnecessary litigation. Put another way, it could avoid the need for a "do over" of any interim proceedings that could need to be revisited in light of Ninth Circuit guidance. Moreover, the length of any stay will depend entirely on the Ninth Circuit's view of the issues raised. If the Ninth Circuit denies Zuffa's

Petition, the stay will terminate promptly. A longer stay will result only if the Ninth Circuit grants the Petition, which in turn further supports the rationale for a stay because it suggests that the Petition raises serious legal issues that the Ninth Circuit should clarify immediately.

*Finally*, although the Court need not consider Zuffa's likelihood of success under the applicable *Landis* standard for a stay of discovery, Zuffa's Petition raises serious legal questions for the Ninth Circuit—including an unsettled question of law regarding "fail-safe" classes—that would justify a stay even under the alternative *Nken* standard. *See infra* Section III (discussing the applicable standard for a stay of discovery).

Accordingly, the Court should stay discovery pending resolution of Zuffa's Rule 23(f) Petition and, if granted, Zuffa's subsequent appeal of the class certification order.

## II. BACKGROUND

On March 4, 2022, Plaintiff Everett Bloom filed this lawsuit alleging that Zuffa's use of the Meta Pixel on the UFC Fight Pass website violates the Video Privacy Protection Act ("VPPA") and California privacy laws. ECF No. 1.[1]

Since filing this lawsuit, Plaintiffs have taken extensive discovery from Zuffa. Specifically, Plaintiffs have served 44 document requests and 8 interrogatories. Rabbani Decl. ¶ 2. In response, Zuffa has produced nearly 1,000 documents, totaling over 2,700 pages, from multiple custodians. *Id.* Plaintiffs have also taken substantial deposition testimony from Zuffa, including Zuffa's 30(b)(6) deposition and individual depositions of two Zuffa employees. *Id.* In addition, Plaintiffs have obtained significant discovery from multiple third parties, including (i) document productions, interrogatory responses, and deposition testimony from Endeavor Streaming, LLC ("Endeavor Streaming"), and (ii) numerous productions of Meta Pixel data and deposition testimony from Meta Platforms, Inc. ("Meta"). *Id.* ¶ 3. Likewise, Plaintiffs have taken exhaustive discovery from Zuffa's expert witness, including numerous expert reports, a deposition, and live testimony at the May 2025 evidentiary hearing on class certification. *Id.* ¶ 4.

---

[1] On May 29, 2023, Bloom and two additional Plaintiffs, Jack Graham and Dave Lindholm, filed the operative First Amended Class Action Complaint. ECF. No. 47.

However, even though discovery in this case has been ongoing for many years, Plaintiffs chose not to pursue any discovery from Zuffa (aside from limited expert discovery in connection with pending motions) for nearly *three years* between December 2023 and July 2026.[2] *Id.* ¶ 5. During this time, Plaintiffs did not request any additional documents from Zuffa, serve any additional interrogatories on Zuffa, or notice any additional depositions from Zuffa. *Id.*

On September 30, 2026, the Court issued an order granting Plaintiffs' motion for class certification. ECF No. 256. On October 14, 2026, Zuffa filed a Rule 23(f) Petition for Permission to Appeal the class certification order, which is pending before the Ninth Circuit. *Bloom, et al. v. Zuffa, LLC*, Case No. 26-6807, Dkt. No. 2 (9th Cir.) (the "Petition"). On October 26, 2026, Plaintiffs filed an opposition to Zuffa's Rule 23(f) Petition. *Id.* at Dkt. No. 7.

Under the current Scheduling Order (ECF No. 32), all remaining discovery deadlines are calculated based on the date of the Court's class certification order. *See id.* at 6-7 (setting deadlines for the close of fact discovery, merits expert disclosures, merits rebuttal expert disclosures, and close of discovery based on the date of the "ruling on class certification").

