**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd., Suite #130
Las Vegas, NV 89121
Telephone: (702) 843-5899
Facsimile: (702) 843-6010

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (admitted *pro hac vice*)
seth@gutridesafier.com
ANTHONY J. PATEK (admitted *pro hac vice*)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVERETT BLOOM, JACK GRAHAM, and DAVID LINDHOLM, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC,<br><br>Defendant. | Case No. 2:22-cv-00412-RFB-BNW<br><br>PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>District Judge Richard F. Boulware, II<br><br>No hearing set |

## TABLE OF CONTENTS


NOTICE OF MOTION AND MOTION ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

I. INTRODUCTION ..... 2

II. SUMMARY OF PROPOSED NOTICE PLAN ..... 3

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

A. The Notice Plan Is the Best Notice Practicable Under the Circumstances. ..... 5

B. The Notice Plan Provides All the Information Required by Rule 23(c)(2)(B). ..... 6

C. Zuffa's Remaining Objections Should Be Overruled. ..... 6

1. The Certification Order Should Be Available on the Case Website (Paragraph 2). ..... 6

2. Email Notice Should Be Sent Two Times (Paragraph 3). ..... 7

3. Zuffa Must Provide a Subscriber Data File Covering Both Classes and the Full Class Periods (Paragraph 6). ..... 8

4. The Class Notice Website Should Include Reference to UFC and the Website at issue in this Case. ..... 10

5. Zuffa Should Post a Link to the Case Website on ufcfightpass.com (Paragraph 7). ..... 11

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

## Cases

*Adams v. Allianceone, Inc.*, No. 08-CV-0248-JAH(RBB), 2009 LX 28483 (S.D. Cal. Sep. 23, 2009) ..... 10

*Brightk Consulting Inc. v. BMW of N. Am., LLC*, No. SACV 21-02063-CJC (JDEx), 2023 U.S. Dist. LEXIS 38391 (C.D. Cal. Jan. 3, 2023) ..... 5

*Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017) ..... 8, 9

*Brown v. Directv*, No. CV 13-1170-DMG (Ex), 2020 U.S. Dist. LEXIS 151283 (C.D. Cal. July 23, 2020) ..... 6

*Chinitz v. Intero Real Estate Servs.*, No. 18-cv-05623-BLF, 2020 U.S. Dist. LEXIS 224999 (N.D. Cal. Dec. 1, 2020) ..... 6

*Clark v. QG Printing II Ltd. Liab. Co.*, No. 1:18-cv-00899-AWI-EPG, 2021 U.S. Dist. LEXIS 191451 (E.D. Cal. Oct. 4, 2021) ..... 6

*Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) ..... 7

*Edwards v. Nat'l Milk Producers Fed'n*, No. 11-CV-04766-JSW, 2017 U.S. Dist. LEXIS 145217 (N.D. Cal. June 26, 2017) ..... 5

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ..... 4, 9

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ..... 7

*Kim v. Tinder, Inc.*, No. CV 18-3093-JFW(ASx), 2019 U.S. Dist. LEXIS 236838 (C.D. Cal. Mar. 1, 2019) ..... 6

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) ..... 4

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ..... 5, 8, 9

*Popp v. Live Nation Ent., Inc.*, No. CV 22-0047-GW-DSRx, 2026 LX 145871 (C.D. Cal. Apr. 10, 2026) ..... 10

*Taylor v. Shutterfly, Inc.*, No. 5:18-cv-00266-BLF, 2021 U.S. Dist. LEXIS 237069 (N.D. Cal. Dec. 7, 2021) ..... 5

## Rules

Fed. R. Civ. P. 23 ..... 1, 3, 5, 9

Fed. R. Civ. P. 23(c)(2)(B) ..... passim

Fed. R. Civ. P. 23(c)(3) ..... 5

Fed. R. Civ. P. 23(d)(1)(B) ..... 1, 5, 11

Fed. R. Civ. P. 23(f) ..... 1, 2, 10

Fed. R. Civ. P. 26(b)(1) ..... 10

## Other Authorities

Federal Judicial Center, Class Action Certification: Full Notice, https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf ..... 11

