**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd., Suite #130
Las Vegas, NV 89121
Telephone: (702) 843-5899
Facsimile: (702) 843-6010

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (admitted *pro hac vice*)
seth@gutridesafier.com
MARIE A. MCCRARY (admitted *pro hac vice*)
marie@gutridesafier.com
HAYLEY REYNOLDS (admitted *pro hac vice*)
hayley@gutridesafier.com
ANTHONY J. PATEK (admitted *pro hac vice*)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC; ENDEAVOR STREAMING, LLC; and ENDEAVOR GROUP HOLDINGS, INC.

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO STAY DISCOVERY PENDING DISPOSITION OF ITS RULE 23(f) PETITION AND ANY SUBSEQUENT APPEAL (ECF No. 257)**

District Judge Richard F. Boulware, II

## TABLE OF CONTENTS


**Page**

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

A. The Scheduling Order Deferred Discovery Until After Class Certification. ..... 2

B. The Court Dismissed Zuffa's Motion for Summary Judgment as Premature Given Outstanding Discovery. ..... 5

C. Zuffa's Petition and the Parties' Meet and Confer. ..... 5

III. LEGAL STANDARD ..... 6

IV. ARGUMENT ..... 7

A. Zuffa Has Not Shown a Likelihood of Success on the Merits. ..... 7

B. Zuffa Has Not Shown Any Hardship or Irreparable Injury. ..... 9

1. Ordinary litigation costs are neither hardship nor injury. ..... **Error! Bookmark not defined.**

2. Zuffa's motion for summary judgment confirms the relevance of the outstanding discovery. ..... 10

C. A Stay Would Prejudice Plaintiffs and the Certified Classes. ..... 10

1. Delay itself is prejudice, and the stay Zuffa seeks is open-ended. ..... 10

2. A stay would upend the Court's schedule. ..... 12

D. A Stay Would Not Simplify the Issues or Promote Judicial Economy. ..... 13

E. Agreement to Defer Class Notice Does Not Support a Stay of Discovery. ..... 14

F. Zuffa's Authorities Do Not Support a Stay on This Record. ..... 14

V. CONCLUSION ..... 16

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Altamura v. L'Oreal, USA, Inc.*, 2013 U.S. Dist. LEXIS 122992 (C.D. Cal. Aug. 26, 2013).... 16

*Alvarez v. NBTY, Inc.*, 2020 U.S. Dist. LEXIS 27134 (S.D. Cal. Feb. 18, 2020) ................ 11, 16

*Bally v. State Farm Life Ins. Co.*, 2020 U.S. Dist. LEXIS 100293 (N.D. Cal. June 5, 2020) ...... 7

*Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801 (N.D. Cal. Aug. 2, 2007) .......... 12

*Canchola v. Allstate Ins. Co.*, No. 8:23-cv-00734-FWS-ADS, 2025 U.S. Dist. LEXIS 118067 (C.D. Cal. May 12, 2025).......... passim

*Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005) .......... 2, 8

*Clinton v. Jones*, 520 U.S. 681 (1997) .......... 6

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) .......... 7

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007)...... 12

*Evans v. Wal-Mart Stores, Inc.*, No. CV 17-07641-AB (KK), 2019 U.S. Dist. LEXIS 221929 (C.D. Cal. Oct. 23, 2019) .......... 13, 16

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 U.S. Dist. LEXIS 95470 (C.D. Cal. June 8, 2015) .......... 16

*Gray v. Golden Gate Nat. Rec. Area*, 2011 U.S. Dist. LEXIS 149232 (N.D. Cal. Dec. 29, 2011) .......... 7

*Hooper v. City of Seattle*, No. C17-77 RSM, 2017 U.S. Dist. LEXIS 209353 (W.D. Wash. Dec. 20, 2017) .......... 16

*Hunt v. Check Recovery Sys., Inc.*, 2008 U.S. Dist. LEXIS 119717 (N.D. Cal. June 17, 2008) 16

*In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 U.S. Dist. LEXIS 194202 (C.D. Cal. Dec. 29, 2014) .......... 10, 12, 13, 14

*In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88 (D.D.C. 2012) .......... 15

*Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) .......... 15

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .......... passim

*LD v. United Behav. Health, Inc.*, 2023 WL 11983753 (N.D. Cal. June 20, 2023) .................... 8
*Lee v. Great Am. Life Ins. Co.*, No. 5:20-cv-01133-SPG-SHK, 2024 U.S. Dist. LEXIS 254799 (C.D. Cal. Dec. 19, 2024) .................... 8, 10, 14, 15
*Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) .................... 7
*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) .................... 13
*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) .................... 1, 9
*Melgar v. CKS Auto, Inc.*, 681 F. App'x 605 (9th Cir. 2017) .................... 9
*Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229 (S.D. Cal. 2017) .................... 9
*Microsoft Corp. v. Baker*, 582 U.S. 23 (2017) .................... 6
*Monaco v. Bear Stearns Cos.*, No. CV 09-05438 SJO (JCx), 2012 U.S. Dist. LEXIS 191131 (C.D. Cal. Dec. 5, 2012) .................... 9, 11, 16
*Munoz v. Alorica, Inc.*, 2026 U.S. Dist. LEXIS 234043 (C.D. Cal. Feb. 17, 2026) .................... 12
*Nken v. Holder*, 556 U.S. 418 (2009) .................... 6, 7, 9
*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) (en banc) .................... 9
*Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2021 U.S. Dist. LEXIS 140991 (S.D. Cal. July 28, 2021) .................... passim
*Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1 (1974) .................... 9
*Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069 (S.D. Cal. 2019) .................... passim
*Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 U.S. Dist. LEXIS 198974 (D. Nev. Oct. 14, 2021) .................... 6
*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011) .................... 6
*Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997) .................... 6

**Rules**

Fed. R. Civ. P. 1 .................... 13
Fed. R. Civ. P. 23(f) .................... 1, 5

Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment ..................................... 5, 8

Fed. R. Civ. P. 26(b)(1) ........................................................................................................ 10

Fed. R. Civ. P. 56(d) ....................................................................................................... 2, 5, 15

# I. INTRODUCTION

Rule 23(f) is explicit: an appeal from a class certification order "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). Defendant Zuffa, LLC ("Zuffa") asks the Court to so order—not merely for the time it takes the Ninth Circuit to rule on its petition, but through "any subsequent appeal," a period that could run for years. ECF No. 257 ("Mot.") at 5–6, 14. Zuffa has not carried its burden to justify that relief.

*First*, the "status quo" Zuffa invokes is one this Court created, not one Plaintiffs chose. In May 2022, the Court adopted Plaintiffs' proposed schedule, which provides 120 days of fact discovery[1] and 240 days of total discovery *after* the class certification ruling, and directed the parties to "prioritize discovery that is relevant to class certification issues while deferring discovery that would be relevant only in the event a class is successfully certified." ECF No. 32 at 6–7, 9. That deferral was Zuffa's own proposal. *Id.* at 5. Plaintiffs followed it. Discovery was then stayed for six months at the Endeavor defendants' request, and class certification was litigated through a sur-reply, two hearings, a court-ordered analysis of Meta's Pixel data, and a two-day evidentiary hearing. Zuffa now recasts Plaintiffs' compliance with the Court's order as a lack of diligence.

*Second*, Zuffa has already asked this Court to decide the merits on the current record—and the Court declined. While class certification was pending, Zuffa moved for summary judgment. The Court dismissed that motion under Rule 56(d) as premature because the Scheduling Order provides for discovery after the class certification ruling and Plaintiffs identified "numerous discovery matters that would go un-produced" if the Court ruled first. ECF No. 256 at 20. Zuffa now asks the Court to halt the very discovery this Court already ruled should proceed. This is a clear attempt to hinder Plaintiffs' ability to gather evidence to rebut Zuffa's motion for summary judgment, and it should be rejected.

---

[1] There is good cause to modify the current schedule to allow additional time for discovery, given that much of the 120 remaining days falls during the Christmas and New Years holidays. Any such modification will be the subject of a separate motion. A stay delays resolution further.

*Third*, Zuffa identifies no hardship beyond the ordinary cost of litigation, which "does not constitute a 'clear case of hardship or inequity.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Its only quantification—counsel's estimate that opposing Plaintiffs' anticipated motion to compel and producing documents "will likely exceed $100,000"—is unsupported, consists largely of the cost of resisting discovery, and cannot be squared with Zuffa's own assertion that the requests at issue are "largely duplicative" of requests it has already answered. ECF No. 257-1 ¶ 7; Mot. at 7 n.2. And the core of the outstanding discovery—how Zuffa configured the Meta Pixel and Conversions API, what it knew about the data it transmitted, and what it did to comply with the Video Privacy Protection Act ("VPPA"), including why it removed video titles from its URLs and then reinstated them—bears on the named Plaintiffs' claims and on Zuffa's inevitable renewed summary judgment motion no matter what the Ninth Circuit does.

*Fourth*, a stay would not simplify anything. Rule 23(f) review is "a rare occurrence," *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 955 (9th Cir. 2005), and Zuffa's petition challenges a fact-intensive certification decision reached after an evidentiary hearing. Even if the Ninth Circuit granted review and adjusted the class definition, the case would continue and the merits discovery would still be required. A stay would only push it—and trial—further out in a case that has been pending since March 2022.

*Finally*, Plaintiffs' agreement to defer distributing class notice is not a concession that the case should stop. Deferring notice protects absent class members from receiving notice of a class that might later change; proceeding with discovery between the parties prejudices no one. Courts routinely draw that line. The motion should be denied.

