**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar No. 12440)
David@Markmanlawfirm.com
4484 S. Pecos Rd., Suite #130
Las Vegas, NV 89121
Telephone: (702) 843-5899
Facsimile: (702) 843-6010

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (admitted *pro hac vice*)
seth@gutridesafier.com
MARIE A. MCCRARY (admitted *pro hac vice*)
marie@gutridesafier.com
HAYLEY REYNOLDS (admitted *pro hac vice*)
hayley@gutridesafier.com
ANTHONY J. PATEK (admitted *pro hac vice*)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

ZUFFA, LLC; ENDEAVOR STREAMING, LLC; and ENDEAVOR GROUP HOLDINGS, INC.

Defendants.

Case No. 2:22-cv-00412-RFB-BNW

**DECLARATION OF ANTHONY J. PATEK IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT ZUFFA, LLC'S MOTION TO STAY DISCOVERY (ECF No. 257)**

I, Anthony J. Patek, declare:

1. I am an attorney with the law firm Gutride Safier LLP, counsel of record for Plaintiffs in the above-captioned matter. I am admitted *pro hac vice* to practice before this Court. I submit this declaration in support of Plaintiffs' Opposition to Defendant Zuffa, LLC's Motion to Stay Discovery. I have personal knowledge of the matters set forth in this declaration and would competently testify to them if called as a witness.

2. This case has been pending since March 2022, and the conduct at issue dates back years before that. Every month of delay increases the risk that memories fade, knowledgeable employees depart, and electronic records—including third-party Pixel data—become unavailable. Some witnesses, such as Kristen Banks, have already left Zuffa's employ. And even during depositions in 2023-2024, Zuffa's sole 30(b)(6) witnesses testified that they could not recall details about the topics such as what data was transmitted to Meta and the removal and addition of video titles from video page URLs. Indeed, Zuffa has yet to designate or produce any 30(b)(6) witness for topics listed in Plaintiffs' 30(b)(6) notice. On top of that, there is significant discovery outstanding, and both Zuffa and Meta have admitted that they routinely delete electronic documents (emails and Pixel data, respectively) unless they are specifically archived. Even where measures to preserve such data have been taken, this presents a risk of spoliation.

3. Because Zuffa has refused or failed to produce numerous documents and witnesses, a considerable amount of discovery remains, including:

- Coding and configuration files (e.g., Google Tag Manager ("GTM") files) for all of Zuffa's registered Meta Pixels. Zuffa has at least four pixels for which such documents exist, but has produced GTM files for only one of those four pixels, and has produced only illegible screenshots of the Meta event manager portal for one other pixel. Zuffa has not produced any documents at all for two pixels and large swaths of documents for the other two.
- Documents regarding how, when, and why Zuffa configured advanced matching for the four Meta Pixels; this configuration decision, which increased the amount of personally identifiable information shared with Meta with the explicit goal of improving personally identifiable tracking, required affirmative adoption by Zuffa. Zuffa has produced no documents on this topic.
- Documents pertaining to the reason for Zuffa's removal, and later reinstatement, of video titles from URLs. Because this change resulted in a brief period in which Zuffa was not violating the VPPA, followed by a period in which it again was, these documents are relevant to Plaintiffs' claims.

- Full production of internal and external emails regarding regular meetings with Meta about pixel use and tracking of subscribers. Only a subset of such emails, which are direct evidence of Zuffa's knowledge and intent, have been produced.
- A full production of relevant emails for Zuffa custodians such as Jordan Brown, Travis Santypal, Aziz Bawany, and Crowley Sullivan, as well as all Zuffa communications between those custodians and Meta employees Elizabeth Goodman and Dan Lempert pertaining to Facebook/Meta cookies and pixels. Plaintiffs currently have, at best, an incomplete production of emails from Banks, Santypal, Brown, and Bawany's custodial files.
- Documents regarding privacy compliance. Zuffa has produced essentially no documents relating to legal compliance with privacy laws. Nor has it produced a privilege log identifying any attorney work product or attorney-client communications specific to this topic.
- Responses to Contention Interrogatories. Zuffa still has not responded to Plaintiffs' Interrogatory Nos. 5 (identify all factual inaccuracies in Plaintiffs' allegations) and 6 (state basis for all affirmative defenses).
- Supplemental Responses to Fact Interrogatories. Plaintiffs intend to move for supplemental responses to interrogatories where Zuffa's current responses are facially deficient. For instance, it is clear from the Meta Pixel data and Zuffa's internal documents that Zuffa knowingly transmitted data to Meta (or caused such data to be transmitted), but Zuffa's response to Plaintiffs' Interrogatory No. 2 (identify categories of data transmitted to Meta) states that it sent "none."
- Additional depositions. Zuffa has made only two witnesses available. Plaintiffs still need to depose personnel involved in integrating the Meta Pixel with Zuffa's website via the Conversions API, as well as obtain 30(b)(6) depositions on topics where Zuffa previously failed or refused to designate a witness.

4. On July 9, 2026—before the Court ruled on certification—Plaintiffs served their Second Set of Requests for Production. Zuffa served objections and responses on August 17,

2026. Plaintiffs deem those responses deficient and have met and conferred with Zuffa on August 25 and October 15, 2026 in preparation for one or more motions to compel.

5. Zuffa filed its Rule 23(f) petition on October 14, 2026, and Plaintiffs opposed it on October 26, 2026. At an intervening October 15 meet and confer, Plaintiffs agreed not to distribute class notice while the petition (and any resulting appeal) is pending, but declined to halt discovery.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: November 9, 2026

/s/ Anthony J. Patek

Anthony J. Patek