**CAMPBELL & WILLIAMS**
SAMUEL R. MIRKOVICH (Nev. Bar No. 11662)
srm@cwlawlv.com
710 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

**PAUL HASTINGS LLP**
SUSAN K. LEADER (*admitted pro hac vice*)
susanleader@paulhastings.com
ALI R. RABBANI (*admitted pro hac vice*)
alirabbani@paulhastings.com
1999 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

*Attorneys for Defendant*
*Zuffa, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EVERETT BLOOM, JACK GRAHAM, and DAVE LINDHOLM, on behalf of themselves, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC,<br><br>Defendant. | Case No.: 2:22-CV-00412-RFB-BNW<br><br>**DEFENDANT ZUFFA, LLC'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING DISPOSITION OF ITS RULE 23(f) PETITION AND ANY SUBSEQUENT APPEAL OF CLASS CERTIFICATION ORDER**<br><br>Hearing Date: December 15, 2026 |

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. DISCOVERY SHOULD BE STAYED PENDING THE NINTH CIRCUIT'S RULING ON ZUFFA'S PETITION AND ANY SUBSEQUENT APPEAL ..... 3

- A. Plaintiffs Have Failed to Demonstrate They Will Suffer Undue Harm ..... 3
  - 1. A Stay Does Not Inherently Create Undue Harm ..... 3
  - 2. Plaintiffs' Delays in Discovery Rebut Any Claim of Undue Harm ..... 4
  - 3. Zuffa's Requested Stay Is Not "Open-Ended" ..... 6
  - 4. The Stay Will Not "Upend the Court's Schedule" ..... 7
- B. Plaintiffs Have Failed to Rebut Zuffa's Showing of Hardship ..... 7
- C. Plaintiffs Have Failed to Refute Zuffa's Showing of Judicial Economy ..... 9
- D. Even If *Nken* Applied, the Court Should Still Grant Zuffa's Motion ..... 10

IV. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altamura v. L'Oreal, USA, Inc.*,
2013 WL 4537175 (C.D. Cal. Aug. 26, 2013) ........ 7, 10

*Alvarez v. NBTY, Inc.*,
2020 WL 804403 (S.D. Cal. Feb. 18, 2020) ........ 9

*Andrade Rico v. Beard*,
2019 WL 4127206 (E.D. Cal. Aug. 30, 2019) ........ 3

*In re Bank of Am. Cal. Unemployment Benefits Litig.*,
2025 WL 2374902 (S.D. Cal. Aug. 15, 2025) ........ 1, 3

*Bloom, et al. v. Zuffa, LLC*,
Case No. 26-6807, Dkt. No. 2 (9th Cir.) ........ 1, 12

*Bradberry v. T-Mobile USA, Inc.*,
2007 U.S. Dist. LEXIS 58801 (N.D. Cal. Aug. 2, 2007) ........ 3

*Canchola v. Allstate Ins. Co.*,
2025 U.S. Dist. LEXIS 118067 (C.D. Cal. May 12, 2025) ........ 7

*In re ConAgra Foods, Inc.*,
2014 U.S. Dist. LEXIS 194202 (C.D. Cal. Dec. 29, 2014) ........ 4, 6

*Dependable Highway Express Inc. v. Navigators Ins. Co.*,
498 F.3d 1059, 1067 (9th Cir. 2007) ........ 4, 6

*Evans v. Wal-Mart Stores, Inc.*,
2019 U.S. Dist. LEXIS 221929 (C.D. Cal. Oct. 23, 2019) ........ 3, 7

*Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*,
2015 WL 4397175 (C.D. Cal. June 8, 2015) ........ 10, 11

*Flores v. Bennett*,
675 F. Supp. 3d 1052 (E.D. Cal. 2023) ........ 3

*Gray v. Golden Gate Nat'l Recreation Area*,
2011 U.S. Dist. LEXIS 149232 (N.D. Cal. Dec. 29, 2011) ........ 9

*Hooper v. City of Seattle*,
2017 WL 11437103 (W.D. Wash. Dec. 20, 2017) ........ 10

*Hunt v. Check Recovery Sys., Inc.*,
2008 WL 2468473 (N.D. Cal. June 17, 2008) ........ 8

*Lee v. Great Am. Life Ins. Co.*,
2024 U.S. Dist. LEXIS 254799 (C.D. Cal. Dec. 19, 2024)........ 9