On October 15, 2026, counsel for the parties met and conferred regarding various discovery issues, including Zuffa's request for a stay of discovery. Rabbani Decl. ¶¶ 7-8. Plaintiffs' counsel agreed that Plaintiffs would not distribute class notice pending the outcome of Zuffa's Petition and, if the Petition is granted, Zuffa's subsequent appeal. *Id.* at ¶ 8. However, Plaintiffs' counsel would not agree to a corresponding stay of discovery. *Id.*

## III. <u>LEGAL STANDARD</u>

Courts in the Ninth Circuit frequently grant stays pending resolution of a Rule 23(f) petition.[3] In deciding a motion to stay proceedings pending the outcome of a Rule 23(f) petition and any

---

[2] Plaintiffs only recently served their Second Set of Requests for Production on Zuffa, which are largely duplicative of their prior document requests. *Id.* ¶ 6.

[3] *See, e.g.*, *Solano v. Kroger Co.*, 2024 WL 5245561, at *1 (D. Or. Nov. 18, 2024); *Salhotra v. Simpson Strong-Tie Co.,* 2022 WL 1091799, at *1 (N.D. Cal. April 12, 2022); *Alvarez v. NBTY, Inc.*, 2020 WL 804403, at *1 (S.D. Cal. Feb. 18, 2020); *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1072 (S.D. Cal. 2019); *Hooper v. City of Seattle*, 2017 WL 11437103, at *1 (W.D. Wa. Dec. 20, 2017); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4397175, at *1 (C.D. Cal. June 8, 2015); *Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *7 (E.D. Cal. Aug. 31, 2015); *Altamura v. L'Oreal, USA, Inc.*, 2013 WL 4537175, at *3 (C.D. Cal. Aug. 26, 2013).

subsequent appeal, courts in the Ninth Circuit have applied the *Landis* standard, which requires consideration of three factors: "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *In re Bank of Am. Cal. Unemployment Benefits Litig.*, 2025 WL 2374902, at *2-3 (S.D. Cal. Aug. 15, 2025) (citation omitted); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). The "overarching question" is whether "going forward with the litigation will be inefficient for the parties and the court." *Kuang v. U.S. Dep't of Defense*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019); *accord Andrade Rico v. Beard*, 2019 WL 4127206, at *7 (E.D. Cal. Aug. 30, 2019) ("The question here is one of efficiency. . . . the point of a stay is avoiding potentially unnecessary work by all those involved.").[4]

As discussed below, a stay should be granted because each of these factors is met here.

## IV. DISCOVERY SHOULD BE STAYED PENDING THE NINTH CIRCUIT'S RULING ON ZUFFA'S RULE 23(F) PETITION AND ANY SUBSEQUENT APPEAL

### A. Plaintiffs Will Suffer No Undue Harm.

Under the first *Landis* factor, the Court must consider "the possible damage which may result from the granting of a stay." *In re Bank of Am.*, 2025 WL 2374902, at *2.[5] Here, Plaintiffs (and putative class members) will not be prejudiced by a stay of discovery pending resolution of Zuffa's Rule 23(f) Petition and any subsequent appeal for at least two reasons.

---

[4] Alternatively, some courts have applied the *Nken* standard, which considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Bank of Am.*, 2025 WL 2374902, at *2-3 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Here, however, the *Landis* standard applies because Zuffa requests a stay of proceedings (i.e., discovery), which *Landis* governs, not a stay of a judgment, which *Nken* governs. *See Flores v. Bennett*, 675 F. Supp. 3d 1052, 1057 (E.D. Cal. 2023) ("the district courts that have addressed both tests have consistently applied *Nken* only to stays of judgments and *Landis* to stays of proceedings"); *see also Kuang*, 2019 WL 1597495, at *3 ("district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something similar governs"). Nonetheless, as discussed below, a stay of discovery is warranted here under either the *Landis* or *Nken* standard.