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** Plaintiffs Everett Bloom, Jack Graham, and Dave Lindholm, by and through their undersigned counsel of record, will and hereby do move, pursuant to Rules 23(c)(2)(B) and 23(d)(1)(B) of the Federal Rules of Civil Procedure, for an order approving Plaintiffs' plan for notice and opt-out procedures (the "Notice Plan") for the Nationwide Class and the California Class certified by the Court's September 30, 2026 Order Granting Class Certification (ECF No. 256) (the "Certification Order"), and approving the proposed forms of notice and opt-out forms attached as Exhibits A through D to the Declaration of Anthony Patek ("Safier Decl.").

Plaintiffs' counsel proposed the Notice Plan to Zuffa, LLC ("Zuffa") by letter dated October 5, 2026, the parties met and conferred on October 15, 2026, and Zuffa set out its objections by letter dated October 23, 2026. Safier Decl. ¶ 5, Exs. E, F. The parties agree that no class notice will be distributed while Zuffa's Petition for Permission to Appeal under Rule 23(f) (the "Petition"), and any resulting appeal, remain pending. Plaintiffs have also accepted Zuffa's positions on several aspects of the Notice Plan. Five disputes remain: (1) whether the notice website may include the Certification Order; (2) whether email notice may be sent two times, rather than once; (3) the scope and timing of the subscriber data file Zuffa must provide to the notice administrator; (4) whether Zuffa must post a link to the notice website on the home page of the UFC Fight Pass website; and (5) whether the notice website URL should include reference to UFC and Fight Pass or just Defendant's legal name—Zuffa.[1]

This Motion is based on Rule 23 of the Federal Rules of Civil Procedure, the supporting Memorandum of Points and Authorities herein, the Safier Declaration, the pleadings and papers on file in this action, and any other matter of which this Court may take notice.

---

[1] There is also a dispute regarding wording on the notices. Zuffa wants the notice to include a statement regarding why it purportedly added a Meta Pixel to the Fight Pass website. (Safier Decl., Exs A, B, adding "to optimize Zuffa's advertising on Facebook"). Plaintiffs do not believe this addition is appropriate, relevant or even true. It should not be included.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 30, 2026, the Court certified the following two classes:

> All persons in the United States who subscribed to the UFC Fight Pass for personal use and, from October 1, 2020 to June 3, 2022, requested or obtained on-demand video content on the UFC Fight Pass Website and with respect to whom Meta received their Meta ID and the URL of the webpage hosting video content (the "Nationwide Class").
>
> All persons in California who subscribed to the UFC Fight Pass for personal use and, during the period from March 3, 2018 to December 5, 2019 or the period from October 1, 2020 to June 3, 2022, requested or obtained on-demand video content on the UFC Fight Pass Website and with respect to whom Meta received their Meta ID and the URL of the webpage hosting video content (the "California Class").

ECF No. 256 at 1–2, 20.

Zuffa filed a Rule 23(f) Petition on October 14, 2026, and Plaintiffs opposed it on October 26, 2026. *Bloom v. Zuffa, LLC*, No. 26-6807, Dkt. Nos. 2, 7 (9th Cir.). In order to avoid the possibility of class member confusion—due, for example, to the remote possibility of multiple notices, Plaintiffs have agreed that class notice will not be distributed while the Petition and any resulting appeal are pending. Plaintiffs nonetheless ask the Court to approve the Notice Plan now, such that notice can go out promptly once the Ninth Circuit denies the Petition, rather than kicking the issue, including the below discussed disputes, down the road.

Plaintiffs have requested proposals from five reputable claims administrators and will select one (the "Administrator") to administer notice and opt-outs. The Notice Plan is built around direct notice: the Administrator will email notice to the UFC Fight Pass subscribers who requested or obtained on-demand video content during the class periods, will mail notice to those for whom no valid email address is available, and will maintain a case website with the Long-Form Notice, key case documents, and online and printable opt-out forms. Zuffa will post a link to that website on the home page of ufcfightpass.com.