## II. BACKGROUND

### A. The Scheduling Order Deferred Discovery Until After Class Certification.

In their May 2022 Joint Discovery Plan, the parties agreed to 240 days of discovery before Plaintiffs' class certification motion but disagreed about how much discovery should follow the ruling on that motion. ECF No. 32 at 3–4. Plaintiffs proposed "an additional 120 days of fact discovery following resolution of the motion for class certification, and then 120 days of

expert discovery," explaining that "[t]he additional time for discovery after certification of the class is necessary in class action cases." *Id.* Zuffa, for its part, proposed that the parties "manage the discovery process to prioritize discovery that is relevant to class certification issues, while deferring discovery that would be relevant only in the event a class is successfully certified." *Id.* at 5.

The Court adopted all of Plaintiffs' proposed deadlines and directed that "the parties should, as best as possible, prioritize discovery that is relevant to class certification issues while deferring discovery that would be relevant only in the event a class is successfully certified." *Id.* at 9 (signed by Magistrate Judge Weksler). Under that Order, fact discovery closes 120 days after the class certification ruling, merits expert disclosures are due 150 days after the ruling, and all discovery closes 240 days after the ruling. *Id.* at 6–7. Measured from the Court's September 30, 2026 Order, those deadlines fall on January 28, 2027; March 1, 2027; and May 28, 2027.

Because Zuffa has refused or failed to produce numerous documents and witnesses, a considerable amount of discovery remains, including:

- Coding and configuration files (e.g., Google Tag Manager ("GTM") files) for all of Zuffa's registered Meta Pixels. Zuffa has at least four pixels for which such documents exist, but has produced GTM files for only one of those four pixels, and has produced only illegible screenshots of the Meta event manager portal for one other pixel. Zuffa has not produced any documents at all for two pixels and large swaths of documents for the other two.
- Documents regarding how, when, and why Zuffa configured advanced matching for the four Meta Pixels; this configuration decision, which increased the amount of personally identifiable information shared with Meta with the explicit goal of improving personally identifiable tracking, required affirmative adoption by Zuffa. Zuffa has produced no documents on this topic.
- Documents pertaining to the reason for Zuffa's removal, and later reinstatement, of video titles from URLs. Because this change resulted in a brief period in which Zuffa

was not violating the VPPA, followed by a period in which it again was, these documents are relevant to Plaintiffs' claims.

- Full production of internal and external emails regarding regular meetings with Meta about pixel use and tracking of subscribers. Only a subset of such emails, which are direct evidence of Zuffa's knowledge and intent, have been produced.
- A full production of relevant emails for Zuffa custodians such as Jordan Brown, Travis Santypal, Aziz Bawany, and Crowley Sullivan, as well as all Zuffa communications between those custodians and Meta employees Elizabeth Goodman and Dan Lempert pertaining to Facebook/Meta cookies and pixels. Plaintiffs currently have, at best, an incomplete production of emails from Banks, Santypal, Brown, and Bawany's custodial files.
- Documents regarding privacy compliance. Zuffa has produced essentially no documents relating to legal compliance with privacy laws. Nor has it produced a privilege log identifying any attorney work product or attorney-client communications specific to this topic.
- Responses to Contention Interrogatories. Zuffa still has not responded to Plaintiffs' Interrogatory Nos. 5 (identify all factual inaccuracies in Plaintiffs' allegations) and 6 (state basis for all affirmative defenses).
- Supplemental Responses to Fact Interrogatories. Plaintiffs intend to move for supplemental responses to interrogatories where Zuffa's current responses are facially deficient. For instance, it is clear from the Meta Pixel data and Zuffa's internal documents that Zuffa knowingly transmitted data to Meta (or caused such data to be transmitted), but Zuffa's response to Plaintiffs' Interrogatory No. 2 (identify categories of data transmitted to Meta) states that it sent "none."
- Additional depositions. Zuffa has made only two witnesses available. Plaintiffs still need to depose personnel involved in integrating the Meta Pixel with Zuffa's website via the Conversions API, as well as obtain 30(b)(6) depositions on topics where Zuffa previously failed or refused to designate a witness.

*See* Declaration of Anthony J. Patek ("Patek Decl.") ¶ 3. This list is only a subset of the outstanding discovery, but it underscores how much work remains.

Additionally, on July 9, 2026—before the Court ruled on certification—Plaintiffs served their Second Set of Requests for Production. ECF No. 257-1 ("Rabbani Decl.") ¶ 6. Zuffa served objections and responses on August 17, 2026. Plaintiffs deem those responses deficient and have met and conferred with Zuffa on August 25 and October 15, 2026 in preparation for one or more motions to compel. *Id.* ¶¶ 6–7; Patek Decl. ¶ 4.