*Lessin v. Ford Motor Co.*,
2025 WL 2898964 (S.D. Cal. Oct. 10, 2025)........ 10

*Leyva v. Certified Grocers of Cal., Ltd.*,
593 F.2d 857 (9th Cir. 1979)........ 6

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005)........ 8

*Mansor v. U.S. Citizenship & Immigr. Servs.*,
345 F.R.D. 193 (W.D. Wash. 2023)........ 11

*Melgar v. CKS Auto, Inc.*,
681 F. App'x 605 (9th Cir. 2017)........ 11

*Munoz v. Alorica, Inc.*,
2026 U.S. Dist. LEXIS 234043 (C.D. Cal. Feb. 17, 2026)........ 5

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods*,
31 F.4th 651 (9th Cir. 2022)........ 10, 11

*Owino v. CoreCivic, Inc.*,
2021 U.S. Dist. LEXIS 140991 (S.D. Cal. July 28, 2021)........ 3

*Pena v. Taylor Farms Pac., Inc.*,
2015 WL 5103157 (E.D. Cal. Aug. 31, 2015)........ 8

*Romero v. Securus Techs., Inc.*,
383 F. Supp. 3d 1069 (S.D. Cal. 2019)........ 6, 8, 9

*Salhotra v. Simpson Strong-Tie Co., Inc.*,
2022 WL 1091799 (N.D. Cal. Apr. 12, 2022)........ 11

*Solano v. Kroger Co.*,
2024 WL 5245561 (D. Or. Nov. 18, 2024)........ 6, 8

**Other Authorities**

Rule 23(f)........ *passim*

## I. INTRODUCTION

Plaintiffs' Opposition fails to provide any legitimate grounds for denying Zuffa's request to stay discovery pending resolution of its Rule 23(f) Petition[1] and, if granted, any subsequent appeal of this Court's class certification order.

*First*, Plaintiffs' suggestion that any delay would cause "undue harm" to Plaintiffs and the Classes is unsupported by the law and Plaintiffs' own conduct in this litigation. Opp. at 10–12. The law is clear that a "general claim of harm due to a delay" is "not sufficient." *In re Bank of Am. Cal. Unemployment Benefits Litig.*, 2025 WL 2374902, at *4 (S.D. Cal. Aug. 15, 2025). Rather, Plaintiffs must provide "specific supporting evidence" to justify their claim of prejudice. *Id.* Here, Plaintiffs' only "evidence" is their claim that "[e]very month of delay increases the risk that memories fade, knowledgeable employees depart, and electronic records . . . become unavailable." Opp. at 11. Not only is this wrong, as Plaintiffs have already deposed multiple Zuffa witnesses, Zuffa has already produced thousands of pages of documents, and Zuffa continues to comply with its preservation obligations. But it is also inconsistent with Plaintiffs' pattern of delay, having not sought any discovery from Zuffa for nearly three years pending the outcome of their class certification motion. In fact, Plaintiffs' delay continues to this day: Aside from engaging in one meet and confer with Zuffa in October 2026 (*see* Opp. at 5), Plaintiffs have taken no other steps to pursue additional discovery from Zuffa since the Court issued the class certification order over six weeks ago.[2] Plaintiffs cannot blame this course of conduct on the Court's Scheduling Order, which imposed no restrictions on discovery during this time, ECF No. 32 at 9 (noting the parties should "as best as possible, prioritize" certain discovery), or a prior stay of discovery that applied only to the former Endeavor Defendants, not Zuffa, ECF No. 93 at 7. Plaintiffs' claim of prejudice should, therefore, be ignored.

---

[1] As used herein, "Petition" refers to Zuffa's Rule 23(f) Petition for Permission to Appeal the Class Certification Order, which is pending before the Ninth Circuit. *Bloom, et al. v. Zuffa, LLC*, Case No. 26-6807, Dkt. No. 2 (9th Cir.).

[2] Further undermining Plaintiffs' claim of prejudice, it appears Plaintiffs now plan to delay their pursuit of discovery further by seeking an extension of the current schedule "to allow additional time for discovery." Opp. at 1 n.1.