[5] Similarly, under the *Nken* standard, the Court must consider "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *Id.*

*First*, as explained above, Plaintiffs have already taken extensive discovery from Zuffa. Plaintiffs have served nearly 50 requests for production of documents and 8 interrogatories on Zuffa, in response to which Zuffa has produced over 2,700 pages of documents from multiple custodians and verified interrogatory responses. Rabbani Decl. ¶ 2. Plaintiffs have also taken Zuffa's 30(b)(6) deposition and individual depositions of two Zuffa employees. *Id.* In addition, Plaintiffs have taken substantial discovery from third parties Endeavor Streaming and Meta, including voluminous document productions, interrogatory responses, and deposition testimony. *Id.* ¶ 3. Similarly, Plaintiffs have taken exhaustive discovery from Zuffa's expert witness, including numerous expert reports, a deposition, and live testimony before the Court. *Id.* ¶ 4.

*Second*, Plaintiffs' own conduct confirms that they have no urgent need for additional discovery. Although discovery in this case has been open for over four years, Plaintiffs did not serve a single document request, interrogatory, or deposition notice on Zuffa for nearly three years between December 2023 and July 2026. *Id.* ¶ 5. After failing to seek discovery from Zuffa for years, a further brief pause on discovery will cause no undue harm. Indeed, Plaintiffs have already agreed to defer distribution of class notice pending the outcome of Zuffa's Rule 23(f) Petition and any subsequent appeal, *id.* ¶ 8— a concession that the case should not advance on its current track while the Ninth Circuit considers Zuffa's Petition.

Accordingly, the first *Landis* factor (and third *Nken* factor) favors a stay.

### B. The Absence of a Stay Would Cause Undue Burden and Expense That Could Serve No Purpose Depending on the Ninth Circuit's Ruling.

Under the second *Landis* factor, a court must consider "the hardship or inequity which a party may suffer in being required to go forward." *In re Bank of Am.*, 2025 WL 2374902, at *2.[6] This factor favors "a temporary stay pending Ninth Circuit review of a 23(f) Petition" to avoid "unnecessary and burdensome litigation costs." *Evans v. Wal-Mart Stores, Inc.*, 2019 WL 7169794, at *4 (C.D. Cal. Oct. 23, 2019); *see also Romero*, 383 F. Supp. 3d at 1075 ("[D]iscovery would likely involve substantial, unrecoverable costs if the Ninth Circuit reverses the court's class

[6] The *Nken* standard similarly requires a showing that "the applicant will be irreparably injured absent a stay." *Id.*

certification order."); *Altamura*, 2013 WL 4537175, at *3 (granting a stay in relevant part because the defendant "could be seriously harmed if this case unnecessarily proceeded to . . . merits discovery"); *Flo & Eddie*, 2015 WL 4397175, at *3 (finding expenditure of "significant resources" on class-wide proceedings would constitute "irreparable injury"); *Pena*, 2015 WL 5103157, at *4 ("many courts have found the costs of pretrial litigation, incurred unnecessarily, would constitute irreparable harm"); *Hunt v. Check Recovery Sys., Inc.*, 2008 WL 2468473, at *4 (N.D. Cal. June 17, 2008) (finding showing of irreparable harm clear where defendant would "suffer lost time and money, were the Ninth Circuit to reverse").

Here, absent a stay of discovery, Zuffa (and Plaintiffs) will incur substantial and potentially unrecoverable burden and expense that may ultimately be unnecessary if the Ninth Circuit alters the class certification order.

*First*, Zuffa will be required to respond to Plaintiffs' pending and anticipated discovery requests, prepare and produce witnesses for deposition, and engage in costly expert discovery. That burden is not hypothetical. On July 9, 2026, Plaintiffs served their Second Set of Requests for Production on Zuffa, which seeks 15 broad categories of documents (including class discovery) that could be directly impacted by the Ninth Circuit's ruling on Zuffa's Rule 23(f) Petition. Rabbani Decl. ¶ 6. For example, Plaintiffs have requested contact information for each Fight Pass subscriber in the United States during the class periods, as well as a list of Fight Pass subscribers who accessed videos on the Fight Pass website during the class period. *Id.* This discovery will, at a minimum, require further meet and confers with Plaintiffs' counsel to narrow the scope of their expansive requests, potential motion practice if those meet and confers are not successful,[7] meet and confers to negotiate ESI search terms pursuant to the Stipulated ESI Order (ECF No. 37), and attorneys' fees and costs in connection with the search, review, and production of any additional documents. Plaintiffs have likewise indicated that they plan to seek additional depositions of Zuffa witnesses, which will impose further burden and expense on Zuffa. *Id.* ¶ 7.