Zuffa's remaining objections share a single premise: that Zuffa "is unable to identify class members based on the class definitions." Safier Decl. Ex. F at 2. That is an attack on the class definitions themselves, which the Court has already approved and which Zuffa is now

challenging in its Petition. It is not a reason to give class members less notice than Rule 23 requires. If Zuffa's objections were accepted, no class member who used Fight Pass before June 19, 2021 would receive direct notice at all, and the class members who did would receive a single email and nothing else. In contrast, Rule 23 requires "the best notice that is practicable under the circumstances," and the Proposed Notice Plan provides it. The Court should now approve it.

## II. SUMMARY OF PROPOSED NOTICE PLAN

On October 5, 2026, Plaintiffs circulated a letter proposing a nine-paragraph Notice Plan. Safier Decl. Ex. E. In response to Zuffa's objections, Plaintiffs have revised the Notice Plan as follows.

**Case website (Notice Plan ¶ 2).** The Administrator will create a case website, www.**[ufcfightpassclassaction]**.com, containing the Long-Form Notice (Safier Decl. Ex. A), the operative complaint, a public version of the Certification Order, any other important case documents the parties agree on, a list of important deadlines, Frequently Asked Questions drawn from the Long-Form Notice, and contact information for Class Counsel and the Administrator. Class members may opt out online (Safier Decl. Ex. C) or by mailing a printable form (*id.* Ex. D).

**Direct notice (Notice Plan ¶ 3).** The Administrator will send the Email Notice (Safier Decl. Ex. B) two times[2] to each person on the subscriber data file for whom an email address is available: an initial notice on the Notice Date and a single reminder before the opt-out deadline. The Administrator will mail notice once, by first-class mail, to each person for whom a mailing address but no email address is available, or whose email notice is returned as undeliverable, after updating addresses through the National Change of Address database.

**Subscriber data file (Notice Plan ¶ 6).** Within **five** days of the Court's order, Zuffa will provide the Administrator, subject to the Stipulated Protective Order, a data file containing the name and last known email address, mailing address, and, if available, telephone number of (a)

---

[2] This is a compromise. Plaintiffs initially proposed three total emails, an original email and two reminder emails. Zuffa objected, and proposed one email. Plaintiffs propose a middle ground—an initial email and a single reminder email.

every person who subscribed to UFC Fight Pass and requested or obtained on-demand video content on the UFC Fight Pass website from October 1, 2020 to June 3, 2022; and (b) every such person with a California address who did so from March 3, 2018 to December 5, 2019. The Administrator will hold the data and will not send any notice until the Trigger Date.

**Website link (Notice Plan ¶ 7).** Beginning on the Notice Date and continuing through the opt-out deadline, Zuffa will post on the home page of ufcfightpass.com a hypertext link, with neutral text approved by the Court, to the case website. Class Counsel will do the same on its website.

**Opt-out period.** Class members will have thirty-five (35) days from the Notice Date to opt out. Plaintiffs propose that the Notice Date be twenty-eight (28) days after the Trigger Date, so that the opt-out deadline will be sixty-three (63) days after the Trigger Date.

**Provisions Plaintiffs have withdrawn or modified in response to Zuffa's objections.** Plaintiffs have accepted Zuffa's positions on the remaining provisions. First, Plaintiffs have withdrawn the supplemental online and social media campaign proposed in Paragraph 4. Second, the Administrator's declaration conforms to the Notice Plan, which resolves Zuffa's objection to Paragraph 5. Third, Plaintiffs have withdrawn Paragraph 8, which called for newspaper publication under the California Consumer Legal Remedies Act and was included in error. Fourth, Plaintiffs will bear the costs of notice, and Zuffa will bear only the cost of producing the subscriber data file described in Paragraph 6 (Notice Plan ¶ 9).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Notice may be given "by one or more of the following: United States mail, electronic means, or other appropriate means." *Id.* Individual notice to class members who can be identified through reasonable effort is mandatory; it "is not a discretionary consideration to be waived in a particular case." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950). The court may

also issue orders that "require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of . . . any step in the action." Fed. R. Civ. P. 23(d)(1)(B)(i).