**B. The Court Dismissed Zuffa's Motion for Summary Judgment as Premature Given Outstanding Discovery.**

On October 10, 2025, while class certification remained under submission, Zuffa moved for summary judgment. ECF No. 186. Plaintiffs opposed and, under Rule 56(d), identified discovery they had not yet been able to take under the Court's schedule—including the topics described above and complete class data from Meta. ECF No. 205 at 34–35.

On September 30, 2026, the Court granted Plaintiffs' motion for class certification in principal part and dismissed Zuffa's summary judgment motion without prejudice "under Fed. R. Civ. P. 56(d), finding it premature." ECF No. 256 at 20. The Court noted that "discovery on this matter is ongoing." *Id.* at 12 n.5. The Court "adopted Plaintiffs' proposed deadline for close of discovery: 240 days after this Court entered its order ruling on class certification," that Plaintiffs had listed "numerous discovery matters that would go un-produced if this Court decided summary judgment at this juncture," and that "[t]he Court agrees." *Id.* at 20.

**C. Zuffa's Petition and the Parties' Meet and Confer.**

Zuffa filed its Rule 23(f) petition on October 14, 2026, and Plaintiffs opposed it on October 26, 2026. Mot. at 7; *Bloom v. Zuffa, LLC*, No. 26-6807, Dkt. Nos. 2, 7 (9th Cir.). At an intervening October 15 meet and confer, Plaintiffs agreed not to distribute class notice while the petition (and any resulting appeal) is pending, but declined to halt discovery. Rabbani Decl. ¶ 8; Patek Decl. ¶ 5. Zuffa filed this motion on October 26, 2026.

## III. LEGAL STANDARD

"An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f); *see also* Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment ("Permission to appeal does not stay trial-court proceedings."); *Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2021 U.S. Dist. LEXIS 140991, at *4 (S.D. Cal. July 28, 2021) (Rule 23(f)'s no-stay provision "was included to avoid unnecessary disruption and delay in district court proceedings" (citing *Microsoft Corp. v. Baker*, 582 U.S. 23, 38 n.9 (2017))).

A stay is an exception, not the rule, and the party seeking one bears the burden of justifying it. *Nken v. Holder*, 556 U.S. 418, 427, 433–34 (2009) (a stay "is an intrusion into the ordinary processes of administration and judicial review" and "is not a matter of right, even if irreparable injury might otherwise result" (citations omitted)); *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *Canchola v. Allstate Ins. Co.*, No. 8:23-cv-00734-FWS-ADS, 2025 U.S. Dist. LEXIS 118067, at *10 (C.D. Cal. May 12, 2025) ("The proponent of a stay bears the burden of establishing its need." (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997))). The same is true of discovery stays generally: "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery," and the movant carries "the heavy burden of making a strong showing why discovery should be denied." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600–01 (D. Nev. 2011) (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)); *see also Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 U.S. Dist. LEXIS 198974, at *11 (D. Nev. Oct. 14, 2021).

"Most district courts in this circuit apply" *Nken* to requests for a stay pending Rule 23(f) review. *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 (S.D. Cal. 2019); *see also Owino*, 2021 U.S. Dist. LEXIS 140991, at *7 (noting that "the *Landis* factors essentially are subsumed within the *Nken* factors"). Under *Nken*, the movant must make "a strong showing that he is likely to succeed on the merits" and show that he "will be irreparably injured absent a stay"; the court also weighs injury to other parties and the public interest. 556 U.S. at 434. Courts have distilled the test into a four-factor analysis: "(1) whether the stay applicant has made a strong

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Canchola*, 2025 U.S. Dist. LEXIS 118067, at *10 (citations omitted).

In contrast, under *Landis*, courts weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Critically, "if there is even a fair possibility that the stay . . . will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

Zuffa urges the *Landis* framework while acknowledging that other courts apply *Nken*. Mot. at 8 n.4. Under either framework, Zuffa's motion fails.

## IV. ARGUMENT

### A. Zuffa Has Not Shown a Likelihood of Success on the Merits.

"The Ninth Circuit has defined a 'likelihood of success on the merits' as requiring a showing that 'serious legal questions are raised' or there is a 'reasonable probability' of success." *Bally v. State Farm Life Ins. Co*., 2020 U.S. Dist. LEXIS 100293, at *11 (N.D. Cal. June 5, 2020) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 967–68 (9th Cir. 2011)). "Because [Defendant] seeks a stay pending a Rule 23(f) petition, the [c]ourt must consider both the likelihood that the Ninth Circuit will grant Defendant's Rule 23(f) petition, and the likelihood that the Ninth Circuit will agree with Defendant[] on the substantive merits." *Bally,* 2020 U.S. Dist. LEXIS 100293, at *11 (citing *Gray v. Golden Gate Nat. Rec. Area*, 2011 U.S. Dist. LEXIS 149232 (N.D. Cal. Dec. 29, 2011)).