*Second*, Plaintiffs do not (and cannot) credibly dispute that, absent a stay of discovery, the parties will incur substantial and potentially unrecoverable burden and expense, all of which would be wasted if the Ninth Circuit alters the class certification order. Indeed, Plaintiffs' Opposition summarizes broad categories of document requests, interrogatories, and depositions that Plaintiffs plan to seek from Zuffa in this litigation based on a class definition that Plaintiffs themselves concede "might change on appeal." Opp. at 3–5, 14; Patek Decl. ¶¶ 2–3. For the same reasons, Plaintiffs cannot credibly contest that Zuffa's costs would likely exceed $100,000, at a minimum, given their insistence that "a considerable amount of discovery remains." Opp. at 3.

*Third*, Plaintiffs' concession that the "class definition . . . might change on appeal," *id.* at 14, is also a tacit admission that a stay will promote judicial economy. Plaintiffs' suggestion that this should not matter because Plaintiffs could still pursue claims as individuals is not a reason to endorse inefficiency. *Id.* at 13. Indeed, as discussed below, courts routinely stay discovery pending Rule 23(f) review even where the named plaintiffs' individual claims would proceed regardless of the outcome. The result here should be no different, particularly because the Ninth Circuit's ruling may affect even the individual claims—for example, if it determines that Plaintiff Bloom lacks Article III standing.

*Fourth*, even if this Court applies the *Nken* standard as Plaintiffs urge (it should not), the result does not change because Zuffa has presented multiple serious legal questions before the Ninth Circuit in its Petition, and, therefore, how the Ninth Circuit rules may significantly change the posture of this case, affect the scope of discovery, and potentially lead to a resolution.

## II. LEGAL STANDARD

As an initial matter, Plaintiffs ask the Court to apply the wrong standard. Although Plaintiffs acknowledge that district courts in the Ninth Circuit have applied the *Landis* standard to requests to stay proceedings pending Rule 23(f) review, they urge the Court to apply the *Nken* standard instead. Opp. at 6–7. Neither Plaintiffs nor the authority they rely upon offers any reason for doing so here. *Id.* at 6 (citing *Romero v. Securus Techs., Inc.*, 383 F. Supp. 3d 1069, 1073 (S.D. Cal. 2019) (granting motion to stay pending appeal under the *Nken* standard where "the

parties only reference[d] the [*Nken*] test")). As explained in Zuffa's motion, "district courts that have directly confronted th[is] question have overwhelmingly concluded that the *Landis* test or something similar governs." *Andrade Rico v. Beard*, 2019 WL 4127206, at *6 (E.D. Cal. Aug. 30, 2019) (citation omitted). The reason is simple: "the district courts that have addressed both tests have consistently applied *Nken* only to stays of judgments and *Landis* to stays of proceedings." *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1057 (E.D. Cal. 2023). Since Zuffa requests a stay of proceedings (i.e., discovery), *not* a stay of judgment, the *Landis* standard applies here. Nonetheless, for the reasons discussed below, a stay is warranted under either standard.

## III. DISCOVERY SHOULD BE STAYED PENDING THE NINTH CIRCUIT'S RULING ON ZUFFA'S PETITION AND ANY SUBSEQUENT APPEAL

### A. Plaintiffs Have Failed to Demonstrate They Will Suffer Undue Harm.

#### 1. A Stay Does Not Inherently Create Undue Harm.

Contrary to Plaintiffs' suggestion that delay "is itself substantial injury," Opp. at 10–11, a "general claim of harm due to a delay in litigation is not sufficient" to establish undue harm. *In re Bank of Am.*, 2025 WL 2374902, at *4 ("Courts 'are generally unwilling to presume delay is harmful without specific supporting evidence.'") (citation omitted). If Plaintiffs were correct, then this factor would always be satisfied, and no analysis would be required. That is not the law.

The cases Plaintiffs rely upon are inapposite. Unlike Zuffa's motion, *Bradberry v. T-Mobile USA, Inc.* did not involve a motion to stay discovery pending resolution of a Rule 23(f) petition, nor did it evaluate the factors under the *Landis* standard (or even the *Nken* standard). 2007 U.S. Dist. LEXIS 58801 (N.D. Cal. Aug. 2, 2007). Likewise, Plaintiffs' reliance on *Owino v. CoreCivic, Inc.* is misplaced because, unlike the plaintiff there, Plaintiffs here have already taken extensive discovery from Zuffa. 2021 U.S. Dist. LEXIS 140991, at *15 (S.D. Cal. July 28, 2021) (crediting the plaintiffs' argument that "this action has been pending for four years and [the defendant] has not even begun collecting and producing documents"); *cf.* Mot. at 2; Rabbani Decl. ¶¶ 2–3. *Evans v. Wal-Mart Stores, Inc.* supports a stay, as the court granted a limited stay because, as here, "Defendant will likely incur unnecessary and burdensome litigation costs absent a temporary stay pending Ninth Circuit review of a 23(f) Petition." 2019 U.S. Dist. LEXIS 221929,

at *12–13 (C.D. Cal. Oct. 23, 2019). And, as explained below, the *Dependable Highway Express* and *ConAgra* cases are not applicable because they involved requests for indefinite stays based on a foreign arbitration and multiple appeals in a separate dispute.