---

[7] Indeed, Plaintiffs have already indicated that they plan to file a motion to compel. *Id.* Zuffa estimates that opposing Plaintiffs' anticipated motion and, if necessary, producing documents in response to Plaintiffs' requests will likely exceed $100,000 in fees and costs. *Id.* ¶ 7.

However, if the Ninth Circuit grants Zuffa's Petition and alters this Court's class certification order on appeal, any costs expended on such discovery will likely have been wasted.

*Second*, Zuffa also intends to seek discovery from Plaintiffs and absent class members regarding, among other things, the various individualized questions that must be answered to determine whether any given Fight Pass subscriber's Facebook ID was, in fact, disclosed to Meta through the Meta Pixel on the Fight Pass website. Once again, however, if the Ninth Circuit modifies this Court's class certification order on appeal, such discovery will likely cause Zuffa (and Plaintiffs) to incur substantial, unrecoverable costs that would otherwise be unnecessary.

Given the minimal prejudice produced by a stay and the substantial costs of proceeding with discovery, the balance of hardships "tips sharply" in favor of staying proceedings while a Rule 23(f) petition is pending. *Alvarez*, 2020 WL 804403, at *2 ("The costs of pretrial litigation may amount to an irreparable harm when granting the stay would avoid substantial, unrecoverable, and wasteful discovery costs[.]").

**C. A Stay Would Promote Judicial Economy.**

Under the third and final *Landis* factor, a court must consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *In re Bank of Am.*, 2025 WL 2374902, at *2.[8] This factor weighs in favor of a stay where the pending appeal might "decide, or . . . contribute to the decision of, the factual and legal issues before the district court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1113 (9th Cir. 2005).

Here, there can be no dispute that the Ninth Circuit's disposition of Zuffa's Petition and any subsequent appeal will determine which factual and legal issues are before this Court. Courts therefore recognize that this factor favors a stay, as "the resolution of the interlocutory appeal will

---

[8] Under *Nken* "a broader consideration of the public interest is necessary." *Kuang*, 2019 WL 1597495, at *3. Nonetheless, courts routinely find that the preservation of judicial resources is sufficient to satisfy this factor under *Nken*. *E.g.*, *Romero*, 383 F. Supp. 3d at 1077 ("[T]he public also has an interest in efficient use of judicial resources."); *Flo & Eddie*, 2015 WL 4397175, at *4 (agreeing that the public interest "is served by staying the case to avoid costly and potentially unnecessary litigation, thus conserving judicial resources").

alter the direction of the current proceedings." *Lessin v. Ford Motor Co.*, 2025 WL 2898964, at *5 (S.D. Cal. Oct. 10, 2025) (deferring further proceedings until the appeal is resolved would promote "the orderly course of justice" by "preserv[ing] judicial and party resources"); *accord Hooper*, 2017 WL 11437103, at *1 ("The Court is also convinced that a stay promotes the 'orderly course of justice' and judicial efficiency as the parties will not have to engage in discovery efforts which may later have to be recalibrated, nor will the Court and the parties have to duplicate their efforts if the Ninth Circuit allows Plaintiffs to proceed as a class.").

Moreover, this factor supports a stay even though there is no "guarantee that the Ninth Circuit will accept the petition." *Flo & Eddie*, 2015 WL 4397175, at *4. The length of any stay will depend on the Ninth Circuit's view of the issues raised. If the Ninth Circuit denies Zuffa's Petition, the stay will terminate and this case will move forward promptly. A longer stay will result only if the Ninth Circuit grants the Petition, suggesting that the Petition raises a serious legal issue that the Ninth Circuit should clarify immediately. That would be all the more reason to grant a stay. Conversely, if discovery is not stayed and Zuffa's Petition is granted, the intervening waste of judicial and party resources cannot be reversed.