The notice "must clearly and concisely state in plain, easily understood language:"

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). A class must be notified in a manner that "does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982).

## IV. ARGUMENT

### A. The Notice Plan Is the Best Notice Practicable Under the Circumstances.

"[N]otice plans estimated to reach a minimum of 70 percent are constitutional and comply with Rule 23." *Edwards v. Nat'l Milk Producers Fed'n*, No. 11-CV-04766-JSW, 2017 U.S. Dist. LEXIS 145217, at *19 (N.D. Cal. June 26, 2017). UFC Fight Pass is an online subscription service: every subscriber created an account and paid Zuffa through it, so Zuffa has contact information, and in particular email addresses, for its subscribers. The Notice Plan uses that information to provide *direct* notice by email, with mailed notice as a backstop, and Zuffa's website link and the case website as further sources of information.

Direct notice plans of this kind are routinely approved in this Circuit. *See Taylor v. Shutterfly, Inc.*, No. 5:18-cv-00266-BLF, 2021 U.S. Dist. LEXIS 237069, at *5, 12 (N.D. Cal. Dec. 7, 2021) (direct email notice, direct postcard notice, and a case website); *Brightk Consulting*

*Inc. v. BMW of N. Am., LLC*, No. SACV 21-02063-CJC (JDEx), 2023 U.S. Dist. LEXIS 38391, at *30 (C.D. Cal. Jan. 3, 2023) (approving a direct notice plan); *Chinitz v. Intero Real Estate Servs.*, No. 18-cv-05623-BLF, 2020 U.S. Dist. LEXIS 224999, at *7–8 (N.D. Cal. Dec. 1, 2020) (same). A period of **35** days to opt out is likewise sufficient. *See Clark v. QG Printing II Ltd. Liab. Co.*, No. 1:18-cv-00899-AWI-EPG, 2021 U.S. Dist. LEXIS 191451, at *3 (E.D. Cal. Oct. 4, 2021) (30-day opt-out period); *Kim v. Tinder, Inc.*, No. CV 18-3093-JFW(ASx), 2019 U.S. Dist. LEXIS 236838, at *8 (C.D. Cal. Mar. 1, 2019) (same).

### B. The Notice Plan Provides All the Information Required by Rule 23(c)(2)(B).

The Email Notice and the mailed notice each describe the case and the Classes and direct recipients to the case website, where the Long-Form Notice is available. Safier Decl. Ex. B. The Long-Form Notice describes in concise, plain language the nature of the action and the class claims, issues, and defenses ("What is this lawsuit about?"); sets out the full definitions of both Classes ("Who is in the class?"); explains the binding effect of a class judgment ("What are the consequences of doing nothing?"); describes the right to opt out and the time and manner for doing so ("What If I don't want to be part of this case?" and "How do I opt out?"); and explains that class members may hire their own lawyer ("Do I have a lawyer in this lawsuit?"). Safier Decl. Ex. A. All the information Rule 23(c)(2)(B) requires is therefore readily available to class members. *See Brown v. Directv*, No. CV 13-1170-DMG (Ex), 2020 U.S. Dist. LEXIS 151283, at *5 & n.1 (C.D. Cal. July 23, 2020) (approving notice where the shorter notice directed class members to the website and long-form notice).

### C. Zuffa's Remaining Objections Should Be Overruled.

#### 1. The Certification Order Should Be Available on the Case Website (Paragraph 2).

Paragraph 2 provides that the case website will include "the Court's order certifying the class." Safier Decl. Ex. E ¶ 2. Zuffa objects because the Certification Order was filed under seal and "includes references to information designated by Zuffa as Highly Confidential," citing a single passage on page 9 that describes the number of subscribers. *Id.* Ex. F at 1–2.