This presents a heavy burden, as "[R]ule 23(f) review should be a rare occurrence," *Chamberlan*, 402 F.3d at 955, "granted sparingly," and not where the claimed error is just "an incorrect application of law to facts." *Id.* at 959. As a result, "Rule 23(f) petitions are rarely successful, which favors against a stay." *Canchola*, 2025 U.S. Dist. LEXIS 118067, at *13 (quoting *LD v. United Behav. Health, Inc.*, 2023 WL 11983753, at *2 (N.D. Cal. June 20, 2023)).

Decisions finding this factor satisfied have typically relied on the Ninth Circuit's grant of review, which has not occurred here. *See, e.g.*, *Romero*, 383 F. Supp. 3d at 1074; *Lee v. Great Am. Life Ins. Co.*, No. 5:20-cv-01133-SPG-SHK, 2024 U.S. Dist. LEXIS 254799, at *13–14 (C.D. Cal. Dec. 19, 2024); *Owino*, 2021 U.S. Dist. LEXIS 140991, at *9.

Here, Zuffa urges the Court to adopt the *Landis* analysis to avoid this factor—a tacit admission that it cannot meet its burden. Zuffa's petition challenges the Court's evidentiary judgments: that "common evidence can establish whether Zuffa disclosed each class member's Facebook ID to Meta," that common questions predominate, and that the common evidence supports certifying the California Class with Plaintiff Bloom as its representative. Mot. at 13. Those are case-specific determinations the Court reached after full briefing, a sur-reply, two hearings, and a two-day evidentiary hearing—the kind of "familiar and almost routine issues" that Rule 23(f) is not designed to reach. *Chamberlan*, 402 F.3d at 959 (quoting Fed. R. Civ. P. 23(f) advisory committee's note to 1998 amendment). Courts deny stays where, as here, the movant's likelihood-of-success arguments repeat those the district court already considered and rejected in certifying the class. *Canchola*, 2025 U.S. Dist. LEXIS 118067, at *12–13. *Compare* ECF No. 106 at 7, 10–11 (arguing sufficiency of Meta class evidence) *with* ECF No. 256 at 16 (order considering class evidence) *and* ECF No. 257 at 13 (describing same argument in petition); *compare* ECF No. 106 at 16–21 (arguing individual issues predominate) *with* ECF No. 256 at 16 (order discussing whether individual issues predominate) *and* ECF No. 257 at 13 (describing same argument in petition); *compare* ECF No. 106 at 26–27 (arguing standing and typicality) *with* ECF No. 256 at 12 (order rejecting standing and typicality argument) and ECF No. 257 at 13 (describing same argument in petition).

Zuffa's "unsettled question" about fail-safe classes fares no better. Zuffa acknowledges that the Ninth Circuit has already ruled that a court may not certify a fail-safe class. Mot. at 13 (citing *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022) (en banc)); *see also Melgar v. CKS Auto, Inc.*, 681 F. App'x 605, 607 (9th Cir. 2017) (defining a fail-safe class). Its real complaint is with how that settled rule applies to this class definition—again, an application of law to facts. And the certified Classes are not fail-safe:

membership turns on an objective historical fact—whether Zuffa's pixels transmitted a subscriber's identifier and a video URL to Meta—not on whether Zuffa is liable. A petition raising these issues does not present even the "serious questions" Zuffa claims, much less the "strong showing" of likely success that *Nken* requires. 556 U.S. at 434. This is underscored by the fact that Zuffa's argument on fail-safe classes was limited to a brief footnote in its opposition to Plaintiffs' motion for class certification. ECF No. 106 at 14 n.2.

**B. Zuffa Has Not Shown Any Hardship or Irreparable Injury.**

**1. Ordinary litigation costs are neither hardship nor injury.**

Zuffa's only claimed hardship is the cost of discovery. Mot. at 9–11. But "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Nor does it satisfy *Nken*: "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *see also Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017) ("Defendant does not demonstrate a hardship in moving forward with inevitable discovery and motion practice."); *Canchola*, 2025 U.S. Dist. LEXIS 118067, at *13–14 (denying stay pending Rule 23(f) petition because defendant's "litigation expenses, without more, do not constitute irreparable harm"); *Monaco v. Bear Stearns Cos.*, No. CV 09-05438 SJO (JCx), 2012 U.S. Dist. LEXIS 191131, at *10–11 (C.D. Cal. Dec. 5, 2012) (same, where defendants did "not claim that their discovery costs will be somehow atypical or unusually severe"); *In re ConAgra Foods, Inc.*, No. CV 11-05379-MMM (AGRx), 2014 U.S. Dist. LEXIS 194202, at *25 (C.D. Cal. Dec. 29, 2014) ("[T]he crux of ConAgra's argument is that it will be prejudiced by being required to comply with its discovery obligations and mount a defense. This does not justify entering a stay.").