**2. Plaintiffs' Delays in Discovery Rebut Any Claim of Undue Harm.**

The only potential harm Plaintiffs identify in their Opposition is that "memories [may] fade, knowledgeable employees [may] depart, and electronic records . . . [may] become unavailable." Opp. at 11. These speculative concerns are without merit.

As an initial matter, this alleged harm is a problem of Plaintiffs' own making. As shown in Zuffa's motion, Plaintiffs chose not to pursue any discovery from Zuffa, aside from limited expert discovery in connection with pending motions, for nearly three years between December 2023 and July 2026. Rabbani Decl. ¶ 5. Plaintiffs' years-long conduct stands in stark contrast to their sudden claim that "[e]very month of delay increases" this purported risk. Opp. at 11.

In their Opposition, Plaintiffs seek to blame the Court's orders for their pattern of delay. *Id.* at 1, 11 (arguing that "the 'status quo' Zuffa invokes is one this Court created"). But, contrary to Plaintiffs' suggestion, the Court's Scheduling Order did nothing to prevent Plaintiffs from seeking discovery from Zuffa during the pendency of their motion for class certification. Instead, the Court encouraged the parties, "as best as possible, [to] prioritize discovery that is relevant to class certification issues . . . ." ECF No. 32 at 9. This is not a prohibition on discovery, as Plaintiffs claim. In fact, Plaintiffs themselves understood they could serve discovery despite this guidance from the Court, given that the only discovery Plaintiffs have served on Zuffa in the last three years occurred months *before* the class certification order. Rabbani Decl. ¶ 6. Likewise, Plaintiffs are wrong that discovery in this matter "was . . . stayed for six months." Opp. at 1. Rather, the Court's prior stay order applied only to the former Endeavor Defendants, *not* Zuffa. ECF No. 93.

Moreover, Plaintiffs' pattern of delay in discovery continues to this day. As Plaintiffs' Opposition makes clear, aside from engaging in one meet and confer with Zuffa in October 2026, Opp. at 5, Plaintiffs have taken no steps to pursue additional discovery from Zuffa since the Court issued the class certification order over six weeks ago, which likely explains why Plaintiffs suggest

they will be seeking an extension of the "current schedule to allow additional time for discovery." *Id.* at 1 n.1. Based on this record, Plaintiffs cannot credibly claim any prejudice from a short stay.

Plaintiffs' purported concerns about employee departures, witnesses' memories, and electronic records are also baseless. For instance, although Plaintiffs note that one of Zuffa's employees, Kristen Banks, "already left Zuffa's employ," *id.* at 11, they conveniently omit that they already deposed Ms. Banks three years ago and have documents from her custodial records. Patek Decl. ¶¶ 2–3; ECF No. 205-27 ¶ 2. Plaintiffs' suggestion that Zuffa's 30(b)(6) witness "could not recall [certain] details" is also wrong and, in any event, is not supported with any citation to the deposition transcript. *See* Patek Decl. ¶ 2. Instead, Plaintiffs are likely referring to the fact that Zuffa's 30(b)(6) witness testified that Zuffa had no knowledge that the Meta Pixel could potentially cause a Fight Pass subscriber's web browser to send cookies containing Facebook IDs to Meta, ECF No. 186-4 at 53:2–11, and that Zuffa did not know that Fight Pass URLs with video titles were being sent to Meta in connection with Zuffa's use of the Pixel, *id.* at 41:1–15, 46:6–47:12, 77:16–22, 113:21–114:9, 124:8–19. This testimony demonstrates that Zuffa had no knowledge of any alleged disclosures of PII, not that Zuffa's 30(b)(6) witness could not recall facts. Likewise, Plaintiffs' contention that Zuffa has "admitted that [it] routinely delete[s] electronic documents" is inaccurate and unsupported by any citation to the record. *See* Opp. at 11; Patek Decl. ¶ 2. Instead, Zuffa has produced over 2,700 pages of documents from multiple custodians in response to Plaintiffs' nearly 50 requests for production. Rabbani Decl. ¶ 2. Furthermore, Zuffa continues to abide by its preservation obligations in accordance with the Stipulated ESI Order in this case. ECF No. 37 § 4. As Plaintiffs' own authorities show, the obligation to preserve evidence adequately addresses generalized concerns about "loss of evidence" and weighs in favor of staying discovery. *See Munoz v. Alorica, Inc.*, 2026 U.S. Dist. LEXIS 234043, at *7–8 (C.D. Cal. Feb. 17, 2026) (rejecting the plaintiffs' concern about "the risk of further loss of evidence through the passage of time," because "Defendants are required to preserve evidence"). Accordingly, Plaintiffs' purported "risk of spoliation" should be rejected as nothing more than speculation. Opp. at 11.