Thus, the third *Landis* factor (and fourth *Nken* factor) favors a stay as well.

### D. Even Under *Nken*, Zuffa Has Presented a Serious Legal Question.

The "likelihood of success on the merits is not an independent factor under *Landis*." *Kuang*, 2019 WL 1597495, at *6. Nonetheless, were this Court to apply *Nken* rather than *Landis*, this factor would also favor a stay.

The likelihood of success factor under *Nken* does not require a showing "that it is more likely than not that [the appeal] will succeed on the merits." *Flo & Eddie*, 2015 WL 4397175, at *2. Instead, "the minimum quantum of likely success necessary to justify a stay" is a "reasonable probability" of success, "a substantial case on the merits," or "that serious questions are raised." *Id.* In the specific context of a Rule 23(f) petition, presenting "an unsettled question of law constitutes a 'serious legal question' sufficient to satisfy th[e] first prong of the stay analysis." *Id.*

Here, Zuffa's Rule 23(f) Petition asks the Ninth Circuit to resolve an unsettled question of law in this Circuit: namely, to clarify whether a so-called "fail-safe" class may lawfully be certified, and, if not, to set forth the standard that district courts must use to analyze whether any particular proposed class violates that prohibition. *See* Petition at 16-20. As the Petition explains, while the recent decision in *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC* indicated that fail-safe classes are impermissible, 31 F.4th 651, 669 n.14 (9th Cir. 2022), district courts in this Circuit have continued to question the force of that prohibition, *e.g.*, *Mansor v. U.S. Citizenship & Immigr. Servs.*, 345 F.R.D. 193, 207 n.10 (W.D. Wash. 2023) (speaking of "murky Ninth Circuit case law regarding the permissibility of [fail-safe] classes"). Moreover, assuming *Olean* did correctly state the law, it did not clarify how district courts should analyze whether any particular proposed class definition establishes a fail-safe class. By raising the unsettled question of how Ninth Circuit law on class certification analyzes fail-safe classes, Zuffa has established "the minimum quantum of likely success necessary to justify a stay." *Flo & Eddie*, 2015 WL 4397175, at *2.

And even beyond that unsettled question of law, Zuffa's Petition establishes that "serious questions are raised" with respect to other aspects of this Court's class certification order. Those questions include: (1) whether the Court correctly held that common evidence can establish whether Zuffa disclosed each class member's Facebook ID to Meta, Petition at 11-12; (2) whether the Court correctly held that common questions predominate over the various individualized issues that must be resolved with respect to each putative class member to determine Zuffa's liability, Petition at 12-14; (3) whether the Court erred by reaching its predominance holding based on a count of individual and common questions rather than an analysis of the importance of each question, Petition at 15-16; and (4) whether the Court erred by certifying a California class even though the common evidence that Plaintiffs proffered showed that no relevant disclosures existed with respect to the sole named plaintiff in that class, Petition at 20-21. Thus, Zuffa has raised serious questions, as required to prevail on the likelihood-of-success factor, even outside of the unsettled question of law regarding fail-safe classes identified in the Petition.

For these reasons, the first *Nken* factor would also favor a stay.

## V. CONCLUSION

For the foregoing reasons, the Court should stay discovery pending resolution of Zuffa's Rule 23(f) Petition and any subsequent appeal.

Dated: October 26, 2026

Respectfully submitted,

By: */s/ Susan K. Leader*
Susan K. Leader

**PAUL HASTINGS LLP**
SUSAN K. LEADER (*admitted pro hac vice*)
susanleader@paulhastings.com
ALI R. RABBANI (*admitted pro hac vice*)
alirabbani@paulhastings.com
1999 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

**CAMPBELL & WILLIAMS**
SAMUEL R. MIRKOVICH (Nev. Bar No. 11662)
srm@cwlawlv.com
710 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendant*
*Zuffa, LLC*