The Certification Order belongs on the case website. It defines the Classes, explains which claims were certified and which were not, and explains how class membership will be established. Class members deciding whether to remain in the case or opt out are entitled to read the Court's reasoning rather than a summary of it. And the Certification Order is a judicial record to which a "strong presumption in favor of access" applies. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Because the Order resolves a motion that is "more than tangentially related to the merits of a case," only "compelling reasons" can justify keeping it from the public. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–99, 1101 (9th Cir. 2016). Even then, sealing must be narrowly tailored to the specific information that warrants protection. *See Kamakana*, 447 F.3d at 1178–79.

Zuffa's concern can be fully addressed by redaction, where necessary. Zuffa has identified only one passage it considers confidential. Plaintiffs therefore request that the Court order that a public version of the Certification Order be filed, redacting only the material the Court determines should remain sealed, and that the public version be posted on the case website. Alternately, Plaintiffs submit that Zuffa's interest in the confidentiality of its subscriber numbers almost a decade ago must be weighed against the public's and proposed class members' interests in complete notice and access to Court proceedings. In any event, there is no basis to withhold the entire Order from class members because of one passage.

**2. Email Notice Should Be Sent Two Times (Paragraph 3).**

Zuffa does not dispute that direct email notice is appropriate. It argues only that, because Zuffa "cannot determine whether Meta received any Fight Pass subscriber's Meta ID and the URL of the webpage hosting video content," any email campaign "would necessarily be overbroad," and therefore only one email should be sent. Safier Decl. Ex. F at 2. Neither half of that argument holds up.

First, sending notice to the subscribers who requested or obtained on-demand video content during the class periods is exactly the "reasonable effort" to provide individual notice that Rule 23(c)(2)(B) requires. Those subscribers are the population from which the Classes are

drawn, and Zuffa has their contact information. The Court has already found that Meta's Pixel data "is common evidence that can be effectively used to both establish class membership *and* show whether Zuffa made a disclosure to Meta as to each class member." ECF No. 256 at 16. Notice, however, comes before that determination, not after it, and the Ninth Circuit has made clear that potential class members may identify themselves as members. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1125–33 (9th Cir. 2017). The Email Notice tells recipients that they "may be" class members, states the class periods, and directs them to the full class definitions. Safier Decl. Ex. B. A notice reaching some people who turn out not to be class members causes no harm. A notice that fails to reach class members denies them the opportunity to decide whether to be bound. *See Officers for Justice*, 688 F.2d at 624.

Second, sending two emails (an initial notice and a single reminder) is a modest and standard step that materially increases the number of class members who actually see the notice. Many emails are filtered, unopened, or overlooked on first delivery. Reminder notices address that problem. A reminder is particularly important here because, at Zuffa's request, Plaintiffs have withdrawn the supplemental online and social media campaign that would otherwise have reinforced direct notice. And because Plaintiffs have agreed to bear the cost of notice, the reminders impose no burden on Zuffa at all. Zuffa's concern about "confusing non-class members" does not change the analysis. Anyone who receives the notice and is not a class member need do nothing, and the notice says so.

#### 3. Zuffa Must Provide a Subscriber Data File Covering Both Classes and the Full Class Periods (Paragraph 6).

Paragraph 6 requires Zuffa to provide the Administrator with contact information for the class members it is aware of. Safier Decl. Ex. E ¶ 6. Zuffa raises four objections. Safier Decl. Ex. F at 2–3. As revised, Paragraph 6 resolves two of them, and the other two lack merit.

***Zuffa can produce the data file.*** Zuffa says it cannot produce contact information for "class members" because it cannot determine which subscribers meet the Meta-receipt element of the class definitions. *Id.* Ex. F at 2. Plaintiffs have therefore revised Paragraph 6 to require contact information for the subscribers who requested or obtained on-demand video content on

the UFC Fight Pass website during the class periods. That information is in Zuffa's own records, and Zuffa's letter confirms as much, objecting that an email campaign "based on information in Zuffa's possession" would reach too many people. *Id.* Under the revised Paragraph 6, Zuffa need not determine who is a class member. It need only identify its own subscribers.