Even on its own terms, Zuffa's showing is thin. Its only evidence is counsel's single-sentence estimate that "opposing Plaintiffs' anticipated motion to compel and, if necessary, producing documents in response to Plaintiffs' requests will likely exceed $100,000." Rabbani Decl. ¶ 7. The declaration offers no breakdown, no document volumes, and no custodian counts, and much of the estimated expense is the cost of *opposing* discovery that the Court's schedule

calls for. Zuffa also tells the Court that the Second Set of Requests is "largely duplicative" of requests Zuffa has already answered. Mot. at 7 n.2. Requests that duplicate ones already answered cannot simultaneously impose six-figure burdens. *See Owino*, 2021 U.S. Dist. LEXIS 140991, at *12–14 (finding no irreparable harm where defendant "d[id] not indicate what its time and money outlays would be" for the narrower discovery actually sought); *cf. Canchola*, 2025 U.S. Dist. LEXIS 118067, at *9–10 (rejecting burden objection where defendant "provided no evidence to substantiate its burden arguments"). To the extent any particular request is overbroad, the remedy is the ordinary meet-and-confer and proportionality process under Rule 26(b)(1)—not a blanket stay of all discovery.

**2. Zuffa's motion for summary judgment confirms the relevance of the outstanding discovery.**

It also bears noting that Zuffa is trying to avoid discovery that its own actions have made relevant. Zuffa moved for summary judgment while certification was pending, before discovery closed. ECF No. 186. The Court dismissed that motion as premature precisely because the post-certification discovery the Scheduling Order provides had not yet occurred. ECF No. 256 at 20. The stay Zuffa now seeks would freeze the case in exactly the posture the Court found inadequate: a merits record closed before the discovery the Court has said Plaintiffs are entitled to take. If any "inequity" is at stake, it runs against Plaintiffs, not Zuffa.

**C. A Stay Would Prejudice Plaintiffs and the Certified Classes.**

A stay will prejudice Plaintiffs and the Classes. Courts consider several factors when weighing prejudice to the parties, including the stay's length, whether the parties seek injunctive relief, how long the case has been pending, and the outstanding discovery. *See Owino*, 2021 U.S. Dist. LEXIS 140991, at *15 (denying stay where case had been pending for four years and core documents had not been produced); *ConAgra*, 2014 U.S. Dist. LEXIS 194202, at *21 (unknown length of stay favored denying stay). Here, all factors weigh in favor of denying the stay.

**1. Delay itself is prejudice, and the stay Zuffa seeks is open-ended.**

Courts recognize that "delaying a plaintiff's day in court" is itself substantial injury. *Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 U.S. Dist. LEXIS 58801, at *12

(N.D. Cal. Aug. 2, 2007); *see Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007); *ConAgra*, 2014 U.S. Dist. LEXIS 194202, at *21 ("Delay in resolving litigation always poses the risk of lost evidence and fading memories, a risk that is amplified by the unknown duration of the stay [the movant] seeks."); *Owino*, 2021 U.S. Dist. LEXIS 140991, at *15–16 (harm to plaintiffs outweighed defendant's claimed burden where the case had been pending four years and witnesses' recollections would deteriorate); *Evans v. Wal-Mart Stores, Inc.*, No. CV 17-07641-AB (KK), 2019 U.S. Dist. LEXIS 221929, at *10 (C.D. Cal. Oct. 23, 2019) (possible-damage factor favored plaintiffs "because more than two years have passed since the inception of this lawsuit, and further delay may harm class members"). Because there is at least a "fair possibility" that the stay will harm Plaintiffs and the certified Classes, Zuffa must make out "a clear case of hardship or inequity," *Landis*, 299 U.S. at 255—which, as shown above, it has not.

This case has been pending since March 2022, and the conduct at issue dates back years before that. *See* ECF No. 1. Every month of delay increases the risk that memories fade, knowledgeable employees depart, and electronic records—including third-party Pixel data—become unavailable. Patek Decl. ¶ 2. Some witnesses, such as Kristen Banks, have already left Zuffa's employ. Rabbani Decl. ¶ 2. And even during depositions in 2023-2024, Zuffa's sole 30(b)(6) witness testified that they could not recall details about the topics such as what data was transmitted to Meta and the removal and addition of video titles from video page URLs. Patek Decl. ¶ 2. On top of that, there is significant discovery outstanding, see Section II.A, above, and both Zuffa and Meta have admitted that they routinely delete electronic documents (emails and Pixel data, respectively) unless they are specifically archived. Patek Decl. ¶ 2. Even where measures to preserve such data have been taken, this presents a risk of spoliation.