**3. Zuffa's Requested Stay Is Not "Open-Ended."**

Contrary to Plaintiffs' mischaracterization, the stay Zuffa seeks is limited, not indefinite. Indeed, Zuffa's Petition is already fully briefed, and such petitions "typically are resolved within a few months." *Solano v. Kroger Co.*, 2024 WL 5245561, at *4 (D. Or. Nov. 18, 2024). If the Ninth Circuit denies the Petition, the stay will be promptly lifted. A longer stay would only result if the Ninth Circuit grants the Petition, which would further support the rationale for a stay. Mot. at 8; *see also Romero*, 383 F. Supp. 3d at 1074 (finding that the "Ninth Circuit's acceptance of [the defendant's] Rule 23(f) petition for appeal demonstrates that serious legal questions are at issue," which increased the appropriateness of granting the stay).

Once again, the cases Plaintiffs rely upon should be ignored. In *In re ConAgra Foods, Inc.*, for example, the defendant requested a stay "pending resolution of an appeal in a separate case against [it] and . . . anticipated appeals in several other cases as well." 2014 U.S. Dist. LEXIS 194202, at *4, 8–9 (C.D. Cal. Dec. 29, 2014). Similarly, in *Dependable Highway Express Inc. v. Navigators Ins. Co.*, the Ninth Circuit reversed the lower court's complete stay of a federal action in light of a foreign arbitration that the defendant admitted had still not commenced two years after the stay was imposed. 498 F.3d 1059, 1067 (9th Cir. 2007). Plaintiffs' citation to *Leyva v. Certified Grocers of Cal., Ltd.* is also misplaced. There, the Ninth Circuit remanded the lower court's stay of the entire action, based on a related arbitration, with instructions to evaluate whether "it appears likely the other proceedings will be concluded within a reasonable time . . . ." 593 F.2d 857, 864 (9th Cir. 1979) (further suggesting that the district court "consider conditioning any stay upon receipt of satisfactory assurances that the arbitration is proceeding with diligence and efficiency"). Here, in contrast, Zuffa requests a limited and reasonably tailored stay of discovery pending the Ninth Circuit's ruling on Zuffa's Rule 23(f) Petition and any subsequent appeal. That is a far cry from the examples of "indefinite" stays Plaintiffs cite to in their papers. *See* Opp. at 12.

**4. The Stay Will Not "Upend the Court's Schedule."**

Lastly, Plaintiffs' claim that a stay "would leave [the discovery] deadlines unworkable and require either a compressed, disorderly scramble once the stay lifts or a wholesale resetting of the schedule" makes little sense. Opp. at 12–13. A stay would simply pause discovery and extend existing deadlines commensurate with that pause. The mechanics are straightforward.

**B. Plaintiffs Have Failed to Rebut Zuffa's Showing of Hardship.**

Contrary to Plaintiffs' contention that Zuffa cannot claim hardship for "the cost of discovery," *id.* at 9, the law is clear that discovery should be stayed when it will "avoid substantial, unrecoverable, and wasteful discovery costs." *Canchola v. Allstate Ins. Co.*, 2025 U.S. Dist. LEXIS 118067, at *13–14 (C.D. Cal. May 12, 2025); *see also* Evans, 2019 U.S. Dist. LEXIS 221929, at *12–13 (granting limited stay "because Defendant will likely incur unnecessary and burdensome litigation costs absent a temporary stay pending Ninth Circuit review of a 23(f) Petition"); *Altamura v. L'Oreal, USA, Inc.*, 2013 WL 4537175, at *3 (C.D. Cal. Aug. 26, 2013) (granting limited stay pending a Rule 23(f) appeal and finding that the defendant "could be seriously harmed if this case unnecessarily proceeded to class notification and merits discovery").