***Zuffa cannot cut off notice for the period before June 19, 2021.*** Zuffa argues that it should not have to provide contact information for subscribers before June 19, 2021, because Meta does not have Pixel event data from before that date. *Id.* Ex. F at 2–3. But the Court certified a Nationwide Class beginning October 1, 2020 and a California Class beginning March 3, 2018. ECF No. 256 at 1–2. Whether a subscriber is a class member turns on whether Meta *received* the subscriber's Meta ID and video URL, not on whether Meta still *retains* a record of it. The Court expressly declined to "speculate as to whether the full scope of disclosures from Meta has occurred," noting that discovery is ongoing. ECF No. 256 at 12 n.5. And class members may establish membership through other evidence, including their own testimony. *See Briseno*, 844 F.3d at 1131–32.

What Zuffa really seeks is to narrow the certified Classes by excluding sixteen months of the Nationwide Class period and more than two years of the California Class period. If Zuffa believes the class periods should be shortened, it must ask the Court to modify the Certification Order. It may not accomplish the same result by withholding notice from the class members it would like to exclude. Those subscribers are class members today. Unless they receive notice, they will be bound by the judgment without ever having had the opportunity to opt out. That is precisely the result Rule 23 forbids. *See Eisen*, 417 U.S. at 173–77; *Officers for Justice*, 688 F.2d at 624.

***The data file will cover both Classes.*** Zuffa correctly notes that the California Class includes a period, March 3, 2018 to December 5, 2019, that the Nationwide Class definition does not. *Id.* Ex. F at 3. Revised Paragraph 6 therefore requires Zuffa to provide data for both class periods, including California subscribers during the earlier period. That resolves the objection.

***The data file should be produced now, not after the Ninth Circuit rules.*** Zuffa asks that it not be required to produce the data file until after the Ninth Circuit resolves the Petition and

any appeal, and in any event not for at least 30 days. *Id.* Ex. F at 3. Plaintiffs have already agreed that notice will not be *distributed* while the Petition is pending. Preparing for notice is different. A Rule 23(f) petition "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). Producing the data file now will allow the Administrator to de-duplicate, validate, and update addresses in advance, so that notice can issue promptly once the Ninth Circuit rules. Zuffa suffers no prejudice: the data will be held by the Administrator under the Stipulated Protective Order and will not be used to send notice before the Trigger Date.[3] If the Ninth Circuit modifies the class definitions, the data file, which covers all subscribers in the class periods, can simply be filtered. Zuffa maintains subscriber records in the ordinary course of its business and has not explained why producing them would take 30 days.

**4. The Class Notice Website Should Include Reference to UFC and the Website at issue in this Case.**

The parties differ on whether the notice website should include reference to UFC and Fight Pass or Zuffa. The very purpose of class notice is to clearly inform class members about the case, the certification, and their rights. This case is about the UFC Fight Pass website, not about Zuffa, Defendant's legal name. For the sake of clarity and consistency, the notice website should reference what the case is about. *Popp v. Live Nation Ent., Inc.,* No. CV 22-0047-GW-DSRx, 2026 LX 145871, at *11 (C.D. Cal. Apr. 10, 2026), is illustrative.

In *Popp*, plaintiffs sought to reference Ticketmaster in the notice website because, as here, the inclusion of "Ticketmaster" in the website URL provides more clarity regarding the

---

[3] The data production will be the subject of a separate motion to compel. To be certain, all the data should be produced to Class Counsel. This is particularly appropriate, and important, because Zuffa has already announced its intention to conduct discovery of absent Class members. In that context, it would be manifestly unfair for Zuffa to maintain the data for only its use. *See, e.g.,* Fed. R. Civ. P. 26(b)(1) (stating "the identity and location of persons having knowledge of any discoverable matter" are proper subjects of discovery. A district court may, however, issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden."); *Adams v. Allianceone, Inc.*, No. 08-CV-0248-JAH(RBB), 2009 LX 28483, at *1 (S.D. Cal. Sep. 23, 2009) (Allowing defendant exclusive use of class member contact information would create unfair advantage.)