Zuffa's lead argument on this point is that Plaintiffs will not suffer harm because they "chose not to pursue any discovery from Zuffa . . . for nearly three years." Mot. at 7; *see* Rabbani Decl. ¶ 5. That is inaccurate. First, the Court ordered the parties to prioritize class certification discovery and defer discovery not relevant to that issue until after certification—an approach Zuffa itself proposed. ECF No. 32 at 5, 9. Second, the remaining period was consumed by

certification proceedings in which the Court ordered further analysis of the Pixel data and took live expert testimony. ECF Nos. 166, 183, 184. Plaintiffs have not been sitting on their hands; they have been focused on the discovery that the Court asked for, most of which concerned Meta. Even so, Plaintiffs served their Second Set of Requests for Production in July 2026—before the certification ruling—so that merits discovery could proceed promptly within the post-certification window. Rabbani Decl. ¶ 6. Following the Court's schedule is neither a lack of diligence nor a concession that the discovery the schedule provides is unnecessary.

The stay Zuffa requests is also indefinite. It would last not only until the Ninth Circuit rules on the petition but through "any subsequent appeal." Mot. at 14. If the petition were granted, briefing, argument, and decision on the merits of the appeal would likely take a year or more. *Cf. Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."); *see also ConAgra*, 2014 U.S. Dist. LEXIS 194202, at *20–21, *27 (explaining that "[t]he potential length of a stay is a relevant consideration," and denying stay of "unknown duration" where argument had not been set and "it [was] unclear how long it will take for the panel [to] issue a decision"). Zuffa's answer—that a longer stay will occur "only if the Ninth Circuit grants the Petition," Mot. at 12—simply confirms that the stay it seeks has no outer limit. A stay of that length would prejudice not only Plaintiffs' and the Classes' ability to obtain relief, but also the public, which would benefit from the injunctive relief Plaintiffs seek to prohibit Zuffa from continuing its unlawful practices.

**2. A stay would upend the Court's schedule.**

Under the Scheduling Order, fact discovery closes on January 28, 2027, and all discovery closes on May 28, 2027. ECF No. 32 at 6–7. A stay of indeterminate length would leave those deadlines unworkable and require either a compressed, disorderly scramble once the stay lifts or a wholesale resetting of the schedule—adding months, if not years, to a case that is already more than four years old. Neither outcome promotes the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. *See ConAgra*, 2014 U.S. Dist. LEXIS 194202, at *22 (stay that

would "prevent resolution of outstanding discovery issues and extend an already attenuated discovery period further" weighed against relief, "particularly when less drastic remedies are available").

**D. A Stay Would Not Simplify the Issues or Promote Judicial Economy.**

"[R]outine discovery and litigation costs that are unavoidable regardless of the outcome of the appeal do not amount to irreparable harm." *Romero*, 383 F. Supp. 3d at 1075; *accord Lee*, 2024 U.S. Dist. LEXIS 254799, at *16 & n.2. For that reason, courts have refused to stay discovery bearing on the named plaintiffs' individual claims even after the Ninth Circuit has granted review. *See Owino*, 2021 U.S. Dist. LEXIS 140991, at *13–14, *17–18 (denying stay of discovery that defendant had not shown "would necessarily be irrelevant to [plaintiffs'] individual claims and therefore mooted by the pending appeal").

The bulk of the outstanding discovery concerns Zuffa's own conduct: how it configured and deployed the Meta Pixel and Conversions API, why it insisted on including video titles in its URLs, what data its website and servers transmitted to Meta, what Zuffa knew about those transmissions, and what, if anything, it did to comply with the VPPA. *See* ECF No. 205 at 34–35. That evidence goes to elements—including knowing disclosure, personally identifiable information, and consent—that the named Plaintiffs must prove on their individual claims whether or not any class is certified, and that Zuffa will place at issue again when it renews its summary judgment motion. No appeal under Rule 23 will make it irrelevant. The Court has held that merits discovery must proceed. ECF No. 256 at 20. Where the petition remains pending and the discovery will be needed regardless of its outcome, courts deny stays. *Canchola*, 2025 U.S. Dist. LEXIS 118067, at *10–16; *Monaco*, 2012 U.S. Dist. LEXIS 191131, at *5–11.

Because the outstanding merits discovery will be required regardless of the petition's outcome, a stay would only postpone—not avoid—work. *See Lee*, 2024 U.S. Dist. LEXIS 254799, at *17–18 (where litigation costs "appear to be unavoidable[,] the question is not whether they will be expended, but when"). Zuffa's own authority frames the "overarching question" as whether "going forward with the litigation will be inefficient for the parties and the court." Mot. at 8 (quoting *Kuang v. U.S. Dep't of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr.

15, 2019)). Here, going forward is the efficient course. Whatever discrete items of discovery may genuinely depend on the class definition—such as class members' contact information—can be addressed through ordinary meet-and-confer and sequencing, not by stopping the case.