While Plaintiffs call Zuffa's "showing" on this factor "thin," Opp. at 9, their own Opposition demonstrates exactly how Zuffa will incur substantial and potentially unrecoverable and wasteful expenses if discovery were to proceed. Indeed, Plaintiffs emphasize that the discovery they are currently seeking—and plan to seek in the future—is broad and includes multiple categories of document requests, contention interrogatories, fact interrogatories, and depositions. *Id.* at 3–4.[3]

Plaintiffs criticize Zuffa's estimate—that opposing Plaintiffs' anticipated motion to compel and, if necessary, producing documents in response to Plaintiffs' requests will likely exceed $100,000 in fees and costs—as apparently lacking detail. *Id.* at 9–10. But, if anything, Zuffa's estimate, supported by an attorney declaration, is conservative. Rabbani Decl. ¶ 7. As Plaintiffs' Opposition admits, they anticipate "one *or more* motions to compel" related to their recently served

[3] *See also* ECF No. 205 at 30 (Plaintiffs indicating their intent to reopen the deposition of Zuffa's expert witness).

document requests, which seek 15 broad categories of documents. Opp. at 5 (emphasis added); Patek Decl. ¶ 4. Plaintiffs also suggest that the list of "outstanding discovery" on pages 3–4 of the Opposition is "only a subset" of the discovery Plaintiffs plan to pursue (whenever that might be). Opp. at 5; *see also* Patek Decl. ¶ 3 (noting "[a]dditional depositions" Plaintiffs intend to take, including of "personnel involved in integrating the Meta Pixel with Zuffa's website via the Conversions API, as well as . . . 30(b)(6) depositions").

Plaintiffs next argue that their largely duplicative discovery requests "cannot . . . impose six-figure burdens," Opp. at 10, but they get the economics backwards: duplicative discovery is not free; it is wasteful. And here, many of Plaintiffs' recent document requests substantially restate categories of documents they requested before certification. Mot. at 3 n.2, 6; Rabbani Decl. ¶ 6. Thus, each "new" request requires Zuffa to re-review prior productions, reassess prior responses and objections, meet and confer anew, and potentially defend against motions to compel on issues that were litigated years ago.

Plaintiffs' pursuit of class discovery also underscores the potential for waste and unrecoverable costs. While Plaintiffs argue that their overbroad requests should be addressed in the "ordinary meet-and-confer and proportionality process," Opp. at 10, that work would be burdensome and costly, and if the Ninth Circuit modifies the class certification order, it may very well have been for nothing. *See Romero*, 383 F. Supp. 3d at 1075 (granting motion to stay pending a Rule 23(f) appeal where "the discovery Plaintiffs currently seek is primarily focused on class issues," which "would likely involve substantial, unrecoverable costs if the Ninth Circuit reverses the court's class certification order"); *Solano*, 2024 WL 5245561, at *3 (class discovery "would involve substantial, unrecoverable costs if the Ninth Circuit reverses"); *Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015).[4]

[4] Plaintiffs' reliance on *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005), is therefore misplaced. In *Lockyer*, the Ninth Circuit reversed the trial court's stay of discovery because the stay was based on a separate bankruptcy proceeding "unlikely to decide" the issues before that court. *Id.* at 1113. Here, by contrast, the Ninth Circuit will decide the very question that defines the scope of discovery—*i.e.*, class composition. *See Hunt v. Check Recovery Sys., Inc.*, 2008 WL 2468473, at *4 (N.D. Cal. June 17, 2008) (finding that the harm to the defendant was clear where the defendant would "suffer lost time and money, were the Ninth Circuit to reverse").

Finally, Plaintiffs are wrong in suggesting that the Court's denial of Zuffa's summary judgment motion as premature somehow weighs against a stay of discovery. Opp. at 1, 10. The Court's order said nothing about whether discovery must precede resolution of a Rule 23(f) petition (which Zuffa had not filed) or any subsequent appeal.