nature of the case and the alleged claims than the defendants' names, because "[t]his case is a case about overcharges on Ticketmaster's primary ticketing fees . . . not about AEG's, SeatGeek's, or any other primary ticketing service provider's fees." *Id.*, at *11. Defendant preferred the generic ticketfeeclassaction.com URL. The court agreed with plaintiffs, finding, inter alia, that the inclusion of [Ticketmaster] in the URL for a website designed to provide class members with additional information is featured in one of the Federal Judicial Council's model class notices. *Id.*, citing Federal Judicial Center's Class Action Certification: Full Notice, https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf (last visited Apr. 9, 2026). Ultimately, the court ordered the inclusion of Ticketmaster in the URL to maximize the URL's description of the pending case. *Id.*, *14

5. **Zuffa Should Post a Link to the Case Website on ufcfightpass.com (Paragraph 7).**

**Paragraph 7 provides that Zuffa and Class Counsel will post a link to the case website on the home pages** of their websites. Safier Decl. Ex. E ¶ 7. Zuffa objects that it "should not be required to host or promote Plaintiffs' class notice," that a link would expose the notice to non-class members, and that "websites" is ambiguous. *Id.* Ex. F at 3.

Plaintiffs have resolved the ambiguity by limiting the request to the home page of ufcfightpass.com, the website at issue in this case. Every class member is, by definition, a person who subscribed to UFC Fight Pass and requested or obtained videos on that website. A link on its home page is therefore the most targeted supplemental notice available. It will reach current subscribers and returning visitors whose email addresses on file are outdated or whose emails were filtered. That supplemental channel matters all the more because, at Zuffa's request, Plaintiffs have withdrawn the online and social media campaign. The link costs Zuffa nothing, and the Court has express authority to require such notice to protect class members. Fed. R. Civ. P. 23(c)(2)(B) ("other appropriate means"), 23(d)(1)(B).

Zuffa would not be "promot[ing]" anything. The link will use neutral, Court-approved text (for example, "Legal Notice: Class Action Involving UFC Fight Pass Subscribers") and will

lead to a Court-authorized notice that explains that Zuffa disputes Plaintiffs' claims. Safier Decl. Ex. A. Nor is there any harm in a non-subscriber clicking the link. The Long-Form Notice states plainly who is and is not a class member, and anyone outside the Classes need do nothing.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court approve the Notice Plan, as revised, and the forms of notice attached as Exhibits A through D to the Safier Declaration, and order that:

(1) **[TBD Administrator]** is appointed as the notice administrator;

(2) no notice will be distributed before the Trigger Date, and the Notice Date and opt-out deadline will run from the Trigger Date as set forth above;

(3) a public version of the Certification Order, redacting only material the Court determines should remain sealed, be filed and posted on the case website;

(4) the Administrator will send Email Notice two times and mailed notice as set forth above;

(5) within **five** days of the Court's order, Zuffa will produce to the Administrator, subject to the Stipulated Protective Order, the subscriber data file described in revised Paragraph 6, covering both class periods;

(6) beginning on the Notice Date and through the opt-out deadline, Zuffa will post a link to the case website on the home page of ufcfightpass.com; and

(7) Plaintiffs will bear the costs of notice, and Zuffa will bear the cost of producing the subscriber data file and putting the link on its website.

Dated: November 6, 2026

Respectfully submitted,

/s/ Seth Safier/s/
**GUTRIDE SAFIER LLP**
Seth A. Safier (admitted pro hac vice)
Anthony J. Patek (admitted pro hac vice)
100 Pine Street, Suite 1250
San Francisco, CA 94111

**MARKMAN LAW**
David Markman (Nevada Bar No. 12440)
4484 S. Pecos Rd., Suite #130
Las Vegas, NV 89121

*Attorneys for Plaintiffs*