Zuffa argues that discovery "could be wasted if the Ninth Circuit alters the class certification order." Mot. at 5; *see id.* at 10–11. It quotes *Alvarez* for the rule that litigation costs may be irreparable "when granting the stay would avoid substantial, unrecoverable, and wasteful discovery costs." Mot. at 11. But Zuffa omits the next sentence: "[C]osts may not amount to an irreparable harm, particularly where the costs would be inevitable regardless of the appeal's outcome." *Alvarez v. NBTY, Inc.*, 2020 U.S. Dist. LEXIS 27134, at *6 (S.D. Cal. Feb. 18, 2020). Here, these costs are inevitable.

**E. Agreement to Defer Class Notice Does Not Support a Stay of Discovery.**

Zuffa contends that by agreeing to defer class notice, Plaintiffs conceded "that the case should not advance on its current track." Mot. at 9. Not so. Deferring notice serves a specific purpose: it avoids sending absent class members a notice—and prompting opt-out decisions—based on a class definition that might change on appeal. Discovery between the parties carries no comparable risk to absent class members. Courts routinely draw precisely this distinction. *See In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94–95 (D.D.C. 2012) (staying class notice while a Rule 23(f) appeal was pending but declining to stay the case because it would proceed regardless of the appeal's outcome). Indeed, deferring notice removes one of the principal harms courts have relied on in granting stays pending Rule 23(f) review. *See Romero*, 383 F. Supp. 3d at 1075–77 (class notice could damage defendant's reputation and confuse class members if the class were later decertified); *see also Lee*, 2024 U.S. Dist. LEXIS 254799, at *16 n.2 (rejecting claimed reputational injury from class notice as "highly speculative" (citation omitted)). Plaintiffs' accommodation on notice reflects good-faith cooperation. It should not be turned into a basis for halting the case.

**F. Zuffa's Authorities Do Not Support a Stay on This Record.**

Zuffa cites decisions in which courts exercised their discretion to stay proceedings pending a Rule 23(f) petition. Mot. at 7 n.3. Those decisions are inapposite. Some involved

petitions the Ninth Circuit had already granted. *See Romero*, 383 F. Supp. 3d at 1074 (grant of petition "demonstrates that serious legal questions are at issue"). Others stayed proceedings at the plaintiffs' request after class certification was denied or class claims were dismissed. *Hooper v. City of Seattle*, No. C17-77 RSM, 2017 U.S. Dist. LEXIS 209353, at *3 (W.D. Wash. Dec. 20, 2017) (plaintiffs moved after certification was denied); *Alvarez*, 2020 U.S. Dist. LEXIS 27134, at *2, *7 (same); *Altamura v. L'Oreal, USA, Inc.*, 2013 U.S. Dist. LEXIS 122992, at *7 (C.D. Cal. Aug. 26, 2013) (plaintiffs "agreed that a stay of merits discovery and class notification [wa]s appropriate"). And *Evans* stayed a single count in one case pending a Rule 23(f) petition in a different case that had certified an overlapping class including both named plaintiffs. *Evans*, 2019 U.S. Dist. LEXIS 221929, at *8–10, *15–16. In two, liability had already been adjudicated and trial was imminent. *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 U.S. Dist. LEXIS 95470, at *1, *9–10 (C.D. Cal. June 8, 2015) (trial "78 days away"); *Hunt v. Check Recovery Sys., Inc.*, 2008 U.S. Dist. LEXIS 119717, at *3–5 (N.D. Cal. June 17, 2008). None of those circumstances is present here.

By contrast, where the petition remains pending and the discovery sought will be needed regardless of its outcome, courts deny stays. *See Canchola*, 2025 U.S. Dist. LEXIS 118067, at *10–16; *Monaco*, 2012 U.S. Dist. LEXIS 191131, at *5–11; *see also Owino*, 2021 U.S. Dist. LEXIS 140991, at *13–18 (denying stay of such discovery even after petition was granted). And none of Zuffa's authorities involved a scheduling order that expressly instructed the parties to delay discovery on certain topics until after class certification, nor an order dismissing the defendant's summary judgment motion under Rule 56(d) so that discovery could proceed.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Zuffa's Motion to Stay Discovery.

Dated: November 9, 2026

**GUTRIDE SAFIER LLP**

*/s/ Anthony J. Patek*
SETH A. SAFIER (admitted *pro hac vice*)
seth@gutridesafier.com
MARIE A. MCCRARY (admitted *pro hac vice*)
marie@gutridesafier.com
HAYLEY REYNOLDS (admitted *pro hac vice*)
hayley@gutridesafier.com
ANTHONY J. PATEK (admitted *pro hac vice*)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd., Suite #130
Las Vegas, NV 89121
Telephone: (702) 843-5899
Facsimile: (702) 843-6010

*Attorneys for Plaintiffs*