**C. Plaintiffs Have Failed to Refute Zuffa's Showing of Judicial Economy.**

Contrary to Plaintiffs' suggestion that "discovery bearing on the named plaintiffs' individual claims" should proceed, Opp. at 13, courts routinely grant stays pending Rule 23(f) review even where plaintiffs might proceed with their individual claims regardless of the outcome. Plaintiffs' own authorities make this clear. *See, e.g.*, *Romero*, 383 F. Supp. 3d at 1075 (granting stay following the defendant's petition for Rule 23(f) appeal, despite the plaintiffs' argument that their "individual claims must be litigated regardless of the outcome of the appeal"); *Gray v. Golden Gate Nat'l Recreation Area*, 2011 U.S. Dist. LEXIS 149232, at *10–11 (N.D. Cal. Dec. 29, 2011) (granting the defendants' motion to stay proceedings despite the plaintiffs' argument "that even if the Ninth Circuit's ruling results in decertifying the class, Plaintiffs would proceed with their individual claims").[5]

Plaintiffs cite no authority holding that the need for discovery, regardless of a Rule 23(f) appeal's outcome, provides a trump card in opposing a stay. Again, as explained above, Plaintiffs' own cases show this not to be the case. This makes sense given that most class actions have a named plaintiff whose individual claims may survive regardless of appellate court review. If the existence of individual claims were enough to defeat a stay, no court could ever pause proceedings while a Rule 23(f) petition is pending.

---

[5] Although Plaintiffs accuse Zuffa of omitting language from *Alvarez v. NBTY, Inc.*, it is Plaintiffs who continue to miss the import of that case, where the court granted a stay and observed: "it seems unnecessary to try this case as an individual action now when the Ninth Circuit could later determine that the case should proceed as a class action. It is more efficient for both parties to know the Ninth Circuit's decision before proceeding." 2020 WL 804403, at *2 (S.D. Cal. Feb. 18, 2020). Plaintiffs' reliance on *Lee v. Great Am. Life Ins. Co.* is also misplaced because the court there granted the requested stay and found that it "will promote judicial economy by ensuring that any future orders in this matter are consistent with binding Ninth Circuit and/or California state court precedents." 2024 U.S. Dist. LEXIS 254799, at *16 (C.D. Cal. Dec. 19, 2024).

In deciding whether a stay would promote judicial economy, therefore, courts look to whether a stay would avoid having "to engage in discovery efforts which may later have to be recalibrated," which is precisely why a stay is appropriate here. *Hooper v. City of Seattle*, 2017 WL 11437103, at *1 (W.D. Wash. Dec. 20, 2017).[6] Here, the Ninth Circuit's disposition of the Rule 23(f) Petition will determine which factual and legal issues are before this Court, and proceeding now unnecessarily risks a "do over" of interim discovery. Mot. at 1, 7–8.

In any event, Plaintiffs are also wrong that "[n]o appeal under Rule 23 will make" the discovery they seek concerning their individual claims "irrelevant." Opp. at 13. If the Ninth Circuit determines that Plaintiff Bloom lacks Article III standing, for instance, he will no longer be able to pursue his claims in this Court. *Lessin v. Ford Motor Co.*, 2025 WL 2898964, at *5 (S.D. Cal. Oct. 10, 2025) (granting stay where Rule 23(f) appeal may render certain discovery moot).

**D. Even If *Nken* Applied, the Court Should Still Grant Zuffa's Motion.**

Even if the *Nken* test were to apply (it does not), a stay should still be granted. The key factor Plaintiffs focus on under this standard is the movant's "likelihood of success on the merits," which is satisfied by raising "serious legal questions." *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2015 WL 4397175, at *2 (C.D. Cal. June 8, 2015); *Altamura*, 2013 WL 4537175, at *2. As shown in Zuffa's motion and further below, Zuffa raises multiple serious questions on appeal that satisfy this test.

*First*, Plaintiffs' contention that the Ninth Circuit's *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods* opinion settled the so-called "fail-safe" question is incorrect. Opp. at 8–9. *Olean* addressed fail-safe classes only in a footnote, and neither it nor any other Ninth Circuit decision has set out the standard district courts must use to determine whether a particular class definition is impermissibly fail-safe. 31 F.4th 651, 669 n.14 (9th Cir. 2022); *see also* Petition at

[6] Plaintiffs try to distinguish *Hooper* because there, the court had denied the plaintiffs' motion for class certification, and the plaintiffs were pursuing a Rule 23(f) petition, not the defendant. There is no reason why the party seeking relief would make a difference, particularly given that the motion was contested in *Hooper*, and the court was convinced that a stay was appropriate given that "the scope and strategy of Plaintiffs' case may be affected by resolution of their Rule 23(f) petition . . . ." 2017 WL 11437103, at *1.

2, 16–20. Before *Olean*, the Ninth Circuit itself would say only that its "caselaw appears to disapprove of the premise that a class can be fail-safe," *Melgar v. CKS Auto, Inc.*, 681 F. App'x 605, 607 (9th Cir. 2017), and district courts since *Olean* continue to describe "murky Ninth Circuit case law regarding the permissibility of [fail-safe] classes." *See, e.g.*, *Mansor v. U.S. Citizenship & Immigr. Servs.*, 345 F.R.D. 193, 207 n.10 (W.D. Wash. 2023). The absence of any governing test is a question of law, not an application of law to facts, and it is precisely the kind of "unsettled and fundamental issue of law relating to class actions" that alone supplies "the minimum quantum of likely success necessary to justify a stay." *Flo & Eddie*, 2015 WL 4397175, at *2 (citation omitted).[7]

*Second*, despite Plaintiffs' assertions to the contrary, the fact that this Court disagreed with some of Zuffa's arguments at class certification does not mean that these arguments fail to raise "serious legal questions." Opp. at 8. Indeed, courts regularly find serious questions in petitions challenging their own rulings. *See, e.g.*, *Salhotra v. Simpson Strong-Tie Co., Inc.*, 2022 WL 1091799, at *2 (N.D. Cal. Apr. 12, 2022) (acknowledging the "uncomfortable position of reviewing the merits of [the Court's] own order, which of course the Court thinks is correct," rejecting the movant's argument that the class certification order "was questionable or manifestly erroneous," but nonetheless staying discovery where the movant "arguably raised serious legal questions for appeal, which favors a stay pending the Ninth Circuit's ruling on [the] Rule 23(f) Petition"). Were this not the rule, it is doubtful that any Rule 23(f) petitioner could ever prevail, given that every petitioner is, by definition, appealing a ruling the district court made against it, and Rule 23(f) empowers that court to decide if a stay is appropriate.

Finally, despite Plaintiffs' conclusory assertions, they are mistaken to call the Petition's other meritorious arguments merely "case-specific." Opp. at 8. As shown in Zuffa's motion, the

[7] Plaintiffs argue that the brevity of Zuffa's fail-safe argument during the class certification phase "underscore[s]" that the Petition lacks "serious questions." Opp. at 9. But they omit that Zuffa's Petition raises an issue with the Court's class certification order, which did not exist at the time of Zuffa's class certification opposition and implicates an important disagreement among courts in the Ninth Circuit (and across the country) concerning fail-safe classes. Petition at 2, 16-20. Zuffa's Petition provides ample grounds for this Court to grant Zuffa's motion to stay discovery. *See Flo & Eddie*, 2015 WL 4397175, at *2 (finding that a petition that "presents an unsettled question of law constitutes a 'serious legal question.'").

Petition raises at least four additional serious questions of law that the Ninth Circuit will soon either accept or reject for interlocutory appeal. Mot. at 9. If these questions are accepted, their seriousness will be beyond dispute. And if the Ninth Circuit instead denies the Petition, Plaintiffs will be allowed to proceed with discovery in short order regardless of a temporary stay.

Accordingly, even if the Court applies the *Nken* standard, the law still clearly compels a stay of discovery.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Zuffa's motion and stay all discovery pending the Ninth Circuit's disposition of Zuffa's Rule 23(f) Petition and any subsequent appeal.

Dated: November 16, 2026

Respectfully submitted,

By: */s/ Susan K. Leader*
Susan K. Leader

**PAUL HASTINGS LLP**
SUSAN K. LEADER (*admitted pro hac vice*)
susanleader@paulhastings.com
ALI R. RABBANI (*admitted pro hac vice*)
alirabbani@paulhastings.com
1999 Avenue of the Stars, 26th Floor
Los Angeles, CA 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

**CAMPBELL & WILLIAMS**
SAMUEL R. MIRKOVICH (Nev. Bar No. 11662)
srm@cwlawlv.com
710 South 7th Street
Las Vegas, NV 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendant Zuffa, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 16, 2026 I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List.

*/s/ SUSAN K. LEADER*
SUSAN K. LEADER